UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE J&J INVESTMENT LITIGATION | Case No. 2:22-cv-00529-GMN-NJK<br><br>**Order**<br><br>[Docket No. 44] |

Pending before the Court is Defendant's motion to stay discovery pending resolution of its motion to dismiss. Docket No. 44.[1] Plaintiffs filed a response in opposition. Docket No. 48. Defendant filed a reply. Docket No. 49. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to stay discovery is **DENIED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

---

[1] The motion to dismiss has been fully briefed. Docket No. 39 (motion); Docket No. 45 (response); Docket No. 52 (reply).

1

A stay of discovery is not warranted. Most significantly, the Court has taken a preliminary peek at the motion to dismiss and is not convinced that it will be granted. *See Evans v. ZB, N.A.*, 779 Fed. Appx. 443, 444-47 (9th Cir. 2019) (reversing dismissal of aiding and abetting claim brought under California law); *Camenisch v. Umpqua Bank*, 2021 WL 9181171, at *3-4 (N.D. Cal. Jan. 28, 2021) (denying motion to dismiss aiding and abetting claim brought under California law); *in re Woodbridge Invs. Litig.*, 2020 WL 4529739, at *5-7 (C.D. Cal. Aug. 5, 2020) (same); *Chang v. Wells Fargo Bank, N.A.*, 2020 WL 1694360, at *2-7 (N.D. Cal. Apr. 7, 2020) (same); *see also* Docket No. 52 at 4-5 n.1 (acknowledging potential that Nevada courts will look to California law for guidance).[2] It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4).[3]

---

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motion and subsequent briefing.

[3] Defendant's motion to stay discovery suggests that its burden in engaging in discovery alone warrants a stay. Docket No. 44 at 9-10. The case cited does not support such a contention. *See Ortega v. Harmony Homes, Inc.*, 2015 WL 4997319, at *2 (D. Nev. Aug. 20, 2015) ("a stay of discovery should be ordered *only if*, after taking a 'preliminary peek' at the merits of the pending dispositive motion, the court is 'convinced' that the Plaintiff will be unable to state a claim for relief" (emphasis added)). Indeed, it has long been clear that "[t]he fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery." *Kor Media*, 294 F.R.D. at 583 (citing *Turner Broadcasting*, 175 F.R.D. at 556). For the first time in reply, Defendant goes a step further by arguing that it need not meet the traditional standards for a stay of discovery because it can meet a more pliable "good cause" standard. *See* Docket No. 49 at 8-9 (citing *Jaramillo v. Area 15 Las Vegas LLC*, 2021 WL 5826312 (D. Nev. Dec. 8, 2021)). The Court declines to consider an argument made for the first time in reply. *Brand v. Kijakazi*, 575 F. Supp. 3d 1265, 1273 (D. Nev. 2021).

2

1 | Accordingly, the motion to stay discovery is **DENIED**.

2 | IT IS SO ORDERED.

3 | Dated: September 28, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

3