Eric H. Gibbs (*pro hac vice*)
David K. Stein (*pro hac vice*)
Iudis Sominskaia (*pro hac vice*)
**GIBBS LAW GROUP LLP**
505 14th Street
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
ids@classlawgroup.com

Daniel C. Girard (*pro hac vice*)
Jordan Elias (*pro hac vice*)
Makenna Cox (*pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
jelias@girardsharp.com
mcox@girardsharp.com

*Interim Co-Lead Counsel*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| *In re J&J Investment Litigation* | Case No.: 2:22-cv-00529-GMN-NJK<br><br>~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER** |

THIS Stipulated Protective Order is entered into between (1) Plaintiffs Barrett Henzel, Allan L. Carso, Gary W. Lundin, Joshua Luekenga, Bryce Kelly, Rodney Craig Michaelis, Clint McDaniel, and Dan McDaniel (collectively, "Plaintiffs") and (2) Defendant Wells Fargo Bank, N.A.

1

in this case, styled *In re J&J Investment Litigation*, Case No. 2:22-cv-00529-GMN-NJK (the "Lawsuit"). Plaintiffs and Defendants are collectively referred to as the "Parties."

**GOOD CAUSE STATEMENT**

The Parties agree that, during the course of discovery, it may be necessary to disclose certain Confidential Information, as defined below, relating to the subject matter of this Lawsuit. The Parties anticipate that documents, testimony, or information containing or reflecting confidential and/or personally or commercially sensitive business information, are likely to be produced in this Lawsuit. Disclosure of this information could be harmful to the business standing of Wells Fargo and certain relevant nonparties. Additionally, the Parties envision exchanging certain documents and information in this Lawsuit relating to Wells Fargo's business practices and technological procedures and policies, and any such documents are proprietary and may contain trade secrets. Accordingly, for good cause shown under Federal Rule or Civil Procedure 26(c), the Court hereby enters the following Stipulated Protective Order:

1. **PURPOSE AND LIMITATIONS**

A receiving party may use Confidential Information, as defined below, that is disclosed or produced by another party or by a nonparty in connection with this Lawsuit only for prosecuting, defending, or attempting to settle this Lawsuit, *In re J&J Investment Litigation*, Case No. 2:22-cv-00529-GMN-NJK, and related appeals. Such Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **SCOPE**

As used in this Order, "Confidential Information" is defined as information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection from disclosure under Federal Rule of Civil Procedure 26(c), information not in the public domain that reflects confidential or publicly sensitive financial or commercial information, matters that constitute trade secrets pursuant to applicable law, and/or personally identifiable information such as name,

mailing address, telephone numbers, email addresses, Social Security number, banking information (like bank account numbers) or other information that can be used on its own or with other information to identify, contact or locate an individual.

The protections conferred by this Stipulation and Order cover not only Confidential Information, but also (1) any information copied or extracted from Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Information. However, the protections conferred by this Stipulation and Order do not cover any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise. Nor do the protections conferred by this Stipulation and Order cover any information obtained by the receiving party from any source that obtained the information lawfully and under no obligation of confidentiality. Any use of Confidential Information at trial shall be governed by a separate agreement or order.

3.   **DURATION**

Even after final disposition of this Lawsuit, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Lawsuit, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Lawsuit, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.   **DESIGNATING CONFIDENTIAL INFORMATION**

4.1   **Exercise of Restraint and Care in Designating Material for Protection.** Each party or nonparty that designates information or items for protection under this Order shall take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party shall within 30 days notify in writing all other Parties that it is withdrawing the mistaken designation.

4.2   **Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order shall be clearly so designated when the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the producing party affix the legend "CONFIDENTIAL" to each page of each document that contains Confidential Information.

A party or nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting party has identified the documents it wants copied and produced, the producing party shall determine which documents qualify for protection under this Order. Then, before producing the specified documents, the producing party shall affix the "CONFIDENTIAL" legend to each page. Designation of a material as "CONFIDENTIAL" does not preclude a party from redacting sensitive personally identifiable information.

