Daniel C. Girard (pro hac vice)
Jordan Elias (pro hac vice)
Makenna Cox (pro hac vice)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
apolk@girardsharp.com
jelias@girardsharp.com
mcox@girardsharp.com

*Interim Co-Lead Counsel*

[Additional Counsel on Signature Page]

Eric Gibbs (pro hac vice)
David K. Stein (pro hac vice)
Emily Beale (pro hac vice)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
eb@classlawgroup.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re J&J Investment Litigation* | Case No. 2:22-cv-00529-GMN-NJK |
| | Assigned for All Purposes to: Hon. Gloria M. Navarro |
| | **STIPULATION AND [PROPOSED] ORDER REGARDING CASE SCHEDULE** |
| | **(FIRST REQUEST)** |
| | LR 7-1, LR IA 6-2 |

Pursuant to LR 7-1, LR IA 6-1, and LR IA 6-2, Plaintiffs in the above-captioned action ("Plaintiffs") and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "Parties") jointly stipulate as follows:

WHEREAS, on September 28, 2022, the Court entered a Discovery Plan and Scheduling Order setting out a case schedule (ECF No. 54);

WHEREAS, the parties have been implementing the phased discovery schedule reflected in the Discovery Plan and Scheduling Order;

WHEREAS, in the first 90-day phase (August 4, 2022, to November 2, 2022), Wells Fargo was to produce certain account-related documents responsive to certain of Plaintiffs' First Set of Requests for Documents;

WHEREAS, in the second 90-day phase beginning November 2, 2022, and ending January 31, 2023, the parties were to exchange document requests and responses thereto and produce their documents;

WHEREAS, in the third 120-day phase beginning February 1, and ending May 31, 2023, the parties were to conduct depositions and complete written discovery;

WHEREAS, during the second phase of discovery, the parties have been working diligently to collect and produce documents.  The scope of discovery has expanded, however, from what the parties contemplated when they negotiated the phased discovery schedule reflected in the Discovery Plan and Scheduling Order.  Wells Fargo is currently collecting and producing account records for forty-three accounts and documents and emails for nineteen Wells Fargo custodians.  Wells Fargo has produced over 20,000 documents totaling over 50,000 pages.  Wells Fargo continues to collect and produce documents on a rolling basis, which it anticipates it will continue to do through at least the end of April 2023;

WHEREAS, to date, Plaintiffs have produced over 800 documents totaling over 3,500 pages and the parties are continuing to negotiate the production of additional documents;

WHEREAS, the parties have also engaged in substantial third party discovery.  Wells Fargo has served 17 subpoenas on Plaintiffs' businesses and the former class representative and Plaintiffs have served three subpoenas on other financial institutions and the State of Nevada;

WHEREAS, the parties have also been negotiating in good faith to resolve issues that arose regarding their document requests. The discussions have required a series of conferences to address a range of issues and resolve or narrow areas of disagreement in an effort to avoid the need for disputes where possible;

WHEREAS, the negotiations surrounding interrogatories and document requests have involved, among other things, as to requests directed at Plaintiffs, requests for information about Plaintiffs and their counsel's communications with putative class members, including the former class representatives (Wells Fargo has filed a motion to compel that is currently being briefed and will need to be resolved by the Court), identification of persons with knowledge regarding Plaintiffs' allegations in the Consolidated Complaint, application of Rule 26(b)(5) governing

information and documents withheld, the scope of the Plaintiffs' logging obligations, and the timing of contention-style interrogatories and responses thereto. As a result of the parties' negotiations, Plaintiffs have amended or supplemented their written discovery responses, including to respond to contention-style interrogatories, but the parties continue to negotiate additional issues;

WHEREAS, the negotiations surrounding document requests directed at Wells Fargo have involved, among other things, the scope and application of the Bank Secrecy Act "SAR privilege" (Plaintiffs previously filed a motion to compel but subsequent negotiations ultimately resolved the dispute without the need for a Court ruling), the scope and application of other confidentiality assertions, including the Gramm-Leach Bliley Act and the Bank Examiner Privilege, the identification of Wells Fargo's communications platforms and internal account notation systems, the selection of targeted search terms, Plaintiffs' requests that Wells Fargo collect documents from additional custodians beyond those originally identified by Wells Fargo, and Plaintiffs' requests that Wells Fargo produce records related to at least 18 more accounts allegedly associated with certain promoters of the J&J scheme than Wells Fargo initially anticipated. As a result of the parties' negotiations, Wells Fargo has supplemented its discovery responses and is collecting and producing a greater number of documents than it originally expected, and the collection and review of those documents is taking longer than it initially anticipated, particularly in the context of investigative documents that require a careful review to ensure compliance with Wells Fargo's Bank Secrecy Act confidentiality obligations;

WHEREAS, the parties are working to schedule various depositions (including those of the Plaintiffs, Wells Fargo under Rule 30(b)(6), and several Wells Fargo employees), and seek to substantially complete document discovery before commencing with depositions in earnest. The parties agreed to fifteen deposition per side in the Discovery Plan and Scheduling Order and acknowledged that the total number of depositions could exceed that number;

WHEREAS, the parties agree that they have acted in good faith to narrow or eliminate disputes where possible, but this case involves claims against Wells Fargo for allegedly aiding and abetting a 5 year, $491 million Ponzi scheme.  Negotiating the respective document productions

and collecting and producing documents has required more time than the parties anticipated, and the parties were unable to complete written and document discovery consistent with the time periods contemplated in the scheduling order, as the parties anticipate substantially completing document discovery by April 30, 2023, rather than January 31, 2023, as contemplated in the scheduling order;

