UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE J&J INVESTMENT LITIGATION | Case No. 2:22-cv-00529-GMN-NJK<br><br>**Order**<br><br>[Docket No. 69] |

Pending before the Court is Defendant Wells Fargo's motion to compel discovery from former plaintiffs. Docket No. 69.[1] The former plaintiffs filed a response and a counter-motion to quash the subpoenas. Docket No. 72. Wells Fargo filed a reply. Docket No. 76. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to compel discovery is **DENIED** and the motion to quash is **GRANTED** as to former plaintiffs Philomena Moloney, Stanley Ann Dowdy, PMM3, Fortress Protection LLC, Elizabeth Lewis, California Cabinet Distributors Inc., and Better Hitting, Inc.

**I.   BACKGROUND**

This case arises out of allegations that Matthew Beasley and Jeffrey Judd operated a large-scale Ponzi scheme through which they duped investors to pay them money purportedly used for advance loans to plaintiffs awaiting payments on personal injury settlements. *See* Consol. Class Action Compl. (Docket No. 37) at ¶ 1; *see also United States v. Beasley*, No. 2:23-cr-00066-JAD-DJA (D. Nev. Mar. 29, 2023). Those allegations initially generated civil lawsuits against the alleged schemers, but Plaintiffs eventually turned their attention to Defendant Wells Fargo, with

---

[1] The Court cites herein to the CMECF pagination, as opposed to the native pagination within the filed documents. Citations herein to a "Docket No." refer to filings in this particular case, whereas filings from related cases will be cited with the specific case number of that case.

1

whom hundreds of millions of dollars from the scheme were allegedly deposited. *See* Consol. Class Action Comp. at ¶ 3. Several of Plaintiffs' claims against Wells Fargo survived a motion to dismiss. Docket No. 74.

The parties are before the Court on a discovery dispute regarding Wells Fargo's efforts to obtain documents through subpoenas served on persons and entities who were previously plaintiffs in this or related actions, but who have subsequently withdrawn from that role. Docket No. 69.

## II.   SCOPE OF DISPUTE PROPERLY BEFORE THIS COURT

The Court begins by analyzing which of the subpoenas are properly adjudicated through this order by the undersigned. A motion to compel directed to a non-party "*must* be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2) (emphasis added).[2] Similarly, motions to quash subpoenas must be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). Moreover, the place of compliance is tethered to the location of the subpoenaed person. *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-00708-RFB-NJK, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014) (citing Fed. R. Civ. P. 45(c)(2)(A)). If the party seeking discovery or the subpoenaed person prefers to have the dispute resolved by a different tribunal (including the court where the underlying action is pending), that person must seek such relief from "the court where compliance is required." Fed. R. Civ. P. 45(f). In short, all of the pertinent rules require that nonparty discovery disputes must be filed in the first instance in the court where compliance is required. Courts routinely deny subpoena motion practice filed in the wrong district. *E.g.*, *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629-30 (C.D. Cal. 2018).

---

[2] Precisely identifying the party status of the subpoena recipients is tricky given the record in this case. All of the subpoena recipients were named plaintiffs early on, but they were not identified as such in the consolidated class action complaint filed on July 5, 2022. *See* Docket No. 37. Service of the subpoenas was accepted on January 17, 2023. Docket No. 69-1 at ¶ 3. The subpoena recipients filed a notice of voluntary dismissal thereafter on February 4, 2023. Docket No. 67. Hence, at the time the subpoenas were served, the recipients were no longer named in the operative complaint, but had not been formally dismissed. The papers treat the subpoena recipients as non-parties for purposes of the Federal Rules of Civil Procedure, Docket No. 69 at 11 n.2, and the Court will do the same, *cf. Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010); *Taddeo v. Am. Invsco Corp.*, No. 2:12-cv-01110-APG-NJK, 2016 WL 593522, at *2 (D. Nev. Feb. 12, 2016).

The motion practice under consideration is directed to subpoenas served on 11 former plaintiffs. *See* Docket No. 72 at 6 n.1. As of the filing of their earlier pleadings, four of these former plaintiffs were not living in Nevada. *See* Docket No. 22 at ¶ 12 (identifying Bryce Bussey as a citizen of Utah); *id.* at ¶ 11 (identifying Tina Guilder and Anthony Guilder as citizens of California); *see also PMM3, LLC v. Wells Fargo Bank*, No. 2:22-cv-00654-GMN-NJK, Docket No. 1 at ¶ 34 (identifying Travis Goldrup as residing in Texas). Wells Fargo appears to recognize that it may be seeking relief from the wrong court with respect to these out-of-state non-parties. *See* Docket No. 69 at 8 n.1. Nonetheless, Wells Fargo provides no meaningful explanation as to why this Court can adjudicate disputes related to out-of-state subpoenas.[3] The papers of the former plaintiffs simply ignore the issue.

