Daniel C. Girard (pro hac vice)
Jordan Elias (pro hac vice)
Tom Watts (pro hac vice)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
apolk@girardsharp.com
jelias@girardsharp.com
tomw@girardsharp.com

Interim Co-Lead Counsel

Eric Gibbs (pro hac vice)
David K. Stein (pro hac vice)
Kyla Gibboney (pro hac vice)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
kjg@classlawgroup.com

[Additional Counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re J&J Investment Litigation | Case No. 2:22-cv-00529-GMN-NJK |
| | Assigned for All Purposes to: Hon. Gloria M. Navarro |
| GEOFF WINKLER, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada corporation, and J and J Purchasing LLC, Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 2:23-cv-00703-APG-NJK<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY COORDINATION AND CASE SCHEDULE**<br><br>**(SECOND REQUEST)** |

Plaintiffs Barrett Henzel, Allan Carso, Gary Lundin, Joshua Luekenga, Craig Rodney Michaelis, Bryce Kelly, Clint McDaniel, and Dan Michael (collectively, "Class Plaintiffs"); Plaintiff Geoff Winkler, as court-appointed receiver for J&J Consulting Services, Inc., J&J Consulting Services, Inc., and J and J Purchasing LLC ("Receiver"; with the Class Plaintiffs, "Plaintiffs"); and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "Parties") hereby stipulate as

follows:

WHEREAS, on May 4, 2023, the Receiver filed a complaint against Wells Fargo (the "Receiver Action");

WHEREAS, the Receiver Action involves allegations, claims, and theories of liability similar to those in *In re J&J Investment Litigation*, No. 2:22-cv-00529-GMN-NJK (D. Nevada) (the "Class Action"; with the Receiver Action, the "Actions"), including allegations that: Matthew Beasley ran a massive Ponzi scheme centered in Las Vegas, Nevada, Wells Fargo was allegedly aware of Beasley's tortious conduct, and Wells Fargo allegedly accepted deposits and processed transactions that substantially assisted the scheme;

WHEREAS, the Parties anticipate that discovery will substantially overlap between the two Actions;

WHEREAS, in the absence of coordination, certain witnesses deposed in the Class Action may need to be deposed again in the Receiver Action, leading to duplication of effort and increasing overall discovery cost;

WHEREAS, to minimize burdens on the Court and the Parties, the Parties propose to coordinate discovery between the cases to the extent practicable in order to avoid the unnecessary expenditure of time, effort, and expense by the parties, courts, and witnesses associated with duplicative discovery, *see* Manual Complex Lit. § 10.22 (4th ed.) ("Traditional procedures in which . . . each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems.");

WHEREAS, the parties to the Class Action have completed an initial deposition, but propose to defer additional depositions of party witnesses for approximately 30 days to allow for Wells Fargo's expedited production and review of documents in the possession of the Receiver and the Receiver's expedited production and review of documents in the possession of Wells Fargo, pursuant to agreements among the parties, thereby giving the parties to the Receiver Action the opportunity to participate in depositions in the Class Action on a coordinated basis;

WHEREAS, during the 30-day time period when the Receiver and Wells Fargo exchange documents, the Parties will only be holding party depositions in abeyance so that the Receiver might participate in those depositions, and the Parties in the Class Action will continue with written discovery, the production of documents and any third party depositions agreed to by all parties;

WHEREAS, the parties respectfully submit that good cause exists to modify the case schedule by extending all deadlines by 30 to 40 days as set forth in the chart below, because absent modification, certain witnesses may need to be deposed twice, and other discovery may need to be duplicated, wasting the resources of the Parties and the Court;

WHEREAS, the parties respectfully submit that the good cause for the proposed modification to the schedule exists, in that the changes will expedite resolution of the Receiver Action, further the efficient adjudication of both actions, avoid possible motion practice, and eliminate the potential prejudice and added expense associated with duplicative discovery;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, between the Parties by and through their counsel, subject to the Court's approval, that:

1. On an agreed date, all documents and written discovery previously produced by Wells Fargo in the Class Action will be reproduced to the Receiver and the Receiver will likewise produce to Wells Fargo the categories of documents agreed to by the Receiver and Wells Fargo in a letter dated May 30, 2023.
2. Wells Fargo will be permitted to take up to 20 depositions, excluding expert depositions.
3. Class Plaintiffs and the Receiver, collectively, will be permitted to take up to 20 depositions, excluding expert depositions. If either Class Plaintiffs or the Receiver notices a deposition, it will count towards the 20 deposition limit even if either Class Plaintiffs' counsel or the Receiver's counsel does not attend.
4. Expert depositions will not count toward any party's 20 fact witness deposition limit.
5. No witness shall be deposed more than once, absent agreement of all parties or by order of the Court.

6. Deposition notices shall be served on all parties in the Receiver Action and the Class Action, and testimony shall be admissible to the same extent in either action.

7. Depositions shall be limited to 7.5 hours. Receiver counsel and Class counsel will allocate time for questioning by mutual agreement.

8. Wells Fargo and the Receiver agree to a limited waiver of Fed. R. Civ. P. 26(d)(1)'s requirement that no discovery be propounded prior to the Rule 26(f) conference. However, discovery in the Receiver Action will otherwise proceed normally under the Federal Rules of Civil Procedures and Local Rules.

9. The Receiver and Wells Fargo stipulate and agree that this stipulation will not be deemed a waiver of any of Wells Fargo's defenses, or Wells Fargo's right to move to dismiss the Receiver's Complaint, or right to move for a stay of discovery other than the discovery set forth above.

10. In the Receiver Action, Wells Fargo and the Receiver will file a protective order substantively identical to the one entered by the Court in the Class Action to govern the use of confidential information.

