UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| *In re* J&J INVESTMENT LITIGATION | Case No.: 2:22-cv-00529-GMN-NJK |
| | **ORDER DENYING OBJECTION TO MAGISTRATE JUDGE ORDER NO. 88** |

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s Objection (ECF No. 92), to the Magistrate Judge's Order, (ECF No. 88), denying Defendant's Motion to Compel Discovery, (ECF No. 69), and granting Plaintiff's Cross-Motion to Quash, (ECF No. 72). Plaintiffs filed a Response, (ECF No. 93), to the Objection. Further pending before the Court is Defendant's Motion for Leave to File Reply, (ECF No. 95).

For the reasons discussed below, the Court **DENIES** Wells Fargo's Objection and **GRANTS** Wells Fargo's Motion for Leave to File Reply.[1]

I. **BACKGROUND**

This case arises from the fallout of a Ponzi scheme that ended with an armed standoff between a lawyer and the FBI. (*See* Am. Compl. ¶ 35, ECF No. 37). The Court set forth the details of the scheme in its prior Order granting in part and denying in part a motion to dismiss and incorporates that background information herein. (Order 1:12–4:5, ECF No. 74).

A bit more procedural history is relevant here. This case is a class action resulting from a consolidation of four separate class actions. (Order Transferring Actions to Single District J. and Magistrate J., ECF No. 27). The instant Objection concerns Wells Fargo's Motion to Compel Subpoena Responses of Former Named Plaintiffs Elizabeth Lewis, California Cabinets

---

[1] Plaintiffs did not respond to Wells Fargo's Motion for Leave to File Reply. "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." D. Nev. LR 7-2(d). Accordingly, the Court GRANTS the Motion for Leave to File Reply as unopposed.

Distributor, Inc., Fortress Protection, LLC, Better Hitting, Inc., Bryce Bussey, Tina Guilder, Anthony Guilder, Stanley Ann Dowdy, PMM3, LLC, Philomena Molony, and Travis Goldrup. (*See* Motion to Compel, ECF No. 69). Although these former named plaintiffs were plaintiffs in the initial actions preceding consolidation, they are no longer named plaintiffs.[2] Thus, they are absent class members at this stage in the litigation. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985).

Magistrate Judge Koppe denied Wells Fargo's Motion to Compel and granted the former named plaintiffs' cross-motion to quash as to the in-state former named plaintiffs Philomena Moloney, Stanley Ann Dowdy, PMM3, Fortress Protection LLC, Elizabeth Lewis, California Cabinet Distributors Inc., and Better Hitting, Inc. The Magistrate Judge declined to rule on the pending motions as they related to former named plaintiffs Bryce Bussey, Tina Guilder, Anthony Guilder, and Travis Goldrup because they are out-of-state and the Magistrate Judge was "provided no developed explanation or legal authority that it is proper for this Court to adjudicate a subpoena dispute for out-of-state persons." (MJ Order 3:11–12, ECF No. 88). Wells Fargo now objects to the Magistrate Judge's Order.

## II. LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should be set aside only if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or

---

[2] As the Magistrate Judge noted in her Order, "at the time the subpoenas were served, the recipients were no longer named in the operative complaint, but had not been formally dismissed." (MJ Order 2:25–27 n.2, ECF No. 88). Because the briefs in front of the Magistrate Judge treated the subpoena recipients as non-parties for purposes of the Federal Rules of Civil Procedure, the Magistrate Judge also treated them as such, and the Court will do the same here. (*Id.*).

1 rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ-NJK, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) (citation omitted).  When a district judge reviews a magistrate judge's order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted).  The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018).  Nonetheless, a nonparty may be judicially compelled to produce documents pursuant to the dictates of Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(c).  A nonparty may seek relief from a subpoena by seeking to quash or modify it. Fed. R. Civ. P. 45(d)(3).  "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

### III.  DISCUSSION

Discovery from absent class members is generally not permitted because it would undermine the purpose of the class action procedures. *See On The House Syndication, Inc. v. Federal Exp. Corp.*, 203 F.R.D. 452, 456 (S.D. Cal. 2001).  "No Supreme Court or Ninth Circuit case law addresses the propriety of conducting discovery on absent class members." *Aldapa v. Fowler Packing Co. Inc.*, No. 1:15-cv-00420-DAD-SAB, 2019 WL 1047492, at *4 (E.D. Cal. Mar. 5, 2019), *on reconsideration in part*, No. 1:15-cv-00420-DAD-SAB, 2019 WL 2635947 (E.D. Cal. June 27, 2019).  As a result, the "law on discovery directed to absent class members is flexible." *Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 WL 2705089, at *6 (N.D. Cal. July 8, 2008).

Despite the flexibility, the "showing required to obtain discovery from absent class members is high." *Valenzuela v. Union Pac. R.R. Co.*, No. CV-15-01092-PHX-DGC, 2016 WL 3029887, at *3 (D. Ariz. May 27, 2016). To meet this high threshold, a party seeking discovery must show that "(1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent." *Johnston v. Hertz Loc. Edition Corp.*, 331 F.R.D. 140, 141 (E.D. Cal. 2019). Under this standard, courts have permitted discovery from absent class members in certain circumstances, such as when "the proposed deponents have been identified as potential witnesses or have otherwise 'injected' themselves into the litigation." *Brown v. Wal-Mart Store, Inc.*, No.09-cv-03339-EJD (SVK), 2018 WL 339080, at *1 (N.D. Cal. Jan. 9, 2018).

