# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: J&J INVESTMENT LITIGATION | Case No. 2:22-cv-00529-GMN-NJK<br>**Order**<br>[Docket No. 138] |
| GEOFF WINKLER,<br>   Plaintiff(s),<br>v.<br>WELLS FARGO BANK, N.A.,<br>   Defendant(s). | Case No. 2:23-cv-00703-GMN-NJK<br>**Order**<br>[Docket No. 52] |

Pending before the Court is the parties' joint request to reset the case management schedule, presenting conflicting views of how the case proceeds. Docket No. 138; Docket No. 52.[1] The Court will ultimately provide a schedule more aligned with that sought by Defendant, with some caveats.

First, the Court will not set briefing schedules for motions within this scheduling order setting case management deadlines. *See* Local Rule IC 2-2(b); *see also* Docket No. 54 at 7. If the parties seek to avoid the default briefing schedule on any particular motion, they must file a separate request specific to that relief.

Second, the "deadline" to file a motion is the outer date by which to seek relief, not the exact date on which to seek relief. If a party wants to file a motion before that date, they are free to do so. A dispute as to how early Plaintiffs may file a motion for class certification is purely

---

[1] The Court will hereinafter cite to the filings in the low-numbered case.

1

academic. Once that motion is filed, however, the opposing party may seek to postpone its response if it believes sufficient reason exists to do so. *Cf.* Fed. R. Civ. P. 56(d). The opposing party must seek that relief in a separate filing, not with truncated argument within a proposed scheduling order. Local Rule IC 2-2(b).

Third, the parties have already agreed to the case management structure in this matter, which the Court adopted. *See, e.g.*, Docket No. 54. Plaintiffs do not present sufficient reason to reconsider the earlier orders adopting that structure. *See* Local Rule 59-1.

Fourth, Plaintiffs contend that more time is needed for expert disclosures. Docket No. 138 at 2-3. Defendant's opposition to that request appears to stem mostly from the case management structure issues discussed above, which are being resolved in Defendant's favor. *Id.* at 7. Defendant's other, half-hearted, assertions concerning Plaintiffs' need for more time are not sufficient to cut off the process at this juncture. *See id.* at 7-8. Nonetheless, the Court is setting generous deadlines herein, so counsel must take all reasonable steps to meet them. The Court is not inclined to grant further extensions.

In light of all of the above, the Court **RESETS** deadlines as follows:

- Expert disclosures: October 31, 2024
- Fact discovery cutoff: December 5, 2024
- Rebuttal expert disclosures: December 5, 2024
- Expert discovery cutoff: January 10, 2025
- Class certification deadline: January 24, 2025
- Dispositive motion deadline: April 23, 2025
- Joint proposed pretrial order: May 23, 2025, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: March 19, 2024

_____
Nancy J. Koppe
United States Magistrate Judge