UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE J&J INVESTMENT LITIGATION | Case No. 2:22-cv-00529-GMN-NJK<br><br>**Order**<br><br>[Docket No. 140] |

Pending before the Court is Defendant Wells Fargo's motion to take the deposition of Matthew Beasley. Docket No. 140. Plaintiffs join in the motion and also seek to depose Beasley. Docket No. 142. No opposition has been filed.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1.

"A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2), (B).

The parties seek to depose Beasley, who is a pretrial detainee in federal custody. *See United States v. Beasley*, No. 2:23-cr-00066-JAD-DJA, Docket No. 22 (D. Nev. Apr. 24, 2023).[2] The motion explains the relevance of Beasley's testimony to the issues in this case, as well as the

---

[1] Beasley and his counsel representing him in the criminal proceedings were provided notice of the motion, *see* Docket No. 140 at 8, but did not file a response.

[2] It is not clear that a pretrial detainee is "confined in prison" for purposes of Rule 30(a)(2)(B). *See Maryland v. Shatzer*, 559 U.S. 98, 107 n.2 (2010) (explaining that the word "prison" refers to a "state or federal facility of confinement for *convicted* criminals," as opposed to those housed at a local detention center while they await trial (emphasis added)); *see also Gordon v. Knox*, 2020 WL 13840868, at *1 n.1 (N.D. Fla. May 11, 2020) (citing *Blackwell v. Houser*, 2017 WL 392184, at *2 n.1 (W.D.N.C. Jan. 27, 2017)). Either way, however, the parties are entitled to Beasley's deposition, so the Court need not resolve the issue. *Cf. Sorenson v. Minn.*, 2022 WL 4533799, at *1-2 (D. Minn. Sept. 28, 2022).

proportional nature of the discovery being sought.  *See* Docket No. 140 at 5.  Moreover, the record does not demonstrate that the concerns identified in Rule 26(b)(2) warrant denial of leave to depose Beasley.

Accordingly, the motion is **GRANTED**.  The parties must confer with the federal detention officials regarding the procedures for the deposition.  *Cf. Griffin v. Johnson*, 2016 WL 4764670, at *1 (E.D. Cal. Sept. 12, 2016).

IT IS SO ORDERED.

Dated: July 9, 2024

_____
Nancy J. Koppe
United States Magistrate Judge