# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE J&J INVESTMENT LITIGATION | Case No. 2:22-cv-00529-GMN-NJK<br>**Order**<br>[Docket Nos. 147, 154, 157, 159, 162, 166, 173] |

Seeking secrecy for judicial filings should be a straightforward endeavor. The parties have filed numerous redaction and sealing requests in this case that are improperly filed, inadequately supported, and sometimes nonsensical. Docket Nos. 147, 154, 157, 159, 162, 166, 173.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases).[1] The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting <u>the public's interest</u> in

---

[1] The Court will entertain argument as to whether nonparty investor information should be secret without a factual showing by those nonparty investors, so long as meaningfully developed argument is presented. The Court will not entertain argument as to whether <u>party</u> information should be secret, however, without the required evidentiary showing.

transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).[2]

A request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").[3]

With respect to enumerated personal identifying information, redaction is mandated by the governing rules without the need to seek leave of the Court. *See* Fed. R. Civ. P. 5.2; *see also* Local Rule IC 6-1.

The instant motions fail to adhere to these standards and procedures, and they are all **DENIED** without prejudice.[4] At this juncture, the Clerk's Office is **INSTRUCTED** to continue

---

[2] The Court takes no joy in requiring further action by the parties to foster what should be a simple administrative decision regarding sealing. To the contrary, the need to issue orders like this one to account for shortcomings in party filings only serves to exacerbate the crushing caseload facing federal courts. *Cf. Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002) (decrying the need to expend significant resources addressing tangential issues given that the "resources of the federal judiciary ... are strained to the breaking point"). Nonetheless, governing case law explains that the Court has a duty to protect the public's interest in transparency by conscientiously considering competing interests and articulating a sound factual basis for sealing. *See Kamakana*, 447 F.3d at 1179. Counsel are implored to consider the administrative burden they place on the Court by over-filing under seal without complying with the governing procedures or making the kind of showing required to justify the request. If counsel are unable or unwilling to correct course moving forward, the Court may explore remedies other than simply requiring a supplemental submission.

[3] There is at times confusion in the papers as to the difference between "redacting" and "sealing." *See, e.g.*, Docket No. 148-1 at 128 (omitting entire exhibit as being "redacted"). "Redaction" involves removing specific confidential references *within* a document. *See* Black's Law Dictionary (7th ed. 1999). Seeking secrecy for an entire exhibit, by contrast, would be "sealing."

[4] The Court declines to expend further of its scarce resources describing all of the ways in which these filings fail. The Court trusts counsel will familiarize themselves with the governing rules and case law to ensure future filings are proper.

sealing the subject information. The parties (and nonparty Beasley to the extent pertinent)[5] are **ORDERED** to show cause in writing through a joint submission why all of their related filings should not be unsealed.[6] The joint submission must be filed by January 10, 2025. The joint submission may include some generalized argument, but it must also present specific argument and a specific evidentiary showing for the particular sealing requests and proposed redactions sought in the following form:

| Subject information identified by docket number, page, and line | Party seeking secrecy and argument for sealing or redacting | Citation to evidence (with pin-citation to specific paragraph in declaration) for sealing or redacting | Responsive argument or statement of non-opposition | Court ruling |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

In addition, the joint submission must identify with particularity all currently sealed documents or redacted information for which no party contends that good cause exists for secrecy (i.e., a stipulation to unsealing). Counsel must carefully review the governing rules and case law, as the Court is not inclined to allow any further opportunity to justify secrecy as to these documents.

IT IS SO ORDERED.

Dated: December 12, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] Plaintiffs' counsel must promptly serve this order on Beasley's counsel. *See, e.g.*, Docket No. 147 (Plaintiffs' sealed motion to seal that does not appear to have been served on Beasley, insinuating that Beasley may have good cause for secrecy).

[6] This order to show cause applies to all sealed filings, including as to why Plaintiffs filed their motion to seal itself under seal. *See* Docket No. 147; *but see Linksmart Wireless Tech., LLC v. Caesars Ent. Corp.*, 2020 WL 8834752, at *1 (D. Nev. Aug. 25, 2020).