# EXHIBIT 1

Joseph G. Went
Nevada Bar No. 9220
Sydney R. Gambee
Nevada Bar No. 14201
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702-669-4600
Fax: 702-669-4650
jgwent@hollandhart.com
srgambee@hollandhart.com

K. Issac deVyver (*pro hac vice*)
Alicia A. Baiardo (*pro hac vice*)
Anthony Q. Le (*pro hac vice*)
MCGUIREWOODS LLP
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111
Phone: 415.844.9944
Fax: 415.844.9922
KdeVyver@mcguirewoods.com
ABaiardo@mcguirewoods.com
ALe@mcguirewoods.com

*Attorneys for Wells Fargo Bank, N.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| *In re J&J Investment Litigation* | Case No.: 2:22-cv-00529-GMN-NJK |
| GEOFF WINKLER, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada corporation; and J and J Purchasing LLC, Florida limited liability company,<br><br>             Plaintiff,<br>       v.<br><br>WELLS FARGO BANK, N.A.,<br><br>             Defendant. | Case No.: 2:23-cv-00703-GMN-NJK<br><br>**DECLARATION OF JAMES DICAPRIO IN SUPPORT OF WELLS FARGO BANK, N.A.'S RESPONSE TO COURT ORDER TO SHOW CAUSE**<br><br>Judge:   The Hon. Gloria M. Navarro<br>            The Hon. Nancy J. Koppe |

1

I, James DiCaprio, declare as follows:

1.    I am currently employed by Wells Fargo Bank, N.A. as a Senior Manager in Global Financial Investigations, a position I have held since May of 2024.  Prior to that, I served a Senior Manager in Anti-Money Laundering Investigations since 2017.  In these positions for Wells Fargo, managers within these areas report to me through the management structure, and I am familiar with the policies and procedures for, and the databases and systems used by, these departments.

2.    I am knowledgeable about the facts set forth below based on my personal knowledge or from my review of documents maintained by Wells Fargo in the ordinary course of business, including the documents at issue here.

3.    In executing this Declaration, I do not intend to, and Wells Fargo has not authorized me to, waive any privileges Wells Fargo may have as to any proprietary, trade secret, and/or confidential information, or as to any attorney-client communication or information developed in anticipation of, or in response to, litigation.

4.    I make this Declaration in support of Wells Fargo's positions and arguments in the Joint Supplemental Submission filed in *In re J&J Investment Litigation*, 2:22-cv-00529-GMN-NJK (the "Class Action") and *Winkler v. Wells Fargo Bank, N.A.*, 2:23-cv-00703-GMN-NJK (the "Receiver Action" and together, the "Actions").

5.    Wells Fargo's customer account records and monitoring, investigation, and reporting policies and procedures are confidential and proprietary to Wells Fargo.

6.    Wells Fargo treats these records, policies, and procedures as confidential internally at Wells Fargo, and access to account and investigatory records is on a "need to know" basis internally at Wells Fargo, meaning that only Wells Fargo employees who require these records to perform their job duties are permitted access.  These policies and procedures are not shared publicly or with Wells Fargo's competitors, or by or between anyone in the industry, as they are trade secret information that is proprietary to each institution.

7.    If these documents or their contents were disclosed, Wells Fargo believes that competitive harm could result to the bank.

8.    Wells Fargo is subject to state and federal laws and regulations which require

2

DECLARATION OF JAMES DICAPRIO IN SUPPORT OF WELLS FARGO BANK, N.A.'S RESPONSE TO COURT ORDER TO SHOW CAUSE

financial institutions to, among other things, collect certain information about their customers, monitor for and investigate potentially illicit banking activity, and report certain types of activity to government agencies if the bank believes it to be suspicious.

9.     Wells Fargo maintains policies, procedures, processes, and various systems and databases specifically designed to detect unusual and suspicious account activity, provide guidance to employees involved in monitoring and investigatory efforts, and keep records regarding accounts and customers involved in the same.

10.    Moreover, this information is particularly sensitive given that Wells Fargo's investigations can result in decisions on whether or not to file a Suspicious Activity Report ("SAR").  Wells Fargo is prohibited by federal law from disclosing such determination and faces penalties for failing to keep such information confidential.  *See* 31 U.S.C. § 5318(g)(2)(A)(i) (prohibiting notification and disclosure of suspicious activity reporting to any person, including anyone involved in the underlying transactions); 12 C.F.R. § 21.11(k)(1)(i) ("No national bank, and no director, officer, employee, or agent of a national bank, shall disclose a SAR or any information that would reveal the existence of a SAR."); 31 C.F.R. § 103.18(e) (same); 31 U.S.C. § 5321 (civil penalties); 31 U.S.C. § 5322 (criminal penalties).

11.    The at-issue documents and communications reveal details about Wells Fargo's account monitoring and investigatory efforts, including the type of information used to make determinations about, for example, the legitimacy of a customer's business operations and propriety of their banking activity.  These investigations are kept highly confidential—even from the customer(s) involved—as are Wells Fargo's processes and systems for conducting the same. Pursuant to the Court's request for specific information about bases for protection, below are general descriptions of the documents:

    a.   The document produced at Bates label WF_JJ_00096618 and filed by Plaintiffs in the Class Action at ECF No. 148-3 (Ex. 200) and by Plaintiff in the Receiver Action at ECF No. 72-3 (Ex. 200) is an email between Wells Fargo employees in the Financial Crimes Investigation ("FCI") group discussing their

DECLARATION OF JAMES DICAPRIO IN SUPPORT OF WELLS FARGO BANK, N.A.'S RESPONSE TO COURT ORDER TO SHOW CAUSE

investigation into Matthew Beasley's and his alleged co-conspirators' accounts. Such information would never be shared publicly outside of Wells Fargo.

b. The document produced at Bates label WF_JJ_00050207 and filed by Plaintiffs in the Class Action at ECF No. 148-4 (Ex. 201) and by Plaintiff in the Receiver Action at ECF No. 72-4 (Ex. 201) contains screenshots of Wells Fargo's internal system which tracks notes from bankers and other employees about customer interactions, requests, and transactions. The systems used to collect and maintain this information are proprietary trade secrets, and moreover, this particular document contains details about the types of customer interactions, requests, and transactions considered for review of potentially unusual or suspicious activity. Such information would never be disclosed publicly outside of Wells Fargo.

c. The document produced at Bates label WF_JJ_00085741 and filed by Plaintiffs in the Class Action at ECF No. 148-4 (Ex. 202) and by Plaintiff in the Receiver Action at ECF No. 72-4 (Ex. 202) contains excerpts from Wells Fargo's internal system which tracks notes from bankers and other employees about customer interactions, requests, and transactions. The systems used to collect and maintain this information are proprietary trade secrets, and moreover, this particular document contains details about the types of customer interactions, requests, and transactions considered for review of potentially unusual or suspicious activity. Such information would never be disclosed publicly outside of Wells Fargo.

d. The document produced at Bates label WF_JJ_00045256 and filed by Plaintiffs in the Class Action at ECF No. 148-4 (Ex. 203) and by Plaintiff in the Receiver Action at ECF No. 72-4 (Ex. 203) is a spreadsheet maintained in Wells Fargo's internal system which tracks FCI investigatory efforts. The systems used to collect and maintain this information are treated as proprietary, and moreover, this particular document contains details about the activity and information

examined by Financial Crimes Investigators.  Such information would never be disclosed publicly outside of Wells Fargo.

e.  The document produced at Bates label WF_JJ_00107214 and filed by Plaintiffs in the Class Action at ECF No. 148-6 (Ex. 204) and by Plaintiff in the Receiver Action at ECF No. 72-6 (Ex. 204) is a spreadsheet maintained in Wells Fargo's internal system which tracks federal grand jury subpoenas served on Wells Fargo seeking documents and information about accounts and customers. Further, the document contains details about the kinds of activity and transactions that Wells Fargo reviews as part of its internal and confidential processes.  The systems used to collect and maintain this information are proprietary.  Wells Fargo's process and decision-making evidenced within the document would never be shared publicly outside of Wells Fargo.

f.  The document produced at Bates label WF_JJ_00086381 by Plaintiffs in the Class Action at ECF No. 148-7 (Ex. 208) and by Plaintiff in the Receiver Action at ECF No. 72-7 (Ex. 208) contains excerpts from a spreadsheet of wire transfer data related to Mr. Beasley's accounts.  The systems used to collect and maintain this information are proprietary and internal to Wells Fargo.  Further, this document contains personal and financial information of third parties which is treated as confidential and not disclosed publicly.

g.  The document produced at Bates label WF_JJ_00098496 and filed by Plaintiffs in the Class Action at ECF No. 148-7 (Ex. 213) and by Plaintiff in the Receiver Action at ECF No. 72-7 (Ex. 213) is an email between Wells Fargo employees in the Financial Crimes Investigation ("FCI") group discussing and summarizing their investigation into Matthew Beasley's and his alleged co-conspirators' accounts.  Such information would never be disclosed publicly outside of Wells Fargo.

12.  I am aware that Wells Fargo's counsel has designated certain deposition testimony of Wells Fargo's current and former employees, as well as other witnesses who have discussed

DECLARATION OF JAMES DICAPRIO IN SUPPORT OF WELLS FARGO BANK, N.A.'S RESPONSE TO COURT ORDER TO SHOW CAUSE

Wells Fargo's internal policies, procedures, and records. Wells Fargo treats discussion of such internal and proprietary information as equally confidential.

13. I am aware that Wells Fargo's counsel has met and conferred with counsel for Class Plaintiffs and the Receiver regarding discovery disputes, and in doing so, the parties' counsel have exchanged letters containing details about Wells Fargo's internal and proprietary systems, databases, records, and related policies and procedures concerning account activity, government reporting, transaction monitoring, account alerts, investigations, and the like. Wells Fargo treats discussion of internal and proprietary information as equally confidential.

14. To the extent any motion, briefs, or other submissions filed with the Court contain discussion of or direct quotes from Wells Fargo's internal, proprietary documents or information, such material is treated as equally confidential and should be redacted from public filings.

15. I am aware that Geoff Winkler, the Receiver and Plaintiff in the Receiver Action, has submitted a Declaration that purports to summarize and analyze a variety of confidential documents and information in setting forth his theory of the operation of the scheme and Wells Fargo's alleged involvement. Certain information therein appears to be derived, in whole or in part, from confidential material produced by Wells Fargo as discussed above. Wells Fargo treats discussion of such information as equally confidential and should not be publicly disclosed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of January 2025, in Ft. Lauderdale, Florida.

By: _____
James DiCaprio
Senior Manager, Global Financial Investigations
Wells Fargo Bank, N.A.

6
DECLARATION OF JAMES DICAPRIO IN SUPPORT OF WELLS FARGO BANK, N.A.'S RESPONSE TO COURT ORDER TO SHOW CAUSE