UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE J&J INVESTMENT LITIGATION | Case No. 2:22-cv-00529-GMN-NJK<br><br>**Order**<br><br>[Docket Nos. 189, 192] |

Pending before the Court is Plaintiffs' motion to redact and seal filed in relation to their motion for class certification. Docket Nos. 189, 192. Both the Receiver and Defendant Wells Fargo filed responses in support of sealing. Docket Nos. 193, 194.

Sealing and redaction requests are analyzed under either the "good cause" standard or the "compelling reasons" standard, depending on the nature of the underlying matter in conjunction with which secrecy is sought. The Ninth Circuit has historically divided matters for this purpose between those that are "non-dispositive" and those that are "dispositive" in nature. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). In 2016, the Ninth Circuit clarified that this is not meant to be a "mechanical classification[]." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). Instead, the key distinction is "whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099. If the underlying motion falls into that category, the higher "compelling reasons" standard applies. *See, e.g., id.* at 1102 (concluding that motion for preliminary injunction was subject to compelling reasons standard).

The Supreme Court has made clear that the class certification analysis frequently "will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) ("the merits of the class members' substantive claims are often highly relevant when

1

determining whether to certify a class"). Hence, numerous decisions within the Ninth Circuit that recognize the *Center for Auto Safety* refinement of the analysis have concluded overwhelmingly that compelling reasons are required for secrecy in relation to a motion to certify a class action. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting some of the "numerous" cases applying "compelling reasons" standard to motions to seal related to class certification); *see also, e.g.*, *Falcone v. Nestle USA, Inc.*, 2024 WL 253631, at *1 (S.D. Cal. Jan. 22, 2024); *Le v. Zuffa, LLC*, 2023 WL 5085064, at *4 n.10 (D. Nev. Aug. 9, 2023); *White v. Symetra Assigned Benefits Serv. Co.*, 2022 WL 1136804, at *4 (W.D. Wash. Apr. 18, 2022).

In seeking application of the lower "good cause" standard, the pending motion simply refers to the "non-dispositive" nature of class of certification with no analysis or cited legal authority addressing the particular issue. Docket No. 192 at 2. The Receiver's response similarly relies baldly on the "non-dispositive" nature of class certification. Docket No. 193 at 3.[1] Wells Fargo's response does provide more discussion of the issue in arguing for application of the "good cause" standard, Docket No. 194 at 3, but its cited legal authority either does not account for the decision in *Center for Auto Safety* or relies on outdated cases that themselves do not account for *Center for Auto Safety*. *See, e.g.*, *Bloom v. Zuffa*, 2024 WL 4536960, at *2 (D. Nev. Oct. 14, 2024) (citing outdated case law in deciding "good cause" standard applies to motions for class certification).

Even when the parties fail to do so, the Court has its own duty to correctly articulate and apply the governing legal standards. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). In light of the guidance provided in *Center for Auto Safety*, this Court joins the numerous other district courts within the Ninth Circuit in finding that the "compelling reasons" standard applies to secrecy requests filed in conjunction with a motion for class certification.

As the parties fail to address the proper legal standard in their briefing, Plaintiffs' motion for redaction and to seal is **DENIED** without prejudice. The Clerk's Office is **INSTRUCTED** to

---

[1] The Receiver adds a bald statement that he "contends" that his showing would also suffice under the "compelling reasons" standard. *Id.* at 3 n.1.

<u>maintain the subject documents under seal at this juncture</u>. The parties must file a joint supplement providing the required showing of compelling reasons on a document-by-document basis, as well as on a redaction-by-redaction basis as applicable within each document.[2]  To the extent that all parties are in agreement that a document may be unsealed, the joint supplement must so specify. The joint supplement must be filed by March 25, 2025.

IT IS SO ORDERED.

Dated: March 11, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] To the extent redaction is required pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, the joint supplement must so specify.