UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE J&J INVESTMENT LITIGATION | Case No. 2:22-cv-00529-GMN-NJK<br><br>**Order**<br><br>[Docket Nos. 147, 148, 165] |

Pending before the Court is Plaintiffs' motion to compel discovery. Docket No. 148; *see also* Docket No. 147 (sealed version of motion and exhibits). Defendant Wells Fargo filed a response in opposition. Docket No. 156; *see also* Docket No. 158 (sealed version of response and exhibits). Plaintiffs filed a reply. Docket No. 161; *see also* Docket No. 163 (sealed version of reply and exhibit). Wells Fargo filed a motion to supplement. Docket No. 165; *see also* Docket No. 167 (sealed version of motion and exhibit). Plaintiffs filed a response in opposition. Docket No. 168. The Court will not hold a hearing. *See* Local Rule 78-1.

The discovery process is meant to proceed "largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Counsel must strive to be cooperative, practical, and sensible during this process, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *in re Convergent Techs. Securities Litig.*,

108 F.R.D. 328, 331 (N.D. Cal. 1985)).[1]  Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."  Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention."  *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).  The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought."  *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes."  *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions."  *Id*.  To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically

---

[1] The 2015 amendments to the Federal Rules of Civil Procedure served to heighten these duties of counsel:

> While the 2015 amendments to the Federal Rules of Civil Procedure may not have been front-page news, they are designed to spur significant change in the practice of law in federal court. *Cf.* Tracy Chapman, *Talkin' Bout A Revolution* (Elektra/Asylum Records 1988) ("Don't you know/They're talkin' about a revolution/ It sounds like a whisper").  Chief Justice Roberts explained that these rule changes are "a big deal" even though they may not seem so at first glance, particularly since they impose on lawyers representing adverse parties "an affirmative duty to work together" in a cooperative manner.  John Roberts, 2015 Year-End Report on the Federal Judiciary at 5-6 (Dec. 31, 2015) (available at http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf).  Chief Justice Roberts further explained that these amendments "are a major stride toward a better federal court system," but warned that this advancement can be realized "only if the entire legal community, including the bench, bar, and legal academy, step up to the challenge of making real change."  *Id.* at 9.

*PlayUp, Inc. v. Mintas*, 2022 WL 17742426, at *1 (D. Nev. Dec. 8, 2022).

convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[2]

"These are not simply the sentiments of an idealistic and frustrated magistrate [judge]. They are the law." *Convergent Technologies*, 108 F.R.D. at 331. The "meet-and-confer requirements are very important and the Court takes them very seriously." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019). Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza*, 141 F. Supp. 3d at 1145. Presenting the Court with many discovery disputes is itself a "red flag" that sufficiently meaningful and sincere conferral efforts did not occur. *E.g.*, *Reno v. W. Cab Co.*, 2019 WL 8061214, at *2 (D. Nev. Sept. 23, 2019) (citing *King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*, 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010)).

The Court is not persuaded that sufficiently cooperative, sincere, and meaningful conferral efforts took place with respect to this motion to compel. As a starting point, the motion raises red flags by presenting ten different discovery disputes.[3] Moreover, a review of the record exposes serious deficiencies in the conferral process, as exemplified by the dispute as to interrogatory verification. It appears that the parties may have addressed verification of Wells Fargo's interrogatory responses during conferral discussions on August 9 and 12, 2024, though details of that discussion are not provided. *See* Docket No. 148-1 at 17. The parties then had the following exchange:

- On August 21, 2024, the Receiver stated: "Please confirm that Wells Fargo will immediately serve verified answers. It is unclear at this point why Wells Fargo has not done so." Docket No. 147-6 at 4.
- On August 28, 2024, Wells Fargo stated: "We do not believe that the information provided in Wells Fargo's Responses and Objections to the Receiver's First Set of Interrogatories require a verification, and as such, none has been provided. To the

---

[2] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

[3] These ten disputes are in addition to the other discovery disputes briefed elsewhere.

- extent our responses are amended such that they would warrant verification, one would be provided." Docket No. 148-3 at 54.
- On September 12, 2024, the Receiver stated: "Wells Fargo's position per your August 28 letter is that it need not verify its answers. The Parties are at impasse." Docket No. 148-3 at 67.
- On September 18, 2024, Wells Fargo stated: "Please let us know which Interrogatories you contend require verification. We would like to further understand your position before completing the meet and confer." Docket No. 148-3 at 72.
- On September 20, 2024, the Receiver stated: "We disagree with the premise of your question. Wells Fargo was obligated to serve its answers under oath. '[W]hich Interrogatories . . . require verification' is not an appropriate topic of conferral, so we decline the invitation to negotiate around Wells Fargo's failure to comply with one of the most basic requirements of Rule 33." Docket No. 148-3 at 76.

In short, the meet and confer efforts consist of stating that the basis for Wells Fargo's position is "unclear," followed by *ipse dixit* by both sides that they are right or that the opposing view is unsupported, and statements by the Receiver that the parties are at an "impasse" and that he refuses to discuss further.

Any attorney familiar with the conferral requirements should know that this is absolutely not the good faith meet-and-confer that is required.[4] To repeat, settled legal precedent makes clear that a sufficient conferral process requires much more:

> Inherent in [the local rule's] language, and essential to the Rule's proper operation, is the requirement that parties treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes. To that end, the parties must present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions. Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a "sincere effort" to resolve the matter.

---

[4] The Court is also unpersuaded that Wells Fargo asking for clarification from the Receiver was actually bad-faith obstruction of the conferral process. *See* Docket No. 163 at 14.

*Nevada Power*, 151 F.R.D. at 120 (internal citations and parenthetical omitted). While the language of the local rules may have been tweaked in some ways, Judge Leavitt's sentiments continue to apply with equal force today.

Accordingly, the motion to compel (Docket No. 148) is **DENIED** without prejudice. Any renewed motion to compel may only be filed after the parties engage in further conferral efforts that satisfy the governing requirements.[5] In addition to the certification already required by Local Rule IA 1-3(f)(2) and Local Rule 26-6(c), any future discovery motion practice filed in this case must also include a certification that the filing attorney has read in their entirety the following cases: *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137 (D. Nev. 2015); *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996); and *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118 (D. Nev. 1993). Any renewed motion to compel must be filed by April 1, 2025. Any renewed discovery motion practice will, of course, be subject to the presumption of an award of expenses against the loser. *See* Fed. R. Civ. P. 37(a)(5)(A), (B).

Defendant's motion to supplement (Docket No. 165) is **DENIED** as moot.

The parties filed hundreds of pages of documents under seal in relation to this motion practice. Because the Court is not resolving this motion practice on its merits, the Court will **STRIKE** the materials filed under seal. Docket Nos. 147 (and the exhibits thereto), 148-2, 158 (and the exhibits thereto), 163 (and the exhibit thereto), 167 (and the exhibit thereto). Any renewed requests for secrecy must be mindful of the governing standards.

IT IS SO ORDERED.

Dated: March 11, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] To be perfectly clear, the conferral efforts must be renewed as to all of the items in dispute, even though the order focuses mostly on the verification dispute.