Emily Beale (*pro hac vice*)
**GIBBS MURA LLP**
136 Madison Avenue, Suite 541
New York, NY 10016
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
eb@classlawgroup.com

Eric H. Gibbs (*pro hac vice*)
David K. Stein (*pro hac vice*)
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com
ds@classlawgroup.com

Interim Co-Lead Counsel

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

*In re J&J Investment Litigation*

Case No.: 2:22-cv-00529-GMN-NJK

**DECLARATION OF EMILY BEALE IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL INTERROGATORY RESPONSE**

Judge:      Hon. Gloria M. Navarro
                 Hon. Nancy J. Koppe

I, Emily Beale, declare as follows:

1. I am an attorney at Gibbs Mura LLP, one of the firms serving as interim co-lead counsel in *In re J&J Investment Litigation*, No. 2:22-cv-00529-GMN-NJK (D. Nev.). I make this declaration based on my personal knowledge and review of the case file in support of Plaintiffs' Motion to Compel Production of Documents and Supplemental Interrogatory Response.

2. Pursuant to District of Nevada LR 26-7(c) and LR IA 1-3(f), this declaration sets forth the details and results of the meet-and-confer conferences about each disputed discovery request.

## I.    Background regarding Plaintiffs' discovery efforts

3. Plaintiffs in *In re J&J Investment Litigation*, No. 2:22-cv-00529-GMN-NJK (D. Nev.), served their First Set of Requests for Production on Defendant Wells Fargo Bank, N.A., on July 29, 2022. A true and correct copy is attached as **Exhibit 1**. Wells Fargo served its responses on November 10, 2022. A true and correct copy is attached as **Exhibit 2**. Wells Fargo served supplemental responses on February 24, 2023, and second supplemental responses on July 7, 2023. True and correct copies are attached as **Exhibit 3** and **Exhibit 4**, respectively.

4. Plaintiffs' Request for Production No. 14 requests "Documents and Communications concerning suspected or possible unlawful or improper account activity concerning Beasley, the Beasley Accounts, Judd, the J&J Entities, the J&J Conspirators, or the J&J Conspirator Accounts." *See* Ex. 1 at 10.

5. Plaintiffs' Request for Production No. 15 requests "Documents and Communications concerning any risk assessment of Beasley, the Beasley Accounts, Judd, the J&J Entities, the J&J Accounts, the J&J Conspirators, or the J&J Conspirator Accounts." *See* Ex. 1 at 10.

6. Plaintiffs' Request for Production No. 16 requests "[a]lerts, reports, and other Documents generated by or accessible from the "Actimize" banking activity monitoring system concerning the Beasley Accounts, the J&J Accounts, or the J&J Conspirator Accounts, and any related investigation files, Documents, and Communications." *See* Ex. 1 at 10.

7. Plaintiffs' Request for Production No. 17 requests "[a]lerts, reports, and other Documents generated by or accessible from any banking activity monitoring system other than Actimize (including without limitation Fiserv FraudLink and Radar World Check) concerning the Beasley Accounts, the J&J

1

Accounts, or the J&J Conspirator Accounts, and any related investigation files, Documents, and Communications." *See* Ex. 1 at 10.

8.     Plaintiffs' Request for Production No. 21 requests "Documents and Communications not otherwise requested concerning any inquiry or investigation You undertook with respect to any Beasly Accounts, J&J Accounts, or J&J Conspirator Accounts during the Applicable Period, including at or before account opening." *See* Ex. 1 at 10.

9.     Plaintiffs' Request for Production No. 22 requests "[a]ny electronic record or log showing each time a Wells Fargo employee accessed Wells Fargo's electronic systems in connection with a Beasley Account, a J&J Account, or a J&J Conspirator Account, including the time, date, branch, and location of such access." *See* Ex. 1 at 11.

10.    Plaintiffs' Request for Production No. 25 requests "Communications between or among Wells Fargo employees concerning Beasley or the Beasley Entities or transactional activity related thereto, including any notes or comments recorded in internal systems." *See* Ex. 1 at 11.

11.    Plaintiffs severed their First Set of Interrogatories on Wells Fargo on December 14, 2022. A true and correct copy is attached as **Exhibit 5**. Wells Fargo served its responses on January 27, 2023. A true and correct copy is attached as **Exhibit 6**.

12.    Plaintiffs Interrogatory No. 2 requests "For each account responsive to Interrogatory No. 1, identify by name, branch or department, and job title, each person who reviewed or interacted with the account or took action Relating to anti-money laundering (AML), Bank Secrecy Act (BSA), Know Your Customer (KYC), due diligence (including enhanced due diligence), risk ratings, wire approval, or monitoring for unusual, suspicious, or unlawful activity." *See* Ex. 5 at 186.

13.    The discovery period began on September 28, 2022. ECF 53. The case was stayed for mediation from August 15, 2023, to March 7, 2024. ECF 130, 132. After the stay was lifted, the Court implemented a new case schedule and set the fact discovery cutoff as December 5, 2024. ECF 139.

14.    During the discovery period, Wells Fargo produced documents showing that its ███████ ███████████████████████████████████████████████████████████████████████████ After Wells Fargo identified that ███████████████████████████████, the parties negotiated custodial searches (including emails and instant messages) and deposed eight ███████████████

█████████████████████████████ . Wells Fargo's initial disclosures also ████████████
█████████████████████████████████ , but only those personnel who appeared in the documents that Wells Fargo produced before the December 2024 discovery cutoff.

15. Wells Fargo initially objected to Document Request No. 22 and refused to produce the access log(s) that would show which of its employees accessed Beasley's accounts and when. Plaintiffs moved to compel the production of the access log(s) on October 2, 2024. ECF 148.

## II. Background regarding Plaintiffs' meet-and-confer efforts after the Court's ruling.

10. The Court denied Plaintiffs' motion to compel on March 11, 2025, without prejudice, and ordered the parties to continue meeting and conferring. ECF 196. The Court's Order additionally requires any future discovery motion to include a certification that the filing attorney has read in their entirety the following cases: *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137 (D. Nev. 2015); *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996); and *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118 (D. Nev. 1993). *Id.* at 5. I certify that I have complied with this requirement.

11. On March 17, 2025, counsel for Plaintiffs invited Wells Fargo's counsel to meet and confer in light of the Court's Order. A true and correct copy of the correspondence is attached as **Exhibit 10**.

12. The parties convened on March 20, 2025, via teleconference, to discuss the items raised in Plaintiffs' motion to compel, including the requested Wells Fargo access log(s). On this call, I was joined by Karla Johnson and Issac deVyver of McGuireWoods LLP on behalf of Wells Fargo, Tom Watts and Jordan Isern of Girard Sharp LLP on behalf of Plaintiffs, and Benjamin Zavelsky of Levine Kellogg Lehman Schneider + Grossman LLP on behalf of the Receiver, Geoff Winkler, in the related action *Winkler v. Wells Fargo Bank, N.A.*, No. 2:23-cv-00703-GMN-NJK (D. Nev.). The parties were unable to reach a compromise concerning the access log(s) during the teleconference.

13. Counsel for Plaintiffs sent Wells Fargo a follow-up correspondence the next day, on March 21, 2025, reiterating Plaintiffs' position that access logs would be relevant to Wells Fargo's knowledge and that Plaintiffs understood Wells Fargo's objections to producing the access log(s) to be based on relevance and proportionality. A true and correct copy of the correspondence is attached as **Exhibit 7**.

DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
CASE NO. 2:22-cv-00529-GMN-NJK

14.     On March 27, 2025, counsel for Wells Fargo provided a responsive letter and agreed to search for and produce any access log(s) in its possession, custody, or control. A true and correct copy of the correspondence is attached as **Exhibit 8**. Wells Fargo advised that it was still "working to locate such documents, and it is possible that we will not locate anything to produce." Ex. 8 at 207.

15.     On May 9, 2025, after I sent an inquiry on May 2, 2025, requesting an update on Wells Fargo's search and production, counsel for Wells Fargo stated that its efforts were ongoing but that it would produce any responsive document(s) by May 16, 2025. A true and correct copy of the correspondence is attached as **Exhibit 11**.

16.     On May 16, 2025, Wells Fargo produced ▮▮▮▮▮▮, bearing the Bates number WF_JJ_00114017. A true and correct copy of the document bearing Bates number WF_JJ_00114017 has been concurrently manually filed with this motion in its native Excel spreadsheet format as **Exhibit 12**. The document reflects



17.     Plaintiffs spent approximately two weeks reviewing the document, after which, on June 2, 2025, I confirmed with counsel for Wells Fargo that Wells Fargo had completed its production ▮▮▮▮▮ ▮▮▮. *See* Ex. 11 at 239. After Wells Fargo provided that confirmation, on June 5, 2025, I sent a request on June 9, 2025, for the parties to meet and confer. *See id.* at 237. Among other items, Plaintiffs asked for the employee name, branch or department, and job title associated ▮▮▮▮▮▮▮▮▮

4

DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
CASE NO. 2:22-cv-00529-GMN-NJK

████████████████████████████████████████████████████████████████

████ *See id.*

18.     The parties convened on June 12, 2025, via teleconference. On this call, I was joined by Karla Johnson and Issac deVyver of McGuireWoods LLP on behalf of Wells Fargo, and Jordan Isern of Girard Sharp LLP and David Stein of Gibbs Mura LLP on behalf of Plaintiffs. The parties discussed the items raised in my June 9, 2025, email. With respect to the ████████████████████████, I explained Plaintiffs' position that the requested information falls within the scope of Plaintiffs' Interrogatory No. 2. *See* Ex. 11 at 234. Counsel for Wells Fargo stated they would review Interrogatory No. 2 and provide Wells Fargo's position on providing the requested information the week of June 16, 2025. *See id.*

19.     Plaintiffs' counsel requested updates from Wells Fargo's counsel on June 20, 2025, June 26, 2025, and June 30, 2025. *See* Ex. 11 at 230-33. On July 3, 2025, counsel for Wells Fargo responded by providing ███████████████████████████ whom Plaintiffs had asked Wells Fargo to identify. *See id.* at 229. Among those employees, Wells Fargo identified for the first time the following ████████████████████████████████████:

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

• ███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████.

DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
CASE NO. 2:22-cv-00529-GMN-NJK

*See id.*; Ex. 12, WF_JJ_00114017, at Rows 214 (█████), 424-25 (█████), 708 (█████), 1063-64 (█████), 1262-66 (█████), 1577-79 (████).

20.    After Wells Fargo shared ████████████ on July 3, 2025, Plaintiffs' counsel conducted a search through the documents Wells Fargo produced, as well as Wells Fargo's discovery responses and initial disclosures, and found no previously produced documents that indicated ████████████████████████████████████████████████████████████████████████████████████████████████. In addition, to the best of my knowledge, ████████████████████████████████████████████████████████████████████████████████████████.

21.    On July 9, 2025, I contacted counsel for Wells Fargo requesting that Wells Fargo supplement its response to Interrogatory No. 2 to identify ████████████████████████████████████████████████████████ to Interrogatory No. 2 per Rule 33(d). *See* Ex. 11 at 228. I also requested that the parties meet and confer on the newly disclosed ████████ employees to discuss what, if any, efforts Wells Fargo had made to collect information and documents concerning the employees' ████████████ ████████. *See id.*

22.    The parties convened on July 14, 2025, via teleconference. On this call, I was joined by Karla Johnson and Issac deVyver of McGuireWoods LLP on behalf of Wells Fargo, Jordan Isern of Girard Sharp LLP on behalf of Plaintiffs, and Marcelo Diaz-Cortes of Levine Kellogg Lehman Schneider + Grossman LLP on behalf of the Receiver. During the conference, counsel for Wells Fargo declined to supplement Wells Fargo's response to Interrogatory No. 2, standing on the objection that the interrogatory was overbroad. Counsel for Wells Fargo also refused to provide any new information about the efforts (if any) made to collect information ████████████████████████, claiming that work product protection precluded them from sharing that information.

23.    On July 17, 2025, I sent a correspondence proposing the following supplemental production for ████████████████████████: (1) their communications (i.e., emails and instant messages) ████████████████████████████████████████████

6

DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
CASE NO. 2:22-cv-00529-GMN-NJK

██████ ; (2) the files within Wells Fargo's system(s) that reflect what ███████████████ ████████████████████ ; and (3) to the extent the searches reveal previously undisclosed alerts, investigations, or other actions taken relating to Beasley, the complete file relating to that activity. A true and correct copy of the correspondence is attached as **Exhibit 9**. I also requested that, in the event that Wells Fargo was unable to locate any of the requested documents, that it produce documents sufficient to identify ██████████████████████████████████████████████████ . *See* Ex. 9 at 210. I articulated that these searches would be responsive to Request for Production Nos. 14-17, 21, and 25. *See id.* I also reiterated Plaintiffs' request that Wells Fargo supplement its response to Interrogatory No. 2 as described above. *Id.* at 209.

24.    The parties held a teleconference on August 5, 2025. The call was attended by Issac deVyver of McGuireWoods LLP on behalf of Wells Fargo and Dave Stein of Gibbs Mura LLP on behalf of Plaintiffs. In an email correspondence of August 6, 2025, counsel for Wells Fargo confirmed that Wells Fargo would not conduct a search for any of the requested documents and would not supplement its response to Interrogatory No. 2. *See* Ex. 11 at 223-24. On August 8, 2025, Dave Stein sent an email correspondence confirming the parties were at impasse. *See* Ex. 11 at 222. The parties held a final teleconference on August 20, 2025. The call was attended by Issac deVyver of McGuireWoods LLP on behalf of Wells Fargo and Daniel Girard of Girard Sharp LLP on behalf of Plaintiffs.

25.    Despite multiple, sincere efforts to resolve or narrow the dispute during the meet-and-confer conferences, the parties were unable to resolve or narrow the dispute by agreement. Plaintiffs bring this motion after consulting with, among others, Receiver Geoff Winkler, given the importance of the discovery to the broader issues at stake in the two related cases.

26.    Plaintiffs seek the requested discovery to use at an eventual trial. They do not intend to reopen summary judgment briefing or otherwise impact the Court's ability to resolve pending motions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 22, 2025            */s/ Emily Beale*

Emily Beale

7

DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
CASE NO. 2:22-cv-00529-GMN-NJK