Daniel C. Girard (*pro hac vice*)
Jordan Isern (*pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
(415) 981-4800 (tel.)
(415) 981-4846 (fax)
dgirard@girardsharp.com
jisern@girardsharp.com

Eric H. Gibbs (*pro hac vice*)
David K. Stein (*pro hac vice*)
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com
ds@classlawgroup.com
shughes@classlawgroup.com

Interim Co-Lead Counsel

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re J&J Investment Litigation* | Case No.: 2:22-cv-00529-GMN-NJK |
| | **APPENDIX OF EXHIBITS TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |
| | **Vol. I of II** |
| | **(Pages 1-144)** |
| | **Exhibit 1** |
| | Judge:       Hon. Gloria M. Navarro |
| |                    Hon. Nancy J. Koppe |

**APPENDIX OF EXHIBITS**

**To Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlement**

| Vol. | Exhibits | Description | Page Nos. |
|------|----------|-------------|-----------|
| I | 1 | Class Action and Receiver Settlement Agreement and Release | 1-144 |
| II | 2 | Joint Declaration of Plaintiffs' Counsel in Support of Motion for Preliminary Approval of Settlement | 145-238 |
| II | 3 | Declaration of Geoff Winkler in Support of Motion for Preliminary Approval of Settlement | 239-245 |
| II | 4 | Declaration of Justin Hughes of Stretto, Inc. in Support of Motion for Preliminary Approval of Settlement | 246-250 |
| II | 5 | [Proposed] Order Granting Preliminary Approval of Class Settlement and Providing for Notice | 251-265 |

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| *In re: J&J Investment Litigation* | Case No. 2:22-cv-00529-GMN-NJK |
| GEOFF WINKLER, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada Corporation; and J and J Purchasing LLC, a Florida limited liability company, <br><br> Plaintiff, <br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | Case No. 2:23-cv-00703-GMN-NJK |

## CLASS ACTION AND RECEIVER SETTLEMENT AGREEMENT AND RELEASE

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**TABLE OF CONTENTS**

**Page**

Recitals ........................................................................................................... 1

1.  Definitions ............................................................................................... 8

2.  Conditions and Effectiveness of Agreement ......................................... 20

3.  Settlement Consideration ....................................................................... 28

4.  Qualified Settlement Fund ..................................................................... 30

5.  Claims Process and Payments from the Settlement Fund ...................... 32

6.  Retention and Duties of Settlement Administrator ............................... 35

7.  Class Notice, Bar Order Notice, and Settlement Website ..................... 36

8.  Covenants Not to Sue ............................................................................. 38

9.  Representations and Warranties ............................................................. 39

10. Releases .................................................................................................. 40

11. Opt-Out Rights ....................................................................................... 42

12. Objections .............................................................................................. 45

13. Termination ............................................................................................ 49

14. Certification of Settlement Class For Settlement Purposes .................. 53

15. Final Approval and Bar Order in SEC Action ...................................... 53

16. Attorneys' Fees and Litigation Costs, and Inventive Payment ............ 54

17. Stay of Discovery and Other Proceedings ............................................ 56

18. Return/Destruction of Discovery Materials .......................................... 57

19. Media and Confidentiality ..................................................................... 58

20. Notices ................................................................................................... 58

21. Miscellaneous Provisions ...................................................................... 60

i

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release is entered into by and between (i) Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel, individually and as Class Representatives on behalf of the Settlement Class (the "Class Representatives"), (ii) Geoff Winkler, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada Corporation; and J and J Purchasing LLC, a Florida limited liability company; (the "Receiver") and (3) Defendant Wells Fargo Bank, N.A. ("Defendant") and collectively, (the "Parties"). The Parties intend and agree to resolve, discharge, and settle fully, finally, and forever the claims of: (1) the Class Representatives and Settlement Class asserted in the Consolidated Class Action Complaint in the case captioned *In re: J&J Investment Litigation,* Case No. 2:22-cv-00529 pending in the United States District Court for the District of Nevada, and (2) the Receiver in the case captioned *Geoff Winkler, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada Corporation; and J and J Purchasing LLC, a Florida limited liability company v. Wells Fargo Bank, N.A.*, Case No. 2:23-cv-00703 pending in the United States District Court for the District of Nevada (collectively, the "Litigation"), subject to approval by the Court.

**RECITALS**

A.    On March 21, 2022, Plaintiffs Elizabeth Lewis, California Cabinets Distributor, Inc., Paul Maalouf, Fortress Protection, LLC, Brad Maloff, and Better Hitting, Inc. filed a Class Action Complaint in the District Court for Clark County, Nevada (the "Lewis Action") styled as *Lewis, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. A-22-850036-C, against Wells Fargo, Beasley Law Group PC, and Michael [sic] W. Beasley, alleging claims for aiding and abetting

1

**Page 4**

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

fraud, aiding and abetting breach of fiduciary duty, negligence, unjust enrichment, breach of fiduciary duty, and fraud arising out of an alleged Ponzi scheme perpetrated by Matthew Beasley and his law firm, which Wells Fargo removed to the United States District Court for the District of Nevada.

B.      On March 25, 2022, Plaintiffs Barrett Henzel, Bryce Bussey, Tina Guilder, and Anthony Guilder filed a Class Action Complaint in the United States District Court for the District of Nevada (the "Class Action" or "Henzel Action") styled as *Henzel, et al. v. Judd, et al.*, Case No. 2:22-cv-00529 against Jeffrey Judd ("Judd"), J&J Consulting Services, Inc., a Nevada corporation; J&J Consulting Services, Inc., an Alaska Corporation, J and J Purchasing LLC, a Florida limited liability company, Matthew Beasley ("Beasley"), and Beasley Law Group PC, a Nevada professional corporation alleging claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraud, civil conspiracy, unjust enrichment, conversion, equitable accounting, and violation of Nevada statute arising out of an alleged Ponzi scheme perpetrated by Judd and Beasley (Class Action, ECF No. 1).

C.      On April 12, 2022, the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the District of Nevada styled as *Securities & Exchange Commission v. Beasley et al.*, Case No. 2:22-cv-00612 (the "SEC Action") alleging that Beasley and the Receiver Entities, among others, engaged in conduct in violation of U.S. Securities laws. On June 3, 2022, the U.S. District Court in the SEC Action entered an order appointing Geoff Winkler as Receiver over J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada corporation; J and J Purchasing LLC; The Judd Irrevocable Trust; and BJ Holdings LLC.

2

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

D.      On April 15, 2022, Plaintiff Stanley Ann Dowdy filed a Class Action Complaint in the United States District Court for the District of Nevada (the "Dowdy Action") styled *Dowdy v. Wells Fargo Bank, N.A.*, Case No. 2:22-cv-00631 against Wells Fargo alleging claims for aiding and abetting fraud and aiding and abetting breach of fiduciary duty arising out of an alleged Ponzi scheme perpetrated by Judd and Beasley.

E.      On April 20, 2022, Plaintiffs PMM3, LLC, Philomena Moloney, and Travis Goldrup filed a Class Action Complaint in the United States District Court for the District of Nevada (the "PMM3 Action") styled *PMM3, LLC v. Wells Fargo Bank, N.A.*, Case No. 2:22-cv-00654 against Wells Fargo alleging claims for aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and negligence arising out of an alleged Ponzi scheme perpetrated by Judd and Beasley.

F.      On May 6, 2022, Plaintiffs Barrett Henzel, Bryce Bussey, Allan Carso, Tina Guilder, and Anthony Guilder filed an Amended Class Action Complaint in the Henzel Action against Wells Fargo alleging: (1) violation of the Nevada Uniform Fiduciaries Act; (2) aiding and abetting breach of fiduciary duty; (3) aiding and abetting fraud; and (4) negligence arising out of an alleged Ponzi scheme perpetrated by Judd and Beasley (Class Action, ECF No. 22).

G.      On June 3, 2022, Judge Gloria M. Navarro, presiding over the Henzel Action granted the global stipulation to consolidate the Lewis Action, the Henzel Action, the Dowdy Action, and the PMM3 Action into one Consolidated Class Action under the docket in the Henzel Action, which is referred to herein as the "Class Action." (Class Action, ECF No. 34).

H.      On July 5, 2022, Plaintiffs Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel filed a Consolidated Class Action Complaint in the Class Action against Wells Fargo alleging: (1) violation of the

3

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Nevada Uniform Fiduciaries Act; (2) aiding and abetting breach of fiduciary duty; (3) aiding and abetting fraud; and (4) negligence arising out of an alleged Ponzi scheme perpetrated by Judd and Beasley (Class Action, ECF No. 37).

I.     On August 4, 2022, Wells Fargo moved to dismiss the Consolidated Class Action Complaint in the Class Action (Class Action, ECF No. 39).  On March 18, 2023, the motion to dismiss was granted as to the negligence claim but denied as to the other claims (Class Action, ECF No. 74).

J.     On March 31, 2023, Wells Fargo filed an Answer to the Consolidated Class Action Complaint in the Class Action (Class Action, ECF No. 81).

K.     On May 4, 2023, the Receiver filed a Complaint against Wells Fargo ("Receiver Action") alleging: (1) aiding and abetting breach of fiduciary duty; (2) aiding and abetting fraud; and (3) aiding and abetting conversion; (4) negligence; and (5) violation of the Nevada Uniform Fiduciaries Act arising out of an alleged Ponzi scheme perpetrated by Judd and Beasley  (Receiver Action, ECF No. 1).

L.     On June 27, 2023, the Court granted a Joint Stipulation and Order Regarding Discovery Coordination and Case Schedule to provide for discovery coordination between the two matters because the Receiver Action involved similar allegations, claims, and theories of liability as the Class Action (Class Action, ECF No. 110) (Receiver Action, ECF No. 22).

M.     On July 7, 2023, Wells Fargo filed an Answer to the Complaint in the Receiver Action, with the Receiver agreeing to voluntarily dismiss the Negligence claim (Receiver Action, ECF Nos. 25, 27).

N.     On July 24, 2023, Wells Fargo filed an Amended Answer to the Consolidated Class Action Complaint in the Class Action (Class Action, ECF No. 120).

**Page 7**

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

O.      On August 15, 2023, the Court stayed the Class Action and the Receiver Action for the Parties to conduct mediation with Robert A. Meyer, Esq. of JAMS on October 24, 2023, and February 29, 2024.  The mediation sessions were not successful at that time (Class Action, ECF No. 130 ) (Receiver Action, ECF No. 47).

P.      The Parties conducted extensive discovery in both matters, producing a significant volume of documents, conducting over thirty depositions, and filing numerous motions to compel discovery.

Q.      On February 3, 2025, the Class Representatives filed a motion for class certification, which Wells Fargo opposed (Class Action, ECF Nos. 188, 198, 217).

R.      On April 10, 2025, Wells Fargo moved for summary judgment in the Class Action, which the Class Representatives opposed (Class Action, ECF Nos. 219, 250, 257).

S.      On April 23, 2025, Wells Fargo moved for summary judgment in the Receiver Action, which the Receiver opposed (Receiver Action, ECF Nos. 137, 140, 147).

T.      The Parties moved to exclude various expert witnesses.

U.      On August 27, 2025, the Court stayed the Class Action and the Receiver Action for the Parties to again conduct mediation with Robert A. Meyer, Esq. of JAMS on October 1, 2025 (Class Action, ECF No. 272) (Receiver Action, ECF No. 158).

V.      On or about November 4, 2025, the Parties signed a binding term sheet, providing for the joint settlement of the Class Action and the Receiver Action.

W.      Based upon their investigation and evaluation of the facts and law relating to the matters in the pleadings, mediation with Robert A. Meyer, Esq., JAMS, and fruitful, well informed settlement discussions, the Parties have agreed to settle the Class Action and the Receiver Action pursuant to the provisions of this Agreement.

5

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

X.     Wells Fargo has denied and continues to deny each and every allegation of liability, wrongdoing, and damages, as it has factual and legal defenses to all claims and class allegations asserted in the Class Action and Receiver Action.  Wells Fargo has always maintained, and continues to maintain, that it has acted in accordance with governing law.  The Class Representatives and the Receiver likewise maintain the strength of their positions and the validity of their claims.  This Agreement shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Parties with respect to any claim by any Class Member or the Receiver, any fault, liability, wrongdoing or damage, or any defenses asserted by Wells Fargo.  The Parties nonetheless have concluded that continuing the Class Action and Receiver Action would pose continued litigation uncertainty and be protracted, expensive, and disruptive to their business and/or lives.  They therefore have decided that it is desirable to fully and finally settle the Class Action and Receiver Action on the terms and conditions set forth herein to avoid further expense, inconvenience, and distraction and to dispel any related uncertainty.

Y.     By this Agreement, and recognizing the consideration provided for under this Agreement, the Class Representatives, Class Counsel, the Receiver, and Receiver Counsel intend to fully and finally resolve the remaining claims against Wells Fargo in connection with the Litigation, as more fully set forth herein.

Z.     The Class Representatives, Class Counsel, the Receiver, and Receiver Counsel recognize the expense and length of proceedings necessary to continue the litigation through further motion practice, trial, and any possible appeals.  They have taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation.  They are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Class Action and Receiver Action, and the defenses thereto.

6

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

AA.    Based upon their evaluation, the Class Representatives, Class Counsel, the Receiver, and Receiver Counsel have determined that the settlement set forth in the Agreement is in the best interests of the Class Representatives, the Settlement Class, and the Receiver, and is fair, adequate, and reasonable, based upon the following substantial benefits that the settlement bestows, including:

i.    Wells Fargo will pay $50,000,000 into the Receiver's Qualified Settlement Fund ("Settlement Fund") for the benefit of the Settlement Class in the Class Action and Receiver Action for the purposes of implementing this settlement, which will be used to provide monetary relief to Settlement Class Members, as described below, to pay Incentive Payments to the Class Representatives, to pay the Settlement Administrator's costs associated with administration of the Settlement, and to pay Attorneys' Fees and Expenses incurred by the Settlement Class through Class Counsel and Receiver Counsel, all as approved by the Court;

ii.    Those Settlement Class Members who do not opt out will be entitled to a cash benefit in accordance with the Receiver's court-approved plan of distribution, after deduction of the Incentive Payments, Settlement Administration costs, and Attorneys' Fees and Expenses.

BB.    This Agreement and all associated exhibits or attachments are made for the sole purpose of attempting to consummate settlement of this Litigation on a class-wide and global basis. This Agreement and the Settlement it evidences are made in compromise of disputed claims. Because the Class Action is pled as a class action and the Receiver Action is brought by the Receiver, this Settlement must receive preliminary and final approval by the Court. Accordingly, the Class Representatives, Receiver, and Defendant enter into this Agreement and associated settlement on a conditional basis. In the event that Defendant exercises a right herein to terminate or rescind this Agreement, the Court does not execute and file the Final Approval Orders, or the associated Judgments do not become Final for any reason, this Agreement shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever, it shall not be utilized for any purpose whatsoever by anyone, and the negotiation, terms, and entry of this Agreement shall

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

remain subject to the provisions of Federal Rule of Evidence 408, any and all state or Federal statutes or rules of a similar nature, and the mediation privilege. Notwithstanding the foregoing, Defendant may use, offer, admit, or refer to the Agreement and to the Settlement reached therein where necessary to defend itself in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding.

CC. The Parties expressly reserve all rights, claims, and defenses and do not waive any such rights, claims, or defenses in the event that the Agreement is not approved for any reason. The Parties agree that they each retain and reserve all rights and agree not to take a position to the contrary. The Class Representatives, Class Counsel, the Receiver, and Receiver Counsel agree not to argue or present any argument, and hereby waive any argument, that Wells Fargo could not contest class certification and/or proceed collectively on any grounds if the Litigation were to proceed, or that this Agreement is evidence of or constitutes an admission that class certification may be appropriate.

1. **Definitions.**

As used in all parts of this Agreement, including the recitals above, and the exhibits hereto, the following terms have the meanings specified below:

1.1. "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release and all of its attachments and exhibits, which the Class Representatives, Receiver, and Wells Fargo understand and agree sets forth all material terms and conditions of the settlement of the Class Action and Receiver Action between them and which is subject to Court approval. It is understood and agreed that Defendant's obligations under this Agreement are conditioned on, *inter alia*, the occurrence of the Effective Date and other conditions set forth in this Agreement.

8

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

1.2.    "Attorneys' Fees and Expenses" means such funds as may be awarded to Class Counsel and Receiver Counsel pursuant to Section 16 of the Agreement to compensate them for their fees and expenses incurred in connection with the Actions.

1.3.    "Bar Order" means an order enjoining: (1) creditors, including without limitation any non-investor creditors, lenders, or factoring companies, (2) non-class member investors, including without limitation net winning investors, and (3) persons or entities affiliated with the Receivership Entities, as set forth in the Bar Order Notice List, from bringing any further claims against Wells Fargo arising out of the J&J Investment Scheme.  This Agreement is contingent on the issuance of the Bar Order, and Wells Fargo shall have the option to terminate the settlement pursuant to the confidential side agreement referenced in Section 13.3 hereof. There shall be an option for the persons and entities on the Bar Order Notice List to opt-out of the Bar Order following Bar Order Notice as described below.

1.4.    "Bar Order Notice" means the notice that is provided by the Settlement Administrator to individuals identified as follows in the Receiver Action and SEC Action: (1) creditors, (2) non-class member investors, and (3) persons or entities affiliated with the Receivership Entities in substantially the form attached as **Exhibit 3** to this Agreement and/or as ultimately approved by the Court.  Bar Order Notice shall be provided not less than ninety days before the date set by the Court for the SEC Final Approval Hearing.

1.5.    "Bar Order Notice Approval Date" means the date of the SEC Preliminary Approval Order when the Court approves the Bar Order Notice.

1.6.    "Bar Order Notice List" means a list of the names and addresses of all creditors, non-class member investors, and persons or entities affiliated with the Receivership Entities

9

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

pursuant to the Receiver Action and SEC Action that are to receive the Bar Order Notice, as prepared by the Receiver.

1.7.    The "Bar Order Notice Mailing Date" shall be a date no later than thirty days after the later of the Bar Order Notice Approval Date and the Class Notice Approval Date, when the Bar Order Notice is mailed to the individuals on the Bar Order Notice List.

1.8.    "Bar Order Objection Deadline" means the date identified in the SEC Preliminary Approval Order and Bar Order Notice by which a member of the Bar Order Notice List must serve written objections to the Bar Order, if any, in accordance with Section 12 of this Agreement to be able to object to the Settlement.  The Bar Order Objection Deadline shall be sixty days after the Bar Order Notice Mailing Date and not later than thirty days prior to the SEC Final Approval Hearing.

1.9.    "Bar Order Opt-Out Deadline" means the date identified in the SEC Preliminary Approval Order and Bar Order Notice by which a Request to Opt Out must be filed or submitted in writing to the Settlement Administrator in accordance with Section 11 of this Agreement in order for a person who would otherwise be subject to the Bar Order to be excluded from the Bar Order.  The Bar Order Opt-Out Deadline shall be sixty days after the Bar Order Notice Mailing Date and not later than thirty days prior to the SEC Final Approval Hearing.

1.10.    "Claim" means an approved or allowed claim by a Settlement Class Member either pursuant to the SEC Distribution Plan or based on a later submission of a Claim Form pursuant to Section 5.1.2 below. "Claim" excludes any claim made by any Settlement Class Member that opts out of the Settlement Class.

1.11.    "Claim Form" means the form approved by the Court in the SEC Action and used by Settlement Class Members to submit claims for payment pursuant to the Receiver's claims

**Page 13**

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

process and in connection with the SEC Distribution Plan (SEC Action, ECF 821, 845). Class Members who did not participate in the SEC Action pursuant to the Receiver's claims process will have the opportunity to submit a Claim to the Settlement Fund, and the Class Notice shall so inform Class Members.

1.12. "Class" means All natural and legal persons who invested in a J&J Entity lawsuit settlement contract between January 2017 and March 2022 and who incurred a loss of their principal investment (in whole or in part) as determined by the Receiver pursuant to his court-appointed duties and as identified in the Receiver's official records submitted to the Court in the SEC Action. Excluded from the class are Wells Fargo and the Relevant Non-Parties as defined in the Class Action Complaint; their parents, affiliates, subsidiaries, legal representatives, predecessors, successors, assigns, and employees; and any judge to whom the Class Action or Receiver Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

1.13. "Class Action" means the matter filed in the United States District Court for the District of Nevada at Case No. 2:22-cv-00529 captioned *In re: J&J Investment Litigation*.

1.14. "Class Action Complaint" refers to the consolidated class action complaint filed in this Class Action.

1.15. "Class Counsel" means, collectively, all counsel of record representing the Class Representatives in the Class Action.

1.16. "Class Final Approval Hearing" means a hearing set by the Court to take place on or about the date which is at least thirty days after the Opt-Out Deadline for the purpose of:

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**Page 14**

(i)     Determining the fairness, adequacy, and reasonableness of the Agreement and associated Settlement pursuant to class action and receivership procedures and requirements;

(ii)    Determining the good faith of the Agreement and associated Settlement; and

(iii)   Entering Judgment.

1.17.   "Class Final Approval Order" shall mean an order to be entered and filed by the Court entitled "Final Judgment and Order of Dismissal with Prejudice," substantially in the form attached hereto as **Exhibit 5**.

1.18.   "Class Member" means a natural or legal person who is a member of the Class according to the Class definition herein.

1.19.   "Class Notice" means the notice that is provided by the Settlement Administrator to potential Settlement Class Members, in substantially the form attached as **Exhibit 1** to this Agreement and/or as ultimately approved by the Court.  Class Notice shall be provided not less than ninety days before the date set by the Court for the Final Approval Hearing.

1.20.   "Class Notice Approval Date" means the date of the Class Preliminary Approval Order when the Court approves the Class Notice.

1.21.   "Class Notice List" means a list, to be treated as Confidential pursuant to the terms of the Protective Order, listing the names and mailing and/or email addresses of all Class Members, as prepared by the Receiver.

1.22.   The "Class Notice Mailing Date" shall be a date no later than thirty days after the later of the Bar Order Notice Approval Date and the Class Notice Approval Date, when the Class Notice is disseminated to the individuals on the Class Notice List.

12

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

1.23.    "Class Preliminary Approval Order" shall mean an order to be executed and filed by the Court entitled "Order Preliminarily Approving Settlement and Providing for Notice" substantially in the form attached hereto as **Exhibit 2**.

1.24.    "Class Representatives" means Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel, the named plaintiffs and proposed class representatives in the Class Action identified in the first paragraph of this Agreement.

1.25.    "Confidential" means pursuant to the Stipulated Protective Order entered in the Class Action and Receiver Action.

1.26.    "Court" means the United States District Court for the District of Nevada.

1.27.    "Defendant" or "Wells Fargo" refers to Wells Fargo Bank, N.A.

1.28.    "Defense Counsel" shall mean Defendant's counsel of record in the Litigation.

1.29.    "Distribution Date" means 60 days after the Effective Date.

1.30.    "Effective Date" means the date when all of the conditions set forth in Section 2 have occurred, provided, however, that Wells Fargo has not exercised its right of termination under Section 13 of this Agreement.

1.31.    "Final" means five business days after the latest of: (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; (iii) if no appeal is filed, the expiration of the date for the filing or noticing of any appeal or writ review from the Judgment.  If the Judgment is set aside, modified, or overturned by any court including on appeal and is not fully reinstated, the Judgment shall not become Final.

13

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

1.32.   "J&J Entities" means, collectively, J&J Consulting Services, Inc., a Nevada corporation with its principal place of business in Nevada, J&J Consulting Services, Inc., an Alaska corporation with its principal place of business in Nevada, and J&J Purchasing, LLC, a Florida limited liability company with its principal place of business in Nevada.

1.33.   "J&J Investment Scheme" means the alleged scheme operated through the J&J Entities and Beasley Law Group PC where investors were offered fake investments in personal injury settlements where the personal injury litigant allegedly needed the settlement money immediately, with the promise to repay, generally within 90 days, with interest and fees.

1.34.   "Judgment" means the Class Final Approval Order and SEC Final Approval Order to be rendered by the Court pursuant to this Agreement, in the form attached hereto as **Exhibits 5 and 6**, or in a similar form.

1.35.   "Litigation" means collectively the Class Action and the Receiver Action.

1.36.   "Objection Deadline" means the date identified in the Class Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections to the Settlement, if any, in accordance with Section 12 of this Agreement to be able to object to the Settlement.  The Objection Deadline shall be sixty days after the Class Notice Mailing Date and not later than thirty days prior to the Class Final Approval Hearing.

1.37.   "Opt-Out Deadline" means the date identified in the Class Preliminary Approval Order and Class Notice by which a Request to Opt Out must be filed or submitted in writing to the Settlement Administrator in accordance with Section 11 of this Agreement in order for a person who would otherwise fall within the definition of Settlement Class to be excluded from the Settlement Class.  The Opt-Out Deadline shall be sixty days after the Class Notice Mailing Date and not later than thirty days prior to the Class Final Approval Hearing.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

1.38.   "Parties" means the Class Representatives, individually and on behalf of all Members of the Settlement Class, the Receiver, and Wells Fargo.

1.39.   "Protective Order" shall mean the Stipulated Protective Order entered in the Class Action at ECF No. 56 and entered in the Receiver Action at ECF No. 21 for purposes of maintaining Confidentiality of certain information.

1.40.   "Receiver" means Geoff Winkler, the court-appointed receiver in the SEC Action.

1.41.   "Receiver Action" means the matter filed in the United States District Court for the District of Nevada at Case No. 2:23-cv-00703 captioned *Geoff Winkler, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada Corporation; and J and J Purchasing LLC, a Florida limited liability company v. Wells Fargo Bank, N.A.*

1.42.   "Receiver Complaint" refers to the complaint filed in the Receiver Action.

1.43.   "Receiver Counsel" means, collectively, all counsel of record representing the Receiver in the Receiver Action.

1.44.   "Receivership Entities" refers to J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada Corporation; and J and J Purchasing LLC, a Florida limited liability company.

1.45.   "Released Claims" mean any and all claims, defenses, demands, actions, causes of action, offsets, setoffs, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever in law or in equity, for any relief whatsoever, including monetary, sanctions or damage for contempt, injunctive, or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, statutory damages, contribution or

15

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

indemnity, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to in any way to the following: any claims arising from or relating to the J&J Investment Scheme, including the claims, events, transactions, or circumstances that were or could have been alleged in the Class Action, the Receiver Action, or the SEC Action, based on the facts alleged or which arise out of or relate to facts alleged.

1.46.   "Releasees," "the Releasees," or "the Released Parties" means (1) Wells Fargo; (2) each of their past, present, or future subsidiaries, parent companies (including any and all of its subsidiaries and affiliates), divisions, affiliates, partners or any other organization units of any kind doing business under their names, or doing business under any other names, or any entity now or in the past controlled by, controlling, or under the common control with any of the foregoing and doing business under any other names, and each and all of their respective affiliates and subsidiaries, and each of their respective predecessors, successors, and assigns; and (3) each of the present and former officers, directors, partners, shareholders, agents, employees, attorneys (including any consultants hired by counsel), advisors, independent contractors, representatives, beneficial owners, insurers, accountants, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns of any person or entities in subparts (1) or (2) hereof.  This definition specifically includes Wells Fargo and Company.

1.47.   "Releasors" means the Class Representatives, all Settlement Class Members, the Receiver, on his own behalf and on behalf of the Receivership Entities, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them.

**Page 19**

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

1.48.    "Relevant Non-Parties" as referenced in the definition of "Class" means those individuals identified as such in the Class Action Complaint, including Jeffrey Judd, J&J Consulting Services, Inc., a Nevada corporation with its principal place of business in Nevada, J&J Consulting Services, Inc., an Alaska corporation with its principal place of business in Nevada, J&J Purchasing, LLC, a Florida limited liability company with its principal place of business in Nevada, Matthew Beasley, and Beasley Law Group PC.

1.49.    "Request to Opt Out" means the written request from a Class Member that seeks to exclude that person from the Settlement Class and that complies with the requirements set forth in Section 11 of this Agreement, or a written request from a member of the Bar Order Notice List that seeks to exclude that person from the Bar Order and that complies with the requirements set forth in Section 11 of this Agreement.

1.50.    "SEC" means Securities and Exchange Commission.

1.51.    "SEC Action" means the proceeding filed by the SEC in the United States District Court for the District of Nevada at Case No. 2:22-CV-00612-CDS-EJY, styled *SEC vs. Beasley, et al.*

1.52.    "SEC Distribution Plan" means the Court-approved plan of distribution in the SEC Action that will incorporate the Receiver's approved claims and notice process, as reflected in Order Granting Motion for Order in Aid of Receivership (1) Setting a Claims Bar Date, (2) Approving Proposed Claim Form, and (3) Approving Summary Claim Procedures [SEC Action, ECF 845] (the "SEC Claims Order").

1.53.    "SEC Final Approval Hearing" means a hearing set by the Court to take place on or about the date which is at least thirty days after the Bar Order Opt-Out Deadline for the purpose of: (i)  Determining the appropriateness of the Bar Order; and (ii) entering Judgment.

17

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

1.54.   "SEC Final Approval Order" means the order in the SEC Action finally approving the terms of the settlement in the Receiver Action and approving entry of the Bar Order, attached hereto as **Exhibit 6**.

1.55.   "SEC Preliminary Approval Order" means the order in the SEC Action preliminarily approving the terms of the settlement in the Receiver Action and approving mailing of the Bar Order Notice, attached hereto as **Exhibit 4**.

1.56.   "Settlement" means the settlement terms set forth in this Agreement.

1.57.   "Settlement Administrator" means third-party Stretto, Inc. a vendor agreed upon by the Parties, which will act as the Settlement Administrator and assist with implementing and effectuating the terms of this Agreement.

1.58.   "Settlement Class" means the collective group of all the Class Members who do not properly and timely exclude themselves from the Settlement, and thus means the collective group of all Class Members who will become bound by the Judgment when the Effective Date occurs.

1.59.   "Settlement Class Member" means any person who is a member of the Settlement Class.

1.60.   "Settlement Fund" means the Receiver's Qualified Settlement Fund that will receive the $50 Million that Wells Fargo shall pay pursuant to Section 3 of the Agreement.  The Settlement Fund is for the benefit of the Settlement Class and the Receiver Action and will be used to pay Settlement Class Members.

1.61.   "Settlement Website" means the website maintained by the Receiver (https://jjconsulting-receivership.com/).

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

1.62.   "Unknown Claim" mean any Released Claim that any Releasor does not know or suspect to exist in his or her favor at the time of the entry of the Judgment, and which, if known by him or her might have affected his or her settlement with and release of the Releasees, or might have affected his or her decision to opt out of the Settlement Class or to object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Class Representatives and Receiver shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have to the fullest extent allowed by law, waived the provisions, rights, and benefits of any statute or principle of common law which provides that general releases do not extend to claims which the debtor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the creditor.  Each Releasor may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Releasors, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released to the fullest extent allowed by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, contract, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Representatives and Receiver acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material term of the Settlement of which this release is a part.

19

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

1.63.    "Wells Fargo" means Wells Fargo Bank, N.A.

1.64.    The plural of any defined term includes the singular, and the singular of any defined term includes the plural.

1.65.    Other terms are defined in the text of this Agreement and shall have the meaning given to those terms in the text.  In all documents related to the Settlement, capitalized terms shall have the meanings given to them in this Agreement.

## 2.    Conditions and Effectiveness of Agreement.

2.1    This Agreement is expressly contingent upon the satisfaction, in full, of the material conditions set forth below.  The Effective Date of this Agreement shall be the date when all of the following actions and events listed below have occurred.

2.2    The Parties have signed the Agreement.

2.3    CAFA.  This Settlement shall be administered as if governed by 28 U.S.C. § 1715. Wells Fargo shall work with the Settlement Administrator to provide the notice to government officials under that statute but in no event shall the Class Final Approval Hearing take place prior to the provision of effective notices and the expiration of statutory time.  The Class Final Approval Order shall make a finding that 28 U.S.C. § 1715 was fully complied with.

2.4    Preliminary Court Approvals.

2.4.1    The Court approves this Agreement in the Class Action in accordance with the following steps:

a.    Motion for Preliminary Approval in the Class Action.  After providing Defense Counsel with a draft for review and comment at least three business days in advance of filing, Class Counsel will present a Motion for Preliminary Approval to the Court within twenty days of execution of this Agreement including the Class Notice, in substantially the form of **Exhibit**

20

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**1** hereto, and the Class Preliminary Approval Order, in substantially the form of **Exhibit 2** hereto.

b.  <u>Certification of Class for Settlement Purposes</u>.  In connection with the proceedings for Preliminary and Final Approval, the Class Representatives shall seek orders (Preliminary and Final, respectively) certifying the Class pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure for purposes of this Settlement only.

c.  <u>Entry of Class Preliminary Approval Order</u>.  The Court shall enter a Class Preliminary Approval Order substantially similar to that attached as **Exhibit 2** hereto, which shall among other things:

1)  Preliminarily certify the proposed Class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

2)  Preliminarily approve this Agreement as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure subject to final determination by the Court;

3)  Approve the appointment of the Class Representatives as representatives of the Class for the Settlement and the appointment of Class Counsel as counsel for the Class for the Settlement;

4)  Approve a form of Class Notice substantially in the form of **Exhibit 1** to be sent to the individuals on the Notice List;

5)  Direct the Settlement Administrator, promptly after entry by the Court of the Class Preliminary Approval Order and after entry of the SEC

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Approval Order, to mail the Class Notice to each individual on the Class Notice List by first-class mail or email;

6) Schedule a Class Final Approval Hearing on final approval of this Settlement;

7) Establish a procedure for Class Members to exclude themselves and set a date, at least thirty days before the Class Final Approval Hearing, after which no Class Member shall be allowed to opt out of the Settlement and shall be bound to the terms of the Settlement;

8) Establish a procedure for Settlement Class Members to appear and/or object to the Settlement and set a date, at least thirty days before the Class Final Approval Hearing, after which no Settlement Class Member shall be allowed to object;

9) Require any attorneys representing Settlement Class Members, at the Settlement Class Member's expense, to file a notice of appearance;

10) Stay all proceedings in the Class Action and Receiver Action against the Defendant, other than proceedings as may be necessary to carry out the terms and conditions of the Agreement;

11) Pending Final Approval, and upon expiration of the Opt-Out Deadline, preliminarily enjoin each Settlement Class Member from maintaining, commencing, prosecuting or pursuing directly, representatively, or in any other capacity any Released Claim subsumed and covered by the Release in this Agreement in any court or arbitration forum;

22

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

12) Contain such other and further provisions consistent with the terms and provisions of this Agreement as the Court may deem advisable; and

13) Authorize the Parties to take all necessary and appropriate steps to establish the means necessary to implement the terms of this Agreement.

2.4.2    The Court in the SEC Action approves this Agreement in accordance with the following steps:

a.    <u>Motion for Preliminary Approval in the SEC Action</u>. After providing Defense Counsel with a draft for review and comment at least three business days prior to filing, Receiver Counsel will present a Motion for Preliminary Approval to the Court in the SEC Action (with notice in the Receiver Action) within twenty days of execution of this Agreement including the information necessary for the Court to approve the settlement as fair and adequate for purposes of Receivership recovery. The Motion for Preliminary Approval shall also seek issuance of a Bar Order with Bar Order Notice and an option for the enjoined parties to object or opt-out following notice.  Such motion shall note that this Agreement is contingent on the issuance of the Bar Order, and Wells Fargo shall have the option to terminate the settlement pursuant to the confidential side agreement referenced in Section 13.3 hereof.

b.    <u>Entry of SEC Preliminary Approval Order</u>.  The Court shall enter an SEC Preliminary Approval Order in substantially the form of that attached as **Exhibit 4** hereto, which shall among other things:

23

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

1) Preliminarily approve the settlement as fair and equitable for recovery in the Receiver Action;

2) Preliminarily approve the form of the Bar Order;

3) Approve a form of Bar Order Notice substantially in the form of **Exhibit 3** to be sent to the individuals on the Bar Order Notice List;

4) Direct the Settlement Administrator, promptly after entry by the Court of the SEC Preliminary Approval Order and Class Preliminary Approval Order, to mail the Bar Order Notice to each individual on the Bar Order Notice List by first-class mail or email;

5) Establish a procedure for individuals on the Bar Order Notice list to exclude themselves, and set a date, at least thirty days before the SEC Final Approval Hearing, after which no one on the Bar Order Notice List shall be allowed to exclude themselves from the Bar Order and the Bar Order becomes final and effective;

14) Contain such other and further provisions consistent with the terms and provisions of this Agreement as the Court may deem advisable; and

15) Authorize the Parties to take all necessary and appropriate steps to establish the means necessary to implement the terms of this Agreement.

2.5    Class Notice.  The Settlement Administrator shall cause the Class Notice to be mailed pursuant to the Class Preliminary Approval Order and the terms of this Agreement.

2.6    Bar Order Notice.  The Settlement Administrator shall cause the Bar Order Notice to be mailed pursuant to the SEC Preliminary Approval Order and the terms of this Agreement.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

2.7     <u>Final Approval Orders and Judgment</u>.

2.7.1    The Court shall enter the Class Final Approval Order substantially in the form attached as **Exhibit 5**, which shall among other things:

a. Find that (i) the Court has personal jurisdiction over the Settlement Class Members, (ii) the Court has subject matter jurisdiction over the claims asserted in the Action, and (iii) venue is proper;

b. Finally approve the Settlement;

c. Finally certify the Settlement Class for settlement purposes only;

d. Find that the form and means of disseminating the Class Notice complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution, and find that the procedures used complied with Nevada and federal law so as to give full effect to the Settlement;

e. Enter Final Judgment with respect to the Released Claims of all Settlement Class Members and dismiss the Released Claims with prejudice;

f. Make the Releases in Section 10 of this Agreement effective as of the date of the Final Judgment;

g. Permanently bar and enjoin the Class Representatives and all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims;

h. Permanently bar and enjoin the Class Representatives and all Settlement Class Members from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

fall within the definition of Settlement Class Members but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims;

i.  Find that, by operation of the entry of the Judgment, the Class Representatives and all of the Settlement Class Members shall be deemed to have forever released, relinquished, and discharged the Released Parties from any and all Released Claims;

j.  Authorize the Parties to implement the terms of this Agreement;

k.  Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purposes; and

l.  Issue related orders to effectuate the Final Approval of the Settlement and its implementation.

2.7.2   The Court shall enter the SEC Final Approval Order substantially in the form attached as **Exhibit 6**, which shall among other things:

a.  Find that (i) the Court has subject matter jurisdiction over the claims asserted by the Receiver against Wells Fargo, and (ii) venue is proper;

b.  Finally approve the Settlement;

c.  Find that the form and means of disseminating the Bar Order Notice complied with all laws, including, but not limited to, the Due Process Clause of the United

26

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

States Constitution, and find that the procedures used complied with Nevada and federal law so as to give full effect to the Settlement;

d. Enter Final Judgment with respect to the Released Claims of the Receiver and dismiss the Released Claims with prejudice;

e. Make the Releases in Section 10 of this Agreement effective as of the date of the Final Judgment;

f. Permanently bar and enjoin the Receiver, and all members of the Bar Order Notice List who do not opt out from the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims;

g. Find that, by operation of the entry of the Judgment, the members of the Bar Order Notice List who do not opt out from the Settlement shall be deemed to have forever released, relinquished, and discharged the Released Parties from any and all Released Claims;

h. Authorize the Parties to implement the terms of this Agreement;

i. Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purposes; and

j. Issue related orders to effectuate the Final Approval of the Settlement and its implementation.

k. Require dismissal of the Receiver Action with prejudice.

2.8    No Injunctive Relief.  The Class Final Approval Order and SEC Final Approval Order and Judgment shall not provide for any injunctive relief against Defendants.

27

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

2.9    Finality of Judgment.  There is Finality of Judgment when the Class Final Approval Order  and SEC Final Approval Order have become Final, including expiration of the time for filing any appeal or other form of objection to the Class Final Approval Order and SEC Final Approval Order, full and final resolution of any appeal or objection that may be filed, and expiration of the time for seeking review of that disposition through an appeal, *en banc* hearing, or higher level of review.

3.    **Settlement Consideration.**

3.1    In consideration for the Releases set forth in Section 10 and other consideration as stated in the Agreement, Wells Fargo will provide the following benefits.

3.1.1    Within thirty business days of the Effective Date, Wells Fargo will fund the Settlement Fund by depositing the sum of Fifty Million Dollars ($50,000,000) into an escrow account with the Receiver, the terms of which shall be subject to Wells Fargo's approval.  The Parties and the Receiver agree to provide any information or documentation necessary for Wells Fargo to complete the funding, including an ink-signed current Form W-9.

3.1.2    The Settlement Administrator's and/or Receiver's costs associated with disseminating the Class Notice, Bar Order Notice, the Settlement Website, distributing checks or electronic payments to Settlement Class Members, and any escrow, administrative and/or bank related fees and costs associated with the Receiver's distribution of payments, as well as the Incentive Payments to the Class Representative and Attorneys' Fees and Expenses awarded by the Court, shall be paid out of the Settlement Fund.

3.1.3    After deducting (i) the Court-approved Incentive Payments to the Class Representatives, as set forth in Paragraph 5.2, (ii) any Settlement Administration costs, and

28

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

(iii) Attorneys' Fees and Expenses from the Settlement Fund, the Receiver shall pay from the remaining amount in the Settlement Fund (i) Settlement Class Members based on their approved Claims in the SEC Distribution Plan and (ii) Settlement Class Members who have submitted a Claim to the Settlement Fund pursuant to Section 5.1.2 below. The amount paid to each Settlement Class Member shall be an amount equal to the Settlement Class Member's proportionate share of the Settlement Fund, relative to the dollar amount on the Settlement Class Member's allowed Claim. In no event shall any undistributed portion of the Settlement Fund and any uncashed payments to Settlement Class Members following the distribution described in Section 5 be returned to Wells Fargo.

3.2     Under no circumstances shall Wells Fargo's total payment obligation under the Settlement Agreement exceed $50,000,000.

3.3     Tax Treatment.  This Agreement is enforceable regardless of its tax consequences. The Parties understand and agree that this Agreement reflects the settlement of disputed legal claims and Wells Fargo makes no representations regarding the Agreement's tax consequences. For each payment made pursuant to this Settlement, Wells Fargo, itself or through the Receiver may report each payment to government authorities including the IRS as required by law and consistent with the ordinary course of Wells Fargo's applicable tax accounting practices, and it may make all required deductions and/or withholdings.  A Form 1099 may be issued to each Class Member who does not opt out.  Settlement Class Members will be solely responsible for the reporting and payment of any federal, state, and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to the Settlement.  Wells Fargo makes no representations as to the taxability of any portions of the benefits provided to Settlement Class

29

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Members herein.  The Class Notice will advise Settlement Class Members to seek their own tax advice prior to acting in response to the Notices and that Class Counsel will not provide tax advice.

3.4     Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to or arising out of the determination, administration, calculation, investment, allocation, distribution, or payment of award amounts or distributions, the payment or withholding of taxes, or any losses incurred in connection therewith.

**4.     Qualified Settlement Fund.**

4.1     The Settlement Fund shall constitute a "qualified settlement fund" ("QSF") within the meaning of Treasury Regulation Section 1.46B-1 promulgated under Section 468B of the Internal Revenue Code of 1986 as amended.  The Receiver shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3).

4.2     Upon or before establishment of the QSF, the Receiver shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation § 1.468B-2(k)(4), and shall provide Wells Fargo, through Defense Counsel, with that employer identification number on a properly completed and signed IRS Form W-9.

4.3     If requested by either Wells Fargo or the Receiver, the Receiver and Wells Fargo shall fully cooperate in filing a relation-back election under Treasury Regulation § 1.468B-1 (j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

4.4     Following its remittance of the Settlement Fund monies as described in Paragraph 3.1.1 of this Agreement, Wells Fargo shall have no responsibility, financial obligation, or liability whatsoever with respect to the notifications to the Class required hereunder, the processing of opt-out letters, payments to Settlement Class Members, payments to the Class Representatives, investment of QSF funds, payment of federal, state, and local income,

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

employment, unemployment, excise, and any other taxes, penalties, interest or other charges related to taxes imposed on the QSF or its disbursements, payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the QSF, since it is agreed that such remittance shall fully discharge Wells Fargo's obligation to the Class Representative, Settlement Class Members, Receiver, Receiver Counsel, and Class Counsel with respect to the disposition of the Settlement Fund.

4.5     The Receiver shall file or cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(1)(2).  Any contract, agreement, or understanding with the Receiver relating to the QSF shall require the Receiver or its agent to file or cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § l.468B-2(1)(2).  The Receiver may, if necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder.

4.6     All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund or otherwise, including any taxes or tax liability that may be imposed upon Well Fargo or its counsel with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Fund.  Plaintiff and Class

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Counsel, and Defendants and Defense Counsel, shall have no liability or responsibility for any of the Taxes. The Settlement Fund shall indemnify and hold Plaintiff and Class Counsel, and Defendants and Defense Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

**5.    Claims Process and Payments from the Settlement Fund.**

5.1    Claims by and Payments to Settlement Class Members.

5.1.1    Incorporation of SEC Distribution Plan. Settlement Class Members with allowed claims pursuant to the SEC Distribution Plan shall have a Claim in connection with the Settlement and shall be entitled to payment from the Settlement Fund in accordance with Section 3.1.3 above.

5.1.2    Class Members That Did Not Submit a Claim in the SEC Action. Class Members who did not participate in the SEC Action pursuant to the Receiver's claims process will have the opportunity to submit a Claim. The Class Notice shall include a statement that Class Members who did not submit a Claim in the SEC Action pursuant to the SEC Claims Order may make a Claim in connection with this Settlement. The Class Notice shall state that, any such Claim Form must be submitted by the Objection Deadline, and that except for the lapsed submission deadline, the submission of a Claim Form shall be governed by the SEC Claims Order and a resulting Claim, if allowed, shall entitle the Settlement Class Member only to proceeds of the Settlement Fund and not a general distribution from receivership funds in the SEC Action.

5.1.3    Any Class Member: (1) who is included on the Specially Designated Nationals and Blocked Persons list maintained by the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), (2) whom Wells Fargo has determined is otherwise a blocked person under U.S. sanctions laws and regulations administered by

32

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

OFAC ("OFAC sanctions"), or (3) to whom Wells Fargo has determined the making of a payment under this Settlement would otherwise be prohibited by OFAC sanctions, is not eligible to receive payments under this Settlement.

5.1.4    Within sixty days of the Effective Date or the approval of the SEC Distribution Plan, whichever is later, the Receiver shall remit payment to the Settlement Class Members with valid Claims in accordance with Section 3.1.3 above (the "Distribution Date").

5.1.5    For Settlement Class Members whose checks are returned by the U.S. Postal Service for lack of current correct address, the Receiver shall seek an address correction via an advanced address search or skip tracing, and then re-send their checks to any subsequently obtained address that the Receiver reasonably believes to be valid.  After one re-mailing, neither the , the Receiver, nor Wells Fargo shall have any further obligation to locate any particular Settlement Class Member.

5.1.6    Payments to the Settlement Class Members shall be made by the Receiver in the same manner and method approved in the SEC Distribution Plan. Notwithstanding the foregoing, the Receiver may issue such payments via check with a commercially reasonable deadline by which the checks must be deposited or cashed.

5.1.7    The Settlement Administrator, Receiver, or Class Counsel will file a final accounting with the Court in the Class Action within one hundred fifty days after the Distribution Date.  The final accounting will include a summary of all distributions from the Settlement Fund.

5.2    Incentive Payments.  Within seven days after the funding of the Settlement Fund or entry of an order approving the application for the Incentive Payments to the Class Representatives

33

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

(whichever is later), and upon the Class Representatives' submission of a Form W-9 to the Settlement Administrator and/or Receiver, the Receiver shall remit an incentive payment to the Class Representatives from the Settlement Fund in the amount awarded by the Court ("Incentive Payments").

5.3     Administration Costs.   The Settlement Administrator's and or/ Receiver's costs associated with disseminating the Class Notice, the Settlement Website, and any escrow, administrative and/or bank related fees and costs associated with the Receiver's distribution of payments shall be paid out of the Settlement Fund.  Wells Fargo shall have no further responsibility for paying the costs of administration, except as stated here.

5.4     If there is any balance remaining in the Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) following the final accounting, the funds shall revert to the Receiver for redistribution among validated Settlement Class Members. If the Receiver determines in his sole discretion that any balance remaining in the Settlement Fund is insufficient to justify redistribution among Settlement Class Members, the Receiver may treat such remaining funds as general receivership funds administered in the SEC Action.

**6.     Retention and Duties of Settlement Administrator.**

6.1     The Settlement Administrator shall administer the Settlement pursuant to the terms of this Agreement.  The Settlement Administrator shall be responsible for the Class Notice and Bar Order Notice (including data standardization and de-duplication of the Class Notice List and Bar Order Notice List including updating addresses through National Chance of Address System or similar database ("NCOA"), reasonable efforts to update addresses for undeliverable notices, and printing and mailing the Class Notice), drafting and submitting the CAFA notice with direction from Defense Counsel, status reporting, and responding to inquiries from Settlement Class

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Members,.  The Settlement Administrator shall also be responsible for additional tasks the Parties jointly agree are necessary to accomplish administration of the Settlement.

6.2     The Settlement Administrator shall not have any duties with respect to settlement administration apart from those expressly provided for in this Agreement or otherwise agreed in writing by the Parties.  All costs of settlement administration will be paid from the Settlement Fund and under no circumstance will Defendants be responsible for any payments outside of the amount of the Settlement Fund.

6.3     Because the information about Settlement Class Members and members of the Bar Order Notice List provided to the Settlement Administrator will consist of confidential information, non-public personal information, and other information protected by privacy laws, the Settlement Administrator will execute a Confidentiality Acknowledgement of the Protective Order in both cases and will take all reasonable steps to ensure that any information provided to it by any Party will be used solely for the purpose of effecting this Settlement.  The Settlement Administrator shall act in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Settlement Agreement or by court order.

6.4     The Settlement Administrator shall complete and provide to Wells Fargo any W-9 forms necessary to implement this Settlement in a form acceptable to Wells Fargo.

7.     **Class Notice, Bar Order Notice, and Settlement Website.**

7.1     Class Notice.  Subject to the Court's approval, the form of Class Notice shall be substantially in the form of **Exhibit 1** attached hereto.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

7.2    <u>Bar Order Notice.</u>  Subject to the Court's approval, the form of Bar Order Notice shall be substantially in the form of **Exhibit 3** attached hereto.

7.3    Within ten days of the Court's entry of the Class Preliminary Approval Order and SEC Preliminary Approval Order, whichever is entered last, the Receiver shall provide the Settlement Administrator and Wells Fargo with the Class Notice List and Bar Order Notice List. The Class Notice List will include Class Member names, addresses, and claim amounts previously submitted on the Claim Form.  The Bar Order Notice List will include names and addresses for those that will receive the Bar Order Notice.  The Settlement Administrator shall treat the Class Notice List as confidential pursuant to the terms of the Protective Order entered in each case and Paragraph 6.3 of this Agreement.

7.4    If, by entering an order approving the final form of the Class Notice and Bar Order Notice, the Court provides authorization to send the Class Notice to the individuals on the Class Notice List and Bar Order Notice to individuals on the Bar Order Notice List, the Settlement Administrator will mail (or email where available and determined appropriate) the Class Notice to the individuals on the Class Notice List and the Bar Order Notice to the individuals on the Bar Order Notice List via first class mail through the United States Postal Service no later than the Notice Mailing Date.  Prior to mailing, the Settlement Administrator shall attempt to update the last known addresses of the Class Members set forth on the Notice List and members of the Bar Order Notice List through the National Change of Address system or similar database.  The Agreement, Class Notice, and Bar Order Notice shall also be posted on the Settlement Website.

7.5    Following the mailing of the Class Notice and Bar Order Notice, the Settlement Administrator shall provide Class Counsel, Receiver Counsel, and Defense Counsel with written

36

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

confirmation of the mailing or emailing as well as a declaration to be submitted to the Court in advance of the Class Final Approval Hearing.

7.6    Unless the Settlement Administrator receives a Class Notice or Bar Order Notice returned from the United States Postal Service for reasons discussed below in this Paragraph, a Class Notice or Bar Order Notice shall be deemed mailed and received by the individual to whom it was sent five days after mailing.  In the event that subsequent to the first mailing of a Class Notice or Bar Order Notice, and prior to fourteen days before the Opt-Out Deadline, the Class Notice or Bar Order Notice is returned to the Settlement Administrator by the United States Postal Service with a forwarding address for the recipient, the Settlement Administrator shall re-mail the Class Notice or Bar Order Notice to that address, and the Class Notice or Bar Order Notice will be deemed mailed at that point.  The Class Notice and Bar Order Notice shall be deemed received by the individual once it is mailed for the second time.  Nothing in this Paragraph shall be construed to extend the Opt-Out Deadline or Objection Deadline for any Class Member or member of the Bar Order Notice List.

7.7    No later than thirty days after the Effective Date, the Settlement Administrator, upon the approval of the Court to file under seal pursuant to the Protective Order (to protect the names, addresses, and other personal information of Class Members and member of the Bar Order Notice List), will cause to be filed with the Court a list of the names and addresses of all Class Members to whom the Class Notice was sent, and all members of the Bar Order Notice List to whom the Bar Order Notice was sent, along with a list of those Class Members and members of the Bar Order Notice List that opted out of the Settlement or Bar Order pursuant to Section 11 below.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

7.8     No later than the mailing of the Class Notice and Bar Order Notice, the Receiver shall update the Settlement Website to contain copies of this Agreement and Exhibits including the Class Notice and Bar Order Notice, as well as the Complaints, the Class Preliminary Approval Order, SEC Preliminary Approval Order, the Motion for Preliminary Approval in the Class Action (as described in Section 2 above), and the Motion for Preliminary Approval in the SEC Action (as described in Section 2 above). The Receiver will also cause Motion for Final Approval in the Class Action (as described in Section 2 above), and the Motion for Final Approval in the SEC Action (as described in Section 2 above), the applications for Attorneys' Fees and Expenses and Class Representative's Incentive Payments, SEC Final Approval Order, and the Class Final Approval Order to be posted on the Settlement Website within five days of filing.  The Settlement Website shall remain open and accessible until at least one hundred fifty days after the Distribution Date.

## 8.     **Covenants Not to Sue.**

8.1     The Class Representatives, on behalf of themselves and the Settlement Class Members, and the Receiver covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances relating thereto, against any of the Released Parties; (ii) not to organize or solicit the participating of Settlement Class Members, or persons who would otherwise fall within the definition of the Settlement Class but who requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto, against any of the Released Parties; and (iii) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Releasees.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

9. **Representations and Warranties.**

9.1 The Class Representatives and Receiver represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties and further covenants that they will not assign or otherwise transfer any interest in any of the Class Representatives' or Receiver's Released Claims.

9.2 The Class Representatives and Receiver represent and warrant that they have no surviving claim or cause of action against any of the Released Parties with respect to any of the Released Claims.

9.3 The Parties, and each of them on his, her, or its own behalf only, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations and mediation sessions among their counsel and with mediator Robert Meyer, Esq., that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements or omissions pertaining to any of the foregoing matters by any Party or by any person representing any party to the Settlement Agreement. Each of the Parties assumes the risk of mistake as to facts or law.

10. **Releases.**

10.1 On the Effective Date, Releasors, including but not limited to the Class Representatives, on their own behalf and on behalf of each Settlement Class Member, and the Receiver, by operation of this Release and the Judgment set forth in the Class Final Approval Order and SEC Final Approval Order, do hereby and shall be deemed to have fully, finally,

39

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

conclusively, irrevocably, and forever released, settled, compromised, relinquished, and discharged any and all of the Releasees of and from any and all Released Claims and, without further action by any person or the Court, will be deemed:  (a) to have consented to dismissal of the Class Action and Receiver Action and the dismissal with prejudice of any and all Released Claims; (b) to have released and forever discharged any and all Released Claims; and (c) to be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to any state, federal, or foreign court, or regulatory agency, or any arbitration forum, each and every Released Claim.  The Parties agree that the Releasees will suffer irreparable harm if any Settlement Class Member takes action inconsistent with this Paragraph, and that in that event, the Releasees may seek an injunction as to such action without further showing of irreparable harm in this or any other forum.

10.2    The Releasors acknowledge and agree that they are aware that they may hereafter discover material or immaterial facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Release, that it is possible that unknown facts, losses, or claims exist, and that known losses may have been underestimated in amount or severity.  This was explicitly taken into account in connection with this Agreement.  It is the Releasors' intention to, and they do hereby, upon the Effective Date of this Agreement, fully, finally, and forever settle and release each and every one of the Releasees from each and every Released Claim, including any rights, remedies, or benefits available under California Civil Code section 1542 and all similar state, local, or federal statutes and other laws.  California Civil Code section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO

<div align="center">40</div>

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

10.3    Subject to Court approval, each Settlement Class Member shall be bound by this Agreement and all of their Released Claims shall be dismissed with prejudice and released even if they never received actual, prior notice of the Class Action or its settlement in the form of the Class Notice or otherwise.  The Release and agreements contained in this Section 10 shall apply to and bind all Settlement Class Members, including those Settlement Class Members whose Class Notices are returned as undeliverable, and those for whom no current address can be found, if any.

10.4    Subject to Court approval, each member of the Bar Order Notice List who does not timely opt out of the Agreement shall be bound by this Agreement and all of their Released Claims shall be dismissed with prejudice and released even if they never received actual, prior notice of the Receiver Action or its settlement in the form of the Bar Order Notice or otherwise.  The Release and agreements contained in this Section 10 shall apply to and bind all members of the Bar Order Notice List, including those members of the Bar Order Notice List whose Bar Order Notices are returned as undeliverable, and those for whom no current address can be found, if any.

10.5    On the Effective Date, Releasors hereby release the Releasees from each and every Released Claim.

10.6    Promptly after the Effective Date, Settlement Class Members and members of the Bar Order Notice List shall dismiss with prejudice all claims, actions, or proceedings that are released pursuant to this Agreement.  In the event any such actions or proceedings are not dismissed and Wells Fargo learns of the action, Wells Fargo may provide notice to the Settlement

41

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Class Member or member of the Bar Order Notice List of this Settlement and request dismissal of the action.

11. **<u>Opt-Out Rights</u>.**

    11.1   <u>Settlement Class Members.</u>

    11.1.1  A Class Member who wishes to be excluded from the Settlement Class must do so in writing.  To opt out, the Class Member must comply with the procedures and deadlines in this Agreement and any Court order entered in this case.

    11.1.2  In order to opt out, the Class Member must complete and send to the Settlement Administrator, at the address listed in the Class Notice and on the Settlement Website for this Settlement, a Request to Opt Out that is postmarked no later than the Opt-Out Deadline, as specified in the Class Notice.  The Request to Opt Out must: (a) identify the case name; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; and (d) contain a signed statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Class Action."  Mass or class opt outs shall be void.

    11.1.3  Any Class Member who does not opt out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class upon the expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments.

    11.1.4  Any Class Member who desires to opt out must take timely affirmative written action pursuant to this Section, even if the person desiring to opt out of the Class: (a) files or has filed a separate action against any of the Released Parties, or (b) is, or

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

becomes, a putative or actual class member in any other class action filed against any of the Released Parties.

11.1.5  Any Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

11.1.6 The Settlement Administrator shall provide Class Counsel, Receiver Counsel, and Defense Counsel with a list of Opt-Out Requests received on a rolling basis, and a final list of all timely Opt-Out Requests within seven business days after the Opt-Out Deadline.

11.1.7 Notwithstanding the foregoing, a Class Member shall have the right to revoke a properly and timely submitted request for exclusion if a notice of the Class Member's election to revoke his or her exclusion is sent to the Settlement Administrator, postmarked on or before the Opt-Out Deadline.

11.2    Members of Bar Order Notice List.

11.2.1  A member of the Bar Order Notice List who wishes to be excluded from the Bar Order must do so in writing.  To opt out, the member of the Bar Order Notice List must comply with the procedures and deadlines in this Agreement and any Court order entered in this case.

11.2.2  In order to opt out, the member of the Bar Order List must complete and send to the Settlement Administrator, at the address listed in the Bar Order Notice and on the Settlement Website for this Settlement, a Request to Opt Out that is postmarked no later than the Bar Order Opt-Out Deadline, as specified in the Bar Order Notice.  The

43

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Request to Opt Out must: (a) identify the case name; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; and (d) contain a signed statement that indicates a desire to be excluded from the Bar Order, such as "I hereby request that I be excluded from the Bar Order in the SEC Action." Mass or class opt outs shall be void.

11.2.3   Any member of the Bar Order List who does not opt out of the Bar Order in the manner described herein shall be deemed to be part of the Bar Order upon the expiration of the Bar Order Opt-Out Deadline, and shall be bound by the Bar Order.

11.2.4   Any member of the Bar Order Notice List who desires to opt out must take timely affirmative written action pursuant to this Section, even if the person desiring to opt out of the Bar Order: (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative or actual class member in any other class action filed against any of the Released Parties.

11.2.5   Any member of the Bar Order Notice List who properly opts out of the Bar Order shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

11.2.6 The Settlement Administrator shall provide Class Counsel, Receiver Counsel, and Defense Counsel with a list of all timely of Opt-Out Requests received on a rolling basis, and a final list Opt-Out Requests within seven business days after the Bar Order Opt-Out Deadline.

11.2.7   Notwithstanding the foregoing, a member of the Bar Order Notice List shall have the right to revoke a properly and timely submitted request for exclusion if a notice

44

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

of the member of the Bar Order List's election to revoke his or her exclusion is sent to the Settlement Administrator, postmarked on or before the Bar Order Opt-Out Deadline.

**12.    Objections.**

12.1    Settlement Class Members.

12.1.1  Overview.  Any Class Member may object to the Settlement or the request for Attorney's Fees and Expenses.  To object, the Class Member must comply with the procedures and deadlines in this Agreement and any Court order entered in the Class Action.

12.1.2  Process.  Any Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Class Preliminary Approval Order.  The written objection must be filed with the Clerk of Court and mailed (with the requisite postmark) to Class Counsel and Defense Counsel (at the addresses identified in Section 19) no later than the Objection Deadline.

12.1.3  Form of Objection.  The requirements to assert a valid objection shall be set forth in the Class Notice and on the Settlement Website, and, to be valid, the written objection must include: (a) the case name and number; (b) the name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; (d) a statement of whether he/she intends to appear at the Class Final Approval Hearing, either with or without counsel; (e) the identity of all counsel who represent the objector, including any former or current counsel who previously represented the objector and may be entitled to compensation for any reason related to the objection to the Settlement or the fee application; and (f) the identity of all counsel representing the objector who will appear at the Class Final Approval Hearing.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

12.1.4 The Settlement Administrator shall provide Class Counsel, Receiver Counsel, and Defense Counsel with a list of Objections received on a rolling basis, with a final list to be provided within seven business days of the Objection Deadline. The Parties shall provide a report to the Court setting forth a list of Objections that meet the above guidelines prior to the Class Final Approval Hearing.  The Court shall have the ultimate determination of whether an Objection has been appropriately made.

12.1.5  Waiver of Objection.  Any Settlement Class Member who does not make his or her objection in the manner provided in this Section shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Class Final Approval Hearing, and shall be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Agreement, and to the award of Attorneys' Fees and Expenses to Class Counsel and the payment of an Incentive Payment to the Class Representatives, unless otherwise ordered by the Court.

12.1.6  Appearance.  Subject to approval of the Court, any Class Member who files and serves a written Objection in accordance with this Section and the Class Notice may appear, in person or by counsel, at the Class Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Class Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

<div align="center">46</div>

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

12.1.7 The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

12.1.8 Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

12.2    Members of the Bar Order Notice List.

12.2.1 Overview.  Any member of the Bar Order Notice List may object to the Bar Order.  To object, the member of the Bar Order Notice List must comply with the procedures and deadlines in this Agreement and any Court order entered in the SEC Action or Receiver Action.

12.2.2 Process.  Any member of the Bar Order Notice List who wishes to object to the Settlement must do so in writing on or before the Bar Order Objection Deadline, as specified in the Bar Order Notice and SEC Preliminary Approval Order.  The written objection must be filed with the Clerk of Court and mailed (with the requisite postmark) to Receiver Counsel and Defense Counsel (at the addresses identified in Section 19) no later than the Bar Order Objection Deadline.

12.2.3 Form of Objection.  The requirements to assert a valid written objection shall be set forth in the Bar Order Notice and on the Settlement Website, and, to be valid, the written objection must include: (a) the case name and number; (b) the name, address, telephone number of the member of the Bar Order Notice List objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; and (d) a statement of whether

47

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

he/she intends to appear at the SEC Final Approval Hearing, either with or without counsel; (e) the identity of all counsel who represent the objector, including any former or current counsel who previously represented the objector and may be entitled to compensation for any reason related to the objection to the Settlement or the fee application; and (f) the identity of all counsel representing the objector who will appear at the SEC Final Approval Hearing.

12.2.4 The Settlement Administrator shall provide Class Counsel, Receiver Counsel, and Defense Counsel with a list of Bar Order Objections received on a rolling basis, with a final list to be provided within seven business days of the Bar Order Objection Deadline, the Parties shall provide a report to the Court setting forth a list of Bar Order Objections that meet the above guidelines prior to the SEC Final Approval Hearing. The Court shall have the ultimate determination of whether an Objection has been appropriately made.

12.2.5 <u>Waiver of Objection</u>. Any member of the Bar Order Notice List who does not make his or her objection in the manner provided in this Section shall be deemed to have waived such objection, shall not be permitted to object to the Bar Order.

12.2.6 <u>Appearance</u>. Subject to approval of the Court, any member of the Bar Order Notice List who files and serves a written Bar Order Objection in accordance with this Section and the Bar Order Notice may appear, in person or by counsel, at the SEC Final Approval Hearing held by the Court, to show cause why the proposed Bar Order should not be approved as fair, adequate, and reasonable, but only if the objecting member of the Bar Order Notice List: (a) files with the Clerk of the Court a notice of intention to appear at the SEC Final Approval Hearing by the Bar Order Objection Deadline ("Notice of

48

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Intention to Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Bar Order Notice by the Bar Order Objection Deadline.

12.2.7 The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting member of the Bar Order Notice List will present to the Court in connection with the SEC Final Approval Hearing.

12.2.8 Any member of the Bar Order Notice List who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Bar Order Notice shall not be entitled to appear at the SEC Final Approval Hearing and raise any objections.

13.    **Termination**.

13.1    In the event that the Settlement set forth in this Agreement is not preliminarily or finally approved without material changes by the Court in both the Class Action and the SEC Action, or if material conditions upon which the Agreement is based are not satisfied, or if the Court determines that it lacks jurisdiction to approve the Settlement, or if there is a court order from another court that takes jurisdiction over some or all of the Claims, or if there is a regulator determination that frustrates the purpose of and protection of the Settlement, or in the event that the Effective Date does not occur, Wells Fargo shall have the right (but not the obligation) to terminate the Agreement.  In that case, no further payments shall be made by Wells Fargo to anyone in accordance with the terms of this Agreement, the Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Agreement shall be deemed null and void with no effect on the Class Action or Receiver Action whatsoever.  Reductions in the amount of the requested Attorneys' Fees and Expenses shall not be deemed a substantial change necessitating termination of the Settlement.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

13.2    If any material portion of the Agreement, Class Final Approval Order, or SEC Final Approval Order is vacated, modified, or otherwise altered on appeal, Wells Fargo may, in its sole discretion, within fourteen calendar days of such appellate ruling, declare that the Agreement has failed to become effective, and in such circumstances the Agreement shall cease to be of any force and effect.

13.3    In the event that a certain portion of Class Members exclude themselves from the Settlement Class, or more than a specific dollar amount of Class Members' claims opt-out of the Settlement Class (both as set forth in a confidential side agreement), Wells Fargo shall have the absolute discretionary right (but not obligation) to terminate this Settlement and Agreement and in such case, each and every one of Wells Fargo's obligations under this Agreement shall terminate, and this Agreement and any orders entered into in connection therewith shall be vacated (except for any provision included in the Class Preliminary Approval Order and SEC Preliminary Approval Order substantially similar to Paragraph 23 of the Class Preliminary Approval Order and Paragraph 19 of the SEC Preliminary Approval Order attached as **Exhibits 2 and 4**). If Wells Fargo exercises this option, the Parties shall return to the status quo in the Action as if the Parties had not entered into this Agreement. In addition, in such event, the Agreement and all negotiations, Court orders, and proceedings relating thereto shall be without prejudice to the rights of the Parties, and each of them, and evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Class Action or Receiver Action or in any other proceeding. Wells Fargo must exercise this option pursuant to this Paragraph within ten days after receiving the list of timely Opt-Out Requests and at least three days prior to the Final Approval Hearing, by giving written notice of such exercise to Class Counsel.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

13.4    In the event that the Bar Order is not entered in the SEC Action, or if more than the specified number of persons (as set forth in a confidential side agreement) appearing on the Bar Order Opt-Out List opt-out from the Bar Order, Wells Fargo shall have the right (but not the obligation) to terminate this Settlement and Agreement and in such case, each and every one of Wells Fargo's obligations under this Agreement shall terminate, and this Agreement and any orders entered into in connection therewith shall be vacated (except for any provision included in the Class Preliminary Approval Order and SEC Preliminary Approval Order substantially similar to Paragraph 23 of the Class Preliminary Approval Order and Paragraph 19 of the SEC Preliminary Approval Order attached as **Exhibits 2 and 4**).  If Wells Fargo exercises this option, the Parties shall return to the status quo in the Action as if the Parties had not entered into this Agreement.  In addition, in such event, the Agreement and all negotiations, Court orders, and proceedings relating thereto shall be without prejudice to the rights of the Parties, and each of them, and evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Class Action or Receiver Action or in any other proceeding.  Wells Fargo must exercise this option pursuant to this Paragraph within ten days after receiving the list of timely Bar Order Opt-Out Requests or within 10 days of entry of the SEC Final Approval Order without the Bar Order, by giving written notice of such exercise to Class Counsel.

13.5    Simultaneously herewith, the Parties are executing a supplemental agreement, which gives Wells Fargo the right, but not the obligation, to terminate the Settlement in the event that a certain portion of the Class ( "Class Opt-Out Threshold") delivers timely and valid requests for exclusion from the Class or in the event that a certain portion of the members of the Bar Order Notice List ("Bar Order Opt-Out Threshold") delivers timely and valid requests for exclusion from the Bar Order. The Parties will keep the Class Opt-Out Threshold and the Bar Order Opt-Out

51

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Threshold confidential, except if compelled by judicial process to disclose it. If the Court requests to see the Class Opt-Out Threshold and/or the Bar Order Opt-Out Threshold, the Parties will seek to submit the Class Opt-Out Threshold and/or the Bar Order Opt-Out Threshold to the Court for *in camera* review.

13.6    If one of the Parties exercises a right herein to terminate or rescind this Agreement or this Agreement is not approved by the Court in both the Class Action and the SEC Action pursuant to the proposed Class Final Approval Order and SEC Final Approval Order, this Agreement, the Settlement proposed herein (including any modifications made with the consent of the Parties), and any action taken or to be taken in connection therewith shall be terminated and shall become null and void and have no further force or effect, the Class Preliminary Approval Order and SEC Preliminary Approval Order shall be vacated (except for any provision included in the Class Preliminary Approval Order and SEC Preliminary Approval Order substantially similar to Paragraph 23 of the Class Preliminary Approval Order and Paragraph 19 of the SEC Preliminary Approval Order attached as **Exhibits 2 and 4**), the Parties shall be restored to their respective positions existing prior to the execution of this Agreement and the Parties' rights and obligations with respect to the use of this Agreement and the Settlement contemplated hereby will be subject to Section 18 hereof.  In addition, neither this Agreement, the preliminary certification of the Class, the Class Preliminary Approval Order, nor any other document in any way relating to any of the foregoing, shall be relied on, referred to, or used by anyone in any way for any purpose in connection with any further proceedings in this Action and/or any action, lawsuit, arbitration, or proceeding involving a Released Claim.  Finally, all evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or in any other proceeding.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**14.**    **Certification of Settlement Class For Settlement Purposes.**

14.1    Within thirty days of the Class Notice Mailing Date, the Class Representative shall move for Final Approval of the Settlement and entry of Final Judgment and shall request that the preliminary certification of the Settlement Class for settlement purposes be made final.  Class Counsel shall provide a draft of the Motion for Final Approval to Defense Counsel for review at least three business days in advance of when it is filed.  Any responsive papers shall be filed and served no later than seven calendar days prior to the Final Approval Hearing.

14.2    If the Settlement is not granted final approval in the Class Action or SEC Action and the Class Final Approval Order or SEC Final Approval Order is not entered in substantially the form attached hereto as **Exhibit 5 and 6**, the certification of the above-described Settlement Class shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for any other purposes in this or any other action can be or have been satisfied.  In such circumstances, Wells Fargo reserves and shall have all rights to challenge certification of a Settlement Class or any other class for any other purpose in the Action or any other action on all available grounds as if no Settlement Class had been certified.

**15.**    **Final Approval and Bar Order in SEC Action.**

15.1    After the SEC Preliminary Approval Order and no later than fourteen days before the SEC Final Approval Hearing, the Receiver shall move for Final Approval of the Settlement and entry of Final Judgment and shall request entry of the Bar Order.  The Receiver shall provide a draft of the Motion for Final Approval to Defense Counsel for review and comment at least three business days before it is filed.  Any responsive papers shall be filed and served no later than seven calendar days prior to the SEC Final Approval Hearing.

53

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**16.    Attorneys' Fees and Litigation Costs, and Incentive Payments.**

16.1    Class Counsel and Receiver Counsel intend to seek an award of attorneys' fees not to exceed 33.33% of the Settlement Fund and reimbursement of litigation expenses not to exceed $900,000.00. Wells Fargo takes no position on Class Counsel and Receiver Counsel moving the Court for an award of Attorneys' Fees and Expenses in the Class Action or the amount of any Attorneys' Fees and Expenses award.

16.2    Class Counsel and Receiver Counsel's application for Attorneys' Fees and Expenses shall be filed during the pendency of the Class Notice period and within thirty days of the Class Notice Mailing Date.  Class Counsel and Receiver Counsel agree that the amounts of such costs and fees awarded shall compensate them for all legal work in the Action up to and including the date of Final Judgment, including any appeal of the Judgment, as well as for all legal work and costs that may be incurred in the Action after the date of Effective Date.  Any award of Attorneys' Fees and Expenses shall be paid out of the Settlement Fund.  In no event shall Wells Fargo be obligated to pay more than that which it will deposit into the Settlement Fund pursuant to Section 3.2.

16.3    Within seven days after the funding of the Settlement Fund or entry of an order approving the application for Attorneys' Fees and Expenses (whichever is later), the Receiver shall make payment of the Attorneys' Fees and Expenses awarded by the Court to Class Counsel, pursuant to payment instructions in writing from Class Counsel.  In accepting this payment, the Class Representatives, Class Counsel, and Receiver Counsel, on behalf of themselves and all Settlement Class Members, acknowledge that the payment are in full satisfaction of any and all claims, rights, and demands that Class Counsel, Receiver Counsel, the Class Representatives, or the Settlement Class had, have, or may claim to have in the future for attorneys' fees, costs, expenses, or any other payment in connection with this Action or this Agreement, up to the date

54

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

of final judgment.  Wells Fargo shall have no responsibility for allocation or distribution of the award among Class Counsel and Receiver Counsel.

16.4   Class Counsel shall be entitled, subject to Court approval, to apply to the Court for Incentive Payments to the Class Representatives in an amount not to exceed $10,000 each, subject to Court approval.  Wells Fargo will not oppose the request for the Incentive Payments provided it is consistent with this Agreement.  The Court denying any or all of Incentive Payments requested shall not be grounds to terminate the Settlement.

16.5   Within seven days after the funding of the Settlement Fund or entry of an order approving the application for the Incentive Payments to the Class Representatives (whichever is later), and upon the Class Representatives' submission of a Form W-9 to the Settlement Administrator and/or Receiver, the Receiver shall make payment of the Incentive Payments awarded by the Court from the Settlement Fund pursuant to written payment instructions from Class Counsel.  Class Counsel shall be responsible for delivering the Incentive Payments to the Class Representative after receipt of payment from the Receiver.  A Form 1099 for the payment of any Incentive Payment will be filed.

16.6   A Form 1099 for these payments may be filed by Wells Fargo and/or the Settlement Administrator or Receiver.  Class Counsel shall cooperate with Wells Fargo and the Settlement Administrator or Receiver to provide all information necessary to process any such payments including completing any requested tax forms (*e.g.*, IRS Form W-9 and applicable tax identification numbers).  Wells Fargo shall have no responsibility for, and no liability whatsoever with respect to, any tax obligations or any allocation among the Class Representatives and Class Counsel or Receiver Counsel, and/or any other person who may assert some claim thereto, of any award or payment made in this Action or pursuant to this Agreement, including but not limited to

55

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

any award or payment pursuant to this Section 15.  Class Counsel, Receiver Counsel, and the Class Representatives shall alone be responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment made pursuant to this Section 15.  No party shall be deemed the prevailing party for any other purposes of the Action.

16.7    Neither Wells Fargo nor the Releasees shall have any responsibility for any application of Attorneys' Fees and Expenses and Incentive Payments submitted by Class Counsel and Receiver Counsel.  The procedure for and the grant or denial or disallowance by the Court of the application for Attorneys' Fees and Expenses and Incentive Payments is to be considered by the Court independently of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the applications for Attorney's Fees and Expenses and Incentive Payment or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the Finality of Judgment approving the Agreement and the Settlement, except as provided for in Section 13.

## 17.    <u>Stay of Discovery and Other Proceedings</u>.

17.1    To the extent the Class Action and Receiver Action have not already been stayed by the Court, upon execution of this Agreement, the Parties shall discontinue all discovery activity or related proceedings in the Litigation.

17.2    Upon the Effective Date, and notwithstanding any of the other provisions in this Agreement, the Defendants shall have no obligation to preserve documents and evidence with respect to Released Claims, and the Class Representatives, Class Counsel, Receiver, and Receiver Counsel shall not pursue any spoliation claims or other actions or sanctions against Defendants with respect to documents or evidence related to the Released Claims.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**18.    Return/Destruction of Discovery Materials.**

18.1    The Parties agree that the terms of the Protective Order govern the dealings of the Parties with respect to materials produced in discovery in the Class Action and Receiver Action and shall continue in force after the Effective Date of the Settlement.  Accordingly, within thirty days of the Effective Date, the Parties and their counsel of record, and any consultants or experts retained by the Parties or their counsel of record, shall use their best efforts to locate all Protected Material (as the term is defined in the Protective Order) produced in the Action and return such Protected Material to counsel of record for the producing party or properly destroy all originals or reproductions (whether in electronic, hard copy, or other form) of the Protected Material.

18.2    Within sixty days of the Effective Date, counsel of record shall make written certification that they have used their best efforts to search for all Protected Material, that they have instructed the Class Representatives, Receiver, Defendant, and all consultants or experts to return or destroy Protected Material, and that, to the best of their knowledge, they have retained no originals or copies of any Protected Material.  The Parties acknowledge that their duty to return or destroy all Protected Material is a continuing duty and the Parties agree to return or destroy any such information found in the future.

18.3    Notwithstanding this Section, the Parties shall be excused from any duty to return or destroy Protected Material to the extent necessary to comply with outstanding court orders or with judicial and non-judicial subpoenas, civil investigative demands or other compulsory process. Nothing in this Agreement shall be construed as requiring the destruction of attorney work product.

18.4    The Court shall retain jurisdiction to ensure compliance with the Protective Order.

**19.    Media and Confidentiality.**

19.1    The Parties agree that any press release must be approved by the Parties.  The Parties further agree that any press release or public statements shall be negotiated with Wells

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Fargo in advance of issuance, other than reports made by the Receiver in the ordinary course and shall be subject to the terms of Paragraph 19.3 below.

19.2    Class Representatives, Class Counsel, Receiver, and Receiver Counsel agree not to make any direct written solicitations to Class Members or claimants in the Receivership to opt out or object to the Settlement, and they shall take no action which would or might have the effect of inducing or encouraging any person included in the Class to seek exclusion from the Class.

19.3    No Party shall make any disparaging statements (oral or written), directly or indirectly, to the media or general public about any other Party related to the Class Action or Receiver Action or this Settlement.    Disparaging statements are statements that are false, misleading, or tend to cast any other Party in a negative light, regardless of truth or falsity.

## 20.    Notices.

20.1    All notices (other than the Class Notice and Bar Order Notice) required by the Agreement shall be made in writing and communicated by mail and email to the following addresses:

All notices to Class Counsel shall be sent to Class Counsel c/o:

Daniel C. Girard (pro hac vice)
Jordan Isern (pro hac vice)
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
dgirard@girardsharp.com
jelias@girardsharp.com
jisern@girardsharp.com

Eric Gibbs (pro hac vice)
David K. Stein (pro hac vice)
Spencer S. Hughes (pro hac vice)
GIBBS MURA LLP
1111 Broadway, Suite 2100
Oakland, CA 94607
ehg@classlawgroup.com
amz@classlawgroup.com
ds@classlawgroup.com
shughes@classlawgroup.com

Emily Beale (pro hac vice)
GIBBS MURA LLP
136 Madison Avenue, Suite 541
New York, NY 10016
eb@classlawgroup.com

Robert L. Brace (pro hac vice)
Maria F. Elosu (pro hac vice)
LAW OFFICES OF ROBERT L. BRACE
1807 Santa Barbara Street
Santa Barbara, CA 93101
rlbrace@rusty.lawyer

58

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Miles N. Clark (NBN 13848)                    mariaelosulaw@gmail.com
LAW OFFICES OF MILES N. CLARK, LLC
5510 S. Fort Apache Road., Suite 30
Las Vegas, NV 89148-7700
miles@milesclarklaw.com

All Notices to Receiver Counsel shall be sent to Receiver counsel c/o:

Jeffrey C. Schneider (pro hac vice)          Jarrod L. Rickard, Esq.
Jason K. Kellogg (pro hac vice)              Katie L. Cannata, Esq.
Marcelo Diaz-Cortes (pro hac vice)           SEMENZA KIRCHER RICKARD
LEVINE KELLOGG LEHMAN                         10161 Park Run Drive, Suite 150
SCHNEIDER & GROSSMAN LLP                      Las Vegas, Nevada 89145
100 SE 2nd Street                            jlr@skrlawyers.com
Miami Tower, 36th Floor                       klc@skrlawyers.com
Miami, FL 33131
jcs@lklsg.com
jk@lklsg.com
md@lklsg.com

All notices to Defense Counsel shall be sent to Defense Counsel c/o:

K. Issac deVyver (*pro hac vice*)             Alicia A. Baiardo (*pro hac vice*)
Karla L. Johnson (*pro hac vice*)            McGUIREWOODS LLP
McGUIREWOODS LLP                              Two Embarcadero Center
260 Forbes Avenue, Suite 1800                 Suite 1300
Pittsburgh, PA 15222                          San Francisco, CA 94111
kdevyver@mcguirewoods.com                     abaiardo@mcguirewoods.com
kjohnson@mcguirewoods.com

Anthony Q. Le (*pro hac vice*)                Joseph G. Went
Molly M. White (*pro hac vice*)              Nevada Bar No. 9220
McGUIREWOODS LLP                              Sydney R. Gambee
1800 Century Park East, 8th Floor             Nevada Bar No. 14201
Los Angeles, CA 90067                         HOLLAND & HART LLP
ale@mcguirewoods.com                          9555 Hillwood Drive, 2nd Floor
mwhite@mcguirewoods.com                       Las Vegas, NV 89134
                                              jgwent@hollandhart.com
                                              srgambee@hollandhart.com

21.    **Miscellaneous Provisions**.

    21.1   Cooperation.   The Parties:  (a) acknowledge that it is their intent to consummate

this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and

<p style="text-align:center">59</p>

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

21.2    No Admission.  The Agreement compromises claims contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. The Parties agree that the amounts paid in settlement and the other terms of the Agreement were negotiated in good faith by the Parties and at arm's length and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Agreement or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Releasees, or any of them, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Class Representative and Class Counsel agree not to argue that Wells Fargo could not contest (or is estopped from contesting) class certification and/or proceeding collectively on any grounds if the Class Action were to proceed; this Agreement shall not be deemed an admission by, or ground for estoppel against, Wells Fargo that class certification and/or proceeding collectively in the Class Action is proper or cannot be contested on any grounds.

21.3    Exhibits.  All of the exhibits to the Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

21.4    Amendment/Modification.  The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed

60

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

a waiver of any other prior or subsequent breach of this Agreement.  Class Counsel, on behalf of the Class, are expressly authorized by the Class Representatives to take all appropriate action required or permitted to be taken by the Class pursuant to the Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Agreement on behalf of the Class which they deem appropriate.

21.5    Entire Agreement.  The Agreement and the related documents entered at this time of this Agreement or referenced herein constitute the entire agreement among the Parties hereto concerning the Settlement of the Class Action and Receiver Action, other than the confidential side agreement setting forth the amounts relevant to termination provisions.  No representations, warranties, or inducements have been made to any Party concerning the Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in this Agreement.  Except as otherwise provided herein, each party shall bear its own costs and attorney fees.

21.6    Authority.  Each person executing the Agreement or any of its exhibits on behalf of any Party hereto hereby warrants that such person has the full authority to do so.

21.7    Counterparts.  The Agreement may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

21.8    Successors and Assigns.  The Agreement shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties hereto; but this Agreement is not designed to and does not create any third-party beneficiaries.

21.9    No Third-Party Rights or Beneficiaries.  Except as expressly provided for herein, no government agency or official can claim any rights under this Agreement or Settlement,

61

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

whether with respect to the conduct that is the subject of the Releases, the restrictions in Section 3, or the funds (or remainder of funds) paid or used in the Settlement.  There are no third-party beneficiaries created or implied.

21.10    Jurisdiction.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Agreement, and all Parties hereto submit to the jurisdiction of the Court for the sole purposes of implementing and enforcing the Settlement embodied in the Agreement until such time that the Court enters an order dismissing the action with prejudice.

21.11    Governing Law.  The Agreement and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the State of Nevada, and the rights and obligations of the Parties to the Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Nevada without giving effect to that State's choice of law principles.

21.12    Drafting.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party.  No Party shall be deemed the drafter of this Agreement.  The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel.  Each Party and their counsel cooperated in the drafting and preparation of the Agreement.  In any construction to be made of the Agreement, the Agreement shall not be construed against any party and the canon of contract interpretation to the contrary shall not be applied.

21.13    Recitals.  The recitals set forth above shall be and hereby are terms of this Agreement as if set forth herein.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

63

21.14  <u>No Collateral Attack</u>.  The Settlement Agreement shall not be subject to collateral attack by any Settlement Class Member, member of the Bar Order Notice List, or any recipient of Class Notices or Bar Order Notices of the Settlement after the Final Judgment is entered.

*Remainder of Page Left Blank*

63

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Dated: 04 / 11 / 2026 , 2026

CLASS REPRESENTATIVE
BARRETT HENZEL

By: BARRETT HENZEL

Dated: 04 / 15 / 2026 , 2026

CLASS REPRESENTATIVE
ALLAN CARSO

By: ALLAN CARSO

Dated: 04 / 11 / 2026 , 2026

CLASS REPRESENTATIVE
CRAIG RODNEY MICHAELIS

By: CRAIG RODNEY MICHAELIS

Dated: 04 / 10 / 2026 , 2026

CLASS REPRESENTATIVE
JOSHUA LUEKENGA

By: JOSHUA LUEKENGA

Dated: 04 / 18 / 2026 , 2026

CLASS REPRESENTATIVE
GARY LUNDIN

By: GARY LUNDIN

Dated: 04 / 17 / 2026 , 2026

CLASS REPRESENTATIVE
BRYCE KELLY

By: BRYCE KELLY

64

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**Page 67**

Dated: _04 / 21 / 2026_____, 2026

CLASS REPRESENTATIVE
CLINT MCDANIEL

_Clint McDaniel_

By: CLINT MCDANIEL

Dated: _04 / 20 / 2026_____, 2026

CLASS REPRESENTATIVE
DAN MCDANIEL

_Dan McDaniel_

By: DAN MCDANIEL

Dated: _____, 2026

RECEIVER
GEOFFREY WINKLER

By: _____

Name: _____

Title: _____

Dated: _____, 2026

DEFENDANT
WELLS FARGO BANK, N.A.

By: _____

Name: _____

Title: _____

65

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Dated: _____, 2026

CLASS REPRESENTATIVE
CLINT MCDANIEL

_____
By: CLINT MCDANIEL

Dated: _____, 2026

CLASS REPRESENTATIVE
DAN MCDANIEL

_____
By: DAN MCDANIEL

Dated: _____4/17/2026_____, 2026

RECEIVER
GEOFFREY WINKLER

_____
By: _____

Name: _____

Title: _____

Dated: _____, 2026

DEFENDANT
WELLS FARGO BANK, N.A.

_____
By: _____

Name: _____

Title: _____

65

Dated: _____, 2026         CLASS REPRESENTATIVE
                                      CLINT MCDANIEL


                                      _____
                                      By: CLINT MCDANIEL


Dated: _____, 2026         CLASS REPRESENTATIVE
                                      DAN MCDANIEL


                                      _____
                                      By: DAN MCDANIEL


Dated: _____, 2026         RECEIVER
                                      GEOFFREY WINKLER


                                      _____

                                      By: _____

                                      Name: _____

                                      Title: _____


Dated: ___4/21/2026___, 2026         DEFENDANT
                                      WELLS FARGO BANK, N.A.


                                      Signed by:
                                      By: _Saul Van Beurden_____
                                            B3E75820884F4C5...

                                      Name: ___Saul Van Beurden_____

                                      Title: ___Saulus Van Beurden_____

# Exhibit 1

# Class Action Notice

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE



United States District Court for the District of Nevada
*In re J&J Investment Litigation,*
Case No. 2:22-cv-00529-GMN-NJK

# Class Action Notice

## *Authorized by the U.S. District Court*

| | | |
|---|---|---|
| **If you invested money for purchase agreements with or through J&J Consulting Services, Inc., or certain related entities** | **There is a $50,000,000 settlement of a lawsuit. You may be entitled to money.** | **To learn about your rights relating to the settlement, you should:**<br><br>**Read this notice.**<br><br>**Respond by [DATE], 2026.** |

If you take no action, you will still be bound by the settlement, and your rights will be affected. Learn more at: www.jjconsulting-receivership.com.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

<div style="background:#1e3a5f;"> 
Page 73
</div>

# Table of Contents

**About This Notice**

Why did I get this notice?

What do I do next?

What are the most important dates?

**Learning About the Lawsuit**

What is this lawsuit about?

Why is there a settlement in this lawsuit?

What happens next in this lawsuit?

**Learning About the Settlement**

What does the settlement provide?

Why is $50,000,000 fair?

Am I a class member?

**Deciding What to Do**

How do I weigh my options?

Do I need a lawyer?

**Payments**

How will my payment be determined?

How will I get my payment?

Submitting a Claim

Do I have to pay the lawyers in this lawsuit?

**Opting Out**

What if I don't want to be part of this settlement?

How do I opt out?

**Objecting**

What if I disagree with the settlement?

**Doing Nothing**

What are the consequences of doing nothing?

2

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**Key Resources**

How do I get more information?

# About This Notice

## Why did I get this notice?

This notice is to tell you about the settlement of related lawsuits, a class action lawsuit, *In re: J&J Investment Litigation,* Case No. 2:22-cv-00529-GMN-NJK (the "Class Action"), and related action by the Geoff Winkler (the "Receiver"), as Receiver for J&J Consulting Services, Inc. and related companies, captioned *Winkler v. Wells Fargo Bank, N.A.,* Case No. 2:23-cv-00703-GMN-NJK (the "Receiver Action"), pending in the United States District Court for the District of Nevada.

**You received this notice because you may be a member of the group of people affected, called the "class."** This notice gives you a summary of the terms of the proposed settlement agreement, explains what rights class members have, and helps class members make informed decisions about what action to take.

## What do I do next?

Read this notice to understand the settlement and to determine if you are a class member. Then, decide if you want to:

| Options | More information about each option |
|---|---|
| **Do Nothing*** | Automatically get your share of the settlement. Give up rights resolved by settlement. |
| **Opt Out** | Get no payment. Allows you to bring another lawsuit against Wells Fargo Bank, N.A., about the same issues. |
| **Object** | Tell the Court why you don't like the settlement. |

*If you did not make a claim between September 1, 2025, and December 1, 2025, with the Receiver, you must make a claim now to receive a settlement payment.  See "Submitting a Claim" below.

Read on to understand the specifics of the settlement and what each choice would mean for you.

3

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

## What are the most important dates?

Your deadline to object or opt out: _____, **2026**
Your deadline to submit a claim form: _____, **2026**
Settlement approval hearing: _____, **2026**

# Learning About the Lawsuit

## What is this lawsuit about?

The plaintiffs in the lawsuit (Barrett Henzel, Allan L. Carso, Gary W. Lundin, Joshua Luekenga, Craig Rodney Michaelis, Bryce Kelly, Clint McDaniel, and Dan McDaniel) claimed that Wells Fargo Bank, N.A., aided and abetted Mathew Beasley, J&J Consulting Services, Inc., and others in operating a Ponzi scheme through the sale of fraudulent interests in purchase agreements, resulting in financial loss to Plaintiffs and members of the class. The lawsuit alleges that Wells Fargo Bank, N.A., knowingly permitted the operation by Beasley and others of the J&J Ponzi scheme.

Wells Fargo Bank denies that it did anything wrong or had any knowledge of the scheme.

### Where can I learn more?
You can get a complete copy of the proposed settlement and other key documents in this lawsuit at: www.jjconsulting-receivership.com

## Why is there a settlement in this lawsuit?

In October 2025, the parties agreed to settle, which means they have reached an agreement to resolve the lawsuit. Both sides want to avoid the risk and expense of further litigation.

The settlement is on behalf of the plaintiffs who brought the case and all members of the settlement class.  The Court has not decided this case in favor of either side.

### What is a class action settlement?
A class action settlement is an agreement between the parties to resolve and end the case. Settlements can provide money to class members and changes to the practices that caused the harm.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

## What happens next in this lawsuit?

The Court will hold a Fairness hearing to decide whether to approve the settlement. The hearing will be held at:

**Where:**
U.S. District Court for the District of Nevada
Courtroom 7D
333 Las Vegas Blvd South
Las Vegas, NV 89101

**When:**

10:00 am PT on _____, 2026.

The Court has directed the parties to send you this notice about the proposed settlement. Because the settlement of a class action decides the rights of all members of the proposed class, the Court must give final approval to the settlement before it can take effect. Payments will only be made if the Court approves the settlement.

You don't have to attend, but you may at your own expense. You may also ask the Court for permission to speak and express your opinion about the settlement. If the Court does not approve the settlement or the parties decide to end it, it will be void and the lawsuit will continue. The date of the hearing may change without further notice to class members. To learn more and confirm the hearing date, go to www.jjconsulting-receivership.com.

# Learning About the Settlement

## What does the settlement provide?

Wells Fargo Bank has agreed to pay $50,000,000 to resolve the Class Action and the Receiver Action. This money will be used to reimburse lawyer fees and costs advanced, to the extent approved by the Court, and for the cost of administering this settlement. The rest will be distributed to class members by the Receiver.  In exchange, the Members of the settlement class will "release" their claims as part of the settlement, which means they cannot sue Wells Fargo Bank for the

5

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

same issues and alleged legal violations raised in this lawsuit. The full terms of the release can be found on the Important Documents page of the J&J Receivership website: www.jjconsulting-receivership.com.

## Why is $50,000,000 fair?

The lawyers for the plaintiffs believe the settlement is fair because plaintiffs face substantial risks and delays in proving their case and/or recovering damages. These risks include the risk that the plaintiffs will not succeed in obtaining an order certifying the Class, that they may be unable to prove Wells Fargo knew of wrongdoing by Matthew Beasley and others, and the risk that they may not be successful in proving damages in full or in part. The lawyers believe that if the settlement is not approved, the Class could recover less or nothing at all from this lawsuit.

## Am I a class member?

**If you are a natural or legal person who invested in a J&J Entity (see below) lawsuit settlement contract between January 2017 and March 2022 and incurred a loss of your principal investment (in whole or in part) as determined by the Receiver pursuant to his court-appointed duties and as identified in the Receiver's official records submitted to the Court in the SEC Action, you are a class member.**

The J&J Entities are:

- J&J Consulting Services, Inc., a Nevada corporation

- J&J Consulting Services, Inc., an Alaska corporation

- J&J Purchasing, LLC, a Florida limited liability company

There are exceptions. You are not a class member if:

- you are a Relevant Non-Party, as defined in the Consolidated Class Action Complaint, or related to a Relevant Non-Party; or

- you are a judicial officer, or an immediate family member of a judicial officer, to whom this litigation is assigned.

If you are still unsure if you are a class member, call (833) 366-6236

6

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

(US or Canada) or (747) 215-2283 (International) or visit www.jjconsulting-receivership.com.

# Deciding What to Do

## How do I weigh my options?

Your options are to stay in the settlement, opt out of the settlement, object to the settlement, or do nothing. This chart shows the effects of each:

|  | Opt out | Object | Do Nothing |
|---|---|---|---|
| **Can I receive settlement money if I . . .** | NO | YES | YES* |
| **Am I bound by the terms of this lawsuit if I . . .** | NO | YES | YES |
| **Can I pursue my own case if I . . .** | YES | NO | NO |
| **Will the class lawyers represent me if I . . .** | NO | NO | YES |

*If you did not make a claim between September 1, 2025, and December 1, 2025, in the J&J Consulting Services, Inc., Receivership, you must make a claim now to receive a settlement payment.  See "Submitting a Claim" below.

*You can object to the settlement AND submit a claim form to receive payment.*

## Do I need a lawyer?

In a class action, the court appoints class representatives and lawyers to represent the interests of all the class members, they do not act as your personal attorneys.

For this settlement, the Court has appointed the following lawyers.

**Class Action lawyers:** Girard Sharp LLP, Gibbs Mura, A Law Group, and Law Offices of Robert L. Brace. These are the lawyers who represent the plaintiffs in the Class Action.

7

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Levine Kellogg Lehman Schneider and Grossman LLP are the attorneys for Receiver Geoff Winkler in the Receiver Action.  They will share in any attorneys' fees awarded to the Class Action attorneys.

If you want to be represented by your own lawyer, you may hire one at your own expense.

# Payments

## How will my payment be determined?

The amount you receive as a settlement payment will be determined by the claim you submitted between September 1, 2025, and December 1, 2025, in the J&J Consulting Services, Inc., Receivership, which will be approved or adjudicated based on the Receiver's claims process (your "Claim Amount"). Your payment will be calculated by dividing your Claim Amount by the total value of all Claim Amounts and multiplying the resulting fraction by the amount remaining in the settlement fund, after deducting the amounts approved by the Court to compensate the lawyers, pay costs of administration, and payments to the plaintiffs.

If you are a class member who did not make a claim in the Receivership, you can receive a settlement payment by following the instructions below under the heading, "Submitting a Claim." The Receiver will evaluate your claim using the same rules as in the SEC Action.

## How will I get my payment?

Payments will be made to all claimants based on their Claim Amount and as determined by order of the Court in the SEC Action. Payments will be sent by the Receiver.

## Submitting a Claim

If you are a class member, but you did not make a claim in the J&J Receivership, you can still claim a share of the settlement. Download

8

**Page 79**

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

the claim for at www.jjconsulting-receivership.com and mail it with supporting documentation to the Receiver no later than _____, 2026 (address below).

## Do I have to pay the lawyers in this lawsuit?

Lawyers' fees and costs will be paid from the Settlement Fund.

Since 2022 when they began working on the case, the class action lawyers have not been paid attorneys' fees or reimbursed for expenses they advanced in connection with the case. To pay for their time and risk of non-payment, the lawyers will request, as part of the final approval of this Settlement, that the Court approve a payment of up to $16.6 million total in attorneys' fees plus the reimbursement of out-of-pocket expenses not to exceed $900,000.

Lawyers' fees and expenses will only be awarded if approved by the Court as a fair and reasonable amount.  You have the right to object to the lawyers' fees even if you think the settlement terms are fair.

Your lawyers will also ask the Court to approve a payment of $10,000 to each of the plaintiffs for the time and effort they contributed to the case.  If approved by the Court, these payments will be paid from the Settlement Fund.

# Opting Out

## What if I don't want to be part of this settlement?

You can opt out. If you do, you will not receive a payment and cannot object to the settlement. However, you will not be bound or affected by anything that happens in this lawsuit. That means you keep the right to sue Wells Fargo Bank or be part of another case against them about the issues in this lawsuit**.** If you have a pending lawsuit against Wells Fargo Bank, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit.

## How do I opt out?

9

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

To opt out of the settlement, you must write a letter and mail it by _____, 2026, to the Settlement Administrator at:

J&J Bank Settlement
c/o Exclusion Requests
Stretto, Inc.
410 Exchange Ste. 100
Irvine, CA 92602

Be sure to include the case name, your name, address, telephone number, and signature. If you are represented by your own counsel, be sure to include the signature of your counsel.

Be sure to also include an explicit and unambiguous statement that the person seeking exclusion falls within the definition of the Settlement Class and desires to be excluded from the Settlement Class such as "I hereby request that I be excluded from the proposed Settlement Class in the Class Action."

# Objecting

## What if I disagree with the settlement?

If you disagree with any part of the settlement (including the lawyers' fees) but don't want to opt out, you may object. You must give reasons why you think the Court should not approve it and say whether your objection applies to just you, a part of the class, or the entire class. The Court will consider your views. The Court can only approve or deny the settlement — it cannot change the terms of the settlement. You may, but don't need to, hire your own lawyer to help you. You will be responsible for compensating any lawyer that you hire.

To object, you must send a letter to the Court that:

(1) is postmarked by _____, 2026;
(2) includes the case name and number (*In re J&J Investment Litigation*, Case No. 2:22-cv-00529-GMN-NJK ).
(3) includes your full name, address and telephone number;

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

(4) the basis for your objection;

(5) if applicable, includes copies of any papers, briefs, or other documents upon which the objection is based;

(6) says whether either you or your lawyer intend to appear at the final approval hearing;

(7) the name, address, email address, and telephone number of every attorney representing you or who previously represented you who may be entitled to compensation related to the objection or fee application;

(8) the identity of all counsel who will appear at the final approval hearing

(9) your signature.

Mail the letter to:

| | |
|---|---|
| J&J Bank Settlement<br>c/o Objections<br>Stretto, Inc.<br>410 Exchange Ste. 100<br>Irvine, CA 92602 | U.S. District Court for the District of Nevada<br>Courtroom 7D<br>333 Las Vegas Blvd. South<br>Las Vegas, NV CA 89101 |
| <u>Plaintiffs' Counsel</u><br>Daniel C. Girard<br>Jordan Isern<br>GIRARD SHARP LLP<br>601 California Street, Suite 1400<br>San Francisco, CA 94108<br>Eric Gibbs<br>David K. Stein<br>Spencer S. Hughes<br>GIBBS MURA LLP<br>1111 Broadway, Suite 2100<br>Oakland, CA 94607<br><br>Emily Beale<br>GIBBS MURA LLP<br>136 Madison Avenue, Suite 541<br>New York, NY 10016<br><br>Robert L. Brace | <u>Wells Fargo's Counsel</u><br>K. Issac deVyver<br>Karla L. Johnson<br>McGUIREWOODS LLP<br>260 Forbes Avenue, Suite 1800<br>Pittsburgh, PA 15222<br><br>Anthony Q. Le<br>Molly M. White<br>McGUIREWOODS LLP<br>1800 Century Park East, 8th Floor<br>Los Angeles, CA 90067<br><br>Alicia A. Baiardo<br>McGUIREWOODS LLP<br>Two Embarcadero Center<br>Suite 1300<br>San Francisco, CA 94111<br><br>Joseph G. Went |

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

| | |
|---|---|
| Maria F. Elosu<br>LAW OFFICES OF ROBERT L. BRACE<br>1807 Santa Barbara Street<br>Santa Barbara, CA 93101<br><br>Miles N. Clark<br>LAW OFFICE OF MILES N. CLARK, LLC<br>5510 S. Fort Apache Road, Suite 30<br>Las Vegas, NV 89148 | Sydney R. Gambee<br>HOLLAND & HART LLP<br>9555 Hillwood Drive, 2nd Floor<br>Las Vegas, NV 89134 |

If you intend to appear at the final approval hearing, you must file with the Court a "Notice of Intention to Appear" by the above deadline and mail a copy to class counsel and defense counsel.

# Doing Nothing

## What are the consequences of doing nothing?

If you do nothing, you will receive a share of the settlement fund, and you will be bound by the settlement and its "release" provisions. That means you won't be able to start, continue, or be part of any other lawsuit against Wells Fargo Bank about the issues in this case. A full description of the claims and persons who will be released if this settlement is approved can be found on the Important Documents page of the Settlement website: www.jjconsulting-receivership.com.

# Key Resources

## How do I get more information?

This notice is a summary of the proposed settlement. The complete settlement with all its terms can be found here. To get a copy of the settlement agreement or get answers to your questions:

- contact the class action lawyers (information below)

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

- visit the case website at [www.jjconsulting-receivership.com](http://www.jjconsulting-receivership.com)

- access the Court's Court Electronic Records (PACER) system online or by visiting the Court Clerk's (address below).

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

| Resource | Contact Information |
|---|---|
| **Case website** | www.jjconsulting-receivership.com |
| **Settlement Administrator** | J&J Bank Settlement<br>c/o Settlement Administrator<br>Stretto, Inc.<br>410 Exchange Ste. 100<br>Irvine, CA 92602<br>(833) 366-6236 (US or Canada) or<br>(747) 215-2283 (International) |
| **Class Action Lawyers** | Girard Sharp LLP<br>J&J@girardsharp.com<br>601 California Street, Suite 1400<br>San Francisco, California 94108<br>415-981-4800<br><br>Gibbs Mura, A Law Group<br>1111 Broadway, Suite 2100<br>Oakland, California 94607<br>510-350-9700<br><br>Law Office of Robert L. Brace.<br>1807 Santa Barbara Street<br>Santa Barabra, California 93101<br>805-886-8458 |
| **Court (DO NOT CONTACT)** | U.S. District Court for the District of Nevada<br>333 Las Vegas Blvd. South<br>Las Vegas, NV CA 89101 |

14

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

# Exhibit 2

# Class Preliminary Approval Order

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

*In re J&J Investment Litigation*

Case No.: 2:22-cv-00529-GMN-NJK

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, the above-entitled action is pending before this Court (the "Class Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving settlement of this Class Action , in accordance with the Settlement Agreement and Release dated _____, 2026 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Class Action and for dismissal of the Class Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and the exhibits Annexed thereto;

WHEREAS, all defined terms herein have the same meanings as set forth in the Agreement;

WHEREAS, the Court has reviewed Plaintiff's Motion for Preliminary Approval and supporting brief requesting that this Court: (1) conditionally certify the Settlement Class; (2) preliminarily approve the parties' proposed class action settlement; (3) appoint Barrett Henzel, Allan Carso, Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan

1

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

McDaniel as Class Representatives, their counsel as Class Counsel, and Stretto, Inc. as the Settlement Administrator; (4) set the deadlines for written exclusion or objections to the Agreement; (5) approve the form of Class Notice to the Settlement Class and the claim form; and (6) schedule a hearing on the final approval of the Agreement for _____, 2026.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Nature of the Action.** Plaintiffs Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel ("Plaintiffs") allege that Defendant Wells Fargo Bank, N.A., ("Wells Fargo" or "Defendant") (1) violated the Nevada Uniform Fiduciaries Act; (2) aided and abetted breach of fiduciary duty; (3) aided and abetted fraud; and (4) was negligent arising out of and relating to an alleged Ponzi scheme perpetrated by Jeffrey Judd and Matthew Beasley. Defendants dispute and deny all of Plaintiff's claims.

2. **Settlement.** Plaintiffs Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel (the "Class Representatives"), individually and as Class Representative on behalf of the Class, and Defendant Wells Fargo Bank, N.A., (collectively, the "Parties") have negotiated a potential settlement of the Class Action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Agreement) against Defendant and the Releasees.

3. **Review.** At the preliminary approval stage, the Court's task is to evaluate whether the settlement under Rule 23(e)(1). The Court may preliminarily approve the settlement only if it concludes that it will "likely" be able to (a) certify the class for purposes of judgment and (b) approve the parties' settlement as fair, reasonable, and adequate. Whether a settlement merits approval as fair, reasonable, and adequate is guided by the elements in Rule 23(e)(2).

2

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Supplementing those Rule 23(e) elements are the "*Churchill* factors." *See generally Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *see also Daniels v. Aria Resort & Casino, LLC*, 2023 WL 2634613, at *2-3 (D. Nev. Mar. 23, 2023) (Navarro, J.) (applying both Rule 23 and *Churchill* factors); *Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021). Settlements that occur before formal class certification "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

The Court has carefully reviewed the Agreement pursuant Rule 23(e)(1), including the notice plan, the plan of allocation and the release of claims, as well as the files, records, and proceedings to date in the Class Action.  The terms and conditions in the Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized items in this Order shall have the meanings attributed to them in the Agreement.

4.    **Jurisdiction.**  This Court has jurisdiction over the subject matter of the Class Action and over all parties to the Class Action, including all of the Class Members, and venue in this Court is proper.

5.    **Preliminary Settlement Approval.**  Based on the review the Court has conducted, as set forth in paragraph 3, the Court does hereby preliminarily approve the Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below. The Court finds on a preliminary basis that the Settlement as set forth in the Agreement falls within the range of reasonableness and was the product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval. The Court finds and concludes that

3

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

the amount of the settlement, the stage of the proceedings at which the Agreement was reached, the deliberate nature of settlement negotiations, the assistance of experienced mediator Robert Meyer, Esq. in the settlement process, and the overall record in this action, all support the finding that the Settlement is non-collusive.

6.     **Certification of Settlement Class.**  Pursuant to Federal Rule of Civil Procedure 23, the Court conditionally certifies, for settlement purposes only, (and for no purposes and with no other effect upon the Class Action, including no effect upon the Class Action should the Agreement not receive Final Approval or should the Effective Date not occur), a class defined as all natural and legal persons who invested in a J&J Entity lawsuit settlement contract between January 2017 and March 2022 and who incurred a loss of their principle investment (in whole or in part) as determined by the Receiver pursuant to his court-appointed duties and as identified in the Receiver's official records submitted to the Court in the SEC Action.  Excluded from the class are Wells Fargo and the Relevant Non-Parties as defined in the Class Action Complaint; their parents, affiliates, subsidiaries, legal representatives, predecessors, successors, assigns, and employees; and any judge to whom the Class Action or Receiver Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Class for purposes of the proposed Settlement.  Specifically, and solely for purposes of the proposed Settlement of this Class Action, the Court finds that each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met:

(a)     the members of the Class are so numerous that their joinder in the Class Action

4

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

would be impracticable;

(b)    there are questions of law and fact common to the Class that predominate over any individual questions;

(c)    the Plaintiffs' claims are typical of the claims of the Settlement Class;

(d)    Plaintiffs and Class Counsel have and will fairly and adequately represent and protect the interests of the Class; and

(e)    a class action is superior to other available methods for the fair and efficient adjudication of the claims.

7.    **<u>Designation of Class Representatives and Class Counsel</u>.**  The Court finds and concludes, pursuant to Rule 23(e)(1)(B)(ii), that it will likely be able to certify Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel as the Class Representatives, in that their claims typical of and they are adequate representatives of the Settlement Class they propose to represent. The Court hereby appoints Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel as the Class Representatives for the Settlement Class. The Court finds and concludes that the law firms Girard Sharp LLP, Gibbs Mura LLP, and Law Offices of Robert L. Brace have extensive experience and expertise in prosecuting class actions and they have diligently prosecuted the Class Action. The Court hereby appoints Plaintiffs' counsel of record in this case as Class Counsel.

8.    The Court hereby preliminarily approves the Settlement, as embodied in the Agreement, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable,

<div align="center">5</div>

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

9.  **Final Approval Hearing.**  A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 202__, at _____ .m., at the United States District Court for the District of Nevada, 333 Las Vegas Blvd South, Las Vegas, Nevada 89101 to determine, among other things: (i) whether the proposed Settlement of the Class Action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment as provided in Paragraph 1.34 of the Agreement should be entered; (iii) whether Settlement Class Members should be bound by the Release set forth in the Agreement; (iv) any amount of fees and expenses that should be awarded to Class Counsel and any award to the Class Representatives for their representation and service to the Class; (v) to consider any Settlement Class Member's objections to the Settlement and/or any application of Class Counsel for payment or reimbursement of attorney's fees, costs, and expenses and any application for an award to the Class Representatives; and (vi) to rule upon such other matters as the Court may deem appropriate.  The Parties shall include the date of the Final Approval Hearing in the Class Notice to be mailed to the Settlement Class.

10.  **Class Notice.**  The Court approves the form, substance, and requirements of the Class Notice (the "Notice," annexed hereto as **Exhibit 1**). The Court further finds that the form, content, and distribution of the Notice, substantially in the manner and form set forth in Paragraph 11 of this Order, meets the requirements of the Federal Rule of Civil Procedure 23 and due process.  The Class Notice fairly, plainly, accurately, and reasonably informs potential Class Members of appropriate information about: (1) the nature of this action, the definition of the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of

6

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

allocation for the monetary and other relief, and includes the address for a website maintained by the Settlement Administrator that has links to the notice, motions for approval and for attorney's fees, claim form, and any other important documents in this case; (2) Class Representatives' forthcoming application for the Class Representatives' service awards and Class Counsel's attorneys' fees and costs award; (3) how Class Members may claim settlement payments and how the Settlement Class Members' share of the Settlement Fund will be calculated and distributed; (4) this Court's procedures for final approval of the Settlement; (5) how to Opt-Out or Object to the Settlement; (6) how to obtain additional information regarding this Action and the Settlement, including instructions on how to access the case docket via the Public Access to Court Electronic Records ("PACER") or in person at the Courthouse; and (7) the date of the Final Approval Hearing and that the date may change without further notice to the Settlement Class, and that Class Members may check the settlement website or PACER to confirm that the date has not been changed.

The Court further finds and concludes that the proposed plan for distributing the Class Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, prior to distributing the Class Notice and after receiving a Class Notice List from the Receiver, the Settlement Administrator will update addresses through the NCOA or similar databases. After the Settlement Administrator updates the Settlement Class's addresses, the Notice will be sent out via first-class mail to the Settlement Class Members. Where no physical address exists, the Settlement Administrator will email the notice, to the extent an email address is available. No later than the mailing of the Notice, the Notice will be posted to the Settlement Website. There is no additional method of distribution that is cost-effective and would

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**Page 93**

be reasonably likely to notify potential Class Members who may not receive notice under this proposed distribution plan.

The Court hereby concludes that the proposed Class Notice and Notice plan are the best practicable under the circumstances and are reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of the Class Action, to apprise persons who would otherwise fall within the definition of the Class of their right to exclude themselves from the proposed Class, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing. The Court further finds that the Notice constitutes due and sufficient notice to all persons entitled thereto.

11.  **Settlement Administrator.**  The Court approves the appointment of Stretto, Inc. to supervise and administer the notice procedure as more fully set forth below:

(a)  No later than thirty days from the entry of this Order (the "Class Notice Mailing Date"), the Settlement Administrator shall cause a copy of the Class Notice, substantially in the form annexed as Exhibit 1 hereto, to be mailed by first class U.S. mail to the last known mailing address of each individual on the Class Notice List, after being updated by the Settlement Administrator using the NCOA or similar databases, or alternatively, via email if no physical address exists;

(b)  No later than the Notice Mailing Date, the Receiver shall post to the Receiver's website, the Agreement and Exhibits, including the Class Notice substantially in the form annexed as Exhibit 1 hereto, as well as this Preliminary Approval Order, applications for attorneys' fees and class representatives' service awards (when available), the Final Approval Order, and the operative Complaint in this Action;

8

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

(c)     The Receiver shall provide counsel with written confirmation following publication via website;

(d)     Following the mailing of the Class Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing;

(e)     The Settlement Administrator shall otherwise carry out its duties as set forth in the Agreement; and

(f)     The Class Notice List shall be treated as Confidential pursuant to Section 18 of the Settlement Agreement.

12.     **Qualified Settlement Fund.**  The Receiver is authorized to establish an account at a federally-insured financial institution which satisfies the requirements to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1, promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. As set forth in the Settlement Agreement, the Receiver will administer the Settlement Fund and will be the "Administrator" of this Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3). The Receiver shall establish the Qualified Settlement Fund in accordance with the terms of the Settlement Agreement.

13.     **Submission of Claim Forms.**  Settlement Class Members with allowed claims pursuant to the SEC Distribution Plan shall have a Claim in connection with the Settlement and shall be entitled to payment from the Settlement Fund as set forth in the Agreement.  Class Members who did not participate in the SEC Action pursuant to the Receiver's claims process will have the opportunity to submit a Claim.  The Class Notice shall include a statement that Class Members who did not submit a Claim in the SEC Action pursuant to the SEC Claims Order may make a Claim in connection with this Settlement. The Class Notice shall state that, any such Claim

9

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Form must be submitted by the Objection Deadline, and that except for the lapsed submission deadline, the submission of a Claim Form shall be governed by the SEC Claims Order and a resulting Claim, if allowed, shall entitle the Settlement Class Member only to proceeds of the Settlement Fund and not a general distribution from receivership funds in the SEC Action. All completed Claim Forms much be postmarked or electronically submitted to the Settlement Administrator or Receiver no later than sixty days after the Class Notice Mailing Date. Any Class Member who does not timely and validly submit a Claim shall be barred from receiving payment under the Settlement, unless otherwise ordered by the Court, but shall nevertheless be bound by any Final Judgment entered by the Court.

14. **Exclusion from the Class.** Any Class Member may, upon request, be excluded from the Class. Any such Class Member must submit a written Request to Opt Out to the Settlement Administrator at the mailing address listed in the Class Notice no later than sixty days after the Notice Mailing Date. To be valid, the Request to Opt Out must: (a) identify the case name; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action," as set forth in Section 11 of the Agreement. All Class Members who submit valid, verified, and timely Requests to Opt Out in the manner set forth in this Paragraph shall have no rights under the Agreement and shall not be bound by the Agreement or any Final Judgment. Mass or class opt outs shall not be allowed. A Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Agreement, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released

10

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

15.     **Copies of Requests to Opt Out.**  The Settlement Administrator shall provide Class Counsel and Wells Fargo's Counsel with a list of all timely Requests to Opt Out on a rolling basis, and a final list of all timely Opt-Out Requests within seven business days after the Opt Out Deadline.

16.     **Entry of Appearance.**  Any member of the Class who does not exclude himself or herself from the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice.  If he or she does not enter an appearance, he or she will be represented by Class Counsel.

17.     **Binding Effect on Class.**  All Class Members who do not exclude themselves from the Settlement Class by properly and timely submitting a Request to Opt Out shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

18.     **Objections.**  Any Class Member who does not timely and validly exclude himself or herself from the Settlement Class may appear and show cause, if he or she has any reason to object to the Settlement; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, or any attorney's fees and expenses to be awarded to Class Counsel or award made to the Class Representative, unless a written objection is sent to the Clerk of Court at the mailing address listed in the Class Notice no later than sixty days after the Notice Mailing Date.  The written objection must also be mailed to Class Counsel and Defense Counsel no later than sixty days after the Notice Mailing Date. To be valid, the written

11

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

objection must include: (a) the case name and number; (b) the name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; (d) a statement of whether he/she intends to appear at the Class Final Approval Hearing, either with or without counsel; (e) the identity of all counsel who represent the objector, including any former or current counsel who previously represented the objector and may be entitled to compensation for any reason related to the objection to the Settlement or the fee application; and (f) the identity of all counsel representing the objector who will appear at the Class Final Approval Hearing.

Within seven (7) business days of the Objection Deadline, the Settlement Administrator shall provide a report to the Court setting forth a list of Objections that meet the above requirements.  The Court shall have the ultimate determination of whether an Objection has been appropriately made.  Any Settlement Class Member who does not make his or her objection in the manner provided in this Section shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from making any objection to the Settlement, unless otherwise ordered by the Court.

19.     **Appearance of Objectors at Final Approval Hearing**.  Any Settlement Class Member who files and serves a written objection in accordance with Paragraph 18 of this Order may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector files with the Clerk of Court a notice of intention to appear at the Final Approval Hearing and serves the same on all counsel designated in the Class Notice by the Objection Deadline ("Notice of Intention to Appear").  The Notice of Intention to Appear must include copies

12

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

20.     **Service of Motion for Final Approval.**  The motion in support of final approval of the Settlement shall be filed and served within thirty days of the Class Notice Mailing Date, and prior to the Final Approval Hearing.

21.     **Fees, Expenses, and Awards.**  Class Counsel's application for Attorneys' Fees and Expenses shall be filed within thirty days of the Class Notice Mailing Date, and prior to the Final Approval Hearing. Neither Defendants nor the Releasees shall have any responsibility for any application for Attorney's Fees and Expenses submitted by Class Counsel. At or after the Final Approval Hearing, the Court shall determine whether to approve Class Counsel's request for Attorneys' Fees and Expenses and whether to approve any request for an award to the Class Representatives for their service to the Class.

22.     **Releases.**  If the Settlement is finally approved, the Releasors shall release the Releasees from the Released Claims.

23.     **Use of Order.**  Neither this Order, the fact that settlement was reached and filed, the Agreement, nor any other related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants, the Class Representatives, or the Settlement Class Members. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this

13

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating thereto in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only by the Parties in a proceeding to enforce the Agreement.

24. **Continuance of Final Approval Hearing.** The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

25. **Stay of Proceedings.** All proceedings in this Class Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

26. **Temporary Bar for all Class Members.** Pending final determination of whether the Settlement should be approved, and upon expiration of the Opt-Out Deadline, all Class Members who do not timely and validly exclude themselves from the Settlement Class, and each of them, and anyone who purports to act on their behalf, are barred from directly or indirectly maintaining, commencing, prosecuting, or pursuing directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Agreement, including in any court or arbitration forum.

27. **Termination of Settlement.** If: (a) the Agreement is terminated as provided in Section 13 of the Agreement; or (b) any specified material term or condition of the Settlement as set forth in the Agreement is not satisfied as provided in Section 13 of the Agreement, then this

14

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated, *nunc pro tunc* (except Paragraph 23 of this Order shall remain in effect), and each party shall be restored to his, her, or its respective position in this Action as its existed prior to the execution of the Agreement.

28.    **No Merits Determination.**  By entering this Order, the Court does not make any determination as to the merits of this Class Action.

29.    **Authority.**  The Court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Agreement.

30.    **Jurisdiction.**  The Court retains exclusive jurisdiction over the Class Action to consider all further matters arising out of or connected with the Agreement and the Settlement.

**IT IS SO ORDERED.**                    **BY THE COURT:**


_____
**Hon. Gloria M. Navarro**

15

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

# Exhibit 3

# Bar Order Notice

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW WADE BEASLEY *et al.*,<br><br>Defendants. | Case No. 2:22-cv-00612-CDS-EJY |

NOTICE OF SETTLEMENT WITH WELLS FARGO BANK, N.A.
AND RIGHT OF EXCLUSION FROM BAR ORDER

**PLEASE TAKE NOTICE that a proposed settlement (the "Settlement") has been reached in an agreement by and among Geoff Winkler, not individually but solely in his capacity as the court-appointed Receiver (the "Receiver") of the Receivership Entities in this action (the "SEC Action"),[1] investors in the class action lawsuit captioned *In re J&J Investment Litigation*, Case No. 2:22-cv-00529-GMN-NJK (the "Class Action") in the District of Nevada, and Wells Fargo Bank, N.A. ("Wells Fargo").** The Settlement requires a $50 million payment from Wells Fargo, the net proceeds of which will be used by the Receiver to make payments to investors of J&J Consulting Services, Inc. and related entities who suffered a net, out-of-pocket loss on their investment, as alleged in the Class Action ("Class Members").

**You are receiving this Notice because you have been identified as someone who may be a non-investor creditor of the Receivership Entities, a non-Class Member investor, and/or a person or entity who was affiliated with the Receivership Entities, and whose claim(s) against Wells Fargo may be barred or enjoined upon final approval of the Settlement, through the entry of a "Bar Order."** A federal court authorized this Notice. This is not a solicitation from a lawyer.

**The purpose of this Notice is to inform you of the Settlement and to inform you of your right to exclude yourself from the effect of the Bar Order or submit an objection to the Bar Order. If you do nothing and the Settlement is approved, the proceeds of the Settlement will be used to pay Class Members, thereby reducing the overall claims against the Receivership Entities. If you do not exclude yourself from the Bar Order, you will be enjoined**

---

[1] For purposes of the Settlement, "Receivership Entities" means J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada Corporation; and J and J Purchasing LLC, a Florida limited liability company.

1

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**from bringing any claims you may have against Wells Fargo arising out of the Receivership Entities' offering of investments in personal injury settlements (the "J&J Investment Scheme"). This Notice describes important rights you may have and the steps you must take if you wish to be excluded from the Bar Order. You should consider consulting with your attorney regarding the Settlement, the Bar Order, your choices, and this Notice. Your legal rights are affected whether you act or do not act. Please read this entire Notice carefully.**

**The Settlement:** The following parties have reached an agreement memorializing the Settlement (the "Settlement Agreement"): (i) Geoff Winkler, not individually but solely in his capacity as the court-appointed Receiver of the Receivership Entities; (ii) Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel (the "Class Representatives"), as proposed class representatives in the Class Action; and (iii) Wells Fargo Bank, N.A. (the Receiver, the Class Representatives, and Wells Fargo may be referred to as the "Parties" or individually as a "Party.") The Settlement Agreement is subject to approval by (i) the Court overseeing the Receiver to make sure the Settlement is fair and reasonable as to the receivership estate, and (ii) the Court overseeing the Class Action to make sure the Settlement is fair and reasonable as to the Class Members.

Under the terms of the Settlement, Wells Fargo agrees to pay the total sum of fifty million dollars ($50,000,000.00) (the "Settlement Payment"). In exchange for the Settlement Payment, (a) the Receiver agrees to release all claims he and the Receivership Entities may have against Wells Fargo that arise from or relate to the J&J Investment Scheme, and (b) all claims of the Class Members against Wells Fargo that arise from or relate to the J&J Investment Scheme will be released and barred.[2] The Settlement also requires entry of the Bar Order in the SEC Action that will enjoin the following persons from bringing claims against Wells Fargo arising from the J&J Investment Scheme: (1) creditors, including without limitation any non-investor creditors, lenders, or factoring companies, (2) non-class member investors, including without limitation net winning investors, and (3) persons or entities affiliated with the Receivership Entities, as set forth in the "Bar Order Notice List."

If you received this Notice, you are on the Bar Order Notice List. You have the right to exclude yourself from (or opt out of) the provisions of the Settlement. By opting out of the Bar Order, you will be excluded from the provision of the Bar Order that enjoins claims against Wells Fargo arising from the J&J Investment Scheme. If too many persons from the Bar Order Notice List opt out of the Settlement or if the Bar Order is not entered, Wells Fargo may, at its option, terminate the Settlement. In addition, you have the right to object to entry of the Bar Order. The procedures to opt out and object to the Bar Order are set forth below.

---

[2] "Releasees" is defined as "(1) Wells Fargo; (2) each of their past, present, or future subsidiaries, parent companies (including any and all of its subsidiaries and affiliates), divisions, affiliates, partners or any other organization units of any kind doing business under their names, or doing business under any other names, or any entity now or in the past controlled by, controlling, or under the common control with any of the foregoing and doing business under any other names, and each and all of their respective affiliates and subsidiaries, and each of their respective predecessors, successors, and assigns; and (3) each of the present and former officers, directors, partners, shareholders, agents, employees, attorneys (including any consultants hired by counsel), advisors, independent contractors, representatives, beneficial owners, insurers, accountants, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns of any person or entities in subparts (1) or (2) hereof. This definition specifically includes Wells Fargo and Company."

2

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

The Receiver has filed in the SEC Action a motion seeking preliminary approval of the Settlement, establishment of the procedure and requirements to notify persons who may be affected by the Settlement, and the scheduling of a hearing date for the Court to consider whether to approve the Settlement (the "SEC Final Approval Hearing"). The Class Representatives also have filed in the Class Action a motion seeking preliminary approval of the Settlement, establishment of the procedure and requirements to notify Class Members, and the scheduling of a hearing date for the Court to consider whether to approve the Settlement (the "Class Final Approval Hearing"). The Court in both cases has granted those requests and established the below dates and procedures.

**Important Dates:**

| Event | Date |
|---|---|
| Deadline to Submit Request to Opt Out of the Bar Order | |
| Deadline to Submit Written Objection to the Bar Order | |
| Final Approval Hearing in SEC Action | |
| Final Approval Hearing in Class Action | |

**Your legal rights are affected whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | If you agree to the Settlement and entry of the Bar Order, you do not need to do anything. If you do nothing and the Court approves the Settlement, including the Bar Order, you will be barred by court order from pursuing your own claims or lawsuit against Wells Fargo arising from the J&J Investment Scheme. If the Settlement is approved and Wells Fargo makes the Settlement Payment, it will be used to pay Class Members, thereby reducing the total claims against the Receivership Entities. |
| **EXCLUDE YOURSELF FROM THE BAR ORDER** | If you opt out of the Bar Order, you will retain your right to pursue the claims you may have against Wells Fargo (if any) arising from the J&J Investment Scheme. |
| **SUBMIT AN OBJECTION TO THE BAR ORDER** | You may object to the Bar Order and request that the Court not enter the Bar Order. If you object to the Bar Order but do not exclude |

3

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

| | yourself from the Bar Order, and the Court overrules your objection, you will be barred by court order from pursuing your own claims or lawsuit against Wells Fargo arising from the J&J Investment Scheme. |
|---|---|

The Court in the SEC Action must decide whether to approve the Settlement. The Court will consider whether the Settlement Agreement is adequate, fair, and reasonable. Distributions will only be made if the Court approves the Settlement and after objections, if any, are resolved.

## COMMON QUESTIONS ABOUT THE SETTLEMENT AND BAR ORDER

### 1. What does the Settlement provide?

Wells Fargo has agreed to pay $50 million under the Settlement Agreement. The Settlement Payment, less attorneys' fees and costs and the cost of administration, will be used to make distributions to Class Members.

### 2. How will the Settlement Payment be allocated?

The net proceeds from the Settlement Payment will be allocated among Class Members based on their claims against the Receivership Entities. Class Members with approved claims in the SEC Action, as well as Class Members who submit claims in response to the Settlement notices, will be eligible for payment from the Settlement Payment. The Receiver will make a pro rata distribution to the Class Members based on their net investment (total investment less returns or distributions). These payments to Class Members will reduce the total amount of claims against the Receivership Entities.

### 3. How would the Bar Order affect me?

If you do not opt out of the Bar Order, you will be barred from pursuing any claims against Wells Fargo arising from the J&J Investment Scheme. The Settlement does not affect any potential or ongoing lawsuit you may have against Wells Fargo (if any) that does not relate to the J&J Investment Scheme.

### 4. What does it mean to opt out (*i.e.*, exclude myself)?

If you do not want the Bar Order to affect your claims, if any, against Wells Fargo arising from the J&J Investment Scheme, you must submit a request. This is called "excluding yourself" or "opting out." By opting out, you are excluding yourself from the applicability of the Bar Order. However, there is no guarantee that any claim you may file separately against Wells Fargo will prevail. If you opt out, you may not object to the Settlement or Bar Order.

### 5. How do I opt out (*i.e.*, exclude myself)?

To opt out of the Settlement, you must send a written request (the "Request to Opt Out")

4

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

by mail stating that you want to be excluded from the Bar Order. Your Request to Opt Out must include the following: (a) identification of the case name for the SEC Action; (b) your name, and address,; (c) your signature; and (d) a signed statement that indicates a desire to be excluded from the Bar Order, such as "I hereby request that I be excluded from the Bar Order in the SEC Action." The Request to Opt Out must be postmarked no later than _____, and sent to:

> [Settlement Administrator]

You cannot exclude yourself on the phone. You must submit the written exclusion request via mail as noted above. If you do not properly and timely submit a Request to Opt Out, it will be invalid and may be disregarded.

### 6. If I do not opt out, can I sue Wells Fargo for the same claim later?

No, because you will be bound by the Bar Order. If you have any pending claim or intend to assert a claim against Wells Fargo arising from the J&J Investment Scheme, you may want to consult a lawyer. Remember the deadline to submit a Request to Opt Out is _____.

### 7. How do I object to the Bar Order?

If you would like to tell the Court in the SEC Action that you do not agree with entry of the Bar Order, you must submit an objection. If you wish to object to the Bar Order, you must (i) file a written objection with the Court in the SEC Action by mailing to [court address] and (ii) mail it (with the requisite postmark) to the Receiver's attorneys and Wells Fargo's attorneys at the addresses indicated in the response to Question 12 below.

All objections must be postmarked by _____, and contain:

a. the case name and number of the SEC Action;

b. your name, address, and telephone number, and the same information as to your attorney, if you are represented by counsel;

c. the basis for the objection;

d. a statement of whether you intend to appear at the Final Approval Hearing in the SEC Action, either with or without counsel;

e. the identity of all counsel who represent or have represented you, including any attorney who may be entitled to compensation for any reason related to the objection to the Settlement, Bar Order, or the fee application; and

f. the identity of all counsel who will appear on your behalf at the Final Approval Hearing in the SEC Action.

Please note that if you do not submit an objection by the time and in the manner provided above, you will be deemed to have waived the right to object (including any right to appeal) to the Bar Order. You do not need to appear at the Final Approval Hearing or take any other action to indicate your objection or approval.

5

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

8. **When and where will the Court decide whether to approve the Settlement and enter the Bar Order?**

The Court in the SEC Action will hold a hearing to decide whether to approve the Settlement, enter the Final Approval Order, and enter the Bar Order. The Court will hold the Final Approval Hearing on the Settlement at _____, on _____, in Courtroom ___ of the United States District Court for the District of Nevada, Las Vegas Division, 333 Las Vegas Boulevard South, Las Vegas, NV 89101. At the hearing, the Court will consider whether the Settlement is fair, adequate, and reasonable, as well as any objections to the Settlement, and consider whether the enter the Bar Order.

9. **Do I need to go to the Final Approval Hearing?**

No. If you submit an objection, you do not have to go to the Court to talk about it. As long as your written objection is received on time, the Court will consider it. If you timely and properly submit a Request to Opt Out, you do not need to confirm that with the Court either.

10. **How can my counsel or I appear at the Final Approval Hearing in the SEC Action?**

If you wish to make an appearance at the Final Approval Hearing, either on your own or through an attorney, you must make a request to do so, and it is subject to Court approval. To appear, you must file with the Clerk of the Court in the SEC Action a "Notice of Intention to Appear" and serve that notice on the Receiver's attorneys and Wells Fargo's attorneys at the addresses indicated in the response to Question 12 below. Your or your attorney's Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that you will present to the Court. Your Notice of Intention to Appear must also be filed and served by _____.

11. **How do I get more information about the Settlement and Bar Order?**

This Notice does not provide all the details of the Settlement and the Bar Order. For further information, you can obtain copies of the Settlement Agreement, the proposed Bar Order, the motions seeking approval of the Settlement, and other supporting papers from the Receiver's website (https://jjconsulting-receivership.com/). Copies of these documents may also by requested by e-mail, by sending the request to _____; or by telephone, by calling _____.

12. **What is the contact information for the Receiver's Counsel and Wells Fargo's Counsel for purposes of the Settlement?**

Receiver Counsel

| | |
|---|---|
| Jeffrey C. Schneider, Esq. | Jarrod L. Rickard, Esq. |
| Jason K. Kellogg, Esq. | Katie L. Cannata, Esq. |
| Marcelo Diaz-Cortes, Esq. | SEMENZA KIRCHER RICKARD |
| | 10161 Park Run Drive, Suite 150 |

6

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

LEVINE KELLOGG LEHMAN
SCHNEIDER & GROSSMAN LLP
100 SE 2nd Street
Miami Tower, 36th Floor
Miami, FL 33131
jcs@lklsg.com
jk@lklsg.com
md@lklsg.com

Las Vegas, Nevada 89145
jlr@skrlawyers.com
klc@skrlawyers.com

Well Fargo Counsel

K. Issac deVyver, Esq.
Karla L. Johnson, Esq.
McGUIREWOODS LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
kdevyver@mcguirewoods.com
kjohnson@mcguirewoods.com

Alicia A. Baiardo, Esq.
McGUIREWOODS LLP
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111
abaiardo@mcguirewoods.com

Anthony Q. Le, Esq.
Molly M. White, Esq.
McGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
ale@mcguirewoods.com
mwhite@mcguirewoods.com

Joseph G. Went, Esq.
Nevada Bar No. 9220
Sydney R. Gambee
Nevada Bar No. 14201
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
jgwent@hollandhart.com
srgambee@hollandhart.com

7

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

# Exhibit 4

# SEC Preliminary Approval Order

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.: 2:22-cv-00612-CDS-EJY |
| Plaintiff, | |
| vs. | |
| MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICE, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; and ROLAND TANNER; | |
| Defendants. | |
| THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC; | |
| Relief Defendants. | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, BAR ORDER, AND PROVIDING FOR NOTICE**

WHEREAS, the above-captioned matter is pending before this Court;

WHEREAS, on or about June 3, 2022, and as amended on or about July 28, 2022, Geoff Winkler (the "Receiver") was appointed in this action as Receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada Corporation; and J and J Purchasing LLC, a Florida limited liability company relating to the Ponzi scheme perpetrated by Jeffrey Judd and Matthew Beasley (Dkt. Nos. 88, 207);

1

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

WHEREAS, the case captioned *Geoff Winkler, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada Corporation; and J and J Purchasing LLC, a Florida limited liability company v. Wells Fargo Bank, N.A.*, Case No. 2:23-cv-00703 was filed on or about May 4, 2023 and is pending in the United States District Court for the District of Nevada (the "Receiver Action");

WHEREAS, the Receiver has moved for an order approving settlement of the Receiver Action , in accordance with the Settlement Agreement and Release dated _____, 2026 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Receiver Action and for dismissal of the Receiver Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and the exhibits Annexed thereto;

WHEREAS, all defined terms herein have the same meanings as set forth in the Agreement;

WHEREAS, the Court has reviewed the Receiver's Motion for Preliminary Approval and supporting brief requesting that this Court: (1) preliminarily approve the parties' proposed settlement; (2) preliminarily approve the Bar Order; (3) appoint _____ as the Settlement Administrator; (4) set the deadlines for written exclusion or objections to the Bar Order; (5) approve the form of Bar Order Notice to be sent to the Bar Order Notice List; and (6) schedule a hearing on the final approval of the Agreement for _____, 2026.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **<u>Nature of the Action.</u>**  The Receiver alleges that Defendant Wells Fargo Bank, N.A., ("Wells Fargo" or "Defendant") (1) aided and abetted breach of fiduciary duty; (2) aided and abetted fraud; and (3) aided and abetted conversion; and (5) violated of the Nevada Uniform

2

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Fiduciaries Act arising out of the alleged Ponzi scheme perpetrated by Judd and Beasley. Defendants dispute and deny all of Plaintiff's claims.

2. **Settlement.**  The Receiver has negotiated a potential settlement of the Receiver Action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Agreement) against Defendant and the Releasees.   The Agreement is contingent on the issuance of a Bar Order, and Wells Fargo has the option to terminate the Settlement pursuant to the terms set forth in the confidential side agreement referenced in Section 13 of the Agreement.

3. **Review.**  At the preliminary approval stage, the Court's task is to evaluate whether the settlement is fair, adequate, and reasonable for purposes of Receivership recovery.

The Court has carefully reviewed the Agreement, including the proposed Bar Order, as well as the files, records, and proceedings to date in the Receiver Action.  The terms and conditions in the Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized items in this Order shall have the meanings attributed to them in the Agreement.

4. **Jurisdiction.**  This Court has jurisdiction over the subject matter of the Receiver Action and over all parties to the Receiver Action and this Action, including all of those on the Bar Order Notice List, and venue in this Court is proper.

5. **Preliminary Settlement Approval.**  Based on the review the Court has conducted, as set forth in paragraph 3, the Court does hereby preliminarily approve the Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below. The Court finds on a preliminary basis that the Settlement as set forth in the Agreement falls within the range of reasonableness and was the

3

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval. The Court finds and concludes that the assistance of experienced mediator Robert Meyer, Esq. in the settlement process supports the finding that the Settlement is non-collusive.

6.    **Approval of Bar Order.**  Pursuant to due process, Court conditionally approves the Bar Order, which is an order enjoining (1) creditors, (2) non-class member investors, and (3) persons or entities affiliated with the Receivership Entities from bringing any further claims against Wells Fargo arising out of the J&J Investment Scheme, for settlement purposes only, (and for no purposes and with no other effect upon the Receiver Action or this Action, including no effect upon the Receiver Action should the Agreement not receive Final Approval or should the Effective Date not occur).  The Bar Order includes the persons and entities on the Bar Order Notice List and does not include any individual who validly opts out of the Bar Order pursuant to the procedures set forth herein.

7.    **Final Approval Hearing.**  A hearing (the "SEC Final Approval Hearing") shall be held before this Court on _____, 202__, at _____ .m., at the United States District Court for the District of Nevada, 333 Las Vegas Blvd South, Las Vegas, Nevada 89101 to determine, among other things: (i) whether the proposed Settlement of the Receiver Action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate and should be approved by the Court; (ii) whether a Judgment as provided in Paragraph 1.34 of the Agreement should be entered; (iii) whether member of the Bar Order Notice List should be bound by the Release set forth in the Agreement; (iv) to consider any objections to the Bar Order by members of the Bar Order Notice List; and (vi) to rule upon such other matters as the Court may

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

deem appropriate.  The Parties shall include the date of the Final Approval Hearing in the Bar Order Notice to be mailed to those on the Bar Order Notice List.

8.  **Bar Order Notice.**  The Court approves the form, substance, and requirements of the Bar Order Notice (the "Notice") annexed hereto as **Exhibit 1**. The Court further finds that the form, content, and distribution of the Notice, substantially in the manner and form set forth in Paragraph 8 of this Order, meets the requirements of due process.  The Bar Order Notice fairly, plainly, accurately, and reasonably informs members of the Bar Order Notice List of appropriate information about: (1) the nature of this action and the essential terms of the Settlement, including the plan of allocation for the monetary and other relief, and includes the address for a website maintained by the Receiver that has links to the notice, motions for approval and for attorney's fees, claim form, and any other important documents in this case; (2) this Court's procedures for final approval of the Settlement; (3) how to Opt-Out or Object to the Bar Order; (4) how to obtain additional information regarding the Receiver Action and the Settlement; and (5) the date of the SEC Final Approval Hearing.

The Court further finds and concludes that the proposed plan for distributing the Bar Order Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Bar Order. Under this plan, prior to distributing the Bar Order Notice and after receiving a Bar Order Notice List from the Receiver, the Settlement Administrator will update addresses through the NCOA or similar databases. After the Settlement Administrator updates the Bar Order Notice List addresses, the Notice will be sent out via first-class mail to the members of the Bar Order Notice. No later than the mailing of the Notice, the Notice will be posted to the Settlement Website. There is no additional method of distribution that is cost-effective and would be reasonably likely

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

to notify members of the Bar Order Notice List who may not receive notice under this proposed distribution plan.

The Court hereby concludes that the proposed Bar Order Notice and Notice plan are the best practicable under the circumstances and are reasonably calculated, under all the circumstances, to apprise members of the Bar Order Notice List of the pendency of the Receiver Action, to apprise persons who would otherwise fall within the definition of the Bar Order of their right to exclude themselves from the proposed Bar Order, and to apprise members of the Bar Order Notice List of their right to object to the proposed Bar Order and their right to appear at the SEC Final Approval Hearing. The Court further finds that the Notice constitutes due and sufficient notice to all persons entitled thereto.

9. **Settlement Administrator.** The Court approves the appointment of Stretto, Inc. to supervise and administer the notice procedure as more fully set forth below:

a) No later than thirty days from the entry of this Order (the "Bar Order Notice Mailing Date") and the Class Notice Mailing Date in the Class Action (whichever is later), the Settlement Administrator shall cause a copy of the Bar Order Notice, substantially in the form annexed as Exhibit 1 hereto, to be mailed by first class U.S. mail to the last known mailing address of each individual on the Bar Order Notice List, after being updated by the Settlement Administrator using the NCOA or similar databases;

b) No later than the Bar Order Notice Mailing Date, the Receiver shall update his receivership website (https://jjconsulting-receivership.com/) to contain the Agreement and Exhibits, including the Bar Order Notice substantially in the form annexed as Exhibit 1 hereto, as well as this SEC Preliminary Approval Order, the SEC Final Approval Order, the operative Complaint in the Receiver Action, and the Motion for Preliminary Approval in this Action;

6

**Page 116**

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

c) The Receiver shall provide counsel with written confirmation following publication via website;

d) Following the mailing of the Bar Order Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing;

e) The Settlement Administrator shall otherwise carry out its duties as set forth in the Agreement; and

f) The Bar Order Notice List shall be treated as Confidential pursuant to Section 18 of the Settlement Agreement.

10. **Qualified Settlement Fund.** The Receiver is authorized to establish an account at a federally-insured financial institution which satisfies the requirements to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1, promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. As set forth in the Settlement Agreement, the Settlement Administrator will administer the Settlement Fund and will be the "Administrator" of this Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3). The Receiver shall establish or maintain a Qualified Settlement Fund in accordance with the terms of the Settlement Agreement.

11. **Exclusion from the Bar Order.** Any member of the Bar Order Notice List may, upon request, be excluded from the Bar Order. Any such member of the Bar Order Notice List must submit a written Request to Opt Out to the Settlement Administrator at the mailing address listed in the Bar Order Notice no later than sixty days after the Bar Order Notice Mailing Date. To be valid, the Request to Opt Out must: (a) identify the case name; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Bar Order, such as "I

7

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

hereby request that I be excluded from the proposed Bar Order in the SEC Action," as set forth in Section 11 of the Agreement. All members of the Bar Order Notice List who submit valid, verified, and timely Requests to Opt Out in the manner set forth in this Paragraph shall have no rights under the Agreement and shall not be bound by the Agreement or any Final Judgment. Mass or class opt outs shall not be allowed. A member of the Bar Order Notice List who desires to opt out must make timely affirmative written action pursuant to this Order and the Agreement, even if the person desiring to opt out of the Bar Order (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

12. **Copies of Requests to Opt Out.** The Settlement Administrator shall provide Receiver Counsel and Wells Fargo's Counsel with a list of all timely Requests to Opt Out on a rolling basis and within seven business days after the Opt Out Deadline.

13. **Entry of Appearance.** Any member of the Bar Order Notice List who does not exclude himself or herself from the Bar Order may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice.

14. **Binding Effect.** All Members of the Bar Order Notice List who do not exclude themselves from the Bar Order by properly and timely submitting a Request to Opt Out shall be bound by the Bar Order.

15. **Objections.** Any member of the Bar Order Notice List who does not timely and validly exclude himself or herself from the Bar Order may appear and show cause, if he or she has any reason to object to the Bar Order; provided, however, that no member of the Bar Order Notice List shall be heard or entitled to contest the approval of the terms and conditions of the proposed Bar Order, or, if approved, the Final Judgment to be entered thereon approving the same, unless a

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

written objection is sent to the Clerk of Court at the mailing address listed in the Bar Order Notice no later than sixty days after the Bar Order Notice Mailing Date.  The written objection must also be mailed to Receiver Counsel and Defense Counsel no later than sixty days after the Bar Order Notice Mailing Date. To be valid, the written objection must include: (a) the case name and number; (b) the name, address, telephone number of the member of the Bar Order Notice List objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; and (d) a statement of whether he/she intends to appear at the SEC Final Approval Hearing, either with or without counsel; (e) the identity of all counsel who represent the objector, including any former or current counsel who previously represented the objector and may be entitled to compensation for any reason related to the objection to the Settlement or the fee application; and (f) the identity of all counsel representing the objector who will appear at the SEC Final Approval Hearing.

Within seven (7) business days of the Bar Order Objection Deadline, the Settlement Administrator shall provide a report to the Court setting forth a list of Objections that meet the above guidelines.  The Court shall have the ultimate determination of whether an Objection has been appropriately made.  Any member of the Bar Order Notice List who does not make his or her objection in the manner provided in this Section shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Bar Order at the SEC Final Approval Hearing, and shall be foreclosed from making any objection to the Bar Order, unless otherwise ordered by the Court.

16.    **Appearance of Objectors at Final Approval Hearing**.  Any member of the Bar Order Notice List who files and serves a written objection in accordance with Paragraph 14 of this Order may appear, in person or by counsel, at the SEC Final Approval Hearing held by the Court, to show cause why the proposed Bar Order should not be approved as fair, adequate, and

9

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

reasonable, but only if the objector files with the Clerk of Court a notice of intention to appear at the Final Approval Hearing and serves the same on all counsel designated in the Bar Order Notice by the Objection Deadline ("Notice of Intention to Appear"). The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting member of the Bar Order Notice List will present to the Court in connection with the SEC Final Approval Hearing. Any member of the Bar Order Notice List who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Bar Order Notice shall not be entitled to appear at the SEC Final Approval Hearing and raise any objections.

17. **Service of Motion for Final Approval.** The motion in support of final approval of the Settlement shall be filed and served no later than fourteen days prior to the SEC Final Approval Hearing.

18. **Releases.** If the Bar Order is finally approved, the Releasors and members of the Bar Order Notice List shall release the Releasees from the Released Claims.

19. **Use of Order.** Neither this Order, the fact that settlement was reached and filed, the Agreement, nor any other related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants, the Class Representatives, or the Settlement Class Members. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to in any way be used, offered, admitted, or referred to in the Receiver Action, in any other action, or in any judicial, administrative, regulatory,

10

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

arbitration, or other proceeding, by any person or entity, except by the Parties and only by the Parties in a proceeding to enforce the Agreement.

20. **Continuance of SEC Final Approval Hearing.** The Court reserves the right to continue the date of the SEC Final Approval Hearing without further notice to the members of the Bar Order Notice List, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement and Bar Order. The Court may approve the Settlement and Bar Order with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the members of the Bar Order Notice List.

21. **Stay of Proceedings.** All proceedings in the Receiver Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

22. **Temporary Bar for those on the Bar Order Notice List.** Pending final determination of whether the Bar Order should be approved, and upon expiration of the Opt-Out Deadline, all members of the Bar Order Notice List who do not timely and validly exclude themselves from the Bar Order, and each of them, and anyone who purports to act on their behalf, are barred from directly or indirectly maintaining, commencing, prosecuting, or pursuing directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Agreement, including in any court or arbitration forum.

23. **Termination of Settlement.** If: (a) the Agreement is terminated as provided in Section 13 of the Agreement; or (b) any specified material term or condition of the Settlement as set forth in the Agreement is not satisfied as provided in Section 13 of the Agreement, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated, *nunc pro tunc* (except Paragraph 19 of this Order shall

11

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

remain in effect), and each party shall be restored to his, her, or its respective position in this Action as its existed prior to the execution of the Agreement.

24. **No Merits Determination.**  By entering this Order, the Court does not make any determination as to the merits of the Receiver Action.

25. **Authority.**  The Court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Agreement.

26. **Jurisdiction.**  The Court retains exclusive jurisdiction over the Receiver Action to consider all further matters arising out of or connected with the Agreement, the Settlement, and the Bar Order.

**IT IS SO ORDERED.**                    **BY THE COURT:**

_____

**Hon. Cristina D. Silva**

12

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

# Exhibit 5

## Class Final Approval Order

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re J&J Investment Litigation* | Case No.: 2:22-cv-00529-GMN-NJK |

**[PROPOSED] FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court dated

_____, 202_, on the application of the Parties for approval of the Settlement as set

forth in the Settlement Agreement and Release dated _____, 2026 (the "Agreement").

On _____, 2026, this Court granted preliminary approval to the proposed class action

settlement set forth in the Agreement between (i) Barrett Henzel, Allan Carso, Craig Rodney

Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel, individually

and as Class Representatives on behalf of the Settlement Class (the "Class Representatives"), (ii)

Geoff Winkler, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska

corporation; J&J Consulting Services, Inc., a Nevada Corporation; and J and J Purchasing LLC, a

Florida limited liability company; (the "Receiver") and (3) Defendant Wells Fargo Bank, N.A.

("Defendant") and collectively, (the "Parties"). This Court also provisionally certified the Class

for settlement purposes, approved the procedure for giving Class Notice to members of the Class,

and set a Final Approval Hearing to take place on _____, 2026. The Court finds that

1

**Page 124**

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

due and adequate notice was given to the Settlement Class as required in the Court's Order Preliminarily Approving Settlement and Providing for Class Notice.

The Court has reviewed the papers filed in support of the Motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda, and arguments submitted on behalf of the Settlement Class, and supporting affidavits.

On _____, 202____, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and (4) any award to the Class Representative for his representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     **Definitions.**   This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2.     **Jurisdiction.**   This Court has jurisdiction over the subject matter of the Class Action and over the Parties, the Class, and the claims asserted in this Class Action, and venue in this Court is proper.

3.     **No Merits Determination.**   By entering this Order, the Court does not make any determination as to the merits of this case.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

4.      **Settlement Class.**  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this Class Action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement, in the best interests of the Settlement Class, in light of the factual, legal, practical and procedural considerations raised by this case, with the Settlement Class comprised of:

All natural and legal persons who invested in a J&J Entity lawsuit settlement contract between January 2017 and March 2022 and who incurred a loss of their principle investment (in whole or in part) as determined by the Receiver pursuant to his court-appointed duties and as identified in the Receiver's official records submitted to the Court in the SEC Action.  Excluded from the class are Wells Fargo and the Relevant Non-Parties as defined in the Class Action Complaint; their parents, affiliates, subsidiaries, legal representatives, predecessors, successors, assigns, and employees; and any judge to whom the Class Action or Receiver Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

The Class does not include any individual who validly opts out of the Settlement pursuant to the procedures set forth herein.

Having considered the Parties' briefing and hearings before the Court, the Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(a) and (b)(3) is appropriate in that, in the settlement context: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative will fairly and adequately represent and protect the interests of the Class Members because their interests are co-extensive with those of the Class Members, and they

**Page 126**

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

have retained experienced counsel to represent them and the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.        **Designation of Class Representatives and Class Counsel.**  The Court confirms the prior appointments of Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel as the Class Representatives for the Class and the counsel of record representing the Class Representatives in the Class Action as Class Counsel.

6.        **Settlement Approval.**  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Parties. The Court further finds that the Settlement set forth in the Agreement is the result of a good faith arm's-length negotiation between experienced counsel representing the interests of the Parties, with the assistance of Robert Meyer, Esq. through mediation. Accordingly, the Settlement embodied in the Agreement is hereby finally approved in all respects, there is no just reason for delay, and the parties are hereby directed to perform its terms. The terms and conditions of the Settlement Agreement are fully incorporated as through fully set forth in this Order.

7.        **Settlement Fund and Distribution.**  A Settlement Fund has been created consisting of the $50,000,000 Settlement Amount. The Settlement Fund shall be used to pay Settlement Class Members, Incentive Payments to the Class Representatives, Settlement Administrator's costs associated with administration of the settlement, and Attorneys' Fees and Expenses incurred by the Settlement Class through Class Counsel as set forth herein and in the Settlement Agreement.  Following Wells Fargo's payment to the Settlement Fund and such potential amounts as described in this Paragraph, Wells Fargo shall have no responsibility, financial obligation or liability with respect to the Settlement Fund, the notice process, the

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

distributions to Settlement Class Members, the request and award of Attorneys' Fees and Expenses, or any other aspect of implementing the Settlement Agreement.

8.     **Dismissal with Prejudice.**  Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Class Action are hereby dismissed in their entirety with prejudice and without costs consistent with the terms of the Class Action Settlement Agreement and Release. All claims in the Class Action are dismissed, and the case shall be closed pursuant to Paragraph 24 of this Order. Nothing herein is intended to waive or prejudice the rights of any Class Members who have timely excluded themselves from the Class. This matter will remain open solely to ensure an orderly administration process.

9.     **Releases.**  The releases as set forth in Section 10 of the Agreement together with the definitions relating thereto in Paragraphs 1.45, 1.46, 1.47, and 1.62 are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section 10 of the Agreement, including but not limited to the definitions of Released Claims, Releasors, Releasees, and Unknown Claims. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims and Unknown Claims against the Releasees.

10.     **Permanent Bar.** Consistent with the terms of the Class Action Settlement Agreement and Release, the Releasors, including the Class Representatives and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims. The Releasors further are forever barred from organizing the Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Member but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

11.     **Permanent Injunction Regarding Releases**.    The terms of the Settlement Agreement and of this Order shall be forever binding on the Class Releasors and Defendants, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve the Released Claims.

12.     **Approval of Class Notice**.    Upon the Affidavits of _____ of Stretto, Inc., the Settlement Administrator, and Geoff Winkler, as Receiver, the Court finds that the form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

13.     **Attorneys' Fees and Expenses**.    Plaintiffs, Class Counsel, and Receiver Counsel have moved for an award of attorneys' fees, costs, and expenses in the amount of $_____. The Court finds that an award of $_____ in attorneys' fees and $_____ for reimbursement of expenses is fair and reasonable, and the Court approves of

**Page 129**

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Class Counsel's attorney's fees and expenses in this amount. The Court directs the Settlement Administrator to disburse these funds as provided in the Settlement Agreement.

14. **<u>Class Representatives Service Awards.</u>** The Court further finds that service awards for the Class Representatives in the amount of \$_____ each is fair and reasonable, and the Court approves of the service award in this amount. The Court directs the Settlement Administrator to disburse this award to the Class Representatives as provided in the Settlement Agreement.

15. **<u>Use of Order.</u>** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendant, the Class Representative, or the Settlement Class Members. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

16. **<u>Continuing Jurisdiction.</u>** Without affecting the finality of this Judgment in any way, the Court hereby specifically retains exclusive jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order entered in this Action.

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

17. **Termination of Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 13 of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Class shall be automatically vacated, and this Judgment shall be rendered null and void (except Paragraph 15 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in any such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

18. **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Agreement.

19. **Claim Review and Deficiency Process.** The Settlement Administrator and Receiver shall validate each Claim as directed in Section 5 of the Agreement. Full compliance with the requirements of the terms of the Agreement and the Claim Form shall be necessary for the submission of a claim entitled to distribution. The Settlement Administrator and Receiver shall have the authority to determine whether the submission of a Claim Form is complete and timely. The Settlement Administrator's and Receiver's determinations in this regard shall be final and non-appealable. Any Settlement Class Member whose claim is rejected shall be barred from receiving payment under the Settlement for that claim but shall in all other respects be bound by the terms of the Agreement and by this Order.

20. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

21. **Class Notice List.** Within 30 days after the Effective Date, the Receiver, with the assistance of the Settlement Administrator, shall file with this Court, *ex parte* and under seal (in order to protect the names, addresses and other personal information of Class Members), a list of

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

the names and addresses of all Members of the Class to whom Notice was sent, along with a list of all Class Members who excluded themselves from the Settlement pursuant to the opt-out provisions provided herein.

22.    **Final Accounting.**  The Settlement Administrator or Receiver will provide to Class Counsel, and Class Counsel will file with the Court, a final accounting within 150 days after the Distribution Date as defined in the Agreement. The final accounting will include a summary of all distributions from the Settlement Fund.

23.    **Class Action Fairness Act ("CAFA") Notice.**  The Settlement Administrator has served the CAFA Notice of Proposed Settlement and Defendants have complied in all respects with their obligations under 28 U.S.C. § 1715.

24.    **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

25.    **Action Closed.**  All claims against the Defendant are hereby dismissed with prejudice. This case shall remain open for administrative matters only.  The District Court Clerk is hereby directed to close the Action.


**IT IS SO ORDERED.**                           **BY THE COURT:**

_____

**Hon. Gloria M. Navarro**

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

# Exhibit 6

# SEC Final Approval Order

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> MATTHEW WADE BEASLEY; BEASLEY LAW GROUP PC; JEFFREY J. JUDD; CHRISTOPHER R. HUMPHRIES; J&J CONSULTING SERVICES, INC., an Alaska Corporation; J&J CONSULTING SERVICE, INC., a Nevada Corporation; J AND J PURCHASING LLC; SHANE M. JAGER; JASON M. JONGEWARD; DENNY SEYBERT; and ROLAND TANNER; <br><br> Defendants. <br><br> THE JUDD IRREVOCABLE TRUST; PAJ CONSULTING INC; BJ HOLDINGS LLC; STIRLING CONSULTING, L.L.C.; CJ INVESTMENTS, LLC; JL2 INVESTMENTS, LLC; ROCKING HORSE PROPERTIES, LLC TRIPLE THREAT BASKETBALL, LLC; ACAC LLC; ANTHONY MICHAEL ALBERTO, JR.; and MONTY CREW LLC; <br><br> Relief Defendants. | Case No.: 2:22-cv-00612-CDS-EJY |

[PROPOSED] FINAL JUDGMENT, BAR ORDER AND
ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court dated

_____, 2026, on the application of the Parties for approval of the Settlement and Bar

Order as set forth in the Settlement Agreement and Release dated _____, 2026 (the

"Agreement"). On _____, 2026, this Court granted preliminary approval to the

proposed settlement set forth in the Agreement between (i) Barrett Henzel, Allan Carso, Craig

Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel,

individually and as Class Representatives on behalf of the Settlement Class (the "Class

1

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

Representatives"), (ii) Geoff Winkler, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada Corporation; and J and J Purchasing LLC, a Florida limited liability company; (the "Receiver") and (3) Defendant Wells Fargo Bank, N.A. ("Defendant") and collectively, (the "Parties"). This Court also provisionally approved the Settlement, approved the procedure for giving Bar Order Notice to those on the Bar Order Notice List, and set an SEC Final Approval Hearing to take place on _____, 2026. The Court finds that due and adequate notice was given to those on the Bar Order Notice list as required in the Court's Order Preliminarily Approving Settlement and Providing for Bar Order Notice.

The Court has reviewed the papers filed in support of the Motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda, and arguments submitted on behalf of the Receiver, and supporting affidavits.

On _____, 202____, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Receiver's Released Claims on the merits and with prejudice; (3) whether the Bar Order should be entered.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Receivership, and the Bar Order should be entered.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    **Definitions.**   This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

2.      **Jurisdiction.**  This Court has jurisdiction over the subject matter of the Receiver Action and over the Parties, and the claims asserted in this Receiver Action, and venue in this Court is proper.

3.      **No Merits Determination.**  By entering this Order, the Court does not make any determination as to the merits of this case.

4.      **Bar Order.**  The Court approves the Bar Order in accordance with due process. The Bar Order permanently enjoins (1) creditors, including without limitation any non-investor creditors, lenders, or factoring companies, (2) non-class member investors, including without limitation net winning investors, and (3) persons or entities affiliated with the Receivership Entities, as set forth on the Bar Order Notice List, from bringing any claims against Wells Fargo arising out of the J&J Investment Scheme.  The Bar Order does not include any individual who validly opted out of the Bar Order pursuant to the procedures set forth in the SEC Preliminary Approval Order.

5.      **Settlement Approval.**  This Court hereby approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate as to the Receivership. The Court further finds that the Settlement set forth in the Agreement is the result of a good faith arm's-length negotiation between experienced counsel representing the interests of the Parties, with the assistance of Robert Meyer, Esq. through mediation. Accordingly, the Settlement embodied in the Agreement is hereby finally approved in all respects, there is no just reason for delay, and the parties are hereby directed to perform its terms. The terms and conditions of the Settlement Agreement are fully incorporated as through fully set forth in this Order.

6.      **Settlement Fund and Distribution.**  A Settlement Fund has been created consisting of the $50,000,000 Settlement Amount. Following Wells Fargo's payment to the Settlement Fund, Wells Fargo shall have no responsibility, financial obligation or liability with

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

respect to the Settlement Fund, the Bar Order Notice process, the distributions from the Settlement Fund, or any other aspect of implementing the Settlement Agreement.

7.    **Dismissal with Prejudice.**  Final Judgment is hereby entered with respect to the Released Claims of the Receiver, on his own behalf and on behalf of the Receivership Entities, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them in the Receiver Action are hereby dismissed in their entirety with prejudice and without costs consistent with the terms of the Settlement Agreement and Release. All claims in the Receiver Action are dismissed, and the Receiver shall ensure that the Receiver Action be dismissed and closed. Nothing herein is intended to waive or prejudice the rights of any members of the Bar Order Notice List who have timely excluded themselves from the Class. This Final Judgment shall be filed in the Receiver Action within five days of this Order.

8.    **Releases.**  The releases as set forth in Section 10 of the Agreement together with the definitions relating thereto in Paragraphs 1.45, 1.46, 1.47, and 1.62 are expressly incorporated herein in all respects and made effective by operation of this Judgment.  The Court hereby approves the release provisions as contained and incorporated in Section 10 of the Agreement, including but not limited to the definitions of Released Claims, Releasors, Releasees, and Unknown Claims. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims and Unknown Claims against the Releasees.

9.    **Permanent Bar.**  Consistent with the terms of the Settlement Agreement and Release, the Releasors, including the Receiver, on behalf of the Receivership Entities, all members of the Bar Order Notice List, and anyone claiming through or on behalf of any of them, are forever barred from filing, commencing, prosecuting, intervening in, or participating in (as class members

4

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

or otherwise) any action in any jurisdiction for the Released Claims. The Releasors further are forever barred from organizing the Releasors, or soliciting the participation of Releasors, or persons who would otherwise fall within the definition of Releasors but who have requested to be excluded, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

10.     **Permanent Injunction Regarding Releases.**  The terms of the Settlement Agreement and of this Order shall be forever binding on the Releasors, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve the Released Claims.

11.     **Approval of Bar Order Notice.**  Upon the Affidavits of _____ of Stretto, Inc. the Settlement Administrator, and Geoff Winkler, as  Receiver, the Court finds that the form and means of disseminating the Bar Order Notice as provided for in the Order Preliminarily Approving Settlement, Bar Order, and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Bar Order Notice List who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

12.     **Use of Order.**  Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability

5

**Page 138**

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

or wrongdoing whatsoever or breach of any duty on the part of Defendants, the Receiver, or the Receivership Entities. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Receiver Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Receiver Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

13.    **Continuing Jurisdiction.**  Without affecting the finality of this Judgment in any way, the Court hereby specifically retains exclusive jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order entered in the Receiver Action.

14.    **Termination of Settlement.**  In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 13 of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, and this Judgment shall be rendered null and void (except Paragraph 12 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in any such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

15.    **Implementation of the Agreement.**  The Parties are hereby authorized to implement the terms of the Agreement.

6

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

16.    **Reasonable Extensions.**  Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

17.    **Bar Order Notice List.**  Within 30 days after the Effective Date, the Receiver, with the assistance of the Settlement Administrator, shall file with this Court, *ex parte* and under seal (in order to protect the names, addresses and other personal information of member of the Bar Order Notice List), a list of the names and addresses of all members of the Bar Order Notice List to whom Bar Order Notice was sent, along with a list of all members of the Bar Order Notice List who excluded themselves from the Settlement pursuant to the opt-out provisions provided herein.

18.    **Final Accounting.**  The Settlement Administrator will provide to the Receiver, and Receiver will file with the Court, a final accounting within 150 days after the Distribution Date. The final accounting will include a summary of all distributions from the Settlement Fund.

19.    **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.


IT IS SO ORDERED.                    BY THE COURT:


_____

**Hon. Cristina D. Silva**

7

Document Ref: E9Z83-S8MQC-3PD2K-QVJPE

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**E9Z83-S8MQC-3PD2K-QVJPE**

DOCUMENT COMPLETED BY ALL PARTIES ON
**21 APR 2026 21:05:22
UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **JOSHUA LUEKENGA**<br><br>EMAIL<br>**LUKEAUD@GMAIL.COM**<br><br>SHARED VIA<br>**LINK** | SENT<br>**10 APR 2026 21:52:37**<br><br>VIEWED<br>**11 APR 2026 02:47:24**<br><br>SIGNED<br>**11 APR 2026 02:49:35** | *Joshua Luekenga*<br><br>IP ADDRESS<br>**67.2.18.111**<br><br>LOCATION<br>**HERRIMAN, UNITED STATES** |
| **BARRETT HENZEL**<br><br>EMAIL<br>**BMATHMAN@GMAIL.COM**<br><br>SHARED VIA<br>**LINK** | SENT<br>**10 APR 2026 21:52:37**<br><br>VIEWED<br>**10 APR 2026 22:30:38**<br><br>SIGNED<br>**12 APR 2026 00:00:07** | <br><br>IP ADDRESS<br>**98.162.85.3**<br><br>LOCATION<br>**LAS VEGAS, UNITED STATES** |

 **Signed with PandaDoc**



**Page 141**

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**E9Z83-S8MQC-3PD2K-QVJPE**

DOCUMENT COMPLETED BY ALL PARTIES ON
**21 APR 2026 21:05:22
UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **RODNEY MICHAELIS** <br><br> EMAIL <br> **RMICHAELIS@PROLANDLLC.COM** <br><br> SHARED VIA <br> **LINK** | SENT <br> **10 APR 2026 21:52:37** <br><br> VIEWED <br> **12 APR 2026 00:07:03** <br><br> SIGNED <br> **12 APR 2026 00:22:10** | *Rodney Michaelis* <br><br> IP ADDRESS <br> **209.107.214.228** <br><br> LOCATION <br> **SEATTLE, UNITED STATES** |
| **ALLAN CARSO** <br><br> EMAIL <br> **ACARSO@COX.NET** <br><br> SHARED VIA <br> **LINK** | SENT <br> **10 APR 2026 21:52:37** <br><br> VIEWED <br> **15 APR 2026 16:39:06** <br><br> SIGNED <br> **15 APR 2026 17:12:45** | *Allan Carso* <br><br> IP ADDRESS <br> **70.180.219.112** <br><br> LOCATION <br> **LAS VEGAS, UNITED STATES** |

 **Signed with PandaDoc**



# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**E9Z83-S8MQC-3PD2K-QVJPE**

DOCUMENT COMPLETED BY ALL PARTIES ON
**21 APR 2026 21:05:22
UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **BRYCE KELLY** <br><br> EMAIL <br> **BRYCEK3@GMAIL.COM** <br><br> SHARED VIA <br> **LINK** | SENT <br> **10 APR 2026 21:52:37** <br><br> VIEWED <br> **11 APR 2026 00:58:26** <br><br> SIGNED <br> **17 APR 2026 19:58:55** | *Bryce Kelly* <br><br> IP ADDRESS <br> **98.97.32.115** <br><br> LOCATION <br> **SEATTLE, UNITED STATES** |
| **GARY LUNDIN** <br><br> EMAIL <br> **GARYLUNDIN@GMAIL.COM** <br><br> SHARED VIA <br> **LINK** | SENT <br> **10 APR 2026 21:52:37** <br><br> VIEWED <br> **17 APR 2026 00:08:26** <br><br> SIGNED <br> **18 APR 2026 20:47:56** | *Gary Lundin* <br><br> IP ADDRESS <br> **192.74.128.149** <br><br> LOCATION <br> **LEHI, UNITED STATES** |



**Signed with PandaDoc**

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**E9Z83-S8MQC-3PD2K-QVJPE**

DOCUMENT COMPLETED BY ALL PARTIES ON
**21 APR 2026 21:05:22
UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
| --- | --- | --- |
| **CLINT MCDANIEL**<br><br>EMAIL<br>**CLINT@SOUTHCOASTDOOR.COM**<br><br>SHARED VIA<br>**LINK** | SENT<br>**10 APR 2026 21:52:37**<br><br>VIEWED<br>**21 APR 2026 20:06:03**<br><br>SIGNED<br>**21 APR 2026 20:06:29** | *Clint McDaniel*<br><br>IP ADDRESS<br>**99.114.167.189**<br><br>LOCATION<br>**ANAHEIM, UNITED STATES** |
| **DAN MCDANIEL**<br><br>EMAIL<br>**DAN@SOUTHCOASTDOOR.COM**<br><br>SHARED VIA<br>**LINK** | SENT<br>**10 APR 2026 21:52:37**<br><br>VIEWED<br>**12 APR 2026 16:00:43**<br><br>SIGNED<br>**21 APR 2026 21:05:22** | *Dan McDaniel*<br><br>IP ADDRESS<br>**99.114.167.189**<br><br>LOCATION<br>**ANAHEIM, UNITED STATES** |