(b)   For testimony given in deposition or in other pretrial or trial proceedings, that the designating party identify on the record, before the close of the deposition, hearing, or other proceeding, all testimony deemed to be confidential.  Otherwise, depositions or other pretrial or trial proceedings may be designated "CONFIDENTIAL" by providing written notice to the other Party within thirty (30) days of receipt of the hard copy transcript of the specific pages and lines in which the "CONFIDENTIAL" material appears.  If no indication on the record is made, all information

disclosed during a deposition shall be deemed "CONFIDENTIAL" until the time within which portions of the testimony may be appropriately designated as provided for herein has passed. If any portion of the testimony can be de-designated, the designating party provide written notice to the other Party within thirty (30) days of receipt of the hard copy transcript.

(c) For information produced in some form other than documentary and for any other tangible items, that the producing party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." Information produced in native formats shall have confidentiality designations indicated in the production file name or metadata load file as appropriate.

4.3 **Failure to Designate.** A failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon correction of a designation, the receiving party shall make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information.

5. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1 **Asserting a Challenge.** Any party may on good faith challenge any or all "CONFIDENTIAL" designations of the producing party by written notice in accordance with this paragraph. If any party elects to challenge any "CONFIDENTIAL" designation of any documents or information pursuant to this Order, that party shall provide the designating party written notice, and afford the designating party an opportunity to voluntarily remove such designation within 30 days of receipt of notice.

5.2 **Resolving a Dispute.** The Parties shall meet and confer and attempt in good faith to resolve any issues relating to the challenged designation within 14 calendar days of the receipt of the written notice. Either party may thereafter request the Court to resolve the dispute. The designating party shall have the burden, as defined by applicable law, of proving that the challenged materials were properly designated as "CONFIDENTIAL" and that such documents or information should

remain subject to the terms of this Order. The designated information in issue shall continue to be treated as designated pursuant to this Protective Order until the Parties agree or the Court rules otherwise. The procedures of this paragraph apply regardless of the time between the designation and the challenge.

6. **PROTECTION OF CONFIDENTIAL MATERIAL**

    6.1    **General Protections.** Confidential Information shall be used or disclosed solely for purposes of prosecuting or defending this Lawsuit, including any appeals, subject to the other terms and conditions of this Order. Confidential Information shall be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    6.2    **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

    (a)    the Parties to this Lawsuit and representatives, officers, directors, insurers, and employees, including in-house counsel, of the Parties who have agreed to be bound by and to comply with this Order;

    (b)    attorneys and legal staff of law firms who are counsel of record in this Lawsuit;

    (c)    the Court and its personnel, including any special master appointed by the Court, and members of the jury;

    (d)    court reporters, recorders, and videographers engaged for depositions in this Lawsuit and their employees;

    (e)    any mediator appointed by the Court or jointly selected by the Parties, and their supporting personnel;

    (f)    any expert or consultant retained specifically in connection with this Lawsuit, but only after such persons have completed the certification contained in the "Acknowledgement and Agreement to be Bound" (Exhibit A);

    (g)    independent providers of document reproduction, electronic discovery, or other

litigation services retained or employed by one or more of the Parties specifically in connection with this Lawsuit, and only after such persons have completed the certification contained in the "Acknowledgement and Agreement to be Bound" (Exhibit A"); and

(h) any potential, anticipated, or actual third-party fact witness and his or her counsel, but only after such persons have completed the certification contained in the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(i) the author or intended recipient of the document (not including a person who received the document in the course of the Lawsuit);

(j) other persons only upon consent of the producing party and on such conditions as the Parties may agree.

7. **CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Lawsuit as "CONFIDENTIAL," that party shall promptly notify the designating party, in writing, sufficiently in advance of the compliance date to allow the designating party the opportunity to take reasonable steps to quash the subpoena or seek relief from the order in advance of the compliance date, and in no event later than 10 days after receipt by the receiving party of the subpoena or order. Such notification shall include a copy of the subpoena or court order. The receiving party also shall timely inform the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party shall promptly deliver a copy of this Order to the party in the other action that caused the subpoena to issue.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this Lawsuit as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense

of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Lawsuit to disobey a lawful directive from another court.

8. **PROTECTIONS EXTENDED TO NONPARTY'S CONFIDENTIAL INFORMATION**

The Parties agree to extend the provisions of this Order to Confidential Information produced in this Lawsuit by nonparties.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested;

    (3) make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within 14 days of receiving notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9. **UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

If a receiving party learns that it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party shall

promptly (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **PRODUCTION OF CONFIDENTIAL INFORMATION**

    10.1    **In General.** The Parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of documents protected by privilege or the work product doctrine is not a waiver of the privilege in this matter or any other federal or state proceeding.  This language applies unless there is an intentional waiver of the privilege or protection by a party, in which event the scope of any such waiver shall be determined by Federal Rule of Evidence 502(a). This provision applies to all documents and electronically stored information (as those terms are used in Fed. R. Civ. P. 34), the information contained therein, and all other information produced, disclosed, or exchanged by the Parties in connection with this litigation, whether revealed in a document, electronically stored information, deposition, other testimony, discovery response, or otherwise (collectively, "Information").

    This provision is intended to protect the Parties to this Lawsuit, to the fullest extent permissible by law, against any waiver of privilege or attorney work product protection that might otherwise arise from the inadvertent disclosure of privileged or protected Information. This provision is intended to override any contrary law or presumptions, if and as applicable and permissible. This provision and compliance with its terms shall be understood, for all purposes within and outside this Lawsuit, to constitute reasonable and prompt efforts to preserve privileges and protections from discovery in respect to any privileged or protected Information.

    This provision applies regardless of whether the Information describes or relates to actions taken in this Lawsuit, in prior or separate proceedings, or in other non-litigation matters.

    10.2    **Clawback.** If the producing party determines, after production, that it has produced information, documents, or data that are privileged or protected under Federal Rule of Evidence

502 or other applicable law, the producing party shall promptly notify the receiving party in writing ("Clawback Notice") of the discovery, including the identification of the privileged material by Bates number range and a detailed statement as to the reason for the assertion that the information, document, or data is privileged material. The receiving party shall have 10 business days following the receipt of the Clawback Notice to either return, sequester, or destroy all copies of such privileged material, along with any notes, abstracts, or compilations of the content thereof and may promptly present the information to the Court under seal for a determination of the claim. If the receiving party disclosed the privileged or work product-protected material before receiving a Clawback Notice, it shall take reasonable steps to retrieve and prevent further use or distribution of such material. This duty expires if the Court rules that the Information is not privileged or protected by the work product doctrine.

10.3    **Challenging a Designation.** If the receiving party challenges the designation of the disclosed information, document, or data as privileged material, the procedures set forth in Paragraph 5 for challenging confidentiality designations shall also be followed. Pending such challenge, a receiving party may retain a single copy of the document, record, or data and any related notes in a secure location, but the receiving party may not use the Information in any way or disclose it to any person. If the Court sustains the claim that the Information disclosed, exchanged, produced, or discussed is privileged or work product-protected, the receiving party shall, within 21 days of the Court's order, promptly return or destroy the Information and all copies and destroy any notes that reproduce, copy, or otherwise disclose the substance of the Information.

11.    **ORDER SUBJECT TO MODIFICATION**

11.1    **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2    **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3   **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing in this Order shall be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the Parties is entitled to protection under Federal Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

12.   **FINAL DISPOSITION**

Materials designated as "CONFIDENTIAL" shall be returned to the producing party or destroyed within 60 days of the final disposition of this Lawsuit as defined in Paragraph 3, including resolution of all appeals, except that the attorneys for each party can keep a copy of transcripts, pleadings, publicly filed court documents and exhibits, attorney work product containing Confidential Information, and maintain them in confidence. Nothing in this Order requires counsel to return or destroy e-mail communications between counsel that reside in a digital format.

Dated: September 8, 2022

Respectfully submitted,

By: */s/ Miles N. Clark*

Miles N. Clark (NBN 13848)
**KNEPPER & CLARK LLC**
5510 S. Fort Apache Rd., Suite 30
Las Vegas, NV 89148-7700
(702) 856-7430
miles.clark@knepperclark.com

*Liaison Counsel*

By: */s/ David K. Stein*
Eric H. Gibbs (*pro hac vice*)
David K. Stein (*pro hac vice*)
Iudis Sominskaia (*pro hac vice*)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100

IT IS SO ORDERED.
Dated:  September 28, 2022
.
.
.
_____
Nancy J. Koppe
United States Magistrate Judge

| | |
|---|---|
| 1 | Oakland, CA 94607 |
| | Telephone: (510) 350-9700 |
| 2 | Facsimile: (510) 350-9701 |
| | ds@classlawgroup.com |
| 3 | eg@classlawgroup.com |
| | ids@classlawgroup.com |
| 4 | |
| 5 | |
| | By: */s/ Daniel C. Girard* |
| 6 | Daniel C. Girard (*pro hac vice*) |
| | Jordan Elias (*pro hac vice*) |
| 7 | Makenna Cox (*pro hac vice*) |
| | **GIRARD SHARP LLP** |
| 8 | 601 California Street, Suite 1400 |
| | San Francisco, CA 94108 |
| 9 | Telephone: (415) 981-4800 |
| | Facsimile: (415) 981-4846 |
| 10 | dgirard@girardsharp.com |
| | jelias@girardsharp.com |
| 11 | mcox@girardsharp.com |
| 12 | |
| 13 | |
| | By: */s/ Jason K. Kellogg* |
| 14 | Jeffrey C. Schneider (*pro hac vice*) |
| | Jason K. Kellogg (*pro hac vice*) |
| 15 | Marcelo Diaz-Cortes (*pro hac vice*) |
| | **LEVINE KELLOGG LEHMAN** |
| 16 | **SCHNEIDER + GROSSMAN LLP** |
| | 201 South Biscayne Blvd. |
| 17 | Citigroup Center, 22nd Floor |
| | Miami, FL 33131 |
| 18 | Telephone: (305) 403-8788 |
| | Facsimile: (305) 403-8789 |
| 19 | jcs@lklsg.com |
| | jk@lklsg.com |
| 20 | md@lklsg.com |
| 21 | |
| 22 | |
| | By: */s/ Robert L. Brace* |
| 23 | Robert L. Brace (*pro hac vice*) |
| | Maria Fernanda Elosu (*pro hac vice*) |
| 24 | **LAW OFFICES OF ROBERT L. BRACE** |
| | 1807 Santa Barbara St. |
| 25 | Santa Barbara, CA 93101 |
| | Telephone: (805) 886-8458 |
| 26 | rlbrace@rusty.lawyer |
| | mariaelosulaw@gmail.com |
| 27 | |
| 28 | |

*Interim Co-Lead Counsel for the Proposed Class*

By: */s/ Sydney R. Gambee*

Joseph G. Went (NBN 9220)
Sydney R. Gambee (NBN 14201)
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
jgwent@hollandhart.com
srgambee@hollandhart.com

By: */s/ K. Issac deVyver*

K. Issac deVyver (*pro hac vice*)
Alicia A. Baiardo (*pro hac vice*)
Anthony Q. Le (*pro hac vice*)
**MCGUIREWOODS**
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Phone: 310.315.8200
Fax: 310.315.8210
KdeVyver@mcguirewoods.com
ABaiardo@mcguirewoods.com
ALe@mcguirewoods.com

*Attorneys for Defendant*

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that they have read the Stipulated Protective Order dated _____ in the case of *In re J&J Investment Litigation*, Case No. 2:22-cv-00529-GMN-NJK, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada in matters relating to this Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate them to use materials designated as Confidential Information in accordance with this Stipulated Protective Order solely for the purposes of the above-captioned Lawsuit, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Stipulated Protective Order.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____    _____
Signature                                                Date