WHEREAS, the parties believe a 90-day extension of the schedule is necessary to allow for the substantial completion of document discovery and, thereafter, the completion of depositions. The litigation will also feature the submission of expert testimony, and work relating to those efforts will be predicated on the document and deposition discovery discussed above;

WHEREAS, the parties respectfully submit that good cause for the requested extension exists, in that they have been negotiating in good faith to move this action forward reasonably expeditiously, considering the complexity of the issues and the amount in controversy, and that all clients involved consent to the requested extension as consistent with their interest in a prompt yet fair adjudication of this dispute;

WHEREAS, on March 20, 2023, District Judge Gloria M. Navarro issued an order granting in part and denying in part Wells Fargo's motion to dismiss with the majority of Plaintiffs' claims proceeding beyond the motion to dismiss stage; and

WHEREAS, this is the first stipulation for extension of the case schedule.

NOW THEREFORE, the parties stipulate as follows, subject to the Court's approval:

The remaining case deadlines will be extended by 90 days, as set out below:

|   | **Current Deadline** | **New Deadline** |
|---|---|---|
| 1. Fact Discovery Cutoff | May 31, 2023 | August 29, 2023 |
| 2. Fed. R. Civ. P. 26(a)(2) Expert Disclosures | May 1, 2023 | July 31, 2023 |
| 3. Rebuttal Expert Disclosures | May 31, 2023 | August 29, 2023 |
| 4. Expert Discovery Cut-off | June 30, 2023 | September 28, 2023 |
| 5. Plaintiffs' Motion for Class Certification Deadline | July 11, 2023 | October 9, 2023 |

| | **Current Deadline** | **New Deadline** |
|---|---|---|
| 6. Dispositive Motions Deadline | October 20, 2023 | January 18, 2024 |
| 7. Joint Pretrial Order | November 20, 2023 [30 days after dispositive motion deadline], or, if dispositive motions are filed, 30 days after decision on the dispositive motions or further Court order | February 20, 2024 |
| 8. Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures | November 20, 2023 [30 days after dispositive motion deadline], or, if dispositive motions are filed, 30 days after decision on the dispositive motions or further Court order | February 20, 2024 |

Dated: March 20, 2023

IT IS SO ORDERED.
Dated:  March 21, 2023
.
.
_____
Nancy J. Koppe
United States Magistrate Judge

By: */s/ Daniel C. Girard*
Daniel C. Girard (pro hac vice)
Jordan Elias (pro hac vice)
Makenna Cox (pro hac vice)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
apolk@girardsharp.com
jelias@girardsharp.com
mcox@girardsharp.com

By: */s/ David K. Stein*
Eric Gibbs (pro hac vice)
David K. Stein (pro hac vice)
Emily Beale (pro hac vice)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ds@classlawgroup.com
eg@classlawgroup.com
eb@classlawgroup.com

|   |   |
|---|---|
| | By: */s/ Jason K. Kellogg* |
| | Jeffrey C. Schneider (pro hac vice) |
| | Jason K. Kellogg (pro hac vice) |
| | Marcelo Diaz-Cortes (pro hac vice) |
| | **LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP** |
| | 100 SE 2nd Street |
| | Miami Tower, 36th Floor |
| | Miami, FL 33131 |
| | Telephone: (305) 403-8788 |
| | Facsimile: (305) 403-8789 |
| | jcs@lklsg.com |
| | jk@lklsg.com |
| | md@lklsg.com |
| | |
| | By: */s/ Robert L. Brace* |
| | Robert L. Brace (pro hac vice) |
| | **LAW OFFICES OF ROBERT L. BRACE** |
| | 1807 Santa Barbara St. |
| | Santa Barbara, CA 93101 |
| | Telephone: (805) 886-8458 |
| | rlbrace@rusty.lawyer |
| | *Interim Co-Lead Counsel* |
| | |
| | By: */s/ Miles N. Clark* |
| | Miles N. Clark (NBN 13848) |
| | **LAW OFFICES OF MILES N. CLARK, LLC** |
| | 5510 S. Fort Apache Rd., Suite 30 |
| | Las Vegas, NV 89148-7700 |
| | (702) 856-7430 |
| | miles@milesclarklaw.com |
| | *Liaison Counsel* |
| Dated March 20, 2023 | By: */s/ Joseph G. Went* |
| | Joseph G. Went |
| | Nevada Bar No. 9220 |
| | Sydney R. Gambee |
| | Nevada Bar No. 14201 |
| | **HOLLAND & HART LLP** |
| | 9555 Hillwood Drive, 2nd Floor |
| | Las Vegas, NV 89134 |
| | Phone: 702.669.4600 |
| | Fax: 702.669.4650 |

6
STIPULATION AND [PROPOSED] ORDER REGARDING CASE SCHEDULE
CASE NO. 2:22-CV-00529-GMN-NJK

jgwent@hollandhart.com
srgambee@hollandhart.com


By: */s/ K. Issac deVyver*
K. Issac deVyver (*pro hac vice*)
Alicia A. Baiardo (*pro hac vice*)
Anthony Q. Le (*pro hac vice*)
**MCGUIREWOODS**
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Phone: 310.315.8200
Fax: 310.315.8210
KdeVyver@mcguirewoods.com
ABaiardo@mcguirewoods.com
ALe@mcguirewoods.com