Having been provided no developed explanation or legal authority that it is proper for this Court to adjudicate a subpoena dispute for out-of-state persons, the Court declines to rule on the pending motions as they relate to former plaintiffs Bryce Bussey, Tina Guilder, Anthony Guilder, and Travis Goldrup. The motion and counter-motion will be denied without prejudice as to these subpoenas.

**III.   STANDARDS**

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Nonetheless, a nonparty may be judicially compelled to produce documents pursuant to the dictates of Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(c). A nonparty may seek relief from a subpoena by seeking to quash or modify it. Fed. R. Civ. P. 45(d)(3). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

---

[3] Wells Fargo asserts without elaboration that any defect in this regard has been cured by the acceptance of service of the subpoenas by opposing counsel, but provides no explanation at all as to whether such a deficiency can be waived by an opposing party or why such waiver should be found based on an acceptance of service. Docket No. 69 at 8 n.1. Such a position appears untenable given that the plain language of the Rules that the motion <u>must</u> be filed in the place where compliance is required. Fed. R. Civ. P. 37(a)(2); Fed. R. Civ. P. 45(d)(3)(A); *see also* Fed. R. Civ. P. 45(f). At any rate, the Court declines to resolve this issue because it was raised without meaningful development. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

## IV. ANALYSIS

An absent class member "is not required to do anything" in the lawsuit. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985).[4]  Discovery from absent class members is likewise generally not permitted as it would undermine the purpose of the class action procedures. *E.g.*, *On The House Syndication, Inc. v. Federal Exp. Corp.*, 203 F.R.D. 452, 456 (S.D. Cal. 2001). Nonetheless, district courts "have the discretion to allow limited discovery from absent members if the particular circumstances of a specific case justify it." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 n.10 (9th Cir. 2017).  The Ninth Circuit has not identified the standards by which district courts should decide whether to exercise that discretion, but district courts within the Ninth Circuit have articulated a few similar tests that focus on whether the party seeking discovery on absent class members has established that such discovery is necessary, is not otherwise known or available, and is not burdensome. *See, e.g.*, *Johnston v. Hertz Local Edition Corp.*, 331 F.R.D. 140, 141-42 (E.D. Cal. 2019).  Given the disfavored nature of discovery on absent class members, *Does 1-10 v. Univ. of Wash.*, No. C16-1212JLR, 2018 WL 3417017, at *2 (W.D. Wash. July 13, 2018), the party seeking that discovery must meet a "high" bar before it is allowed, *Valenzuela v. Union Pac. RR Co.*, NO. CV-15-01092-PHX-DGC, 2016 WL 3029887, at *3 (D. Ariz. May 27, 2016).[5]

Wells Fargo has failed to show that its subpoenas are proper in the circumstances of this case. Most significantly, the Court is not persuaded that the discovery is necessary. The primary

---

[4] Wells Fargo disputes that the subpoena recipients should be treated as absent class members for discovery purposes since they were named plaintiffs prior to the filing of the consolidated class action complaint. *See* Docket No. 69 at 10-12. The Court is persuaded by the majority view that plaintiffs who are no longer class representatives following consolidation of actions are akin to absent class members for discovery purposes. *See, e.g.*, *in re Qwest Comms. Int'l, Inc. Securities Litig.*, 283 F.R.D. 623, 625 (D. Colo. 2005); *in re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 211-12 (M.D. Fla. 1993); *Kops v. Lockheed Martin Corp.*, No. cv 99-6171-MRP (RNBx), 2003 U.S. Dist. Lexis 8568, at *2-3 (C.D. Cal. May 12, 2003); *but see in re Folding Carton Antitrust Litigation*, 83 F.R.D. 260 (N.D. Ill. 1979).

[5] The briefing asks the Court to prioritize federal district court decisions emanating out of California. Docket No. 69 at 12 n.4. Given frequent similarities, Nevada courts confronted with issues of state law without Nevada-specific precedent often look to California decisions for guidance. *See, e.g.*, *Patin v. Ton Vinh Lee*, 134 Nev. 722, 724 (2018). On issues of federal law, however, this Court does not favor certain sister districts over others within the Ninth Circuit.

thrust of Wells Fargo's argument is that the discovery may help it defeat class certification by exposing differences in the claims of the class members. *See* Docket No. 69 at 14-16. Such a contention does not meaningfully advance Wells Fargo's pursuit of this discovery because "nearly every absent class member potentially possesses information relevant to certification" and, yet, such discovery is generally still prohibited. *See A.B. v. Pac. Fertility Ctr.*, No. 18-cv-01586-JSC, 2019 WL 6605883, at *1 (N.D. Cal. Dec. 3, 2019). Moreover, Wells Fargo rattles off a list of ways in which it contends differences exist with respect to the claims and damages of the current class representatives, *see* Docket No. 69 at 15-16, and the papers represent that parallel discovery requests have been made on the named plaintiffs, *see, e.g.*, Docket No. 72-1 at ¶ 9, which begs the question of why Wells Fargo needs discovery from the absent class members on the same types of issues, *see Burgess v. Tesoro Refining & Mrktg. Co.*, No. CV 10-5860-VBG (PLAx), 2011 WL 13217362, at *2 (C.D. Cal. July 5, 2011). Not only does that circumstance dispel the assertion that this discovery is necessary, it also shows that the information being sought is already known to Wells Fargo or that it can be obtained through other available means.

The Court is likewise unpersuaded that this discovery is necessary because Plaintiffs might have relied on information from the former plaintiffs in developing the operative pleading or that Plaintiffs might rely on information from the former plaintiffs later in the case, such that Wells Fargo should have an opportunity to explore the same sources through its subpoenas. *See* Docket No. 69 at 13-14. None of the former plaintiffs is listed as a witness. *See* Docket No. 72-1 at ¶ 8. Plaintiffs have not indicated an intent to use information gained from the former plaintiffs in later stages of the case. *See, e.g.*, Docket No. 72 at 14.[6] Moreover, Wells Fargo did not identify discovery from the former plaintiffs as being sought in the parties' discovery plan. Docket No. 54

---

[6] The parties have discussed potential procedures to apply if Plaintiffs later decide to rely on testimony from a former plaintiff. *See* Docket No. 72 at 14; *see also Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 WL 2705089, at *6 (N.D. Cal. July 8, 2008). The Court does not opine on such issues herein as they are not ripe for judicial consideration. If Plaintiffs later decide to rely on testimony from a former plaintiff, the parties must confer on the appropriate discovery that should stem from that decision.

5

at 5. In short, Wells Fargo's arguments on this front amount to speculation, which falls well short of meeting its burden to show the discovery is necessary.[7]

Wells Fargo's failure to meet its burden on these considerations dooms its motion. *See, e.g.*, *Valenzuela*, 2016 WL 3029887, at *4 (despite not finding an improper purpose or the need to obtain new counsel, disallowing discovery sought since the defendants had not shown the information was not already known to them or available from the class representatives).[8]

## V.  CONCLUSION

Accordingly, for the reasons discussed more fully above, the motion to compel discovery is **DENIED** and the motion to quash is **GRANTED** as to former plaintiffs Philomena Moloney, Stanley Ann Dowdy, PMM3, Fortress Protection LLC, Elizabeth Lewis, California Cabinet Distributors Inc., and Better Hitting, Inc.[9]

IT IS SO ORDERED.

Dated: April 26, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[7] Wells Fargo suggests the former plaintiffs were dismissed as an attempt to dodge its subpoenas. *E.g.*, Docket No. 76 at 9. To be clear, the former plaintiffs were omitted from the consolidated class action complaint filed on July 5, 2022. *See* Docket No. 37. The subpoenas were not served until months later. *See* Docket No. 69-1 at ¶ 3. The Court has not been persuaded that the former plaintiffs have been motivated to alter their party status by a nefarious desire to avoid discovery.

[8] Of course, the unpersuasive showing on the need for the discovery lends itself to a finding that the burden imposed on the absent class members in searching for and producing the documents sought would be unwarranted. *Cf.* Fed. R. Civ. P. 26(b)(1) (weighing "whether the burden or expense of the proposed discovery outweighs its likely benefit").

[9] In light of the ruling made herein, the Court need not opine on the other issues presented, including the objections to particular requests.