11. Case deadlines in the Class Action will be extended as shown below:

|  | **Current Deadline** | **New Deadline** |
|---|---|---|
| 1. Fact Discovery Cutoff | August 29, 2023 | October 6, 2023 |
| 2. Fed. R. Civ. P. 26(a)(2) Expert Disclosures | July 31, 2023 | September 7, 2023 |
| 3. Rebuttal Expert Disclosures | August 29, 2023 | October 6, 2023 |
| 4. Expert Discovery Cut-off | September 28, 2023 | November 6, 2023 |
| 5. Plaintiffs' Motion for Class Certification Deadline | October 9, 2023 | November 15, 2023 |
| 6. Defendant's Deadline to Respond to Motion for Class Certification | November 8, 2023 | December 22, 2023 |
| 7. Dispositive Motions Deadline | January 18, 2024 | February 23, 2024 |
| 8. Joint Pretrial Order | February 20, 2024 | March 30, 2024 |
| 9. Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures | February 20, 2024 | March 30, 2024 |

**IT IS SO STIPULATED.**

Dated: May 30, 2023

IT IS SO ORDERED.
Dated:  June 27, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

| | |
|---|---|
| By: /s/ *Joseph G. Went*<br>Joseph G. Went, Esq.<br>Nevada Bar No. 9220<br>Sydney R. Gambee<br>Nevada Bar No. 14201<br>**HOLLAND & HART LLP**<br>9555 Hillwood Drive, 2nd Floor<br>Las Vegas, NV 89134<br>Phone: 702.669.4600<br>Fax: 702.669.4650<br>jgwent@hollandhart.com<br>srgambee@hollandhart.com<br><br>By: /s/ *K. Issac deVyver*<br>K. Issac deVyver, Esq.<br>(*Admitted Pro Hac Vice*)<br>Alicia A. Baiardo, Esq.<br>(*Admitted Pro Hac Vice*)<br>Anthony Q. Le, Esq.<br>(*Admitted Pro Hac Vice*)<br>**MCGUIREWOODS**<br>1800 Century Park East, 8th Floor<br>Los Angeles, CA 90067<br>Phone: 310.315.8200<br>Fax: 310.315.8210<br>KdeVyver@mcguirewoods.com<br>ABaiardo@mcguirewoods.com<br>ALe@mcguirewoods.com<br><br>*Attorneys for Wells Fargo Bank, N.A.* | By: /s/ *Daniel C. Girard*<br>Daniel C. Girard, Esq.<br>(*Admitted Pro Hac Vice*)<br>Tom Watts, Esq.<br>(*Admitted Pro Hac Vice*)<br>**GIRARD SHARP LLP**<br>601 California Street, Suite 1400<br>San Francisco, California 94108<br>Telephone: (415) 981-4800<br>Facsimile: (415) 981-4846<br>dgirard@girardsharp.com<br>tomw@girardsharp.com<br><br>By: */s/ David K. Stein*<br>Eric Gibbs (pro hac vice)<br>David K. Stein (pro hac vice)<br>Kyla Gibboney (pro hac vice)<br>**GIBBS LAW GROUP LLP**<br>1111 Broadway, Suite 2100<br>Oakland, CA 94607<br>Telephone: (510) 350-9700<br>Facsimile: (510) 350-9701<br>ehg@classlawgroup.com<br>ds@classlawgroup.com<br>kjg@classlawgroup.com<br><br>Emily Beale (pro hac vice)<br>**GIBBS LAW GROUP LLP**<br>43 W 43rd Street, Suite 52<br>New York, NY 10036<br>Telephone: (510) 350-9700<br>Facsimile: (510) 350-9701<br>eb@classlawgroup.com<br><br>By: */s/ Robert L. Brace*<br>Robert L. Brace (pro hac vice)<br>Maria F. Elosu (pro hac vice)<br>**LAW OFFICES OF ROBERT L. BRACE**<br>1807 Santa Barbara St.<br>Santa Barbara, CA 93101<br>Telephone: (805) 886-8458<br>rlbrace@rusty.lawyer<br>mariaelosulaw@gmail.com<br><br>*Interim Co-Lead Counsel* |

|   |   |
|---|---|
|   | By: */s/ Miles N. Clark*<br>Miles N. Clark (NBN 13848)<br>**LAW OFFICES OF MILES N. CLARK LLC**<br>5510 S. Fort Apache Rd., Suite 30<br>Las Vegas, NV 89148-7700<br>(702) 856-7430<br>miles@milesclarklaw.com<br><br>*Liaison Counsel*<br><br>*/s/ Jarrod L. Rickard*<br>Jarrod L. Rickard, Bar No. 10203<br>Katie L. Cannata, Bar No. 14848<br>**SEMENZA KIRCHER RICKARD**<br>10161 Park Run Drive, Suite 150<br>Las Vegas, Nevada 89145<br><br>By: */s/ Jason Kellogg*<br>Jeffrey C. Schneider (pro hac vice)<br>Jason K. Kellogg (pro hac vice)<br>Marcelo Diaz-Cortes (pro hac vice)<br>**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**<br>100 SE 2nd Street<br>Miami Tower, 36th Floor<br>Miami, FL 33131<br>Telephone: (305) 403-8788<br>Facsimile: (305) 403-8789<br>jcs@lklsg.com<br>jk@lklsg.com<br>md@lklsg.com<br><br>*Counsel for Geoff Winkler, as court-appointed receiver* |

7

STIPULATION REGARDING DISCOVERY COORDINATION AND CASE SCHEDULE
Case No. 2:22-CV-00529-GMN-NJK
Case No. 2:23-cv-00703-APG-NJK