Here, Wells Fargo fails to establish that the Magistrate Judge's Order was clearly erroneous or contrary to law. The Magistrate Judge found that Wells Fargo failed to show that discovery from the former named plaintiffs is necessary. Specifically, the Magistrate Judge noted that the "primary thrust of Wells Fargo's argument is that the discovery may help it defeat class certification by exposing differences in the claims of the class members." (MJ Order 4:19–5:2). But "'nearly every absent class member potentially possesses information relevant to certification' and, yet, such discovery is generally still prohibited." (*Id.* 5:3–6) (quoting *A.B. v. Pac. Fertility Ctr.*, No. 18-CV-01586-JSC, 2019 WL 6605883, at *1 (N.D. Cal. Dec. 3, 2019)). The Magistrate Judge further considered how Wells Fargo made parallel discovery requests on the plaintiffs named in this action, suggesting that "the information being sought is already known to Wells Fargo or that it can be obtained through other available means." (*Id.* 5:6–14). Lastly, the Magistrate Judge was "unpersuaded that this discovery is necessary because Plaintiffs might have relied on information from the former plaintiffs in

developing the operative pleading or that Plaintiffs might rely on information from the former plaintiffs later in the case." (*Id.* 5:15–17). After all, "[n]one of the former plaintiffs is listed as a witness," and "Plaintiffs have not indicated an intent to use information gained from the former plaintiffs in later stages of the case." (*Id.* 19–21). The Magistrate Judge concluded that "Wells Fargo's arguments on this front amount to speculation, which falls well short of meeting its burden to show the discovery is necessary." (*Id.* 6:1–2).

The Magistrate Judge's reasoning is sound, and nothing in Wells Fargo's Objection persuades the Court that the Order is clearly erroneous. Wells Fargo argues that the Magistrate Judge's Order was clearly erroneous because "it fails to address Wells Fargo's argument that the discovery is necessary to ensure a level playing field in the discovery process by allowing fair and equal access to discovery." (Obj. 7:5–7, ECF No. 92). Wells Fargo further argues that the Magistrate Judge's Order was clearly erroneous "when it concluded that Wells Fargo had not shown a need for the discovery for purposes of merits and class certification." (*Id.* 7:7–9).

The Court is not persuaded "that the discovery is necessary to ensure a level playing field in the discovery process by allowing fair and equal access to discovery." (Obj. 7:5–7). Although fairness is an important factor in the discovery process, *see United States v. 14.3 Acres of Land*, No. 07cv886-W (NLS), 2010 WL 11509255, at *1 (S.D. Cal. Dec. 2, 2010), Wells Fargo does not provide any citation for the proposition that achieving a level playing field makes a certain discovery request "necessary."[3]

---

[3] Wells Fargo cites *Sung Gon Kang v. Credit Bureau Connection, Inc.* for the general rule "all parties are entitled to equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action." (Obj. 7:22–28) (citing *Sung Gon Kang v. Credit Bureau Connection, Inc.* No. 1:18-cv-01359-AWI-SKO, 2020 WL 1689708, at *3 (E.D. Cal. Apr. 7, 2020)). Wells Fargo has not explained how this general rule means that it can demand specific discovery from absent parties. *Sung Gon Kang* notes that discovery of putative class members' identities and contact information is routinely allowed but is silent on obtaining discovery directly from the unnamed, putative class members. 2020 WL 1689708, at *3. Here, Wells Fargo seeks discovery from the former named plaintiffs themselves, not merely their identities and contact information from the presently named plaintiffs.

1    Wells Fargo also argues that new information not in front of the Magistrate Judge
2 further demonstrates that the discovery requested here is necessary. (Obj. 8:8–18).
3 Specifically, Wells Fargo asserts that Plaintiffs' counsel has subsequently sent questionnaires to
4 an unknown number of absent class members and has refused to produce the responses or
5 underlying factual information provided. (*Id.*).  This argument raises a separate discovery
6 dispute regarding information the presently named plaintiffs have in their possession.  At issue
7 here is Wells Fargo's request to subpoena the former named plaintiffs, which invokes a much
8 higher standard.  Moreover, Wells Fargo offers no legal citation or explanation for why these
9 questionnaires make the discovery at issue necessary.
10    Lastly, the Court will not replace the Magistrate Judge's judgment concerning whether
11 this discovery is necessary when Plaintiffs have not indicated that they will rely on the former
12 named plaintiffs' testimony.  Because Plaintiffs have not indicated they will rely on such
13 testimony, Wells Fargo does not have a clear need to probe the former named plaintiffs' unique
14 experiences at this stage of the litigation.  An "absent class-action plaintiff is not required to do
15 anything," so until discovery of information held by these absent class-action plaintiffs
16 becomes necessary, the Court will not order them to respond to discovery requests. *See Phillips*
17 *Petroleum Co.*, 472 U.S. at 810, 810 n.2.  Accordingly, the Court DENIES Wells Fargo's
18 Objection to the Magistrate Judge's Order.[4]
19 ///
20 ///
21 ///
22 ///

---

[4] In its Reply, Wells Fargo argues that Plaintiffs' counsel has "implicitly, if not explicitly, relied on information from the former named plaintiffs in evaluating this case, setting strategy, drafting the Complaint and substituting class representatives." (Reply 1:20–2:2, ECF No. 95-1).  This argument appears to be based on speculation, which is the same reason the Magistrate Judge concluded that Wells Fargo fell short of meeting its burden to show the discovery is necessary.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Wells Fargo's Objection, (ECF No. 92), is **DENIED**.

**IT IS FURTHER ORDERED** that Wells Fargo's Motion for Leave to File Reply, (ECF No. 95), is **GRANTED as unopposed**.

**DATED** this __19___ day of December, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT