Daniel C. Girard (*pro hac vice*)
Jordan Isern (*pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
(415) 981-4800 (tel.)
(415) 981-4846 (fax)
dgirard@girardsharp.com
jisern@girardsharp.com

Eric H. Gibbs (*pro hac vice*)
David K. Stein (*pro hac vice*)
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com
ds@classlawgroup.com
shughes@classlawgroup.com

Interim Co-Lead Counsel

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re J&J Investment Litigation* | Case No.: 2:22-cv-00529-GMN-NJK |
| | **APPENDIX OF EXHIBITS TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |
| | **Vol. II of II** |
| | **(Pages 145-265)** |
| | **Exhibits 2-5** |
| | Judge:    Hon. Gloria M. Navarro<br>          Hon. Nancy J. Koppe |

## APPENDIX OF EXHIBITS

### To Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlement

| Vol. | Exhibits | Description | Page Nos. |
|------|----------|-------------|-----------|
| I | 1 | Class Action and Receiver Settlement Agreement and Release | 1-144 |
| II | 2 | Joint Declaration of Plaintiffs' Counsel in Support of Motion for Preliminary Approval of Settlement | 145-238 |
| II | 3 | Declaration of Geoff Winkler in Support of Motion for Preliminary Approval of Settlement | 239-245 |
| II | 4 | Declaration of Justin Hughes of Stretto, Inc. in Support of Motion for Preliminary Approval of Settlement | 246-250 |
| II | 5 | [Proposed] Order Granting Preliminary Approval of Class Settlement and Providing for Notice | 251-265 |

# EXHIBIT 2

Daniel C. Girard (*pro hac vice*)
Jordan Isern (*pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
(415) 981-4800 (tel.)
(415) 981-4846 (fax)
dgirard@girardsharp.com
jisern@girardsharp.com

Eric Gibbs (pro hac vice)
David K. Stein (pro hac vice)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com

*Interim Co-Lead Counsel*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re J&J Investment Litigation* | Case No.: 2:22-cv-00529-GMN-NJK |
| | **JOINT DECLARATION OF PLAINTIFFS' COUNSEL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |

1

We, Daniel C. Girard of Girard Sharp LLP, David Stein of Gibbs Mura LLP, and Robert L. Brace of Law Offices of Robert L. Brace (collectively, "Class Counsel"), and Jeffrey C. Schneider of Levine Kellogg Lehman Schneider + Grossman LLP ("Receiver Counsel"), submit this Joint Declaration in support of the motions for preliminary approval of Plaintiffs' settlement (the "Settlement") with Wells Fargo Bank, N.A.

I.    **Introduction**

1.    Class Counsel serves as interim co-lead counsel for Plaintiffs Barrett Henzel, Allan L. Carso, Gary W. Lundin, Joshua Luekenga, Brye Kelly, Craig Rodney Michaelis, and Clint and Dan McDaniel ("Class Plaintiffs") in *In re J&J Investment Litigation*, No. 2:22-cv-00529-GMN-NJK (D. Nev.) (the "Class Action").

2.    Receiver Counsel serves as counsel for Plaintiff Geoff Winkler, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada corporation; and J and J Purchasing LLC, Florida limited liability company, in *Winkler v. Wells Fargo Bank, N.A.*, No. 2:23-cv-00703-GMN-NJK (D. Nev.) (the "Receiver Action").

3.    We submit this Joint Declaration based on our personal knowledge, information obtained during the course of the Class Action and Receiver Action, and review of our firms' files related to these actions. If called as a witness, each could and would competently testify to the below facts.

4.    After years of litigation, including three mediation sessions, Class Plaintiffs and the Receiver reached a settlement to resolve the Class Action and Receiver Action, both pending against Wells Fargo Bank, N.A. ("Wells Fargo"). A true and correct copy of the Settlement Agreement and Release is attached as Exhibit 1 to the motion for preliminary approval.[1]

5.    The Settlement, if approved by the applicable courts, will result in a $50,000,000 payment for the benefit of the Settlement Class and the receivership estate.

---

[1] Capitalized terms not defined herein shall have the meanings identified in the Settlement Agreement and Release.

JOINT DECL. OF PLAINTIFFS' COUNSEL ISO PRELIMINARY APPROVAL
CASE NOS. 2:22-cv-00529-GMN-NJK

**II.    Litigation Efforts of Class Counsel and Receiver Counsel**

6.    On March 25, 2022, the Class Action was commenced against Jeffrey Judd, J&J Consulting Services, Inc., a Nevada corporation, J&J Consulting Services, Inc., an Alaska corporation, J&J Purchasing, LLC, Matthew Beasley, and Beasley Law Group PC as *Henzel v. Judd*. Following the commencement of the Class Action, three additional lawsuits were brought arising out of the collapse of Beasley's alleged Ponzi scheme: *Dowdy v. Wells Fargo Bank, N.A.*, No. 2:22-cv-00631-GMN-NJK (D. Nev.); *PMM3, LLC v. Wells Fargo Bank, N.A.*, No. 2:22-cv-00654-GMN-NJK (D. Nev.); and *Lewis v. Wells Fargo Bank, N.A.*, No. 2:22-cv-00658-GMN-NJK (D. Nev.). On June 3, 2022, the parties in the four actions moved to consolidate the cases and to appoint interim class counsel. The same day, the Court granted the motion and retitled the Class Action *In re J&J Investment Litigation*.

7.    On April 12, 2022, the Securities and Exchange Commission sued Beasley, Judd, their affiliated entities, and other individuals associated with the alleged Ponzi scheme and, shortly thereafter, obtained an order appointing the Receiver. *See SEC v. Beasley*, No. 2: 22-cv-0062-CDS-EJY (D. Nev.) (the "SEC Action").

8.    Class Plaintiffs filed a consolidated class action complaint against Wells Fargo on July 5, 2022, asserting claims for (1) violations of the Uniform Fiduciaries Act, Nev. Rev. Stat. Ann. §§ 162.010, *et seq.*, (2) aiding and abetting breach of fiduciary duty, (3) aiding and abetting fraud, and (4) negligence.

9.    In August 2022, Wells Fargo moved to dismiss Class Plaintiffs' complaint and moved to stay discovery pending its motion to dismiss. The Court denied the motion to stay in September 2022. The Court then largely denied Wells Fargo's motion to dismiss in March 2023—dismissing only Class Plaintiffs' negligence claim.

10.    The Receiver brought the Receiver Action against Wells Fargo in May 2023, asserting claims for (1) aiding and abetting breach of fiduciary duty, (2) aiding and abetting fraud, (3) aiding and abetting conversion, and (4) negligence. The Receiver voluntarily dismissed his negligence claim.

3

JOINT DECL. OF PLAINTIFFS' COUNSEL ISO PRELIMINARY APPROVAL
CASE NOS. 2:22-cv-00529-GMN-NJK

11.     In the interest of judicial economy, the Receiver, Class Plaintiffs, and Wells Fargo agreed to coordinate discovery between the Class Action and the Receiver Action. Class Counsel and Receive Counsel additionally coordinated their efforts to avoid duplicative labor and, where appropriate and permitted, shared information relevant to Class Plaintiffs' claims and the Receiver's claims.

12.     The Parties engaged in significant, contested fact discovery. Class Plaintiffs served Wells Fargo with five sets of requests for production, five sets of interrogatories, and three sets of requests for admission, and the Receiver served two sets of requests for production, a set of interrogatories, and a set of requests for admission. Plaintiffs' Counsel met and conferred at length with Wells Fargo's counsel, and filed three motions to compel in January 2023, October 2024 (joined by the Receiver), and August 2025. Plaintiffs' Counsel reviewed, sorted, and tagged tens of thousands of pages of documents produced by Wells Fargo, using many of these documents to examine witnesses and build their case. Plaintiffs' Counsel deposed 17 current and former Wells Fargo employees and Wells Fargo's Rule 30(b)(6) designee. These depositions took place from Fort Lauderdale, Florida, to Bend, Oregon and New York City, New York, to Las Vegas, Nevada.

13.     Wells Fargo served five sets of requests for production, four sets of interrogatories, and a set of requests for admission on Class Plaintiffs. Class Counsel devoted significant time and resources to preparing responses to these requests. Class Counsel negotiated the scope of these discovery requests with Wells Fargo's counsel and opposed Wells Fargo's motion to compel discovery from Class Plaintiffs, filed in June 2023. The Court largely denied Wells Fargo's motion. Class Plaintiffs, in consultation with Class Counsel, produced thousands of pages of documents and served responses to interrogatories. Additionally, each of the Class Plaintiffs appeared for a full-day deposition.

14.     Wells Fargo served document subpoenas on the former named plaintiffs, who were not named in the Consolidated Class Action Complaint, on the Class Plaintiffs' entities, and on certain investors in Beasley's scheme. Class Counsel represented these third parties for the purposes of Wells Fargo's discovery requests. Class Counsel engaged in meet-and-confer efforts for this third-party discovery and successfully defended Wells Fargo's motion to compel subpoena

JOINT DECL. OF PLAINTIFFS' COUNSEL ISO PRELIMINARY APPROVAL
CASE NOS. 2:22-cv-00529-GMN-NJK

responses from the former named plaintiffs, filed in February 2023. For their part, Class Counsel subpoenaed former Wells Fargo employees, third-party banks, the State Bar of Nevada, and the Department of Justice.

15. Likewise, Receiver Counsel expended significant effort to respond to Wells Fargo's discovery requests. Wells Fargo served five sets of requests for production, a set of interrogatories, and a set of requests for admission on the Receiver. These requests also resulted in hours of meet-and-confer efforts and Wells Fargo filing a motion to compel documents from the Receiver. The Receiver ultimately produced hundreds of thousands of pages of documents, including all documents produced in the SEC Action, and answered interrogatories. The Receiver also sat for a full-day deposition.

16. In addition to fact discovery, the Parties completed expert discovery. Plaintiffs' Counsel retained Kenneth Simmons, a banking-industry expert; David Clark, a member of the Nevada Bar and an expert in the proper use of attorney trust accounts (or IOLTAs); and John Hall, the Receiver's forensic accountant, who led the forensic investigation to calculate Class Plaintiffs' and the Receiver's damages. Wells Fargo, for its part, retained a banking-industry expert and a forensic accounting expert. The Parties exchanged reports on October 31, 2024, and rebuttal reports on December 20, 2024. Wells Fargo's experts were then deposed by Plaintiffs, and Plaintiffs' experts were deposed by Wells Fargo.

17. After the close of fact discovery, Class Plaintiffs moved for certification in February 2025. Wells Fargo then moved for summary judgment in both the Class Action and the Receiver Action in April 2025. The Parties also filed five *Daubert* motions to exclude expert opinions during this period.

18. Seven substantive motions were fully briefed and pending before the Court (with accompanying motions to seal), four motions had been filed and not yet fully briefed, and Plaintiffs' Counsel had begun preparing for trial when the Parties agreed to a mediation session. In August 2025, the Parties requested that the Court stay the cases pending mediation. The Court granted the stay and denied the Parties' motions without prejudice in light of the stay.

19. The Parties held three mediation sessions with Robert A. Meyer, Esq., of JAMS. The first two sessions—held in October 2023 and February 2024—were unsuccessful. Following the third mediation session, held on October 1, 2025, the parties agreed in principle to the present $50 million settlement.

20. After the Parties reached agreement in principle, they negotiated the settlement agreement and worked cooperatively to finalize the supporting documents and necessary filings.

**III.     The Settlement**

21. The Settlement, memorialized in Exhibit 1, calls for a global settlement among Class Plaintiffs on a class-wide basis, the Receiver, and Wells Fargo.

22. The Settlement requires approval by the Court in the Class Action as a class settlement under Rule 23 and approval in the SEC Action.

23. The Settlement contemplates distribution of net proceeds by the Receiver based on his distribution plan, which will be submitted for approval in the SEC Action. It also requires the Receiver, who has identified contact information for investors, to provide this contact information to Stretto Inc. Stretto, who has previously worked with the Receiver to provide notices to investors and creditors in the SEC Action, will give notice to Class Members for purposes of the Class Action and in accordance with approval of the Court in the SEC Action.

24. The Court in the SEC Action will hear any objections from individuals other than Class Members (such as creditors and net-winning investors), and the Court in the Class Action will hear any Class Member objections. To the extent that there are any objections in either the SEC Action or the Class Action, the parties will inform the other court.

25. As part of the Settlement, the Parties have entered into a confidential Opt-Out Termination Agreement that allows Wells Fargo to terminate the Settlement if a sufficient number of Class Members or members of the Bar Order Notice List opt out of the Settlement. The Parties will not file this agreement in the public record but will provide it to the Court for *in camera* review upon request.

26. We, as Class Counsel and Receiver Counsel, consider the Settlement fair and reasonable. While we believe Plaintiffs had a strong case on liability and class certification, we

JOINT DECL. OF PLAINTIFFS' COUNSEL ISO PRELIMINARY APPROVAL
CASE NOS. 2:22-cv-00529-GMN-NJK

acknowledge the risk and delay that would have resulted from continued litigation. If the Settlement is not approved and the parties resume litigation, we would have to resubmit briefing on class certification, summary judgment, and *Daubert* motions for the Court's adjudication and complete briefing on Class Plaintiffs' motion to compel and Wells Fargo's motion to exclude the opinions of Kenneth Simmons. Additionally, we would have to brief any additional *Daubert* and *in limine* motions and begin to prepare for trial.

27.     As calculated by Plaintiffs' expert and the lead forensic accountant for the Receiver, John Hall, and assuming Wells Fargo receives the benefit of offsets for amounts recovered through the Receivership, Plaintiffs estimate their recoverable damage at approximately $121.95 million. The $50 million recovery represents approximately 41% of the damages Plaintiffs believe were recoverable at trial. Wells Fargo believes Plaintiffs' damages, if any, are much lower.

**IV.     Litigation Fees and Costs and Service Awards**

28.     Class Counsel and Receiver Counsel will jointly request an award of attorneys' fees not to exceed $16.665 million, or 33.33% of the total $50,000,000 payment from Wells Fargo.

29.     The requested fee and cost reimbursement for Class Counsel and Receiver Counsel will be the only source of compensation for Class Counsel and Receiver Counsel in connection with the recovery resulting from the Settlement and the claims against Wells Fargo.

30.     Under Fed. R. Civ. Pro. 23(h), Class Counsel and Receiver Counsel will submit a detailed motion for attorneys' fees and expenses in conjunction with their motion for final settlement approval. Class Counsel and Receiver Counsel have expended over 19,000 hours in attorney time (amounting to over $14.5 million at counsel's hourly rates) to prosecute this litigation. Any multiplier on the requested fee is likely to be modest.

31.     Additionally, Class Counsel will request a service award of $10,000 each for the Class Plaintiffs. Class Plaintiffs' service was not conditioned on receiving such awards, and they understand that the receipt of any award is entirely within the Court's discretion.

## V.    Adequacy of Plaintiffs and Class Counsel

32.    Class Plaintiff Barrett Henzel has been involved in prosecuting the Class Action since its inception in March 2022. Class Plaintiffs Allan L. Carso, Gary W. Lundin, Joshua Luekenga, Brye Kelly, Craig Rodney Michaelis, and Clint and Dan McDaniel were added to the case through Class Plaintiffs' July 5, 2022, Consolidated Class Action Complaint. Class Plaintiffs have devoted dozens of hours to provide Class Counsel information and documents in support of their claims, review and confirm discovery responses and allegations, sit for a deposition, and otherwise provide Class Counsel whatever is necessary for the prosecution of the class claims. To the best of our knowledge, there is no conflict between any Class Plaintiff and any other members of the proposed Settlement Class, and no Settlement Class Members have filed individual actions. Class Plaintiffs have been in regular contact with Class Counsel regarding the status of their case and, most recently, in connection with the Settlement. Class Plaintiffs have reviewed and approved the terms of the Settlement.

33.    Attached as composite **Exhibit A** are the firm resumes of Class Counsel. Class Counsel have significant experience prosecuting class actions, particularly in the context of investor and consumer claims. Class Counsel also has experience bringing similar claims alongside or on behalf of court-appointed fiduciaries, resulting in comprehensive settlements like the one in this matter. *See, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, No. 1:12-cv-5546 (N.D. Ill.) ($75 million in settlements from defendants on behalf of victim investors); *In re Woodbridge Invests. Litig.*, No. 18-cv-00103 (C.D. Cal) ($54.2 million settlement for investor victims); *In re GWG Holdings Sec. Litig.*, No. 3:22-cv-00410-B (N.D. Tex.) ($50.95 million settlement for retail bondholders); *In re Silvergate Cap. Corp.*, No. 3:23-cv-01406-RBM-BLM (S.D. Cal.) ($10 million settlement of aiding and abetting claims against insolvent bank and holding company); *Todd Benjamin Int'l, Ltd. v. Grant Thornton Cayman Islands*, No. 20-21808-civ (S.D. Fla.) ($26.49 million settlement arising out of a fraudulent investment scheme); *Camenisch v. Umpqua Bank*, No. 5:20-cv-5905 (N.D. Cal.) ($55 million settlement for investor victims); *In re: Chase Bank USA, N.A. "Check Loan" Cont. Litig.*, No. 3:09-md-2032 MMC

JOINT DECL. OF PLAINTIFFS' COUNSEL ISO PRELIMINARY APPROVAL
CASE NOS. 2:22-cv-00529-GMN-NJK

(N.D. Cal.) ($100 million settlement); *Daccache v. Raymond James & Associates, Inc.*, No.: 16-cv-21575 (S.D. Fla) ($150 million settlement).

34.    The Receiver, having worked with Class Counsel and being acquainted with their work, supports the appointment of Class Counsel for purposes of the Settlement.

[*signature page follows*]

JOINT DECL. OF PLAINTIFFS' COUNSEL ISO PRELIMINARY APPROVAL
CASE NOS. 2:22-cv-00529-GMN-NJK

**Page 154**

We declare under penalty of perjury that the foregoing is true and correct.

Dated: April 27, 2026

**Class Counsel**

/s/ Daniel C. Girard
**GIRARD SHARP LLP**
Daniel C. Girard


/s/ David Stein
**GIBBS LAW GROUP LLP**
David Stein


/s/ Robert L. Brace
**THE LAW OFFICES OF ROBERT L. BRACE**
Robert L. Brace

**Receiver Counsel**

/s/ Jeffrey C. Schneider
**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
Jeffrey C. Schneider

# EXHIBIT A

# GIRARD SHARP LLP

# FIRM RESUME

# GIRARD SHARP

## Firm Resume

# GIRARD SHARP LLP

## About the Firm

Girard Sharp is a San Francisco based law firm representing plaintiffs nationwide in class actions, multidistrict litigation, arbitrations, and other complex litigation. We take on the most important, high-stakes cases, with proven results across a variety of practice areas including antitrust, consumer privacy, securities, financial fraud, catastrophic injury, defective products, fertility, sexual abuse, and women's health.

Since our founding in 1995, we have recovered billions in trial judgments and settlements, leveling the playing field for our clients, who range from individual consumers and small businesses to Fortune 100 companies and public retirement systems. Our experienced trial lawyers thrive on solving the toughest legal challenges through innovation, collaboration, and deep subject-matter expertise.

The firm's commitment to excellence is reflected in its consistent recognition by industry peers and legal publications. Several Girard Sharp attorneys have been honored with the California Lawyer Attorney of the Year Award, one of the most prestigious recognitions in California legal circles. Chambers USA Guide recognized managing partner Dena Sharp with a prestigious Band 1 ranking among California plaintiffs' antitrust lawyers. The firm has consistently been nationally ranked in the U.S. News Best Lawyers "Best Law Firms" list, achieving Tier 1 status for Mass Tort Litigation/Class Actions. In addition, the firm's attorneys are frequently recognized in The Best Lawyers in America and Law360's "Rising Stars," underscoring their skill, integrity, and commitment to justice.

2

# TABLE OF CONTENTS

## ATTORNEYS

### PARTNERS

**Dena Sharp**

**Adam Polk**

**Sarah London**

**Scott Grzenczyk**

**Simon Grille**

**Trevor Tan**

**Andrew Kaufman**

### OF COUNSEL

**Daniel Girard**

**Jordan Elias**

**Kristen Palumbo**

### ASSOCIATES

**Renee Applegate**

**Samhita Collur**

**Sophie Flynn**

**Reid Gaa**

**Erika Garcia**

**Nina Gliozzo**

**Sean Greene**

**Jordan Isern**

**Maya Kalonia**

**Fatima Ladha**

**Kyle Quackenbush**

**Tony Rogari**

**Peter Touschner**

**Isabel Velez**

## PRACTICE AREAS

**Antitrust**

**Securities and Financial Fraud**

**Privacy & Data Breach**

**Women's Advocacy & Fertility**

**Sexual Abuse**

**Catastrophic Injury**

**Consumer Protection**

3

# ATTORNEY BIOS

## PARTNERS



### DENA SHARP

Dena Sharp is a trial lawyer who is dedicated to finding common-sense solutions in even the most complex litigation. She recently served as co-lead counsel in the Juul Labs Inc. multidistrict litigation, which resulted in recoveries of nearly $2 billion for individual consumers, school districts, municipalities, and Native American tribes. The final $235 million settlement with Altria was reached after she rested the plaintiff's case in a bellwether jury trial, underscoring her skill in high-stakes litigation.

Dena tries cutting-edge cases. In a first-of-its-kind jury trial, Dena and team represented clients whose eggs and embryos were in a freezer tank at a fertility clinic that failed. After a nearly four-week bellwether trial, the jury returned a $15 million verdict for the plaintiffs, leading to a global resolution with the tank manufacturer for the dozens of households represented by Girard Sharp.

Dena has built a record of significant antitrust recoveries. She recently secured nearly $200 million in settlements for drug purchasers as co-lead counsel on the eve of trial in *In re Xyrem Antitrust Litigation*, and previously led a team to a $104.75 million recovery in *In re Lidoderm Antitrust Litigation*, a "pay-for-delay" antitrust class action. *Xyrem* and *Lidoderm* are among the largest end-payor recoveries in these notoriously complex generic pharmaceutical delay cases. Dena also serves as a member of the End-Payer Steering Committee in the massive *In re Generic Pharmaceuticals Pricing Antitrust Litigation*.

Dena represents consumers seeking accurate credit information in her role as co-lead counsel in *In re Equifax Fair Credit Reporting Act Litigation*, which arises from Equifax's widespread misreporting of consumer credit information in 2022. On the privacy front, Dena serves as counsel preparing for trial the *In re BetterHelp, Inc. Data Disclosure Cases*, in which consumers allege that the online therapy platform shared sensitive mental health information with advertisers. She also serves as interim co-lead counsel in *In re PayPal Honey Browser Extension Litigation*, in which content creators allege that PayPal's Honey browser extension diverted their earned commissions by swapping cookies at checkout.

Outside the courtroom, Dena is immediate past Board Chair of the Impact Fund, a public interest nonprofit, and she previously co-chaired the Northern District of California's Committee of Lawyer Representatives to the Ninth Circuit Judicial Council. She is an elected member of the American Law Institute. She has contributed to influential legal publications such as the ABA's Class Action Strategy and Practice Guide and the Sedona Principles for electronic discovery. A first-generation American fluent in Spanish and German, Dena graduated magna cum laude from Brown University and cum laude from UC Law San Francisco. Her peers have recognized her with numerous honors, including multiple "Lawyer of the Year" awards from Best Lawyers, designation as a "Titan of the Plaintiffs' Bar" by Law360, and inclusion in the National Law Journal's Elite Women of the Plaintiffs' Bar. Dena is also regularly named among the Top 50 Women Attorneys in Northern California and one of the Top 100 Super Lawyers in the region.

Notable work includes:
- Co-lead counsel in Juul Labs Inc. MDL, resulting in nearly $2 billion in recoveries
- Co-lead counsel in Xyrem, resulting in $198.4 million in settlements
- $15 million verdict in Pacific Fertility Center
- Co-lead counsel in Equifax Fair Credit Reporting Act Litigation
- Trial counsel in BetterHelp, Inc. Data Disclosure Cases
- Co-lead counsel in Illumina, Inc. Shareholder Litigation
- Interim co-lead counsel in PayPal Honey Browser Extension Litigation

4

Select Honors:
- Chambers USA –Antitrust: Mainly Plaintiff – California, Band 1; Antitrust: Mainly Plaintiff – USA Nationwide, Band 2
- Lawdragon500 Leading Litigators in America (2026)
- Top 100 Super Lawyers in Northern California
- Best Lawyers "Lawyer of the Year" in San Francisco (2023, 2025)
- Law360 "Titan of the Plaintiffs Bar" (2023)
- NLJ Elite Women of the Plaintiffs' Bar (3x honoree)
- Top 50 Women Attorneys in Northern California (San Francisco Magazine)

## ADAM POLK



Adam Polk handles all phases of complex civil litigation and currently serves as co-lead counsel in several high-profile class actions, including shareholder, consumer privacy, and product liability cases. He has played a pivotal role in securing significant recoveries in cases involving major corporations such as Hewlett Packard, Maxar, Sears, Apple, and Google. Adam is known for his leadership in technologically complex consumer litigation, including privacy cases representing millions of affected individuals, as well as high-stakes securities and financial fraud matters. His experience extends to catastrophic injury and product liability litigation, exemplified by his work in the Pacific Fertility Center case, where he helped secure a landmark $15 million jury verdict. Adam is also active in shaping class action policy and practice through his leadership as co-chair of the American Bar Association's National Institute on Class Actions and the American Association for Justice's Class Action Litigation Section. His broad practice encompasses securities & financial fraud, consumer privacy & defective products, sexual abuse, and catastrophic injury litigation, demonstrating a commitment to protecting consumers and investors alike.

Notable work includes:
- $15 million trial verdict in Pacific Fertility Center
- $36.5 million in Maxar Technologies Shareholder Litigation
- $17 million in phone defect cases against Google
- $40 million in Sears Holdings Derivative Litigation

Select Honors:
- Adam is co-chair of the ABA's National Institute on Class Actions and chair of AAJ's Class Action Law Section
- Top 40 Under 40 by National Trial Lawyers (since 2019)
- Rising Star of the Plaintiffs Bar by National Law Journal (2022)
- Lawdragon 500 Leading Consumer Plaintiff Lawyers (2023, 2025)
- National Trial Lawyers "Top 100 Civil Plaintiffs Lawyers" list (2024)
- Northern California Super Lawyer (2024, 2025)

5

## SARAH LONDON

Sarah is a relentless advocate known for her leadership in high-profile, socially significant cases. She is currently Co-Lead and Liaison Counsel in the multidistrict litigation against Uber, representing passengers who were sexually assaulted by drivers and holding the company accountable for failing to ensure passenger safety. She was appointed as Co-Lead Counsel in the multidistrict litigation against Roblox, representing families and children alleging online grooming and exploitation on the gaming platform. Sarah also leads groundbreaking fertility-related litigation, including cases against genetic testing companies and IVF product manufacturers, notably securing a historic trial verdict in litigation involving a cryopreservation tank failure at a San Francisco fertility clinic.

Her advocacy extends to consumer protection and public health, having managed over 3,000 tobacco-related cases culminating in a landmark $100 million settlement. More recently, she served as Co-Lead and Liaison Counsel in the Juul Labs multidistrict litigation, coordinating a team of more than 65 law firms and over 7,000 lawsuits, which resolved for nearly $2 billion in claims tied to the youth vaping epidemic. Sarah also represents families in novel product liability claims against Stiiizy, Inc., addressing youth-targeted marketing and dangerously high-potency THC cannabis products.

Sarah's expertise further spans pharmaceutical and medical device litigation, including her role on the Plaintiffs' Executive Committee in the Gilead HIV Drug Kidney & Bone Injuries Litigation and successfully resolving hundreds of cases involving defective transvaginal mesh and problematic birth control products. A sought-after speaker and lecturer, she has appeared at numerous prestigious legal conferences and panels hosted by organizations such as the Federal Bar Association, American Bar Association, American Association for Justice, and the Judicial Panel on Multidistrict Litigation.

Committed to advancing women in law and systemic reform, Sarah holds leadership roles with the Consumer Attorneys of California, serving as Treasurer on its Executive Committee, and was appointed Chair of the Resource Board of the National Association of Women Judges in 2019. Her courtroom tenacity and dedication to social justice have earned her numerous honors, including the California Consumer Attorney of the Year Award (CAOC), California Lawyer of the Year (CLAY), and the Mattie Bell Davis Award from the National Association of Women Judges.

Notable work includes:
- Juul MDL, coordinating over 7,000 lawsuits to a $2 billion resolution
- Over 3,000 tobacco cases resulting in a $100 million settlement
- Groundbreaking cannabis and pharmaceutical claims

Select Honors:
- California Consumer Attorney of the Year, Consumer Attorneys of California (CAOC), 2024
- California Lawyer of the Year (CLAW) Award, California Lawyer (2024)
- Mattie Bell Davis Award, National Association of Woman Judges (2024)

## SCOTT GRZENCZYK



Scott Grzenczyk has helped recover billions in class action settlements, especially in the pharmaceutical, tech, and life sciences spaces. He played major roles in the JUUL MDL, Google Ad Tech, and class actions involving the government of Guam and disability rights. Scott brings creative strategy and relentless preparation to every case.

6

Notable work includes:
- $198.4 million in Xyrem
- $104.75 million in Lidoderm
- $117.5 million for insurance policyholders

Select Honors:
- California's Top Antitrust Lawyers (2023)
- Lawdragon 500 Leading Plaintiff Financial Lawyer (2024, 2025)
- Chambers USA –Antitrust: Mainly Plaintiff – California, "Up and Coming"



## SIMON GRILLE

Simon Grille is a leading trial attorney in class and privacy litigation. He's lead counsel in a data breach case against the University of California and privacy lawsuits against companies like Patreon, Rakuten Viki, and Prudential. Simon is also a frequent speaker and contributor to panels concerning emerging issues in class action litigation.

Notable work includes:
- $50 million in MacBook Keyboard Litigation
- $17 million in phone defect cases
- $63 million in OPM Data Breach

Select Honors:
- Top 40 Under 40 by Daily Journal
- Super Lawyers Rising Star



## TREVOR TAN

Trevor Tan specializes in complex research and writing in consumer protection, data privacy, securities, and financial fraud litigation. He clerked for multiple federal judges and served immigrant children as an advocate during law school. Trevor is a key strategist behind several major privacy and consumer rights cases.

Notable work includes:
- Lead briefing in Woodbridge Investment litigation, which settled for $54.2 million
- $50 million in MacBook Keyboard Litigation
- Lead briefing in PFA Insurance Marketing Litigation

Select Honors:
- A Best Lawyers: Ones to Watch honoree
- Super Lawyers Rising Star Class Actions (2024)
- Northern California Super Lawyers (2023-2025)
- Lawdragon 500 Leading Plaintiff Consumer Lawyers (2025)

7



## ANDREW KAUFMAN

Andrew Kaufman brings deep appellate and trial briefing experience. He's a former partner at a national plaintiffs' firm and clerked on both the Sixth Circuit and D.C. Court of Appeals.

Notable work includes:

- Co-led briefing for the Juul bellwether trial, which settled for $235 million
- Led appeals in Florida Engle tobacco litigation
- Represented clients in the McKinsey opioid and Kona coffee cases

Select Honors:

- Lawdragon 500 Leading Plaintiff Consumer Lawyers in America (2023-2025)
- Best Lawyers, Ones to Watch (2023-2025)
- Consumer Attorney of the Year, Consumer Attorneys of California (CAOC) (2024)
- Lawdragon 500 X – The Next Generation (2023, 2024)
- National Law Journal "Rising Star of the Plaintiffs' Bar" (2024)

8

OF COUNSEL



## DANIEL GIRARD

Daniel Girard, Senior Advisor and Of Counsel, founded Girard Sharp in 1995 with a mission to offer top-tier representation to consumers and investors. Serving as managing partner until 2025, Daniel led the firm to national prominence while mentoring and inspiring several generations of younger lawyers.

Daniel's case work has centered on investment and consumer litigation in federal courts. Recent highlights include service as lead counsel in successful cases in the Northern District of Texas (*In re GWG Securities Litigation*), the Central and Southern Districts of California (*In re Woodbridge Investments*, *In re Silvergate Bank*), and the District of Nevada (*In re J&J Investments*). His experience extends to a range of subject matters, including corporate governance, institutional reform, and digital privacy.

Daniel was appointed by the Chief Justice of the Supreme Court to serve consecutive terms on the United States Judicial Conference Advisory Committee on Civil Rules (2006-2012) and the Standing Committee on Rules of Procedure (2015-2021). He is an elected member of the American Law Institute, serving on the Council, the Audit Committee (Chair) and the Membership Committee. Daniel appears in Best Lawyers and Northern California Super Lawyers (2013 San Francisco Lawyer of the Year). He was honored by the Chinese American Democratic Club for his advocacy on behalf of San Francisco public school students.



## JORDAN ELIAS

Jordan Elias is a strategic appellate and trial lawyer. Jordan clerked for Ninth Circuit Judge Cynthia Holcomb Hall and holds degrees from Yale (Field Prize for best humanities thesis) and Stanford Law. He is a prolific legal writer with articles in the Harvard Law & Policy Review and Baylor Law Review, and co-authorship credits in ABA and California antitrust publications. Jordan is a member of the American Law Institute and has been selected by his peers for inclusion in The Best Lawyers in America.

Notable work includes:
- Leading a successful appeal in the OPM Data Breach Litigation
- Arguing key motions in the Google Ad Tech MDL
- Helping write the plaintiffs' briefs in the landmark Cipro pay-for-delay case

Select Honors:
- Best Lawyers in America (since 2022)
- Lawdragon 500 Leading Consumer Plaintiff Lawyers (2024, 2025)



## KRISTEN PALUMBO

Kristen Palumbo focuses on antitrust and high-stakes complex litigation. She was a key member of the trial team in the Uber Passenger Sexual Assault Litigation, serving on the ground during trial proceedings. Kristen previously practiced at two international firms, where she also led pro bono and diversity initiatives. She has represented numerous incarcerated clients pro bono in civil rights matters.

Notable work includes:
- Uber Passenger Sexual Assault Litigation
- Lakeview Data Breach Litigation

9

ASSOCIATES



## RENEE APPLEGATE

Renee Applegate advocates for plaintiffs in class actions and other complex civil litigation. Her past experiences include:

- Externed for Justice Kelli M. Evans of the Supreme Court of California
- Participated in the Individual Representation Clinic
- Successfully represented clients in a Social Security appeal and a criminal Clean Slate case

She earned her J.D., cum laude, from UC Law SF.



## SAMHITA COLLUR

Samhita Collur focuses on class actions and complex litigation. She earned her J.D. cum laude from the University of Wisconsin Law School, where she:

- Interned for a Wisconsin Supreme Court Justice
- Was named Best Oral Advocate in a First Amendment competition
- Advocated for immigrants seeking humanitarian relief through her law school clinic

Before law school, she worked as a program manager for a San Francisco nonprofit providing financial services to underserved communities.



## SOPHIE FLYNN

Sophie Flynn is committed to advancing plaintiffs' rights through class actions and complex litigation. Her past experiences include:
• Interned at the California Attorney General's Office in the Public Rights Division
• Worked in the Workers' Rights Clinic and Environmental Law Clinic
• Participated in the International Human Rights Workshop

She earned her J.D. from UC Berkeley School of Law.



## REID GAA

Reid Gaa works on class action, securities, and digital privacy litigation. He has played a key role in consumer privacy cases involving alleged violations of the Video Privacy Protection Act, including class actions against AARP and Rakuten Viki for the improper disclosure of subscribers' personal information and video-viewing data to third parties without consent. Reid also contributes to the firm's securities litigation practice.

Notable work includes:

- AARP Video Privacy Protection Act Litigation
- Rakuten Viki Video Privacy Protection Act Litigation

10

Reid earned his J.D. from UC Law SF (cum laude) and has been recognized as a Northern California Super Lawyers Rising Star from 2022–2025.

## ERIKA GARCIA



Erika Garcia focuses her practice on complex electronic discovery. Prior to joining Girard Sharp, she worked at an international firm on:

- Commercial litigation
- Class actions
- Regulatory investigations

She is fluent in Spanish and previously served as a refugee advocate in Ecuador. Erika holds a J.D. from UC Law SF and is admitted in both California and New York.

## NINA GLIOZZO



Nina Gliozzo has been central to several of Girard Sharp's biggest trial wins:

- Directly examined plaintiffs in the Pacific Fertility Center trial that led to a $15 million verdict
- Helped develop and litigate claims in the Juul MDL, leading to a nearly $2 billion settlement
- Key strategist in Altria bellwether case, which settled after the plaintiff rested

Nina clerked for Judge Marsha Berzon on the Ninth Circuit and externed for Judge Charles Breyer in the Northern District of California. She was also named to Lawdragon's 500 X: The Next Generation.

## SEAN GREENE



Sean Greene represents investors and policyholders in securities and insurance fraud litigation, including:

- GWG Holdings Securities Litigation
- Illumina, Inc. Shareholder Litigation
- PFA Insurance Marketing Litigation

He previously worked in insurance defense and public health, with a background in expanding school-based care programs. Sean earned his J.D. at UC Law SF.

11



## JORDAN ISERN

Jordan Isern focuses on antitrust and securities litigation. She is a Harvard Law graduate, where she served as Executive Technical Editor of the Civil Rights–Civil Liberties Law Review.

Prior experience includes work with:
- Xyrem (Sodium Oxybate) Antitrust Litigation
- DOJ Antitrust Division
- The Eastern District of Pennsylvania (externship)
- Nonprofits including AALDEF and the Innocence Project

Outside of law, Jordan enjoys long-distance backpacking and rock climbing.



## MAYA KALONIA

Maya Kalonia advocates for consumers and investors in complex class actions and mass torts. She was an instrumental member of the winning trial team in the Uber Passenger Sexual Assault Litigation. She earned her J.D. from UC Berkeley School of Law, where she:

- Interned with the California AG's Consumer Protection Section and the FTC
- Participated in the East Bay Community Law Center's Consumer Justice Clinic

Before law school, Maya worked in D.C. as a policy advisor to Senator Richard Blumenthal.



## FATIMA LADHA

Fatima Ladha brings a strong background in civil rights, privacy, and technology policy to her work representing plaintiffs in complex litigation. Her past experiences include:
• Served as Editor-in-Chief of the *California Law Review*
• Researched privacy and tech policy with the Samuelson Law, Technology & Public Policy Clinic and the Digital Rights Project
• Interned with the ACLU of Northern California's Technology and Civil Liberties Program
• Clerked for Chief Judge Richard Seeborg, U.S. District Court for the Northern District of California

She earned her J.D. from UC Berkeley School of Law.



## KYLE QUACKENBUSH

Kyle Quackenbush prosecutes antitrust and consumer protection class actions. Key work includes:

- Delta Dental Data Breach
- Natera Prenatal Testing Litigation

He's received the 2024 Consumer Attorney of the Year award and was named to Lawdragon's 500 X: The Next Generation and Best Lawyers: Ones to Watch.

12



## TONY ROGARI

Tony Rogari litigates digital privacy and complex consumer protection cases. He has worked on matters involving health insurance data breaches, affiliate marketing fraud, and a range of consumer protection issues. He earned his J.D. from UC Davis School of Law, where he:

- Published a note on the California Voter Participation Rights Act
- Led trial advocacy programs and mock trial competitions
- Participated in the Civil Rights Clinic handling prisoner cases

Notable work includes:
- PayPal Honey Browser Extension
- Blue Shield of California Data Breach



## PETER TOUSCHNER

Peter Touschner manages complex class action discovery across a range of practice areas, including antitrust, consumer protection, securities, and product liability litigation. Prior to joining Girard Sharp, he investigated deceptive advertising at the Center for Democracy & Technology and represented victims of the Volkswagen emissions scandal.

Notable work includes:
- Generic Pharmaceuticals Pricing Antitrust Litigation
- Equifax Fair Credit Reporting Act Litigation

He externed for Judge Charles Breyer and was a senior editor at Hastings Science and Technology Law Journal.

## ISABEL VELEZ

Isabel Velez represents consumers and individuals harmed by defective products, with experience spanning fertility litigation, child safety, and complex antitrust class actions.

Notable work includes:
- CooperSurgical Embryo Loss Litigation
- Roblox Child Exploitation MDL

She earned her J.D. magna cum laude from UC Law SF.

13

# PRACTICE AREAS

## ANTITRUST

Girard Sharp is a nationally recognized leader in antitrust litigation. We represent individuals, businesses, and public entities injured by anticompetitive conduct. Our attorneys currently hold leadership positions in some of the most significant antitrust cases in the country.

Key cases include:
- Xyrem (Sodium Oxybate) Antitrust Litigation
- Lidoderm Antitrust Litigation
- Generic Pharmaceuticals Pricing Antitrust Litigation
- Apple Smartphone Antitrust MDL

We have recovered hundreds of millions for clients harmed by price-fixing, pay-for-delay schemes, and monopolistic conduct in industries ranging from pharmaceuticals to digital advertising.

## SECURITIES AND FINANCIAL FRAUD

We represent investors—both individuals and institutions—who suffer losses due to securities fraud, market manipulation, and breaches of fiduciary duty.

Key cases include:
- DXC Technology Litigation - $47.5 million settlement
- Maxar Technologies Securities Litigation – $36.5 million recovery
- Sears Holdings Derivative Litigation – $40 million settlement
- GWG Holdings Securities Litigation
- PFA Insurance Marketing Litigation
- Illumina, Inc. Shareholder Litigation
- Arcadium Lithium Securities Litigation

We litigate securities fraud, ERISA, and insurance bad faith cases in federal and state courts nationwide, pursuing corporate accountability and financial justice for our clients.

## PRIVACY & DATA BREACH

Girard Sharp is a recognized leader in data privacy and data breach litigation, representing millions of individuals whose sensitive personal information has been compromised by corporate negligence and inadequate data security practices. Our attorneys hold leadership positions in some of the most significant privacy and data breach cases in the country.

Key cases include:
- BetterHelp, Inc. Data Disclosure Cases
- Salesforce Data Breach
- Accellion Data Breach
- Delta Dental Data Breach

14

These cases often involve millions of affected individuals and complex federal and state privacy laws, and our team is experienced in both leading and coordinating such efforts nationwide.

## SEXUAL ABUSE

Girard Sharp represents survivors of sexual abuse and assault with compassion, discretion, and a deep commitment to justice. We offer trauma-informed legal claims related to religious institutions and schools.

Key cases include:
- Uber Passenger Sexual Assault Litigation
- Roblox Child Exploitation Litigation

Our legal team is committed to helping survivors pursue justice in a way that centers their needs and protects their dignity.

## WOMEN'S ADVOCACY & FERTILITY

We are deeply committed to representing women in high-impact litigation involving reproductive healthcare failures, IVF and embryo destruction, and the misleading marketing of prenatal and women's health services.

Key cases include:
- Pacific Fertility Center
- CooperSurgical embryo loss lawsuits
- Ovation Fertility Lawsuit

Our approach combines fierce legal advocacy with trauma-informed client care.

## CATASTROPHIC INJURY

We represent individuals in complex mass torts involving dangerous pharmaceuticals, harmful medical devices, and widespread toxic exposure.

Key cases include:
- JUUL's targeting of youth through flavored nicotine products
- Stiiizy Cannabis Litigation
- Opioid addiction accountability

These cases often involve multi-district litigation (MDLs), and our team is experienced in both leading and coordinating such efforts.

## CONSUMER PROTECTION

Girard Sharp focuses on holding powerful entities accountable for fraud, defective products, privacy violations, and unfair insurance practices. We represent individuals harmed by deceptive business conduct, dangerous products, misuse of personal data, and bad faith denials of insurance coverage, seeking justice across a broad range of industries and legal issues. We pursue cases involving false advertising and product mislabeling. We also challenge unlawful fees and billing practices. Additionally, we fight against unfair contract terms and consumer scams.

15

Key cases include:
- Deceptive marketing by JUUL Labs
- Equifax Fair Credit Reporting Act Litigation
- MacBook Keyboard Defect Litigation – $50 million recovery
- Google Pixel & Nexus Defect Litigation – $17 million recovery

Our attorneys combine trial experience with a consumer-first lens, aiming to restore fairness and transparency in consumer markets.

16

# VERDICTS & SETTLEMENTS

## PACIFIC FERTILITY CENTER TRIAL

$14.975 million jury verdict for five plaintiffs whose frozen eggs and embryos were destroyed when a storage tank failed at Pacific Fertility Center. Girard Sharp served as trial counsel in the three-week trial, which resulted in one of the first jury verdicts in a fertility loss case. This landmark result helped set a national precedent for recognizing and valuing reproductive harm and has influenced related litigation across the country.

## JUUL LABS MULTIDISTRICT LITIGATION

Nearly $2 billion in global settlements were secured from JUUL and Altria in litigation involving over 7,000 cases. Girard Sharp served as co-lead counsel and helped coordinate the JUUL multidistrict litigation (MDL), which addressed youth nicotine addiction, false advertising, and product design defects. The firm played a critical role in securing these settlements, including a $235 million settlement reached after a bellwether trial began.

## XYREM ANTITRUST LITIGATION

$198.4 million in total settlements recovered in one of the largest reverse-payment antitrust cases in history. Girard Sharp represented plaintiffs alleging a pay-for-delay scheme involving the sleep drug Xyrem, the firm led the case to the eve of trial before achieving a favorable resolution.

## LIDODERM ANTITRUST LITIGATION

$104.75 million settlement was secured by Girard Sharp for indirect purchasers affected by anticompetitive practices involving the pain-relief patch Lidoderm. The firm played a lead role in discovery and briefing in the Lidoderm "pay-for-delay" antitrust case, contributing to a significant victory for consumers and pharmacies.

## MACBOOK KEYBOARD DEFECT LITIGATION

$50 million settlement was secured for users of defective "butterfly" keyboards in Apple MacBook models, providing direct payments to class members. Girard Sharp served as co-lead counsel in the nationwide class action against Apple. After years of litigation and expert work, the case resolved with significant compensation for affected customers.

## GOOGLE PIXEL & NEXUS PHONE DEFECT LITIGATION

$17 million settlement was secured for consumers affected by defective smartphones. Girard Sharp helped expose and resolve hardware defect claims on behalf of Google phone users experiencing audio defects and connectivity issues in Pixel and Nexus models. The case involved allegations of concealment and warranty violations.

## U.S. OFFICE OF PERSONNEL MANAGEMENT DATA BREACH

$63 million class settlement was secured after hackers stole personal data from federal workers and contractors. Girard Sharp represented the affected individuals and played a lead role in resolving the litigation. In one of the largest federal data breach settlements, the firm helped secure significant relief for those impacted by the OPM data breach.

## MAXAR TECHNOLOGIES SECURITIES LITIGATION

$36.5 million recovery for shareholders who alleged false and misleading statements regarding company performance.

## SEARS HOLDINGS DERIVATIVE LITIGATION

$40 million recovered in one of the largest derivative settlements approved in the Northern District of Illinois.

17

# AWARDS















18

19



contact@girardsharp.com

(415) 981 4800 | girardsharp.com

601 California St. Suite 1400  San Francisco, California, 94108

# GIBBS MURA

# FIRM RESUME

# GibbsMura
## A LAW GROUP

## Firm Resume

Gibbs Mura is a national litigation firm providing the highest caliber of representation to plaintiffs in class and collective actions in state and federal courts, and in arbitration matters worldwide. The firm serves clients in consumer protection, securities and financial fraud, antitrust, whistleblower, personal injury, and employment cases.

The firm regularly prosecutes multi-state class actions and has one of the best track records in the country for successfully certifying classes, developing practical damages methodologies, obtaining prompt relief for class members victimized by unlawful practices, and working cooperatively with other firms.

Our attorneys take pride in their ability to simplify complex issues; willingness to pursue narrow and innovative legal theories; ability to work cooperatively with other plaintiffs' firms; and desire to outwork and outlast well-funded defense teams.

In less than a decade since its 2014 founding, the firm has recovered over $2.5 billion for its clients. During that time, the firm has been honored repeatedly for the quality of its work and the results delivered to its clients, including:

- Top Law Firm, California Litigation: Mainly Plaintiffs – *Chambers USA*, 2025, 2024, 2023, 2022
- Class Action Practice Group of the Year, *Law360*, 2023, 2019
- Top Boutique Law Firms in California, *Daily Journal*, 2019

These accolades have also included individual recognition of many of the firm's attorneys:

- Top 40 Under 40, *Daily Journal*, 2025 (Steve Lopez)
- Top Women Lawyers in California, *Daily Journal*, 2024 (Rosemary Rivas)
- California Lawyer of the Year (CLAY) Award, *Daily Journal*, 2023 (Andre Mura, Steven Tindall, Zeke Wald)
- Top Women Lawyers in California, *Daily Journal*, 2023, 2021 (Amy Zeman)
- Top Plaintiff Lawyers in California, *Daily Journal*, 2021 (Andre Mura, Amy Zeman)
- Product Liability MVP, *Law360*, 2021 (Amy Zeman)
- Lawyer of the Year- Mass Torts/ Class Action, *Best Lawyers*, 2022 (Eric Gibbs)
- Titans of the Plaintiffs Bar, *Law360*, 2019 (Eric Gibbs)
- California Lawyer of the Year (CLAY) Award, *Daily Journal*, 2019 (Eric Gibbs)
- California Lawyer of the Year (CLAY) Award, *Daily Journal*, 2019 (Steven Tindall)
- Top Plaintiff Lawyers in California, *Daily Journal*, 2020, 2019, 2016 (Eric Gibbs)
- Top Cybersecurity/ Privacy Attorneys Under 40, *Law360 Rising Stars,* 2017 (Andre Mura)

1111 Broadway, Suite 2100, Oakland, CA 94607
☎ 510 350 9700
🖷 510 350 9701
www.ClassLawGroup.com

## ATTORNEYS

**Partners**
| | |
|---|---|
| Eric Gibbs | p. 3 |
| Andre Mura | p. 5 |
| David Berger | p. 7 |
| Eileen Epstein Carney | p. 9 |
| Dylan Hughes | p. 10 |
| Linda Lam | p. 11 |
| Steve Lopez | p. 13 |
| Rosemary Rivas | p. 15 |
| Dave Stein | p. 17 |
| Steven Tindall | p. 19 |
| Amy Zeman | p. 21 |

**Of Counsel & Counsel**
| | |
|---|---|
| Brian Bailey | p. 23 |
| Aaron Blumenthal | p. 24 |
| Spencer Hughes | p. 25 |
| Parker Hutchinson | p. 26 |
| Rosanne Mah | p. 27 |
| Karen Barth Menzies | p. 28 |
| Ashleigh Musser | p. 30 |

**Associates**
| | |
|---|---|
| Yusuf Al-Bazian | p. 31 |
| Emily Beale | p. 32 |
| Delaney Brooks | p. 33 |
| Sadie Hillier | p. 34 |
| Hanne Jensen | p. 35 |
| Anna Katz | p. 36 |
| Jeff Kosbie | p. 37 |
| Angela Ma | p. 38 |
| Emma MacPhee | p. 39 |
| Jake Seidman | p. 40 |
| Jennifer Sun | p. 41 |
| Wynne Tidwell | p. 42 |
| Zeke Wald | p. 43 |
| Kate Walford | p. 45 |
| Tayler Walters | p. 46 |

**Staff Attorneys**
| | |
|---|---|
| Dorry Gardner | p. 47 |
| Sierra Morris | p. 48 |
| Alyssa Prothero | p. 49 |

## SIGNIFICANT RECOVERIES

| | |
|---|---|
| **Deceptive Marketing** | p. 50 |
| **Defective Products** | p. 51 |
| **Antitrust & Unfair Business Practices** | p. 53 |
| **Securities & Financial Fraud** | p. 55 |
| **Data Breach & Privacy** | p. 56 |
| **Mass Tort** | p. 57 |
| **Sexual Assault Litigation** | p. 57 |
| **Government Reform** | p. 58 |

# Voting Rights Task Force

Gibbs Mura is proud to have launched our Voting Rights Task Force, through which we have been participating in efforts to protect and expand civic participation across the country.  The Task Force seeks to identify specific opportunities for both our attorneys and staff to promote voter engagement and maximize voter participation.  We implemented new programs to promote firmwide involvement in protecting and expanding the right to vote, including:

- Making Election Day a firm holiday.
- Allowing support staff to bill a set number of hours per week to Voting Rights Task Force efforts, including with nonprofit organizations.
- Encouraging attorney participation in voter protection volunteer opportunities during elections, including staffing voter protection hotlines, poll watching, and helping triage issues that arise.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9700
ehg@classlawgroup.com

**Practice Emphasis**
Antitrust & Unfair Competition
Banking and Financial Fraud
Class Actions
Consumer Protection
Mass Personal Injury
Whistleblower

**Education**
Seattle University School of
Law, J.D., 1995
San Francisco State
University, B.A., 1991

**Select Awards & Honors**
*Nationwide Products Liability:
Plaintiffs – Band 4,*
Chambers USA, 2022-2025
*"Lawyer of the Year," Best
Lawyers in America for Class
Actions/ Mass Tort Litigation*,
2022
*Lawdragon 500 Leading
Plaintiff Financial Lawyer,*
2020-2026
*Lawdragon 500 Leading
Plaintiff Consumer Lawyer,*
2019-2025
*Titans of the Plaintiffs Bar,*
Law360, 2019
*California Lawyer Attorney of
the Year Award,* 2019
*Top Plaintiff Lawyers in
California for 2020, 2019,
2016,* Daily Journal
*Cybersecurity & Privacy
MVP,* Law360, 2018
*Consumer Protection MVP,*
Law360, 2016
*AV Preeminent®* Peer
Review Rated by Martindale-
Hubbell

**Admissions**
California

# Eric H. Gibbs | Partner

Eric prosecutes antitrust, consumer protection, whistleblower, financial fraud and mass tort matters.  He has been appointed to leadership positions in dozens of contested, high profile class actions and coordinated proceedings.  Eric has recovered billions of dollars for the clients and classes he represents and has negotiated groundbreaking settlements that resulted in meaningful reforms to business practices and have favorably impacted plaintiffs' legal rights.

## Reputation and Recognition by the Courts

In over 20 years of practice, Eric has developed a distinguished reputation with his peers and the judiciary for his ability to work efficiently and cooperatively with co-counsel, and professionally with opposing counsel in class action litigation.

"[Mr. Gibbs] efficiently managed the requests from well over 20 different law firms and effectively represented the interests of Non-Settling Plaintiffs throughout this litigation."

- Hon. G. Wu, *In re Hyundai & Kia Fuel Economy Litig.* (C.D. Cal)

"The attorneys who handled the case were particularly skilled by virtue of their ability and experience."

- Hon. D. Debevoise, *In re: Mercedes-Benz Teleaid Contract Litig.* (D. N.J.)

"They are experienced and knowledgeable counsel and have significant breadth of experience in terms of consumer class actions."

- Hon. R. Sabraw, *Mitchell v. Am. Fair Credit Assoc'n* (Alameda Cty. Superior Ct.)

"Representation was professional and competent; in the Court's opinion, counsel obtained an excellent result for the class."

- Hon. J. Fogel, *Sugarman v. Ducati N. Am.* (N.D. Cal)

## Achievements and Leadership

Eric has been recognized as a leading lawyer in class and mass actions.  In 2019, *Law360* recognized Eric among its "Titans of the Plaintiffs Bar," one of only 10 attorneys nationwide to receive the prestigious award.  He also received the 2019 *California Lawyer Attorney of the Year (CLAY) Award* for his work in the Anthem Data Breach Litigation.  *Daily Journal* named him to its coveted list of "Top Plaintiff Lawyers in California" for 2020, 2019 and 2016. *Law360* recognized Eric as a "2016 Consumer Protection MVP," (the only plaintiff-side lawyer in the country selected in that category) and as a "2018 Cybersecurity & Privacy MVP."  Consumer Attorneys of California selected Eric and co-counsel as finalists for *Consumer Attorney of the Year* for achieving a $100 million settlement in the Chase "Check Loan" Litigation.   His cases have been chronicled in major legal and news publications including *NBC News, CNN,* the *National Law Journal, The New York Times*, *Market Watch,* and *Bloomberg News*. Eric holds a variety of leadership positions in professional associations for consumer advocacy, and he frequently presents on developing trends in the law at conferences throughout the country.

## Litigation Highlights

**In re Anthem, Inc. Data Breach Privacy Litigation** – Served as a court-appointed member of the Plaintiffs' Steering Committee representing the interests of plaintiffs and putative class members following a massive data breach of approximately 80 million personal records.  The lawsuit settled in August 2018 for $115 million, the largest data breach settlement in history at the time.

***In re Chase Bank U.S.A., N.A. "Check Loan" Contract Litigation*** – multidistrict litigation that alleged Chase Bank wronged consumers by offering long-term fixed-rate loans, only to later more-than-double the required loan payments.   Eric led negotiations in the case, which resulted in a $100 million settlement with Chase eight weeks prior to trial.

***In re Adobe Systems Inc. Privacy Litigation*** – As court-appointed lead counsel, Eric and his team reversed a long line of decisions adverse to consumers whose personal information was stolen in data breaches. Judge Koh issued a 41 page decision in plaintiffs' favor and Eric negotiated a comprehensive reform of Adobe's data security practices. The court's landmark decision on Article III standing in this case marked a sea change and has been cited favorably in over twenty cases in the year since it was issued.

***In re Hyundai & Kia Fuel Econ. Litigation*** – As court-appointed liaison counsel, Eric reconciled the plaintiffs' interests and coordinated discovery and settlement negotiations. He helped finalize a settlement with an estimated value of up to $210 million.

***Skold v. Intel Corp.*** – After more than a decade of litigation, Eric as lead counsel achieved a nationwide class action settlement on behalf of approximately 5 million consumers of Intel Pentium 4 processors. The lawsuit changed Intel's benchmarking practices and Intel agreed to a cash settlement for the class, along with $4 million in charitable donations.

***Parkinson v. Hyundai Motor America*** – Eric served as class counsel in this lawsuit alleging that the flywheel and clutch system in certain Hyundai vehicles was defective.  After achieving nationwide class certification, Hyundai agreed to a settlement that provided for 50-100% reimbursements to class members for their repairs and full reimbursement for rental vehicle expenses.

***De La Cruz v. Masco Retail Cabinet Group*** – Eric served as lead attorney litigating the collective claims of dozens of misclassified account representatives for overtime pay under the Fair Labor Standards Act (FLSA). Successfully certified a class of current and former Masco account representatives and personally arbitrated the case to judgment obtaining full recovery for the class.

***In re Providian Credit Card Cases*** – Eric played a prominent role in this nationwide class action suit brought on behalf of Providian credit card holders alleging that Providian engaged in unlawful and fraudulent business practices in connection with the marketing and fee assessments for its credit cards. The Honorable Stuart Pollack approved a $105 million settlement, plus injunctive relief—one of the largest class action recoveries in the United States arising out of consumer credit card litigation.

## Professional Affiliations

American Association for Justice, Board of Governors, Co-founder and past co-chair of Consumer Privacy and Data Breach Litigation Group, Co-founder and past co-chair of AAJ Litigation Group, Past editor of Class Action Litigation Group newsletter, Creator and co-chair of Class Action Litigation Group Objector Database and Task Force, Law School Committee
American Bar Foundation- Fellow
Consumer Attorneys of California
Equal Justice Society- Advisory Board
National Association of Consumer Advocates
National Consumer Law Center
National Plaintiffs' Law Association, Advisory Board Member
Public Justice Foundation- Former Member, Class Action Preservation Project Committee
San Francisco Trial Lawyers Association
Association of Business Trial Lawyers
American Bar Association



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9700
F 510.350.9701
amm@classlawgroup.com

**Practice Emphasis**
Class Actions
Consumer Protection
Privacy
Mass Personal Injury

**Education**
The George Washington
University Law School, J.D.,
2004
Williams College, B.A., 2000

**Awards & Honors**
*Lawdragon 500 Leading
Plaintiff Financial Lawyer,*
2025-2026
*Lawdragon 500 Leading
Plaintiff Consumer Lawyer,*
2021-2025
*California Lawyer Attorney of
the Year (CLAY) Award,* Daily
Journal, 2023, 2019
*Top Plaintiff Lawyers in
California,* Daily Journal,
2021
*Top Cybersecurity & Privacy
Attorneys Under 40,* Law360
Rising Stars 2017
*Northern California Super
Lawyers,* 2019-2025; *Rising
Star*, 2016-2018

**Admissions**
California
District of Columbia

# Andre M. Mura | Partner

Andre represents plaintiffs in class actions and mass torts including in the areas of consumer protection, privacy, and products liability. Before joining Gibbs Mura, Andre was senior litigation counsel at the Center for Constitutional Litigation PC, where he represented plaintiffs in high-stakes appeals in state supreme courts and federal appellate courts.

Andre has been honored twice with a California Lawyer Attorney of the Year Award: in 2023 for his involvement and success at trial in *Patz v. City of San Diego*, and in 2019 for his work in the California Supreme Court in *De La Torre v. CashCall*. He is on the Board of the Civil Justice Research Initiative of Berkeley Law, a Fellow of the American Bar Foundation, a member of the Lawyers Committee of the National Center for State Courts, President of the National Civil Justice Institute, past Chair of the American Association for Justice's LGBT Caucus, past Trustee of the National College of Advocacy, and a member of Williams College's Latino/a and BiGLATA Alumni Network.

## Litigation Highlights

***In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*** – Andre was court-appointed to Plaintiffs' Steering Committee Leadership and has undertaken a wide range of responsibilities, including law and briefing and managing discovery related to the TikTok defendants. The firm also represents children and families in lawsuits in federal and state court against Facebook, Instagram, TikTok, Snap, and YouTube.

***In re: Meta Pixel Healthcare Data Privacy Litigation*** – Andre was court-appointed to the plaintiffs' executive committee in this consolidated litigation, representing millions of patients whose sensitive health data was allegedly collected and shared without their consent. In his appointment decision, Judge Orrick said he chose interim class counsel for their "highly relevant" experience and knowledge.

***Brooks v. Thomson Reuters Corporation*** – Andre is court-appointed class counsel in this data privacy case against Thomson Reuters for its CLEAR product. The lawsuit alleged that Thomson Reuters collected millions of California residents' personal and confidential information and then sold access to it without their knowledge or consent. After the court granted plaintiffs' motion for class certification, the parties reached a class settlement for $27.5 million and substantial injunctive relief. The court granted final approval of the settlement on February 21, 2025.

***San Diego and Otay Water District Tiered Water Rates Lawsuits*** – Lead trial counsel achieving a $79.5 million verdict on behalf of single-family customers in a lawsuit charging the City of San Diego with setting water rates that run afoul of the California Constitution. After successfully defending the Court's judgment in favor of the class on appeal, the case is currently on limited remand in San Diego Superior Court.

Key member of the litigation team achieving a verdict on behalf of single-family residential customers in a lawsuit challenging the Otay Water District with setting unconstitutional water rates. The case is also on limited remand.

***In re: 3M Combat Arms Earplug Products Liability Litigation*** – Andre was court-appointed to the plaintiffs' law-and-briefing committee in this multi-district litigation on behalf of military servicemembers and veterans who suffered injuries due to defective 3M earplugs, which were standard-issue for U.S. military members for more than a decade. Andre also served on several bellwether trial teams, securing multiple favorable jury verdicts.

***In re: Taxotere (Docetaxel) Products Liability Litigation*** – Andre was a member of the trial team in a two-week federal jury trial and is member of Plaintiffs' Steering Committee and co-chair of Law and Briefing in this multi-district litigation on behalf of breast cancer survivors who suffered permanent hair loss after using the Taxotere chemotherapy drug. He recently obtained a unanimous decision granting a bellwether plaintiff a new trial. *See* 26 F.4th 256 (5th Cir. 2022)

***In re: Vizio, Inc. Consumer Privacy Litigation*** – Andre is co-lead counsel for the settlement class in this multi-district lawsuit alleging that Vizio collected and sold data about consumers' television viewing habits and their digital identities to advertisers without consumers' knowledge or consent.  He negotiated a settlement providing for class-wide injunctive relief transforming the company's data collection practices, as well as a $17 million fund to compensate consumers who were affected.

***De La Torre v. CashCall*** – Andre played a key role in briefing before the California Supreme Court, resulting in a unanimous decision in the plaintiffs' favor.  The decision changed decades-old assumptions that lenders in California had a virtual "safe harbor" from unconscionability challenges to loan interest rate terms.

***In re: Lenovo Adware Litigation*** – Andre briefed and argued a motion to dismiss and motion to certify a nationwide litigation class for monetary damages. The court approved a $7.3 million class action settlement to resolve allegations that Lenovo preinstalled software on laptops that caused performance, privacy and security issues for consumers.

***Beaver et. al. v. Tarsadia Hotels, Inc.*** – Andre contributed to briefing before the Ninth Circuit Court of Appeals resulting in a unanimous decision affirming the lower court's ruling that the UCL's four-year statute of limitations (and its accrual rule) applied in claims alleging violations of the Interstate Land Sales Full Disclosure Act (ILSA) even though ILSA has a shorter statute of limitations.

***Watts v. Lester E. Cox Medical Centers***, 376 S.W.3d 633 (Mo. 2012) – Andre successfully argued that a state law limiting compensatory damages in medical malpractice cases violated his client's right to trial by jury.  In ruling for Andre's client, the Missouri high court agreed to overturn a 20-year-old precedent.

## U.S. Supreme Court Advocacy

***Merck Sharp & Dohme Corp. v. Albrecht***, 139 S. Ct. 1668 (2019) – Before the U.S. Supreme Court, in a case concerning the scope of federal immunity for brand-name drug manufacturers, Andre represented medical doctors appearing as amici curiae. His amicus brief was discussed at oral argument, with Supreme Court counsel for Albrecht telling the Justices, "It's a beautifully done amicus brief to explain what the scientists knew and when they knew it…."

***Mutual Pharmaceutical Co., Inc. v. Bartlett***, 133 S. Ct. 2466 (2013) – Andre was the lead author of an amicus curiae brief for the American Association for Justice and Public Justice in a case examining whether federal drug safety law preempts state-law liability for defectively designed generic drugs.

## Professional Affiliations

American Association for Justice- Class Action Litigation Group, Legal Affairs Group, LGBT Caucus
American Bar Foundation, Fellow
Consumer Attorneys of California, Member
Civil Justice Research Initiative of Berkeley Law, Board Member
Impact Fund, Board Member
Law360- Cybersecurity & Privacy, Former Editorial Advisory Board Member
National Center for State Courts, Lawyers Committee
National Civil Justice Institute, President

## Select Publications & Presentations

Presenter, "Emerging Issues Affecting Class Actions and Pharma Litigation: Legal Writing," AAJ Annual Convention, July 2025.

Moderator, "The N.D. Guidelines in Practice," Civil Justice Research Initiative, November 2023.

*Page 6 of 58*

**Page 183**



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9700
dmb@classlawgroup.com

**Practice Emphasis**
Class Actions
Consumer Protection
Privacy

**Education**
Northwestern University
School of Law, J.D., 2008
University of Wisconsin,
Madison, B.A., 1998

**Admissions**
California

# David M. Berger │Partner

David represents plaintiffs in class actions with a special emphasis on data breach, privacy, and financial services litigation. He currently serves as lead or co-lead counsel in matters including *In re: Prosper Funding, LLC Data Breach Litigation* (N.D. Cal.); *In re: MGM Customer Data Sec. Litigation* (D. Nev.); *In re: Equifax, Inc. Fair Credit Reporting Act Litigation* (N.D. Ga.); and *In re: Sequoia Benefits and Insurance Data Breach Litigation* (N.D. Cal.), among others. David has also represented victims in some of the largest and most influential data privacy and security cases, including litigation against Equifax, Anthem, Vizio, Adobe, Banner Health, and Excellus BlueCross BlueShield. David has repeatedly obtained record-breaking settlements on behalf of his clients, including in the Equifax and Anthem data breach cases, which set successive records for the largest data breach settlement in history.

David is widely regarded as a leader in litigation involving data breach and privacy, which is underscored by his broad technical expertise—from hacking techniques and cybersecurity controls to industry standard IT practices, information security frameworks, and auditing processes.  He has deposed Chief Information Security Officers and information security professionals at Fortune 500 corporations, worked with expert witnesses on cutting-edge cybersecurity and damages theories, and supervised large-scale document review teams poring over millions of technical documents in a compressed timeframe.

Outside of his litigation experience, David is an active member of the class action legal community. He is the former chair of the American Association for Justice's Consumer Privacy and Data Breach Litigation Group. He is also an active member of The Sedona Conference's Working Group on Data Security and Privacy Liability, which identifies and comments on trends in data security and privacy jurisprudence to move the law forward in a reasoned and just way. David was a member of The Sedona Conference's Biometric Security Brainstorming Group, and was recently selected to the Breach Notification Statutes Brainstorming Group. David is also frequently invited to present at conferences and symposia on information security and privacy issues and consumer class actions.

Prior to joining Gibbs Mura, he served as a law clerk to the Honorable Laurel Beeler, Northern District of California (2011-2014). Before law school, David worked as a magazine editor and television presenter in Taiwan and managed an outdoor center on an island off the West Coast of Scotland.

## Litigation Highlights

**In re Prosper Funding, LLC Data Breach Litigation** – Interim co-lead counsel in ongoing litigation against financial services company Prosper Funding LLC, concerning a September 2025 data breach which exposed and compromised the sensitive personal identifying information like social security numbers.

**In re Equifax, Inc. Customer Data Security Breach Litigation** – In securing what was described by the court as "the largest and most comprehensive recovery in a data breach case in U.S. history by several orders of magnitude," David played an integral role by negotiating key business practice changes including overhauling Equifax's handling of consumers' personal information and data security and requiring that the company spend at least $1 billion for data security and related technology over five years in addition to comprehensive technical and governance reforms.

**In re Anthem, Inc. Data Breach Privacy Litigation** – Key member of the litigation team representing interests of plaintiffs and putative class members following massive data breach of approximately 80 million personal records, including names, dates of birth, Social Security numbers, health care ID numbers, email and physical addresses, employment information, and income data.  The lawsuit settled in August 2018 for $115 million, the largest data breach settlement in history.

***In re Adobe Systems Inc. Privacy Litigation*** – Key member of the litigation team that succeeded in reversing a long line of decisions adverse to consumers whose personal information was stolen in data breaches. Judge Koh issued a 41-page decision in plaintiffs' favor and the settlement resulted in a comprehensive reform of Adobe's data security practices. The court's landmark decision on Article III standing marked a sea change and has been cited favorably in over twenty cases in the year since it was issued.

***In re Equifax, Inc. Fair Credit Reporting Act Litigation*** – Court-appointed Interim Co-lead counsel in ongoing litigation against Equifax related to the company reporting inaccurate credit information on approximately 2.5 million Americans who applied for mortgages, loans, and credit cards between March 17 and April 6, 2022.

***Smallman v. MGM Resorts International*** – Interim Co-lead Counsel in litigation against MGM, following the data breaches in 2019 and again in 2023 in which the personal data of 10.6 million MGM customers was stolen and posted on underground hacking forums. A settlement for $45 million received final approval on June 18, 2025.

***In re Sequoia Benefits Data Breach Litigation*** – Court-appointed Class Counsel in litigation against Sequoia Benefits regarding the 2022 data breach which exposed and compromised the sensitive information of over 580,000 people nationwide, including Social Security numbers, member IDs, and wage data. A settlement for $8.7 million cash payment to a nationwide class, including a California subclass receiving an extra cash payment, and requiring Sequoia Benefits to adopt enhanced data privacy practices, received preliminary approval on September 10, 2026. Final approval is scheduled for April 7, 2026.

## Awards & Honors

Lawdragon 500 Leading Plaintiff Financial Lawyers (2025-2026)
Northern California Super Lawyers (2021-2025)
Rising Star, Northern California Super Lawyers (2016-2018)

## Professional Affiliations

American Association for Justice- Consumer Privacy and Data Breach Litigation Group (Board Member, Former Chair)
Member, Sedona Conference's Working Group on Data Security and Privacy Liability
Co-Chair, Sedona Conference's WG11 Brainstorming Group "Exploring Greater Efficiencies in Data Breach and Privacy Class Action Litigation"
National Civil Justice Institute

## Selected Presentations and Publications

Presenter, "Strategies and Tactics in Consumer Privacy and Data Breach Cases: Damage Theories Supporting Class Certification," AAJ Annual Convention, July 2025.

Presenter, "Cybersecurity Issues Affecting Health Benefit Plans," U.S. Department of Labor, Advisory Council on Employee Welfare and Pension Benefit Plans, July 2022.

Presenter, "Internet Data Accumulation and Protection," Pound Civil Justice Institute, The Internet and the Law: Legal Challenges in the New Digital Age, November 2021.

Presenter, "Facial Recognition Technology Bans," The Sedona Conference, Annual Meeting of Working Group 11 on Data Security and Privacy Liability, April 2021.

Presenter, "Privacy and Data Breach Class Actions," Western Alliance Bank Class Action Law Forum 2020, March 2020.

Presenter, "Communicating with the Class," Class Action Mastery Forum, January 2019.

Presenter, "Hot Topics in Consumer Class Actions Against Insurers: Filed Rate Doctrine, Standing, and Reverse Preemption of RICO Claims," Sacramento California Insurance Regulation and Litigation Seminar, Clyde & Co., March 2018.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9700
F 510.350.9701
eje@classlawgroup.com

**Education**

American University
Washington College of Law,
J.D., 2005

Lehigh University, B.A., *magna cum laude, Phi Betta Kappa,* 2002

**Admissions**

Minnesota

# Eileen Epstein Carney | Partner

Eileen represents investors and consumers who have been harmed by financial fraud and other corporate misconduct. This includes oversight of investigation into alleged Ponzi schemes, securities fraud, and other financial scams. Eileen helps run initial case investigations and deploys her substantial experience to ensuring that the victims of financial fraud are made whole.

Eileen is also deeply involved in the day-to-day operations of Gibbs Mura.  She executes on the firm's strategic vision with a focus on recruiting talented and diverse professionals, training, mentorship, community engagement, and client-focused activities. She previously spent seven years as the Director of Business Development at Gibbs Mura, leading the firm's marketing, business development and public relations activities. She has more than 15 years of experience in legal marketing and business development, with a proven track record of success overseeing teams and implementing firm-wide strategies for new business growth, marketing and media relations.

Eileen earned a J.D. from American University, Washington College of Law, and graduated *magna cum laude*, *Phi Beta Kappa*, from Lehigh University with a B.A. in journalism.

She is admitted to practice law in Minnesota.

## Professional Affiliations

American Association for Justice



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9700
F 510.350.9701
dsh@classlawgroup.com

**Practice Emphasis**
Class Actions
Consumer Protection
Employment Law
Whistleblower

**Education**
University of California College of the Law, San Francisco, J.D., 2000
University of California, Berkeley, B.A., 1995

**Admissions**
California

# Dylan Hughes | Partner

Dylan Hughes concentrates his practice on investigating and prosecuting fraud matters on behalf of whistleblowers, consumers and employees who have been harmed by corporate misconduct. He coordinates initial case evaluations and analyses in a variety of practice areas and has substantial experience in matters involving health care fraud, particularly in the Medicare and pharmaceutical contexts. Dylan represents consumers in cases ranging from false advertising to defective products, and employees in misclassification and wage and hour cases under state and federal laws.

Mr. Hughes has extensive experience prosecuting complex personal injury cases. He helped to obtain millions of dollars for women who suffered blood clots and other serious injuries after taking birth control pills. He has also represented clients injured by defective medical devices, including defibrillators, blood filters, as well as back pain implants. Mr. Hughes was part of the team that recently settled a case alleging medical malpractice for a spinal surgery that resulted in partial paralysis.

Mr. Hughes began his career as a law clerk for the Honorable Paul A. Mapes, Administrative Law Judge of the Office of Administrative Law Judges, United States Department of Labor. He is a member of the American Bar Association, Consumer Attorneys of California, American Association for Justice Class Action Litigation Group and the Consumer Rights Section of the Barristers Club.

## Litigation Highlights

*Skold v. Intel Corp.* **–** Key member of the legal team in this decade-long litigation that achieved a nationwide class action settlement on behalf of approximately 5 million consumers of Intel Pentium 4 processors. The lawsuit changed Intel's benchmarking practices and Intel agreed to a cash settlement for the class, along with $4 million in charitable donations.

*In re Adobe Systems Inc. Privacy Litigation* **–** Key member of the litigation team that succeeded in reversing a long line of decisions adverse to consumers whose personal information was stolen in data breaches. Judge Koh issued a 41-page decision in plaintiffs' favor and the settlement resulted in a comprehensive reform of Adobe's data security practices. The court's landmark decision on Article III standing in this case marked a sea change and has been cited favorably in over twenty cases in the year since it was issued.

*Velasco v. Chrysler Group LLP (n/k/a FCA US LLC)* **–** represented consumers who alleged they were sold and leased vehicles with defective power control modules that caused vehicle stalling. In addition to negotiating a recall of all 2012-13 Jeep Grand Cherokee and Dodge Durango vehicles, the lawsuit also resulted in Chrysler reimbursing owners for all repair and rental car expenses, and extending its warranty.

*Parkinson v. Hyundai Motor America* – certified a nationwide class alleging Hyundai sold vehicles with defective flywheel systems, resulting in a favorable settlement for the class.

## Awards & Honors

Northern California Super Lawyer (2012-2025)

## Professional Affiliations

Consumer Attorneys of California
American Association for Justice- Class Action Litigation Group



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9700
F 510.350.9701
lpl@classlawgroup.com

**Practice Emphasis**
Class Actions
Consumer Protection

**Education**
University of California College of the Law, San Francisco, J.D., *magna cum laude*, *Order of the Coif*, 2014
University of California Los Angeles, B.A., 2011

**Admissions**
California

# Linda Lam | Partner

Linda Lam focuses her practice on representing individuals who have been harmed by corporate misconduct. She has recovered tens of millions of dollars for consumers and investors by prosecuting fraud, breach of contract, and breach of fiduciary duty cases against large banks and insurance companies.

Linda regularly represents investors who have lost substantial sums of money as a result of fraud, including most recently in *Camenisch v. Umpqua Bank*. There, the plaintiffs alleged that Umpqua aided and abetted a fraudulent scheme based in Marin County that caused investors, many of whom are senior citizens, to lose hundreds of millions of dollars. After a four-week trial that ended in a hung jury, the case settled for $55 million.

Linda has also been an advocate for borrowers who suffered foreclosures during the Great Recession. She represented a certified class of over 1,200 borrowers who lost their homes after Wells Fargo wrongfully denied them trial mortgage modifications. The case settled for $40 million, resulting in significant payments to each class member.

In addition to prosecuting class actions, Linda also represents individual clients in personal injury cases. Most recently, she achieved a favorable settlement for a student who suffered a traumatic brain injury as a result of peer-on-peer harassment at a Bay Area school. She has also represented individuals in automobile and pedestrian accident cases, as well as medical malpractice cases.

Before joining Gibbs Mura, Linda represented workers and retirees in cases concerning employee benefits.

## Litigation Highlights

***Camenisch v. Umpqua Bank*** – One of the trial lawyers who represented over 1,200 class members in a four-week jury trial against Umpqua Bank (now known as Columbia Bank). The plaintiff class alleged that Umpqua aided and abetted a fraudulent investment scheme by Professional Financial Investors (PFI). Plaintiffs argued that PFI ran a fraudulent scheme that used investor money to personally benefit PFI's executives, including its principals Ken Casey and Lewis Wallach, pay other investors, and cover recurring shortages across its dozens of accounts at Umpqua. Ultimately, the jury could not reach a unanimous decision, and the court declared a mistrial. The parties reached a $55 million settlement weeks later, and the Court granted final approval on September 11, 2025. Judge P. Casey Pitts, who oversaw the trial, called the settlement an "excellent" outcome for the class.

***Hernandez v. Wells Fargo Bank, N.A.*** – Represented a certified class of more than 1,200 mortgage borrowers who lost their homes to foreclosure after Wells Fargo erroneously denied them trial mortgage modifications. The case settled in two phases for a total of $40.3 million. Judge William Alsup, who oversaw the case, praised the settlement as bringing "significant" relief to each class member and noted the amount was "greater than those approved by other courts in this district involving similar claims concerning loan modifications."

***Steven Cooper v. United States of America*** – Represented a veteran of the United States Army who alleged that he received negligent medical care at a VA facility, resulting in a delayed diagnosis of aggressive prostate cancer. The plaintiff alleged that by the time the cancer was discovered and diagnosed, it had become incurable. Linda was part of the trial team that won a $2.5 million judgment for the plaintiff.

***Asokan et. al. v. American General Ins. Co.*** – Litigated this insurance and investment fraud case against American General Insurance Co, an AIG subsidiary. Linda represented six plaintiffs who were marketed an investment involving a specialized American General whole life policy that, when purchased through a particular defined benefit plan, would supposedly provide a multitude of tax benefits. Plaintiffs alleged that American General knew but concealed from them that its attorney had advised that these plans no longer complied with the law. Plaintiffs suffered substantial losses as a result of this alleged fraudulent concealment. The case settled for a confidential sum eight days into the jury trial.

## Awards & Honors

Northern California Super Lawyers, *Rising Star* (2017-2024)

## Publications & Presentations

Co-author, "H.R. 1215: Obliterating Access to Justice for Severe Medical Negligence," Impact Fund Practitioner Blog, May 2, 2017.

Author, *The Real ID Act: Proposed Amendments for Credibility Determinations*, 11 Hastings Race & Poverty L.J. 321, 2014.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9700
sal@classlawgroup.com

**Practice Emphasis**
Class Actions
Consumer Protection

**Education**
University of California,
Berkeley, School of Law,
J.D., 2014
University of Virginia, B.A.,
2008

**Admissions**
California

# Steve Lopez │ Partner

Steve Lopez represents consumers, employees and whistleblowers who have been harmed by corporate misconduct. He has litigated a wide variety of cases, including automotive class actions, environmental mass torts, pharmaceutical cases, sexual abuse litigation, financial negligence cases, employment class actions, and mass arbitrations. For years, Steve has co-led large teams of lawyers and paralegals representing thousands of renters, homeowners and business owners affected by devastating California wildfires. He is a vital member of the team that helped secure over $1 billion from PG&E on behalf of survivors of the Camp Fire and North Bay Fires.

## Leadership Roles

Courts have appointed Steve to leadership roles in a number of high impact cases. He currently serves on the Plaintiffs' Steering Committee in the consolidated Social Media Addiction Lawsuits in California state court, representing hundreds of children and families alleging that they have been harmed by addiction to TikTok, Instagram, Snapchat, and other social media platforms. Steve serves as co-liaison counsel in lawsuits against Pfizer alleging that Depo-Provera birth control causes brain tumors. Steve also serves on the Plaintiffs' Steering Committee in litigation related to the Eaton Fire in Los Angeles, representing individual and family wildfire survivors against the utility Southern California Edison. Previously, Steve was appointed as liaison counsel in class action litigation on behalf of investors who lost money during a platform outage on the Robinhood Trading Platform, which resulted in a $9.9 million settlement.

## Awards and Recognition

In 2025, the *Daily Journal* named Steve to its Top 40 Under 40 list, a recognition of the top lawyers under the age of 40 in California. From 2023 to 2025, Steve has been named to Lawdragon's list for *500 X – The Next Generation*, which highlights promising young attorneys who have already handled matters with "significant impact" as future leaders of the legal profession.

Steve is a 2014 graduate of the University of California, Berkeley, School of Law, where he was a Publishing Editor for the California Law Review and an Editor for the Berkeley Journal of Employment and Labor Law. He was also a member of the La Raza Law Students Association and the Legal Aid Society–Employment Law Center's Berkeley Workers' Rights Clinic.

Prior to law school, Mr. Lopez performed research for a consulting firm dedicated to improving justice programs. He received his B.A. in economics and international relations from the University of Virginia in 2008.

## Litigation Highlights

***In re PG&E Corp. (2017 North Bay Fire and 2018 Camp Fire Lawsuits)*** – Co-led a team from Gibbs Mura and co-counsel representing over 6,000 wildfire survivors of the 2018 Camp Fire in Paradise, California, and the 2017 North Bay Fires across Northern California. The lawsuits against PG&E alleged that electrical equipment and power lines owned and operated by the utility ignited the wildfires that raged across Northern California. The team secured over $1 billion in compensation on behalf of their clients.

***In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*** – Court-appointed to the Plaintiffs' Steering Committee in the JCCP consolidation of lawsuits against Instagram, Facebook, Snapchat, TikTok, and YouTube. He plays an integral role in working with data experts, motion practice, and plaintiff discovery. Steve coordinates client outreach and case development on behalf of hundreds of children, teens, and their families who allege that these social media companies purposely designed their platforms to be defective and dangerous, with addictive algorithms and features that may cause a wide variety of harms including depression, anxiety, and eating disorders.

*Page 13 of 58*

***Cadena v. American Honda Motor Co.*** – Represents hundreds of thousands of Honda CR-V and Honda Accord purchasers in litigation alleging that the automatic emergency braking system in these vehicles is defective and may cause the car to suddenly brake without warning. Steve argued class certification, summary judgment, and related Daubert motions, and oversees discovery and expert work. In June 2024, the Court certified eight classes of consumers.

***Individual Claimants v. Amazon.com, Inc.*** – Represents over 32,000 Amazon Flex drivers in mass arbitration, alleging that Amazon has misclassified them as independent contractors and underpaid them as a result. Drivers' claims include violations of overtime law, failure to pay for rest and meal breaks, and failure reimburse business-related expenses.

***Southern California Gas Leak Cases*** – Represented over 900 residents around the Los Angeles suburb of Porter Ranch who were affected by the Aliso Canyon well rupture and ensuing gas leak, the largest methane leak in U.S. history. Plaintiffs were displaced from their homes, suffered illnesses and injuries, sustained property value losses, or lost business due to the leak. Steve and the team worked closely with the firm's clients for over eight years to submit damages during the discovery process, ultimately achieving over $25 million in settlement payments.

***O'Brien v. POPSUGAR*** – Represented a certified class of internet influencers who alleged that PopSugar had misappropriated their identities and likenesses to deprive them of affiliate link profits in a case involving copyright issues. Steve and the team successfully won a motion to remand after defendants attempted to assert that the copyright claims meant plaintiffs' state law claims for damages were preempted. The litigation settled for over $2 million.

***Glenn v. Hyundai Motor America*** – Represented Hyundai drivers alleging that their vehicles were defective because their sunroofs had a propensity to spontaneously shatter. Steve led discovery efforts and worked on the expert discovery team. The team achieved a $30+ million class action settlement, which the court praised as "an extraordinarily creative solution" for "an extraordinarily complex case."

## Awards & Honors

Top 40 Under 40, *Daily Journal*, 2025
Lawdragon 500 X – The Next Generation (2023-2025)
Northern California Super Lawyers, *Rising Star* (2017-2025)

## Professional Affiliations

American Association for Justice
Consumer Attorneys of California, Former Board Member

## Publications and Presentations

Presenter, "California Fires Litigation," Fourth Annual Shades of Mass Conference, September 6, 2025.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9700
F 510.350.9701
rmr@classlawgroup.com

**Practice Emphasis**
Class Actions
Consumer Protection
Financial Fraud

**Education**
University of California College
of the Law, San Francisco,
J.D., 2000
San Francisco State
University, B.A., 1997

**Admissions**
California

# Rosemary Rivas | Partner

Rosemary has dedicated her legal career to representing consumers in complex class action litigation involving a wide variety of claims, from false advertising and defective products to privacy violations. She is committed to obtaining justice for consumers and has recovered billions of dollars for her clients and the classes they represent.

Rosemary serves in leadership positions in a number of large, complex class action cases and multi-district litigation. In a highly competitive appointment process, the Honorable Charles R. Breyer appointed Rosemary to the Plaintiffs' Steering Committee in the Volkswagen Clean Diesel Litigation, which resulted in a record-breaking settlement totaling more than $14 billion. The Recorder, a San Francisco legal newspaper, named the lawyers selected by Judge Breyer as a class action "dream team."  For her work in the Volkswagen case, Rosemary received the 2018 California Lawyer Attorney of the Year (CLAY) Award, which is given to outstanding California lawyers "whose extraordinary work and cases had a major impact on the law."

She has received numerous awards and honors for the quality of her legal work, including the Bay Area Legal Aid Guardian of Justice Award for her achievements in the law and her role in helping direct *cy pres* (remaining settlement) funds to promote equal access to the legal system. She has been recognized as a *Northern California Super Lawyer* since 2019 and was previously named a *Rising Star* by Super Lawyers Magazine. Rosemary is currently a Lawyer Representative for the Northern District of California and to the Ninth Circuit Judicial Conference.

Rosemary is a fluent Spanish-speaker and previously served on the Board and as Diversity Director of the Barristers Club of the San Francisco Bar Association. She frequently presents at legal conferences on developments in consumer protection and class action litigation.

## Litigation Highlights

**Porsche Gasoline Litigation –** As part of the Plaintiffs' Steering Committee and as Class Counsel, Rosemary represented consumers alleging that Porsche engaged in practices that skewed emissions and fuel economy test results for certain Porsche vehicles. The Honorable Charles R. Breyer granted final approval of a proposed nationwide class action settlement providing a non-reversionary common fund of $80 million.

**Lash Boost Cases –** As Class Counsel, Rosemary Rivas represented consumers who alleged that Rodan + Fields failed to disclose material information relating to its Lash Boost product, namely, the potential side effects and risks of adverse reactions presented by the ingredient Isopropyl Cloprostenate. The Honorable Ethan Schulman granted final approval of a proposed nationwide class action settlement providing a non-reversion common fund of $30 million in cash and $8 million in credits.

**In re: Apple Inc. Device Performance Litigation –** The Honorable Edward J. Davila appointed Rosemary to the Plaintiffs' Executive Committee in this nationwide class action alleging that Apple intentionally slowed down consumers' iPhones. The case settled for $310 million.

**In re: Hill's Pet Nutrition, Inc., Dog Food Products Liability Litigation –** Rosemary represented consumers alleging that Hill's sold dog food with excessive Vitamin D that was harmful to pets. Chief Judge Julie A. Robinson granted final approval of a nationwide class action settlement providing for a common fund of $12.5 million.

## Awards & Honors

Lawdragon 500 Leading Plaintiff Financial Lawyers (2025-2026)
Top Women Lawyers in California, *Daily Journal* (2024)
Northern California Super Lawyer (2019-2025)
California Lawyer Attorney of the Year (CLAY) Award, *Daily Journal* (2018)

*Page 15 of 58*

Rising Star, *Northern California Super Lawyers* (2009-2011)
Guardian of Justice Award, *Bay Area Legal Aid* (2015)

## Professional Affiliations

American Association for Justice- Class Action Litigation Group
Equal Justice Society, Advisory Board Member
Law360- Consumer Protection, Former Editorial Advisory Board Member
Lawyer Representative for the Northern District of California and to the Ninth Circuit
   Judicial Conference

## Publications and Presentations

Presenter, "Current Trends in Consumer Class Actions," Class of Our Own: Litigating Women's Summit, May 2023.

Presenter, "Consumer Class Actions," Western Alliance Bank Class Action Law Forum, 2021 and 2022.

Presenter, "Nationwide Settlement Classes: The Impact of the Hyundai/ Kia Litigation," National Consumer Law Center's Consumer Rights Litigation Conference and Class Action Symposium, 2018.

Presenter, "One Class or 50? Choice of Law Considerations as Potential Impediment to Nationwide Class Action Settlements," 5th Annual Western CLE Program on Class Actions and Mass Torts, 2018.

Presenter, "The Right Approach to Effective Claims," Beard Group- Class Action Money & Ethics, 2018.

Presenter, "False Advertising Class Actions: A Practitioner's Guide to Class Certification, Damages and Trial," The Bar Association of San Francisco, 2017.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9700
F 510.350.9701
ds@classlawgroup.com

**Practice Emphasis**
Class Actions
Consumer Protection
Financial Fraud
Product Liability
Securities Litigation

**Education**
Emory University School of
Law, J.D., 2007
University of California, Santa
Barbara, B.A., 2003

**Admissions**
California

# Dave Stein | Partner

Dave Stein represents clients in cases ranging from securities and financial fraud class actions, to product liability and consumer-protection cases. Courts frequently appoint Dave as lead counsel in these cases, and Law360 praised him as a "tenacious" litigator with a "reputation as one of the best consumer advocates around."

The Daily Journal recognized Dave as one of the Top 40 attorneys in the state of California under the age of 40, and he was also honored in *Law360*'s nationwide list of "Top Class Action Attorneys Under 40." Dave has also been repeatedly rated by his colleagues as a Northern California Super Lawyer.

Dave is frequently called upon to discuss emerging issues in complex litigation. He has been selected four times to serve on Law360's Product Liability Editorial Advisory Board, advising on emerging trends and important issues impacting product liability cases.

Before entering private practice, Dave served as judicial law clerk to U.S. District Court Judge Keith Starrett and U.S. Magistrate Judge Karen L. Hayes.

## Reputation and Recognition by the Courts

Dave has built a reputation for the quality of his representation and tenacious advocacy on behalf of the clients and classes he represents:

"[T]his is an extraordinarily complex case and an extraordinarily creative solution… I [want to] thank you and compliment you gentlemen. It's been a real pleasure to work with you."

- Hon. D. Carter, *Glenn v. Hyundai Motor America* (C.D. Cal.)

"You made it very easy to deal with this case and clearly your years of expertise have carried the day here. Nice work. Thank you."

- Hon. M. Watson, *In re Am. Honda Motor CR-V Vibration Litig.* (S.D. Ohio)

"Exceedingly well argued on both sides. …. Sometimes people really know their stuff on both sides which is what happened today so thank you."

- Hon. J. Tigar, *In re General Motors CP4 Fuel Pump Litig.* (N.D. Cal.)

## Litigation Highlights

***In re: Peregrine PFG Best Customer Accounts Litigation*** – Represented investors in litigation against U.S. Bank and JPMorgan Chase arising from the collapse of Peregrine Financial Group, Inc. The former Peregrine customers were seeking to recover the millions of dollars that was stolen from them out of segregated funds accounts. Plaintiffs' efforts led to settlements with JPMorgan Chase and U.S. Bank worth over $75 million.

***Todd Benjamin International, Ltd. v. Grant Thornton International*** – Represented investors in TCA Global Credit Master Fund L.P. and its feeder funds. The investors alleged that the funds' management inflated assets and earnings, and that the funds' auditors knew about the overstatement but failed to take appropriate action. After multiple years of litigation, Plaintiffs' efforts led to settlements of $26.5 million for investors. At the hearing granting final approval on May 20, 2025, Judge Scola thanked counsel for their "excellent work in the case."

***Edwards v. Ford Motor Co.*** – In a class action alleging that Ford sold vehicles despite a known safety defect, Dave twice argued plaintiff's position before the U.S. Court of Appeals for the Ninth Circuit. In the first appeal, Dave succeeded in obtaining a reversal of the trial court's denial of class certification. In the second, plaintiff again prevailed, with the Ninth Circuit affirming a ruling that Dave's and his colleagues' efforts generated free repairs, reimbursements, and extended warranties for the class.

***Edwards v. Ford Motor Co.*** – In a class action alleging that Ford sold vehicles despite a known safety defect, Dave twice argued plaintiff's position before the U.S. Court of Appeals for the Ninth Circuit. In the first appeal, Dave succeeded in obtaining a reversal of the trial court's denial of class certification. In the second, plaintiff again prevailed, with the Ninth Circuit affirming a ruling that Dave's and his colleagues' efforts generated free repairs, reimbursements, and extended warranties for the class.

***Browne v. American Honda Motor Co., Inc.*** – Represented purchasers of 750,000 Honda Accord and Acura TSX vehicles that were allegedly sold with brake pads that wore out prematurely. The case settled with class members receiving approximately $25 million.

***LLE One v. Facebook*** – Represented small businesses who alleged that Facebook overstated how long users were watching video ads on Facebook's platform. After years of litigation, the federal court approved a $40 million settlement to the class.

***Paeste v. Government of Guam*** – Secured a permanent injunction against the Government of Guam and several of its highest ranking officials in a suit involving the government's unlawful administration of income tax refunds. Defended the judgment before the Ninth Circuit U.S. Court of Appeals, leading to a complete victory for the taxpayers in the published decision, Paeste v. Government of Guam, 798 F.3d 1228 (9th Cir. 2015)

## Awards & Honors

Lawdragon 500 Leading Plaintiff Financial Lawyers (2025-2026)
Northern California Super Lawyer (2021, 2023-2025); Rising Star (2013-2020)
"2017 Top 40 Under 40," *Daily Journal*
Top Class Action Attorneys Under 40, *Law360* Rising Stars (2017)

## Professional Affiliations

American Association for Justice

## Selected Publications & Presentations

Moderator, "A View from the Bench II: Judicial Insights on Managing Complex Litigation and the Pandemic's Lasting Impact," *ABA Tort Trial & Insurance Practice Section, 2022 Motor Vehicle Product Liability Litigation Conference*, April 2022.

Presenter, "Class Damages," *AAJ Class Action Litigation Group,* June 2020.

Co-Author, "Recent Decision Highlights the Importance of Early Discovery in Arbitration," *Daily Journal*, May 2019.

Presenter, "Article III Standing in Data Breach Litigation," AAJ Class Action Seminar, December 2018.

Presenter, "Determining Damages in Class Actions," *Class Action Mastery Conference*, HB Litigation, May 2018.

Presenter, "Mass Torts and Class Actions: The Latest and Greatest, Update on Class Action Standing" *56th Annual Consumer Attorneys of California Convention,* November 2017.

Author, Third Circuit Crystallizes Post-Spokeo Standard, *Impact Fund Practitioner Blog,* July 2017.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9700
F 510.350.9701
smt@classlawgroup.com

**Practice Emphasis**
Class Actions
Employment Litigation

**Education**
University of California,
Berkeley, School of Law, J.D.,
*magna cum laude,* 1996.
Yale University, B.A., *summa
cum laude*, *Phi Beta Kappa*.

**Admissions**
California

# Steven Tindall | **Partner**

Steven Tindall represents employees seeking fair pay and just treatment in individual, representative, and class action lawsuits against employers. His cases involve allegations of misclassification, discrimination, sexual harassment, wrongful termination, retaliation, WARN Act, and ERISA violations. He has 25 years of experience representing employees in a variety of industries, including tech, gig economy, financial services, construction, transportation, and private education. Steven also represents consumers in class action litigation and individuals in mass tort personal injury lawsuits. He has been honored twice with the Daily Journal's California Lawyer Attorney of the Year ("CLAY") award: in 2023 for his involvement and success at trial against the City of San Diego on behalf of single-family residential customers challenging San Diego's unconstitutional water rates, and in 2019 for his work litigating before the California Supreme Court on behalf of low-income borrowers challenging CashCall's lending practices.

Steven clerked for Hon. Judith N. Keep of the United States District Court for the Southern District of California and for Hon. Claudia Wilken of the U.S. District Court for the Northern District of California. Prior to joining Gibbs Mura, he was a partner at Rukin Hyland Doria & Tindall, and at Lieff Cabraser Heimann & Bernstein. At Rukin Hyland and Lieff Cabraser, he focused on plaintiffs' class action litigation in the fields of wage and hour and other employment law, antitrust, and consumer protection. Steven also litigated multiple mass tort personal injury and toxic tort cases.

Steven received his B.A. degree in English Literature from Yale University, graduating *summa cum laude*, Phi Beta Kappa, and with distinction in his major. He earned his J.D. degree from the University of California, Berkeley, School of Law in 1996. While at Berkeley Law, Steven co-directed the East Bay Workers' Rights Clinic.

## Litigation Highlights

***San Diego and Otay Water District Tiered Water Rates Lawsuits –*** Key member of the litigation team achieving a $79.5 million verdict on behalf of single-family customers in a lawsuit charging the City of San Diego with setting water rates that are noncompliant with the California Constitution. Steven was instrumental in challenging San Diego's asserted justifications for its unconstitutional water rates. The case is currently on limited remand in San Diego Superior Court.

Key member of the litigation team achieving a verdict on behalf of single-family residential customers in a lawsuit challenging the Otay Water District with setting unconstitutional water rates. The case is also on limited remand.

***Breach of Contract –*** As co-lead counsel, Steven helped recover over $29 million on behalf of hundreds of employees in a class action lawsuit involving breach of contract claims against a global consulting company.

***Retirement Benefits –*** Represented retirees whose retirement benefits were slashed after a corporate spinoff. The litigation resulted in a $9 million recovery paid out to class members.

***Gig Economy –*** Represents thousands of individual clients in multiple gig economy cases alleging that they were misclassified as independent contractors and should be entitled to minimum wage, overtime pay, and expense reimbursement under California and other state labor laws.

***Consumer Loans –*** Represents over 100,000 borrowers in a certified class action lawsuit against online lender, CashCall, alleging that they preyed on low-income borrowers through high-interest-rate loans. Steven was part of the litigation team that achieved a ruling from the Trial Court awarding $245 million in restitution for class members, which defendant may appeal. Previously, Steven had helped achieve a unanimous ruling from the CA Supreme Court regarding the possible unconscionability of the loan contracts involved in the case.

## Awards & Honors

Best Lawyers in America, Employment Law – Individuals (2026)
California Lawyer Attorney of the Year (CLAY) Award (2023, 2019)
Northern California Super Lawyers (2009-2025)

## Publications & Presentations

Presenter, "When to Consider a Mass Arbitration, What to Expect and How to Reach a Successful Conclusion," California Employment Lawyers Association (CELA) Advanced Wage & Hour Seminar, April 25, 2025.

Presenter and Panelist, "Arbitrating Wage and Hour Cases from Start to Finish," California Employment Lawyers Association (CELA) Annual Conference, September 30, 2023.

Co-Author, "DoorDash: Quick Food, Slow Justice," Daily Journal, March 24, 2020.

Presenter, "Damages & Penalties in Exemption and Misclassification Cases," Bridgeport Independent Contractor, Joint Employment Misclassification Litigation Conference, July 26, 2019.

Contributor, "Can Interest Rates be Unconscionable?" Daily Journal Appellate Report Podcast, July 6, 2018.

Co-Author, "Epic Systems and the Erosion of Federal Class Actions," Law360 Expert Analysis, July 5, 2018.

Co-Author, "Senate Should Reject Choice Act and Its Payday Free Pass," Law360 Expert Analysis, July 12, 2017.

Presenter, "Understanding and Litigating PAGA Claims," Bridgeport Continuing Legal Education, March 3, 2017.

Contributing Author, California Class Actions Practice and Procedure, Matthew Bender & Co., Inc., 2006

Author, *Do as She Does, Not as She Says: The Shortcomings of Justice O'Connor's Direct Evidence Requirement in Price Waterhouse v. Hopkins*, Berkeley Journal of Employment and Labor Law, 17, No. 2, 1996.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9700
F 510.350.9701
amz@classlawgroup.com

**Practice Emphasis**
Class Actions
Consumer Protection
Mass Personal Injury
Whistleblower/ Qui Tam

**Education**
University of California College of the Law, San Francisco, J.D., *magna cum laude,* 2010.
University of Missouri, B.A., *summa cum laude*, 1998.

**Awards & Honors**
*Lawdragon 500 Leading Plaintiff Financial Lawyers*, 2025-2026
*Lawdragon 500 Leading Plaintiff Consumer Lawyers*, 2023-2025
*Top Women Lawyers in California*, Daily Journal, 2023, 2021
*Winning Litigators Finalist,* National Law Journal, 2021
*Product Liability MVP,* Law360, 2021
*Top Plaintiff Lawyers in California*, Daily Journal, 2021
*Northern California Super Lawyer* 2021-2025, *Rising Star* 2013-2020

**Admissions**
California
Florida

# Amy Zeman | Partner

Amy's tenacious trial advocacy in class actions and mass torts ensures her clients' voices are heard and respected. She led a multi-million-dollar Ponzi Scheme class action through a four-week trial against Umpqua Bank, ultimately securing a $55 million settlement on behalf of defrauded investors. Amy also achieved a $14.975 million dollar jury verdict as co-lead trial counsel on behalf of Pacific Fertility Center patients whose genetic material was destroyed in a catastrophic cryo-preservation tank failure; the Washington Post hailed the outcome as "a historic verdict." And Amy's work led to a $73 million settlement from UCLA on behalf of sexual assault survivors who brought claims against gynecologist Dr. James Heaps. Her tenacious style has delivered outstanding results and justice to consumers, victims of personal injuries, and sexual assault survivors in class action and mass tort litigation.

Lawdragon has selected Amy to both its Leading Plaintiffs Consumer Lawyer and Leading Plaintiff Financial Lawyer lists for 2025, and she was previously honored as one of the Top Women Lawyers in California by the Daily Journal in 2023. Amy has previously served in leadership roles for the American Association for Justice's Class Action and Qui Tam Litigation Groups.

As a leader of the firm's whistleblower attorney practice group, Amy represents the first-to-file relator in *U.S. ex rel. Ronda Osinek v. Kaiser Permanente, et al.*, which led to an historic $556 million settlement from Kaiser Permanente in January of 2026, described as the largest False Claims Act recovery in the history of the Medicare Advantage program by Law360.

Amy is a distinguished litigator in consumer protection and mass injury matters. She represented service members injured by 3M's Combat Arms earplugs in the largest multi-district proceeding in U.S. history. She has litigated successful class actions on behalf of Nissan Altima owners, Ducati motorcyclists, Chase Bank credit card holders, and more. She has also represented individuals harmed by the chemotherapy drug Taxotere (docetaxel), by transvaginal mesh, the birth control medications Yaz and Yasmin, the diabetes drug Actos, and the antipsychotic medication Risperdal.

Prior to attending law school, Amy pursued a career in the financial sector, serving as the Accounting and Compliance Manager for the Marin County Federal Credit Union for almost seven years. Amy was a spring 2010 extern for the Honorable Marilyn Hall Patel of the United States District Court, Northern District of California. She received her J.D. magna cum laude from the University of California at Hastings and her two B.A. degrees summa cum laude from the University of Missouri.

## Litigation Highlights

***Camenisch v. Umpqua Bank –*** Amy served as lead trial counsel in a four-week jury trial on behalf of over 1,200 class members who alleged that Umpqua Bank (now known as Columbia Bank) aided and abetted a fraudulent investment scheme by Professional Financial Investors (PFI).  Plaintiffs argued that PFI ran a fraudulent scheme that used investor money to personally benefit PFI's executives, including its principals Ken Casey and Lewis Wallach, pay other investors, and cover recurring shortages across its dozens of accounts at Umpqua. Ultimately, the jury could not reach a unanimous decision, and the court declared a mistrial. The parties reached a $55 million settlement weeks later, and the Court granted final approval on September 11, 2025. Judge P. Casey Pitts, who oversaw the trial, called the settlement an "excellent" outcome for the class.

***Pacific Fertility Center Litigation*** – Amy served as co-lead trial counsel in a three-week trial on behalf of several patients who tragically lost eggs and embryos in a catastrophic cryo-preservation tank failure at San Francisco's Pacific Fertility Center in 2018. The jury found the cryogenic tank manufacturer, Chart Inc., liable on all claims, and awarded $14.975 million in aggregate damages to the five plaintiffs. Amy led the Gibbs Mura team, which first filed the lawsuit in March 2018 with co-counsel, and represented dozens of PFC patients whose frozen eggs and embryos were harmed or destroyed as a result of the tank failure. The 2021 trial was to be the first of over 30 trials in the consolidated litigation and led to a significant aggregate settlement that resolved hundreds of cases pending in federal and state court.

***A.B. v. The Regents of the University of California*** – Amy served as plaintiffs' counsel representing patients of former UCLA OB-GYN Dr. James Heaps in a class action lawsuit alleging assault, abuse, and sexual harassment against both Dr. Heaps and UCLA. The litigation resulted in a $73 million dollar settlement to compensate over 5,500 women who received treatment from Dr. Heaps, as well as mandatory reforms to UCLA's patient safety measures. The settlement received final approval in July 2021.

***Kaiser Medicare Qui Tam Litigation*** – Amy and Gibbs Mura filed a qui tam lawsuit on behalf of a relator stating whistleblower allegations that Kaiser Permanente overcharged Medicare through improper diagnostic coding. On July 31, 2021, the Attorney General's office and the Department of Justice elected to intervene in this litigation, and it was brought out from under seal into the public record. Kaiser Permanent agreed to pay $556 million to settle the lawsuit in January 2026.

***Sanborn, et al. v. Nissan North America, Inc*** – appointed as class counsel with Eric Gibbs and others. Obtained a settlement 11 days before trial was set to begin on claims that the dashboards in certain Nissan vehicles were melting into a shiny, sticky surface that produced a dangerous glare. The settlement allowed class members to obtain a $1500-$2000 dashboard replacement for just $250, or equivalent reimbursement for prior replacements.

***Chase Bank U.S.A., N.A. "Check Loan" Contract Litigation*** – key member of the litigation team in this multidistrict case alleging that Chase Bank wronged consumers by offering long-term fixed-rate loans, only to later more-than-double the required loan payments. The litigation resulted in a $100 million settlement eight weeks prior to trial.

***Sugarman v. Ducati North America, Inc.,*** - represented Ducati motorcycle owners whose fuel tanks on their motorcycles degraded and deformed due to incompatibility with the motorcycles' fuel. In January 2012, the Court approved a settlement that provided an extended warranty and repairs, writing, "The Court recognizes that class counsel assumed substantial risks and burdens in this litigation. Representation was professional and competent; in the Court's opinion, counsel obtained an excellent result for the class."

## Professional Affiliations

American Association for Justice - Co-Vice Chair of the Class Action Litigation Group; Past Co-Chair of the Qui Tam Litigation Group; Member of the Women Trial Lawyers Caucus Consumer Attorneys of California

## Select Publications & Presentations

Presenter, "Fighting the Sealing of Settlements," AAJ Annual Convention, July 2023.

Presenter, "Trial Skills Workshop: Strategies for Cross Examination," CAOC Sonoma Seminar, March 2023.

Presenter, "Fees in Class Action Cases," and "Qui Tam Case Strategies," Mass Tort Med School and Class Action Conference, March 2017.

Presenter, "Claims-processing in Large and Mass-Tort MDLs," Emerging Issues in Mass-Tort MDLs Conference, Duke University, October 2016.



T 510.956.5256
bwb@classlawgroup.com

**Education**
Texas A&M University
School of Law, J.D., 2016
Colorado Technical
University, B.S., *with honors*

**Admissions**
Texas

# Brian Bailey | Of Counsel

Brian represents clients harmed by corporate misconduct in complex litigation including employment discrimination, personal injury, and consumer protection cases. He represents employees and consumers in our cases against Honda, IBM, Amazon, and PG&E. Brian was an integral member of the team that secured $1.5 billion in compensation for over 6,000 survivors of utility-caused wildfires in Northern California, and he currently represents survivors of the Eaton Fire in Los Angeles.

Prior to joining the firm, Brian worked at the Federal Labor Relations Authority in Dallas, Texas where he conducted investigations on federal unfair labor practices and coordinated federal union elections. Previously, Brian represented a high volume of disabled individuals in administrative hearings.

Brian is a 2016 graduate of Texas A&M University School of Law, where he served as the president of the TAMU Black Law Student Association. During law school, he interned for the Honorable Justice Ken Molberg when he was District Judge at the 95th Texas Civil District Court and served as a research assistant for Professors Michael Z. Green and Sahar Aziz. Prior to law school, Brian worked as an international flight attendant at United Airlines and volunteered as an Occupational Injury Representative at the Association of Flight Attendants, Local Council 11 in Washington D.C.

## Awards & Honors

The National Black Lawyers, Top 100
AAJ Leadership Academy – Graduate, Diversity & Inclusion Committee, Class of 2022

## Professional Affiliations

American Association for Justice: Diversity, Equity, Inclusion, & Accessibility Committee; Membership Oversight Committee; Minority Caucus, Member Committee Co-Chair; LGBT Caucus
Shades of Mass, Board Member
L. Clifford Davis Legal Association
The International Legal Honor Society of Phi Delta Phi
The American Constitution Society for Law & Policy
Texas Young Lawyers Association
State Bar of Texas: African-American Lawyers (AALS), Consumer and Commercial Law, Labor and Employment Law, LGBT Law

## Presentations and Articles

Presenter, "Broadening the Pathway: Implementing Hiring Efforts to Reach Underserved Communities," National Consumer Law Center (NCLC) Consumer Rights Litigation Conference and Class Action Symposium, October 2024.

Presenter, "A Movement to Defend, Avoiding Exclusionary Hiring Practices," American Association for Justice (AAJ) Annual Convention, July 2024.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9714
ab@classlawgroup.com

**Education**
University of California, Berkeley, School of Law, J.D., *Order of the Coif,* 2015
University of California, Berkeley, B.A., *Phi Beta Kappa,* 2008

**Admissions**
California

# Aaron Blumenthal | Counsel

Aaron Blumenthal represents employees, whistleblowers, and consumers in complex and class action litigation. He is a member of our California whistleblower attorney practice group.

Aaron attended law school at the University of California, Berkeley, where he graduated *Order of the Coif*, the highest level of distinction. While in law school, Aaron wrote an article about class action waivers that was published by the California Law Review, one of the top law reviews in the country. He also served as a research assistant to Professor Franklin Zimring, who described Aaron in the acknowledgements section of one of his books as a "statistical jack-of-all-trades."

## Litigation Highlights

**In Re Anthem, Inc. Data Breach Litigation** – represented consumers whose personal information was impacted by the Anthem data breach, which was announced in 2015 as affecting nearly 80 million insurance customers. The case resulted in a $115 million settlement, which offered extended credit monitoring to affected consumers.

**LLE One v. Facebook** – key member of the litigation team representing video advertisers in a putative class action against Facebook alleging that the company inflated its metrics for the average time users spent watching video ads, causing the plaintiffs to spend more for video advertising on Facebook than they otherwise would have.

**JPMorgan Chase Litigation** – represented a class of mortgage borrowers against JPMorgan Chase, alleging that the bank charged them invalid "post-payment interest" when they paid off their loans. The case resulted in an $11 million settlement.

## Awards & Honors

**Rising Star,** Northern California Super Lawyers, 2018-2025

## Presentations and Articles

Presenter, "Impact of the Viking River Cruises Ruling on PAGA and Mass Arbitrations," Simpluris Podcast, October 2022

Author, "Why Justices' PAGA Ruling May Not Be Real Win For Cos.," Law360 Employment Authority, July 2022

Co-author, "DoorDash: Quick Food, Slow Justice," Daily Journal, March 2020

Co-author, "In the Breach," Trial Magazine, American Association for Justice, September 2017

Author, "Winning Strategies in Privacy and Data Security Class Actions: The Plaintiffs' Perspective," Berkeley Center for Law & Technology, January 2017

Author, "Circumventing Concepcion: Conceptualizing Innovative Strategies to Ensure the Enforcement of Consumer Protection Laws in the Age of the Inviolable Class Action Waiver," 103 Calif. L. Review 699, 2015

Author, "Religiosity and Same-Sex Marriage in the United States and Europe," 32 Berkeley J. Int'l. L 195, 2014.



T 510.250.4840
shughes@classlawgroup.com

**Education**
Duke University School of Law, J.D., 2017
Iowa State University, B.A., 2014

**Admissions**
California
District of Columbia

# Spencer Hughes | Counsel

Spencer represents consumers against corporations in all stages of litigation. He is experienced in in both trial-level and appellate litigation, frequently briefing and arguing novel questions of law across the country.

Spencer is experienced in complex class actions involving automobile defects, financial misconduct by banks and cryptocurrency institutions, and other fraud and consumer protection actions.

Spencer practiced at a plaintiffs' class action boutique and one of the largest litigation firms in the world prior to joining Gibbs Mura. He has represented a U.S. Senator in the Supreme Court and argued multiple times in federal appeals court.

Before entering private practice, Spencer clerked for the Honorable Gerald Bard Tjoflat on the U.S. Court of Appeals for the Eleventh Circuit. He is a graduate of Duke University School of Law and Iowa State University.

## Litigation Highlights

***Cadena v. American Honda Motor Co.*** – Represents class of consumers who purchased Honda vehicles in action about automatic emergency braking systems. Spencer briefed summary judgment and motions to exclude Honda's expert testimony. After Spencer's argument in court, Honda voluntarily withdrew its experts' testimony.

***In re J&J Investment Litigation*** – Represented class of investors victimized by a Ponzi scheme operated through accounts held at Wells Fargo Bank. Spencer worked with banking industry expert witnesses and briefed novel legal questions to defend against summary judgment.

***In re PNC Cash Sweep Programs Litigation*** – Represents plaintiffs in litigation arising from the interest rates paid to PNC consumers in cash-sweep brokerage accounts. Spencer defended against PNC's motion to dismiss the complaint.

***Murthy v. Missouri*** – Represented United States Senator as amicus curiae to the Supreme Court of the United States, arguing to protect the U.S. intelligence community's ability to counter foreign malign influence in our elections.

## Awards & Honors

**Rising Star,** Super Lawyers, 2023-2024

## Professional Affiliations

American Association for Justice

## Presentations and Articles

Co-author, "Tools To Fight Delay From Arbitrability Appeals After Coinbase," Law360, August 2023



T 510.350.9254
pnh@classlawgroup.com

**Education**
Columbia Law School, J.D., 2009
Tulane University, B.A., *cum laude,* 2004

**Admissions**
New York
Louisiana

# Parker Hutchinson | Counsel

Parker Hutchinson represents plaintiffs in class actions and other complex litigation, with extensive practice in the field of prescription drug product liability. Parker currently represents clients in multi district litigation including servicemembers who suffered hearing loss or tinnitus from defective 3M ear plugs and cancer survivors who suffered permanent disfiguring hair loss from the chemotherapy drug Taxotere. Prior to joining Gibbs Mura, Parker wrote extensive briefing *In re Taxotere* as a member of the Plaintiffs' Law & Briefing Committee. In his appellate advocacy work, Parker has also achieved an expansion of the definition of "adverse employment action" under Title VII in an issue of first impression.

Parker is a 2009 graduate of Columbia Law School, where he was a leader at the Columbia Journal of European Law. During law school, Parker was a judicial extern with the Honorable Stanwood Duval, Jr. of the Eastern District of Louisiana. Before law school, Parker worked as a congressional staffer, a musician, and a writer. He involved himself closely in New Orleans's recovery following Hurricane Katrina, including the resurrection of progressive community radio station WTUL. He received his undergraduate degree, *cum laude*, from Tulane University in 2004.

## Professional Affiliations

American Association for Justice
Louisiana State Bar Association
National Civil Justice Institute



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9700
rlm@classlawgroup.com

**Practice Emphasis**
Class Actions
Consumer Protection

**Education**
University of San Francisco
School of Law, J.D., 2005
University of California, Santa
Cruz, B.A., 1995

**Admissions**
California

# Rosanne Mah | Counsel

Rosanne L. Mah represents consumers in complex class action litigation involving deceptive and misleading practices, false advertising, and defective products. She also represents survivors of childhood sexual abuse in Boy Scouts Sexual Abuse Litigation and in New Orleans Catholic Church Sexual Abuse Litigation.

Rosanne is integrally involved in client relations, including communicating with class members, through all stages of the litigation process, from intake to settlement.

Rosanne has over 15 years of experience in providing the highest level of legal representation to individuals and businesses in a wide variety of cases. Throughout her legal career she has specialized in consumer protection, defective products, cybersecurity, data privacy, and employment law at several law firms, as well as through her own practice. Rosanne attended the University of San Francisco, School of Law, during which she was a judicial extern with the Honorable Anne Bouliane of the San Francisco Superior Court. During law school, she advocated for tenants facing housing issues, including eviction and habitability problems.

She is a member of the California Bar and is admitted to practice before the United States Court of Appeals for the Ninth Circuit and the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California.

## Awards & Honors

Outstanding Volunteer in Public Service Certificate, *Debt Defense and Education Clinic for the Bar Association of San Francisco's Volunteer Legal Services Program* (2010-2011)

## Presentations and Articles

Panelist, "Ethical Issues in Mass & Class Actions – Representation Challenges and Responsibilities," Legal Ethics Committee of the San Francisco Bar Association, September 11, 2025.

## Litigation Highlights

***Vallin v. PNC Investments, LLC, et al.*** – Member of interim class counsel representing PNC current and former customers with brokerage accounts, advisory accounts, and retirement accounts who had cash deposits or balances in the PNC cash sweep program. Plaintiffs claim that PNC pays unreasonably low interest rates to customers in its cash sweep program while generating massive profits for themselves.

***Biederman, et al. v. FCA US LLC, et al.*** – Represents current and former Ram truck owners and lessors with model years 2013 to 2018 Ram 2500 and Ram 3500 trucks equipped with a Cummins 6.7-Liter diesel engine. Plaintiffs allege that FCA US and Cummins together designed, manufactured, and sold 2013-2023 Ram 2500 and 3500 diesel trucks with undisclosed and unauthorized emission control devices that illegally bypass, render inoperative, or otherwise reduce the effectiveness of the vehicles' emission control system.

***In re Midwestern Pet Foods Marketing, Sales Practices and Product Liability Litigation*** – Represented consumers alleging that Midwestern Pet Food sold dog food containing dangerous levels of Aflatoxin and Salmonella that was harmful to pets. Judge Matthew P. Brookman granted final approval of a nationwide class action settlement providing for a common fund of $6.3 million to compensate purchasers of the recalled pet food products for pet injury claims and consumer food purchaser claims.



[kbm@classlawgroup.com](mailto:kbm@classlawgroup.com)

**Practice Emphasis**
Class Actions
Mass Personal Injury

**Education**
University of California, Davis King Hall School of Law, J.D., 1995
Colorado State University, B.A., 1989

**Admissions**
California

# Karen Barth Menzies | Of Counsel

Karen is a nationally recognized mass tort attorney with more than twenty years of experience in federal and state litigation.  Courts throughout the country have appointed Karen to serve in leadership positions including Lead Counsel, Liaison Counsel and Plaintiff Steering Committee in some of the largest pharmaceutical and device mass tort cases.  Karen currently serves in leadership positions in the Taxotere Litigation (federal court), Zoloft Birth Defect Litigation (federal and California state courts), Transvaginal Mesh Litigation (federal and California state courts), Fosamax Femur Fracture Litigation (California state court), Lexapro/Celexa Birth Defect Litigation (Missouri state court).

Karen is particularly focused on women's health issues and sexual abuse claims, including a current Boy Scouts of America sexual abuse lawsuit investigation involving claims of abuse by scoutmasters, troop leaders and other adults affiliated with the Boy Scouts of America.  She also represents women suffering permanent baldness following breast cancer chemotherapy treatments with Taxotere, and children who experienced severe side effects after taking the widely prescribed medication Risperdal. Karen believes in advocating for the victims who've been taken advantage of, and helping to ensure drug safety in the face of profit-driven corporations that hide the risks of their products. She has testified twice before FDA advisory boards as well as the California State Legislature on the safety concerns regarding the SSRI antidepressants and the manufacturers' misconduct.  She has also advised victim advocacy groups in their efforts to inform governmental agencies and legislative bodies of harms caused by corporations.

Karen frequently publishes and presents on issues involving drug safety, mass tort litigation, FDA reform and federal preemption for both legal organizations (plaintiff and defense) and medical groups.

## Awards & Honors

*AV Preeminent*® Peer Review Rated by Martindale-Hubbell
Best Lawyers in America, Personal Injury Litigation (2013, 2018, 2021-2023)
Individual Recognition Chambers USA: Product Liability Plaintiffs (2020)
Southern California Super Lawyer (2004-2023)
Lawyer of the Year by *Lawyer's Weekly USA* (2004)
California Lawyer of the Year by *California Lawyer* magazine (2005)
Consumer Attorney of the Year Finalist by CAOC (2006)

## Professional Affiliations

American Association for Justice, Co-Chair, Taxotere Litigation Group
Consumer Attorneys of California
Consumer Attorneys of Los Angeles
American Bar Association (appointed member of the Plaintiffs' Task Force)
Women En Mass
The Sedona Conference (WG1, Electronic Document Retention and Production)
The National Trial Lawyers
National Women Trial Lawyers Association
LA County Bar Association
Women Lawyers Association of Los Angeles
Public Justice

## Select Publications & Presentations

Author, "Prepping for the Prescriber Deposition," Trial Magazine, American Association for Justice, January 2020.

Presenter, "Deposing the Treating/ Prescribing Physician, Learned Intermediary, the One Potentially Fatal Fact Witness," American Association for Justice Convention: Discovery and Litigation Strategies for Drug and Device Cases, February 2019.

*Page 28 of 58*

**Page 205**

Presenter, "A Funny Thing Did Happen on the Way to the Forum:  Navigating the New Landscape of Personal Jurisdiction Challenges," ABA Section of Litigaiton 2019 Environmental & Energy, Mass Torts, and Products Liability Litigation Committees' Joint CLE Seminar, March 2018.

Presenter, "Federal and State Court Coordination of Mass Tort Litigation:  Navigating State Court vs. Multidistrict Litigation, Mass Torts Made Perfect Conference, October 2018.

Presenter, "Taxotere Litigation:  Federal MDL 2740, New Orleans and State Court Jurisdictions, Mass Torts Made Perfect Conference, October 2018.

Presenter, "505(b)(2) Defendants – The Non-Generic Alternative; Social Media and Support Groups; Settlement Committees," AAJ Section on Torts, Environmental and Product Liability (STEP): On the Cutting Edge of Torts Litigation, July 2018.

Presenter, "Location, Location, Location Part II: State Court Consolidations," AAJ Mass Torts Best Practices Seminar, July 2017.

Presenter, "Personal Jurisdiction in Mass Torts and Class Actions:  Bristol-Myers Squibb Co. v. Superior Court (Cal. 2016)," Mass Torts Judicial Forum with Judge Corodemus and JAMS, April 2017.

Author, "Bringing the Remote Office Closer," Trial Magazine, American Association for Justice, March 2017.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9708
aam@classlawgroup.com

**Education**
Seattle University School of
Law, J.D., 2014
Bates College, B.A., 2010

**Admissions**
California

# Ashleigh Musser │ Counsel

Ashleigh represents consumers and employees in class actions and mass arbitration involving consumer protection and employment law. She litigates complex cases involving misclassification, discrimination, and wage and hour claims brought under state law, including under the Private Attorneys General Act (PAGA). She currently represents thousands of gig economy workers in legal actions alleging that they were misclassified as independent contractors and should be entitled to minimum wage, overtime pay, and expense reimbursement under California and other state labor laws. Ashleigh is a proficient Spanish speaker and has experience representing and working with Spanish-speaking clients.

Ashleigh previously worked at a litigation firm in San Francisco, representing clients in criminal and civil proceedings, with an emphasis in personal injury, real estate, and wrongful death claims. More recently, she counseled and represented plaintiffs in individual and representative labor and employment matters at a boutique law firm in San Francisco. She has extensive experience protecting the rights of employees in cases involving California Labor Code violations, California Family Rights Act violations, and violations of the California Fair Employment and Housing Act, which includes representing plaintiffs with sexual harassment, disability and pregnancy discrimination, and retaliation claims.

Ashleigh is a 2014 graduate of Seattle University School of Law, where she served as the treasurer of the Moot Court Board, and as a chair of the International Law Society. During her time in law school, Ashleigh externed at the AIDS Legal Referral Panel of San Francisco, and subsequently volunteered as a licensed lawyer, where she represented clients facing eviction, and researched issues including the impact lump sum payments have on Section 8, the Housing Choice Voucher Program. As a law student, Ashleigh studied abroad at the University of Witwatersrand in Johannesburg, South Africa, focusing on how businesses adversely impact human rights, primarily in African countries. Ashleigh further diversified her legal experience by becoming a licensed to practice intern in Washington State, allowing her to practice law as a law student for the City Prosecutor's Office. In this role, she had to balance defending the City with the rights of the individuals that came before her in court.

## Awards & Honors

Rising Star**,** Northern California Super Lawyers (2021-2025)

## Professional Affiliations

California Employment Lawyers Association
San Francisco Trial Lawyers Association

## Presentations and Articles

Author, "The Estrada decision on review: What to do with "unmanageable" PAGA claims?" Daily Journal, July 2022



T 415.404.7603
yab@classlawgroup.com

**Education**
University of California
College of the Law, San
Francisco, J.D., 2025
University of California,
Berkeley, B.A., 2020

**Admissions**
California

# Yusuf Al-Bazian | Associate

Yusuf represents clients in class actions, mass torts, and personal injury cases. His primary practice areas include securities and shareholder litigation, financial fraud, and consumer protection.

In addition to his work representing plaintiffs in complex litigation at Gibbs Mura, Yusuf holds leadership positions and is engaged in initiatives to increase access to civil justice nationwide. He currently serves on the board of the San Francisco Bay Area Chapter of the National Lawyers Guild (NLG), as well as the Access to Justice Committee of Public Justice.

During law school Yusuf co-founded The National Plaintiffs' Law Association (NPLA), an organization leading the effort to increase plaintiff-side presence and job opportunities across the country. He competed on the UC Law San Francisco trial team and was president of the Muslim Law Student Association.

Prior to law school, Yusuf studied Rhetoric and French at UC Berkeley, and worked in personal injury law, handling catastrophic injury claims on behalf of plaintiffs in California and Georgia.

## Professional Affiliations

Public Justice, Access to Justice Committee
National Lawyers Guild, San Francisco Bay Area Chapter, Board Member
American Association for Justice
National Plaintiffs' Law Association
San Francisco Trial Lawyers Association
Federal Bar Association

## Presentations and Articles

Presenter, "Diversity in the Plaintiffs' Bar," UC Berkeley Law, Plaintiffs' Law Association, LSAD, and WOCC+, October 23, 2025.

Presenter, "Broadening the Pathway: Implementing Hiring Efforts to Reach Underserved Communities," National Consumer Law Center's Consumer Rights Litigation Conference and Class Action Symposium, October 26, 2024.



T 510.340.4732
eb@classlawgroup.com

**Education**
Seattle University School of
Law, J.D., *summa cum laude,*
2020
University of Washington,
B.A., 2015

**Admissions**
Washington
New York

# Emily Beale | Associate

Emily Beale represents investors and consumers harmed by financial fraud and corporate misconduct in class actions.

Emily has worked on cases involving Ponzi schemes and fraudulent investments in all facets of litigation, delivering excellent results. She has managed and assisted with a range of complex fact and expert discovery. Emily prides herself on her attention to detail in complex matters. Outside of litigation, Emily is passionate about educating law students on the opportunities the plaintiffs' bar provides.

Prior to joining Gibbs Mura, Emily clerked for the Honorable Benjamin H. Settle in the Western District of Washington.

Emily graduated Seattle University School of Law *summa cum laude* and first in her class. While in law school, she served as Managing Editor for the Seattle University Law Review and on the Moot Court Board.

## Litigation Highlights

***Todd Benjamin International, Ltd. v. Grant Thornton International*** – Class counsel for investors in TCA Global Credit Master Fund L.P. and its feeder funds. The investors alleged that the funds' management inflated assets and earnings, and that the funds' auditors knew about the overstatement but failed to take appropriate action. After multiple years of litigation, Gibbs Mura helped secure settlements of $26.5 million for investors. At the hearing granting final approval on May 20, 2025, Judge Scola thanked counsel for their "excellent work in the case."

***In re J&J Investment Litigation*** – Member of interim co-lead counsel representing hundreds of victims of Matthew Beasley's Ponzi scheme in a proposed class action against Wells Fargo for allegedly aiding and abetting the fraud.

***Vallin v. PNC Investments LLC*** – Member of interim class counsel representing customers against PNC for depositing brokerage clients' uninvested cash into cash sweep accounts paying unreasonably low interest rates while generating massive profits for themselves.

## Presentations and Articles

Author, "Unfair-but-not-Deceptive: Confronting the Ambiguity in Washington State's Consumer Protection Act," 43 Seattle U. L. R. 1011 (2020)



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.956.5262
db@classlawgroup.com

**Education**
University of California,
Berkeley, School of Law, J.D.,
2022
Northwestern University, B.A.,
2016

**Admissions**
California

# Delaney Brooks | Associate

Delaney Brooks represents plaintiffs in class action lawsuits, primarily in cases involving unfair business practices and defective products.

Delaney has helped achieve class certification in highly contested cases, representing hundreds of thousands of consumers from states around the country. She is also an experienced oral advocate and has taken a lead role in arbitration proceedings. Delaney has extensive experience working with expert witnesses, especially damages experts, helping defend the experts' work through motion practice and depositions. Delaney also prioritizes her close relationships with clients, helping steer the clients toward successful results.

Delaney graduated from the University of California, Berkeley, School of Law in 2022. While at Berkeley Law, Delaney was a member of the Moot Court, participated in several pro bono projects, and served as a judicial extern for the Honorable William H. Alsup, Northern District of California.

## Litigation Highlights

***GreenSky Litigation –*** Represents consumers who took out loans for home maintenance repairs and were charged allegedly unlawful fees by GreenSky, Inc.

***Destination Fees Litigation –*** Represents vehicle owners from 13 states who overpaid when they purchased new vehicles because FCA inflated its delivery fees to include extra profit.

***Porsche PCM Malfunction Litigation –*** Represented Porsche owners whose vehicles received a software update that allegedly damaged the vehicles' infotainment systems. The Honorable Mark H. Cohen granted final approval to a nationwide class action settlement that included cash reimbursements of up to $7,500 per class member.

## Professional Affiliations

California Lawyers Association, Antitrust and Unfair Competition Law Section

## Presentations and Articles

Presenter, "Junk Fees in Auto Sales and Finance," National Consumer Law Center's Class Action Symposium, October 2025.



T 510.350.9249
seh@classlawgroup.com

**Education**
Harvard Law School, J.D., 2020
University of North Texas, B.A., 2015

**Admissions**
Texas
Massachusetts

# Sadie Hillier | Associate

Sadie is passionate about protecting clients' rights and holding corporations accountable. She represents consumers primarily in class action lawsuits with a special emphasis on privacy and data breach litigation.

Prior to joining Gibbs Mura, Sadie spent two years as an Assistant Federal Public Defender representing indigent clients on death row in late-stage federal appeals. She then transitioned to civil law, representing clients in a variety of civil rights cases centered on reproductive rights, First Amendment, police brutality, LGBTQ rights, and the right to privacy.

Sadie graduated from Harvard Law School in 2020. While in law school, she was heavily involved with and served as the Executive Director of the Harvard Prison Legal Assistance Project, where she spent three years advocating for the rights of incarcerated people in disciplinary and parole hearings, through policy advocacy with the Massachusetts legislature, and in civil rights lawsuits. Sadie was also on the board of the Harvard Civil Rights—Civil Liberties Law Review, served as President of HLS Child & Youth Advocates, and completed a variety of public interest internships and externships, including at the Civil Rights Division of the Department of Justice, Civil Rights Corps, and the Orange County (California) Public Defender. At the Orange County Public Defender, Sadie worked on the case that ultimately made public the fact that Global Tel Link (GTL), the nation's largest jail and prison phones vendor, had a history of nationwide system problems causing it to illegally record thousands of attorney-client phone calls.

## Professional Affiliations

The LGBTQ+ Bar
American Bar Association, Privacy and Data Security Committee
Dallas LGBT Bar Association



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9244
hj@classlawgroup.com

**Education**

University of California, Berkeley, School of Law, J.D., 2020

Whitman College, *magna cum laude*, B.A., 2014

**Admissions**

California

# Hanne Jensen │ Associate

Hanne represents consumers in class action and complex litigation, with particular focuses on unfair business practices, products liability, constitutional issues, and privacy law.

Hanne graduated from the University of California, Berkeley, School of Law in 2020. During her time at Berkeley Law, Hanne served as editor of three law journals, including as Senior Notes Editor of the *California Law Review*, co-Editor-in-Chief of the *Berkeley Journal of Gender, Law & Justice*, and Executive Editor of the *Berkeley Journal of Employment & Labor Law*. She also dedicated pro bono time to the Consumer Advocacy & Protection Society and Center for Consumer & Economic Justice. Before joining Gibbs Mura, Hanne clerked for U.S. District Judge Miranda M. Du of the District of Nevada in her beautiful hometown of Reno.

Hanne received degrees in English and Philosophy *magna cum laude* from Whitman College, where she was a member of Phi Beta Kappa, and served as editor-in-chief of two literary magazines. She then worked as a English Teaching Assistant in Germany before attending law school.

## Litigation Highlights

**In re: Meta Pixel Healthcare Data Privacy Litigation** – Key member of the litigation team representing millions of patients in a proposed consolidated class action whose sensitive health information was allegedly collected and shared without their consent.

**In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation –** Key member of the multi-district consolidation of lawsuits against Instagram, Facebook, Snapchat, TikTok, and YouTube. Hanne works with Andre Mura and the MDL team on a wide range of responsibilities, including law and briefing, discovery, and liability as to the TikTok defendants.

## Professional Affiliations

American Association for Justice
Bay Area Lawyers for Individual Freedom

## Presentations and Articles

Presenter, "Data Privacy and Data Broker Class Actions: Strategies and Insights," National Consumer Law Center's Class Action Symposium, October 27, 2024.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.450.7297
ajk@classlawgroup.com

**Education**

University of California,
Berkeley, School of Law, J.D.,
*Order of the Coif*, 2023
Duke University, *magna cum
laude*, B.A., 2018

**Admissions**

California

# Anna Katz │ Associate

Anna represents plaintiffs in class action and complex litigation involving corporate wrongdoing and financial fraud.

Anna attended law school at the University of California, Berkeley, School of Law, where she graduated *Order of the Coif* in 2023. While in law school, Anna served as an Editor for the California Law Review and on the Editorial Board of the Berkeley Journal of Gender, Law, and Justice. Anna also worked to build enthusiasm for plaintiff-side practice as the Career Development Director of Berkeley Law's new Plaintiff's Law Association. For her dedication to public interest work involving reproductive justice, workers' rights, and indigent defense, Anna earned pro bono honors with distinction and a Public Interest and Social Justice Certificate. Anna also served as a research assistant for Professor Jonathan Glater's research on unfair corporate practices and predatory student debt.

Anna received her undergraduate degree, *magna cum laude* and Phi Beta Kappa, from Duke University, with majors in African and African American Studies and Global Health. Prior to law school, Anna was a reproductive health researcher in Oakland.

## Professional Affiliations

American Association for Justice
Public Justice



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9711
jbk@classlawgroup.com

**Education**
Northwestern University School of Law, J.D., *magna cum laude,* 2015
Northwestern University Graduate School, Ph.D., 2015
Brandeis University, B.A., *summa cum laude, Phi Beta Kappa,* 2006

**Admissions**
California

# Jeff Kosbie | Associate

Jeff Kosbie represents workers and consumers in class actions and other complex lawsuits involving data breaches and consumer privacy, employment law, and other corporate misconduct. He previously worked as a staff attorney in the United States Court of Appeals for the Ninth Circuit (2017-2018) and served as a Multidistrict Litigation Law Clerk to the Judges Lucy Koh, Beth Freeman, and Edward Davila of the Northern District of California (2018-2019).

Jeff serves as Treasurer of Bay Area Lawyers for Individual Freedom ("BALIF"), the nation's oldest association of lesbian, gay, bisexual and transgender (LGBTQI) persons in the field of law, and he is on the board of the BALIF Foundation.  He was also selected to serve on the California Lawyers Association Litigation Section Executive Committee.  He has published multiple articles in law reviews related to the history of LGBTQ rights. Jeff is a 2015 graduate, *magna cum laude*, of Northwestern University School of Law and Northwestern University Graduate School where he received a J.D. and a Ph.D. in Sociology. While in law school, Jeff served as an Articles Editor of the Northwestern Journal of Law and Social Policy.  He received his undergraduate degree, *summa cum laude*, *Phi Beta Kappa*, in Sociology from Brandeis University in 2006.

## Awards & Honors

Best Lawyers in America: Ones to Watch, 2023-2026
Rising Star, Northern California Super Lawyers, 2021-2025
Best LGBTQ+ Lawyers Under 40, LGBT Bar Association, 2021
Unity Award, Minority Bar Coalition, 2019

## Professional Affiliations

American Association for Justice
Bay Area Lawyers for Individual Freedom, Former Co-chair, Former Treasurer
BALIF Foundation, Former Treasurer
California Lawyers Association, Litigation Section Executive Committee Advisor
Consumer Attorneys of California
Bar Association of San Francisco, Finance Committee; Justice and Diversity Center, Board Member

## Select Presentations and Articles

Presenter, "Navigating Complex Diversity, Equity and Inclusion Issues in a Rapidly Changing Environment"; Organizer, "Core Skills: Jury Selection"; CLA Litigation & Appellate Summit, May 2023.

Presenter, "An Important Discussion re Civil Rights: Racism, Diversity, Equity, and Inclusion while Surviving COVID-19," California Lawyers Association Litigation and Appellate Summit, May 2021.

Presenter, "LGBTQ+ Employment Discrimination Claims in Practice," BALIF CLE Series, February 2021.

Author, "Overdue Protection for LGTBQ Workers," Trial Magazine, American Association for Justice, September 2020.

Author, "How the Right to be Sexual Shaped the Emergence of LGBT Rights," 22 U. Pa. J. Const. L. 1389, August 2020.

Author, "Donor Preferences and the Crisis in Public Interest Law," 57 Santa Clara L. Rev. 43, 2017.

Author, "(No) State Interests in Regulating Gender: How Suppression of Gender Nonconformity Violates Freedom of Speech," 19 Wm. & Mary J. Women & L. 187, 2013.



T 510.340.4123
aqma@classlawgroup.com

**Education**
University of California,
Berkeley, School of Law, J.D.,
*Order of the Barristers*, 2025
Reed College, B.A., 2022

**Admissions**
California

# Angela Ma | Associate

Angela represents plaintiffs in class actions and mass torts concerning consumer protection and products liability.

Angela graduated from University of California, Berkeley, School of Law in 2025, as a member of the Order of the Barristers and with pro bono honors. While in law school, she served as an Associate Editor for the California Law Review, won first place and semifinalist awards in national mock trial tournaments, and represented complainants alleging police misconduct in administrative hearings overseen by the city of Berkeley's Police Accountability Board. She also worked as a judicial extern for the Honorable Yvonne Gonzalez Rogers for the U.S. District Court for the Northern District of California.

Angela received her undergraduate degree Phi Beta Kappa from Reed College, where she majored in Philosophy.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.450.7232
em@classlawgroup.com

**Education**
University of California,
Berkeley, School of Law, J.D.,
2023
New York University, *magna
cum laude*, B.A., 2018

**Admissions**
California

# Emma MacPhee | Associate

Emma represents plaintiffs harmed by corporate wrongdoing and survivors of sexual assault.

Emma graduated from the University of California, Berkeley, School of Law in 2023. While in law school, she was on the Submissions team for the Berkeley Journal of International Law and received a Public Interest and Social Justice Certificate for the pro bono work she pursued during law school. She was a law clerk for the Youth Law Center, where she supported litigation projects related to the juvenile justice and child-welfare systems in California. During law school, she advocated for voting rights, fair electoral maps, and democracy reform with the Political and Election Empowerment Project. As a Clinical Law Student for the International Human Rights Clinic, she researched corporate accountability related to the digital privacy of children. She was also a student researcher for the Human Rights Center at Berkeley Law, where she worked on a research project with the Center for Investigative Reporting that was focused on national access to reproductive rights.

Emma received her undergraduate degree, *magna cum laude*, from New York University in 2018, with majors in International Relations and French. Before law school, Emma worked as an investigative analyst and was responsible for conducting investigations into sex and labor trafficking in New York City.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.929.4166
jms@classlawgroup.com

**Education**

Stanford Law School, J.D., 2022
Columbia University, *magna cum laude*, B.A., 2017

**Admissions**

California

# Jake Seidman | Associate

Jake represents plaintiffs in products liability and mass tort cases focused on redressing harms of corporate wrongdoing.

Jake graduated from Stanford Law School in 2022 with high pro bono distinction and academic awards in torts, state constitutional law, and criminal procedure. While in law school, he worked on briefs for clients in civil and criminal matters before the United States Supreme Court as part of Stanford's Supreme Court Litigation Clinic and served as Special Issues Editor and Lead Online Editor for the *Stanford Journal of Civil Rights & Civil Liberties* and the *Stanford Law & Policy Review*, respectively.

As a student, Jake pursued his abiding interest in state and local government efforts to reimagine law enforcement through affirmative litigation and justice system reforms. As part of the law school's Litigation & Policy Partnership with the Santa Clara County Counsel, he assisted with County consumer protection litigation. He also co-authored a Stanford Criminal Justice Center report on non-police approaches to public safety.

Prior to joining Gibbs Mura, Jake served as a law clerk to Magistrate Judge Sallie Kim in the Northern District of California. He also worked as a Legal Fellow at Public Rights Project, where his work focused on state constitutional litigation combating backlash to local criminal justice reforms.

Jake received his undergraduate degree *magna cum laude* and Phi Beta Kappa from Columbia University, where he double majored in Political Science and Russian Language & Culture. Prior to law school, he worked on jail planning and reforms in the New York City Mayor's Office.

## Professional Affiliations

American Association for Justice
National Center for State Courts, Young Lawyers Committee



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.929.4271
jsun@classlawgroup.com

**Education**

University of California,
Berkeley, School of Law, J.D.,
2023
University of Pennsylvania,
B.A., 2014

**Admissions**

California

# Jennifer Sun | Associate

Jennifer represents plaintiffs in class actions and complex litigation at the intersection of consumer protection and data security and privacy. Her work focuses on holding companies to account when they fail to safeguard personal information or profit from the misuse of consumers' data.

Jennifer specializes in navigating technically complex matters brought against the world's largest technology companies. She has taken and supported the depositions of engineering, security, and compliance executives, managed expert discovery, and litigated numerous discovery disputes. Most recently, she helped achieve a $45 million settlement against a large entertainment and hospitality corporation on behalf of millions of consumers whose sensitive personal information were exposed in multiple data breaches.

Jennifer graduated from the University of California, Berkeley, School of Law with a certificate in Law & Technology. While in law school, she externed for the Knight First Amendment Institute at Columbia University and the Electronic Frontier Foundation. She also researched the regulation of digital economies with Professors Pamela Samuelson and Tejas Narechania and advocated for the public's right of access to electronic-surveillance warrant information as a member of the Samuelson Law, Technology & Public Policy Clinic. Jennifer served on the boards of the Asian American Law Journal and the Asian Pacific American Law Students Association.

In a prior life, Jennifer was a product manager at Dotdash Meredith and *The Atlantic*, where she worked closely with executives, business partners, and engineers on the publishers' programmatic advertising and revenue products. She received a B.S. Economics from The Wharton School at the University of Pennsylvania, where she served as President and Executive Editor of *The Daily Pennsylvanian*.

## Litigation Highlights

***Smallman v. MGM Resorts International*** – Jennifer helped achieve a $45 million settlement from MGM after data breaches in 2019 and 2023, in which the personal data of over 100 million customers was stolen and posted on underground hacking forums. The settlement received final approval on June 18, 2025.

***Flock Safety Litigation*** – Jennifer represents drivers in a putative class action lawsuit against Flock Safety and its use of automated license plate cameras. Plaintiffs allege Flock Safety shares millions of Californians' daily movements with law enforcement agencies in violation of California privacy laws.

***Change Healthcare Data Breach Litigation*** – After the largest healthcare data breach in US history that disrupted healthcare systems nationwide and affected an estimated 193 million people in 2024, Jennifer represents a putative class of medical providers who lost money and were harmed by the cyberattack.

***In re Equifax, Inc. Fair Credit Reporting Act Litigation*** – Jennifer represents over 2.5 million consumers in litigation against Equifax, one of the Big Three credit reporting agencies, for allegedly misreporting their credit scores of when they applied for mortgages, loans, and credit cards between March 17 and April 6, 2022.

***In re Prosper Health Data Breach Litigation*** – Jennifer represents millions of consumers against Prosper Funding LLC, a peer-to-peer loan and financial company, for its failure to protect their sensitive personal information from a data breach that involved their Social Security numbers and bank account information.

## Professional Affiliations

American Association for Justice
Asian American Bar Association
Federal Bar Association

*Page 41 of 58*



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9707
ewt@classlawgroup.com

**Education**

University of California, Berkeley, School of Law, J.D., 2022

College of William & Mary, B.A., *summa cum laude*, 2017

**Admissions**

California

# Wynne Tidwell | Associate

Wynne Tidwell represents consumers and investors, with a focus on representing plaintiffs harmed by financial fraud.

Wynne is experienced in all stages of litigation, from case development to trial and settlement administration. She has particular experience with developing evidence and preparing clients for their testimony, whether at deposition or trial.

As a member of the trial team in *Camenisch v. Umpqua Bank*, Wynne prepared class representatives for trial testimony, conducted direct examinations, briefed evidentiary motions, and developed illustrative aids. The team ultimately secured a $55 million settlement for the class.

Wynne graduated from the University of California, Berkeley, School of Law in 2022. During law school, she served as an Editor for the California Law Review and participated in the Veterans Law Practicum, where she advocated on behalf of veterans facing homelessness or recovering from sexual abuse and/or PTSD. Additionally, she externed for the District Court for the District of Columbia and for the Consumer Protection Section of the Office of the California Attorney General.

Before law school, Wynne worked in public policy and communications in Washington, D.C.

## Litigation Highlights

***Camenisch v. Umpqua Bank*** – One of the trial lawyers who represented over 1,200 class members in a four-week jury trial against Umpqua Bank (now known as Columbia Bank). The plaintiff class alleged that Umpqua aided and abetted a fraudulent investment scheme by Professional Financial Investors (PFI). Plaintiffs argued that PFI ran a fraudulent scheme that used investor money to personally benefit PFI's executives, including its principals Ken Casey and Lewis Wallach, pay other investors, and cover recurring shortages across its dozens of accounts at Umpqua. Ultimately, the jury could not reach a unanimous decision. Later, the parties reached a $55 million settlement weeks later, and the Court granted final approval on September 11, 2025. Judge P. Casey Pitts, who oversaw the trial, called the settlement an "excellent" outcome for the class.

***Kaiser Whistleblower Qui Tam Lawsuit*** – Part of the litigation team representing a whistleblower client against Kaiser Permanente for allegedly defrauding the United States through a sophisticated scheme to up-code diagnoses to ensure Medicare payments for reimbursable, high-value conditions. On July 31, 2021, the Attorney General's office and the Department of Justice elected to intervene in this litigation, and it was brought out from under seal into the public record. The litigation is ongoing.

***Cadena v. American Honda Motor Co.*** – Part of the litigation team representing eight certified classes of vehicle owners who allege that their 2017-2019 Honda CR-Vs and 2018-2020 Honda Accords contain a defective automatic emergency braking system.

***Grubhub Fraudulent Restaurant Listing Litigation*** – Represents 380,000+ restaurants alleging that Grubhub fraudulently listed their businesses on its delivery and takeout website without permission. Plaintiffs bring claims under the Lanham Act for false affiliation, false advertising, and trademark infringement.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9700
zsw@classlawgroup.com

**Education**
University of California,
Berkeley, School of Law, J.D.,
2021
University of California, Santa
Barbara, B.A., highest honors,
2016

**Admissions**
California

# Zeke Wald | Associate

Zeke specializes in representing plaintiffs in complex litigation against the world's largest and most powerful companies, focusing on consumers' rights, products liability, privacy law, and constitutional law. In 2023, he won a California Lawyer Attorney of the Year Award, which recognizes outstanding California lawyers "whose extraordinary work and cases had a major impact on the law."

Zeke specializes in legally and factually complex class action and multi-district litigation against Big Tech and other economic power players. He has taken and supported depositions of multi-national corporate executives, managed expert and fact discovery, certified classes in federal and state courts, and litigated post-trial and appellate proceedings. Recently, Zeke helped achieve a $27.5 million settlement against a major technology company on behalf of millions of Californians alleging privacy violations for the company's sale of access to their personal information through an online platform.

Zeke's trial experience includes both class and multi-district cases. He supported the law and briefing team for three in-person bellwether trials in multi-district litigation against 3M regarding defective earplugs for service members, was a member of the trial team for two state court class actions resulting in plaintiff verdicts against utility service providers for unconstitutional charges, and is a member of the Social Media Adolescent Addiction trial teams proceeding in the federal multi-district consolidated action.

Zeke graduated from the University of California, Berkeley, School of Law in 2021, where he was an Articles editor for the California Law Review, a research assistant for Professor Sean Farhang's work on complex litigation, and an advocate with the East Bay Community Law Center's Community Economic Justice clinic. Zeke also co-founded the Law and Political Economy society and served as a leader of Berkeley's Gun Violence Prevention Project.

## Litigation Highlights

***Brooks v. Thomson Reuters Corporation*** – Zeke served as court-appointed class counsel in this data privacy case against Thomson Reuters for its CLEAR product. The lawsuit alleged that Thomson Reuters collected millions of California residents' personal and confidential information and then sold access to it without their knowledge or consent. After the court granted plaintiffs' motion for class certification, the parties reached a class settlement for $27.5 million and substantial injunctive relief. The court granted final approval of the settlement on February 21, 2025.

***In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*** – Zeke is a key member of the multi-district consolidation of lawsuits against Instagram, Facebook, Snapchat, TikTok, and YouTube. Zeke works with Andre Mura and the MDL team on a wide range of responsibilities, including law and briefing, discovery, and liability as to the TikTok defendants.

***San Diego and Otay Water District Tiered Water Rates Lawsuits*** – Key member of the litigation team achieving a $79.5 million verdict on behalf of single-family customers in a lawsuit charging the City of San Diego with setting water rates that are noncompliant with the California Constitution. Zeke was a member of the trial team at the remedies stage, a part of the appellate team defending the Court's judgment in favor of the class, and a member of the trial team on remand. Zeke was also a key member of the litigation team achieving a verdict on behalf of single-family residential customers in a lawsuit challenging the Otay Water District with setting unconstitutional water rates, and the appellate team defending that verdict. Both cases are currently on limited remand in San Diego.

***In re: 3M Combat Arms Earplug Products Liability Litigation*** – This multi-district litigation concerned allegations that 3M's dual-ended Combat Arms earplugs were defective and caused servicemembers and civilians to develop hearing loss or tinnitus. Zeke was a member of the team supporting the Law, Briefing, and Legal Drafting Committee, and supported the trial teams for three bellwether trials.

## Awards & Honors

California Lawyer Attorney of the Year (CLAY) Award, *Daily Journal* (2023)

## Presentations and Articles

Presenter, "Data Security and Privacy Issues in 2024," Practising Law Institute's 29th Annual Consumer Financial Services Institute, September 23, 2024.



T 510.340.4733
kgw@classlawgroup.com

**Education**
University of California,
Berkeley, School of Law, J.D.,
*Order of the Coif,* 2024
Portland State University,
M.A., 2017
University of Washington,
B.A., *magna cum laude*, 2014

**Admissions**
California

# Kate Walford | Associate

Kate advocates on behalf of consumers in class action and complex litigation, with a particular focus on data privacy and data breach cases.

Kate graduated from the University of California, Berkeley School of Law in 2024, *Order of the Coif*, with a certificate in Public Interest & Social Justice.  While in law school, Kate was Co-President of the Berkeley Plaintiffs' Law Association, a Research Assistant for Professor David Oppenheimer, a tutor in the Legal Research & Writing Program, and participated in Moot Court. Kate also completed externships with Public Advocates, Equal Rights Advocates and the Equal Employment Opportunity Commission. Kate was on the founding Board of the National Plaintiffs' Law Association and is passionate about developing stronger pathways for students to enter the plaintiffs' bar. Before joining Gibbs Mura, Kate was a law clerk for U.S. District Judge Anne R. Traum of the District of Nevada.

Prior to law school, Kate received a Masters in Educational Leadership and Policy and spent several years working in higher education administration and student support roles, including service in AmeriCorps VISTA at a community college site. Kate's experience working with students and student-workers inspired her journey to the legal profession to advocate for workers and consumers.



1111 Broadway, Suite 2100
Oakland, CA 94607
T 510.350.9247
tlw@classlawgroup.com

**Education**
University of San Francisco School of Law, J.D., *magna cum laude,* 2020
University of Colorado Boulder, B.A., 2017

**Admissions**
California

# Tayler Walters | Associate

Tayler works with employees and consumers in mass arbitrations and mass torts to combat unfair business practices by corporations. She represents gig workers who have been misclassified and denied fair pay and consumers whose personal information has been compromised in large-scale data breaches. Tayler specializes in developing scalable systems to improve client communication and legal processes so her case teams can provide high quality representation to over 50,000 clients.

Previously, she coordinated case management and client outreach efforts for hundreds of lawsuits against dozens of national banks who have charged customers improper overdraft fees. Her efforts helped recover millions of dollars for bank customers across the country.

Before Gibbs Mura, Tayler worked in a plaintiff's law firm advocating for consumers in a range of areas, including personal injury, product liability, premises liability, employment law, and elder abuse. Tayler is a 2020 graduate, *magna cum laude*, of the University of San Francisco School of Law. In law school, she served on the Moot Court Board where she coached her fellow students and competed in the National Appellate Advocacy Competition. Tayler received a Merit Scholarship, earned CALI awards for receiving the highest grade in Professional Responsibility and in Contracts Law, and externed for California Supreme Court Chief Justice Tani Cantil-Sakauye.

## Professional Affiliations

American Association for Justice, Mass Arbitration Group



T 510.340.5567
ddg@classlawgroup.com

**Education**
Fordham School of Law, J.D.

**Admissions**
New York

# Dorry Gardner | Staff Attorney

Dorry reviews and researches documents for e-discovery in a wide range of complex class actions cases involving products liability and mass torts. She is highly experienced in review for e-discovery in cases concerning various issues, including breach of contract, securities, antitrust civil and regulatory matters, and FCPA investigations.

Dorry attended law school at Fordham University, where she was Stein Scholar for public interest law and recipient of the esteemed Archibald R. Murray award as servant for social justice.



T 510.956.5292
smm@classlawgroup.com
**Education**
Tulane University Law School,
J.D., 2020
College of Charleston, B.A.,
2016

**Admissions**
District of Columbia

# Sierra Morris | Staff Attorney

Sierra advocates for consumers harmed by corporate misconduct in class action litigation. She coordinates case management and client outreach efforts for lawsuits against dozens of banks and credit unions who have charged customers improper overdraft fees.

Prior to joining Gibbs Mura, Sierra worked at a leading plaintiff-side firm on matters ranging from securities fraud to holding corporations accountable for injuries caused by environmental hazards.

Sierra graduated from Tulane University Law School in 2020 with a certificate in International and Comparative Law and a CALI award in International Protection of Human Rights. While there, she was a student attorney in the Juvenile Law Clinic, an executive board member of the Public Interest Law Foundation, and a research assistant for Professor David Katner's work on child abuse. She also worked as a law clerk at the ACLU Foundation of Louisiana on issues including immigration, prison reform and the First Amendment, and as a legal volunteer for several other non-profit organizations.



T 510.350.9242
aprothero@classlawgroup.com

**Education**
Quinnipac University School of Law, J.D., *cum laude,* 2020
Virginia Tech, B.A., *summa cum laude*, 2015

**Admissions**
Connecticut
Washington

# Alyssa Prothero | Staff Attorney

Alyssa works on class action and complex litigation cases involving privacy law, workers' rights, and consumer protection.

Alyssa attended law school at the Quinnipiac University School of Law where she graduated *cum laude* in 2018. While in law school, Alyssa served as the Executive Managing Editor for the Quinnipiac Probate Law Journal. Alyssa also worked for the Quinnipiac Tax Clinic as a legal intern where she helped low-income individuals with tax disputes against the IRS and the Connecticut Department of Revenue Services. For her interest in tax law and her work with the Tax Clinic, she received awards for Excellence in Tax Controversy and Excellence in Clinical Work.

After law school, Alyssa was a Legal Research Law Clerk for the Superior Court of Connecticut. While working for the Superior Court, Alyssa worked on a variety of cases with issues that included employment discrimination, premises liability, foreclosures, class certification, and governmental and sovereign immunity.

Alyssa completed her undergraduate degree, *summa cum laude* and Phi Beta Kappa, from Virginia Tech in 2015. She majored in Psychology and had minors in Sociology and Political Science.

## SIGNIFICANT RECOVERIES

Some examples of the cases in which our lawyers played a significant role are described below:

# Deceptive Marketing

**Hyundai and Kia Fuel Economy Litigation**, No. 2:13-md-2424 (C.D. Cal.). In a lawsuit alleging false advertising of vehicle fuel efficiency, the court appointed Eric Gibbs as liaison counsel. Mr. Gibbs regularly reported to the Court, coordinated a wide-ranging discovery process, and advanced the view of plaintiffs seeking relief under the laws of over twenty states. Ultimately Mr. Gibbs helped negotiate a revised nationwide class action settlement with an estimated value of up to $210 million. The Honorable George H. Wu wrote that Mr. Gibbs had "efficiently managed the requests from well over 20 different law firms and effectively represented the interests of Non-Settling Plaintiffs throughout this litigation. This included actively participating in revisions to the proposed settlement in a manner that addressed many weaknesses in the original proposed settlement."

**In re Mercedes-Benz Tele Aid Contract Litigation**, MDL No. 1914, No. 07-cv-02720 (D.N.J.). Gibbs Mura attorneys and co-counsel served as co-lead class counsel on behalf of consumers who were not told their vehicles' navigation systems were on the verge of becoming obsolete. Counsel successfully certified a nationwide litigation class, before negotiating a settlement valued between approximately $25 million and $50 million. In approving the settlement, the court acknowledged that the case "involved years of difficult and hard-fought litigation by able counsel on both sides" and that "the attorneys who handled the case were particularly skilled by virtue of their ability and experience."

**In re Providian Credit Card Cases**, JCCP No. 4085 (Cal. Super. Ct. San Francisco Cty). Mr. Gibbs played a prominent role in this nationwide class action suit brought on behalf of Providian credit card holders. The lawsuit alleged that Providian engaged in unlawful, unfair and fraudulent business practices in connection with the marketing and fee assessments for its credit cards. The Honorable Stuart Pollack approved a $105 million settlement, plus injunctive relief—one of the largest class action recoveries in the United States arising out of consumer credit card litigation.

**In re Hyundai and Kia Horsepower Litigation,** No. 02CC00287 (Cal. Super. Ct. Orange Cty). In a class action on behalf of U.S. Hyundai and Kia owners and lessees, contending that Hyundai advertised false horsepower ratings in the United States, attorneys from Gibbs Mura negotiated a class action settlement valued at between $75 million and $125 million which provided owners nationwide with cash payments and dealer credits.

**Skold v. Intel Corp.**, No. 1-05-cv-039231 (Cal. Super. Ct. Santa Clara Cty.). Gibbs Mura attorneys represented Intel consumers through a decade of hard-fought litigation, ultimately certifying a nationwide class under an innovative "price inflation" theory and negotiating a settlement that provided refunds and $4 million in cy pres donations. In approving the settlement, Judge Peter Kirwan wrote: "It is abundantly clear that Class Counsel invested an incredible amount of time and costs in a case which lasted approximately 10 years with no guarantee that they would prevail.... Simply put, Class Counsel earned their fees in this case."

**Steff v. United Online, Inc.**, No. BC265953 (Cal. Super. Ct. Los Angeles Cty.). Mr. Gibbs served as lead counsel in this nationwide class action suit brought against NetZero, Inc. and its parent, United Online, Inc., by former NetZero customers. Plaintiffs alleged that defendants falsely advertised their internet service as unlimited and guaranteed for a specific period of time. The Honorable Victoria G. Chaney of the Los Angeles Superior Court granted final approval of a settlement that provided full refunds to customers whose services were cancelled and which placed restrictions on Defendants' advertising.

**Khaliki v. Helzberg's Diamond Shops, Inc.**, No. 11-cv-00010 (W.D. Mo.). Gibbs Mura attorneys and co-counsel represented consumers who alleged deceptive marketing in connection with the sale of princess-cut diamonds. The firms achieved a positive settlement, which the court approved, recognizing "that Class Counsel provided excellent representation" and achieved "a favorable result relatively early in the case, which benefits the Class while preserving judicial resources." The court went on to recognize that "Class Counsel faced considerable risk in pursuing this litigation on a contingent basis, and obtained a favorable result for the class given the legal and factual complexities and challenges presented."

## Defective Products

**In re Pacific Fertility Center Litigation**, Case No. 3:18-cv-01586 (N.D. Cal). Gibbs Mura attorneys served as co-lead trial counsel in an almost three-week trial on behalf of several patients who tragically lost eggs and embryos in a catastrophic cryo-preservation tank failure at San Francisco's Pacific Fertility Center in 2018. The jury found cryogenic tank manufacturer, Chart Inc., liable on all claims, determining that the tank contained manufacturing and design defects, and that Chart had negligently failed to recall or retrofit the tank's controller, despite having known for years that the controller model was prone to malfunction. For each claim, the jury found that the deficiency was a substantial factor in causing harm to the plaintiffs, and the jury awarded $14.975 million in aggregate damages. The trial addressed claims for four families and was the first trial in consolidated litigation that included claims for over 150 families, with five additional trials for 25 more families scheduled for 2022 and 2023. All cases in the consolidated federal litigation were settled in early 2023. Claims against the IVF clinic and its laboratory were pursued separately through arbitration and settled in 2022.

**In re: American Honda Motor Co., Inc., CR-V Vibration Marketing and Sales Practices Litigation,** No. 2:15-md-02661 (S.D. Ohio) Gibbs Mura attorneys served as co-lead counsel in this multidistrict litigation on behalf of Honda CR-V owners who complained that their vehicles were vibrating excessively. After several lawsuits had been filed, Honda began issuing repair bulletins, setting forth repairs to address the vibration. Honda did not publicize the repairs well and as a result, Plaintiffs' alleged many CR-V owners and lessees—including those who had previously been told that repairs were unavailable—continued to experience the vibration. In early 2018, the parties negotiated a comprehensive settlement to resolve the multidistrict litigation on a class-wide basis. The settlement ensured that all affected vehicle owners were made aware of the free warranty repairs, including requiring Honda to proactively reach out to CR-V owners and dealers in several ways to publicize the repair options available.

**Glenn v. Hyundai Motor America**, Case No. 8:15-cv-02052 (C.D. Cal.). Gibbs Mura attorneys represented drivers from six states who alleged their vehicles came with defective sunroofs that could shatter without warning. The case persisted through several years of fiercely contested litigation before resolving for a package of class-wide benefits conservatively valued at over $30 million. In approving the settlement, U.S. District Court Judge David O. Carter praised the resolution: "[T]his is an extraordinarily complex case and an extraordinarily creative solution.

**Amborn et al. v. Behr Process Corp.,** No. 17-cv-4464 (N.D. Ill.) Gibbs Mura served as co-lead counsel in this coordinated lawsuit against Behr and Home Depot alleging that Behr's DeckOver deck resurfacing product is prone to peeling, chipping, bubbling, and degrading soon after application. The team negotiated a class-wide settlement, which provided class members who submitted claims with 1) a refund for their purchase; and 2) substantial compensation for money spent removing DeckOver or repairing their deck. The settlement was granted final approval on December 19, 2018.

***In re Hyundai Sonata Engine Litigation***, Case No. 5:15-cv-01685 (N.D. Cal.).   Gibbs Mura attorneys served as court-appointed co-lead class counsel on behalf of plaintiffs who alleged their 2011-2014 Hyundai Sonatas suffered premature and catastrophic engine failures due to defective rotating assemblies. We negotiated a comprehensive settlement providing for nationwide recalls, warranty extensions, repair reimbursements, and compensation for class members who had already traded-in or sold their vehicles at a loss.  The average payment to class members exceeded $3,000.

***Sugarman v. Ducati North America, Inc.***, No. 10-cv-05246 (N.D. Cal.). Gibbs Mura attorneys served as class counsel on behalf of Ducati motorcycle owners whose fuel tanks on their motorcycles degraded and deformed due to incompatibility with the motorcycles' fuel. In January 2012, the Court approved a settlement that provided an extended warranty and repairs, writing, "The Court recognizes that class counsel assumed substantial risks and burdens in this litigation. Representation was professional and competent; in the Court's opinion, counsel obtained an excellent result for the class."

***Parkinson v. Hyundai Motor America***, No. 06-cv-00345 (C.D. Cal.). Gibbs Mura attorneys served as class counsel in this class action featuring allegations that the flywheel and clutch system in certain Hyundai vehicles was defective. After achieving nationwide class certification, our lawyers negotiated a settlement that provided for reimbursements to class members for their repairs, depending on their vehicle's mileage at time of repair, from 50% to 100% reimbursement. The settlement also provided full reimbursement for rental vehicle expenses for class members who rented a vehicle while flywheel or clutch repairs were being performed. After the settlement was approved, the court wrote, "Perhaps the best barometer of … the benefit obtained for the class … is the perception of class members themselves. Counsel submitted dozens of letters from class members sharing their joy, appreciation, and relief that someone finally did something to help them."

***Browne v. Am. Honda Motor Co., Inc.,*** No. 09-cv-06750 (C.D. Cal.). Gibbs Mura attorneys and co-counsel represented plaintiffs who alleged that about 750,000 Honda Accord and Acura TSX vehicles were sold with brake pads that wore out prematurely. We negotiated a settlement in which improved brake pads were made available and class members who had them installed could be reimbursed. The settlement received final court approval in July 2010 and provided an estimated value of $25 million.

***In re General Motors Dex-Cool Cases.***, No. HG03093843 (Cal. Super Ct. Alameda Cty). Gibbs Mura attorneys served as co-lead counsel in these class action lawsuits filed throughout the country, where plaintiffs alleged that General Motors' Dex-Cool engine coolant damaged certain vehicles' engines, and that in other vehicles, Dex-Cool formed a rusty sludge that caused vehicles to overheat. After consumer classes were certified in both Missouri and California, General Motors agreed to cash payments to class members nationwide. On October 27, 2008, the California court granted final approval to the settlement.

***In re iPod Cases***, JCCP No. 4355 (Cal. Super. Ct. San Mateo Cty). Mr. Gibbs, as court appointed co-lead counsel, negotiated a settlement that provided warranty extensions, battery replacements, cash payments, and store credits for class members who experienced battery failure. In approving the settlement, the Hon. Beth L. Freeman said that the class was represented by "extremely well qualified" counsel who negotiated a "significant and substantial benefit" for the class members.

***Roy v. Hyundai Motor America***, No. 05-cv-00483 (C.D. Cal.). Gibbs Mura attorneys served as co-lead counsel in this nationwide class action suit brought on behalf of Hyundai Elantra owners and lessees, alleging that an air bag system in vehicles was defective. Our attorneys helped negotiate a settlement whereby Hyundai agreed to repair the air bag systems, provide reimbursement for transportation expenses, and administer an alternative dispute resolution program for trade-ins and buy-backs. In approving the settlement, the Honorable Alicemarie H. Stotler presiding, described the settlement as "pragmatic" and a "win-win" for all involved.

*Velasco v. Chrysler Group LLC (n/k/a FCA US LLC)*, No. 2:13-cv-08080 (C.D. Cal.).  In this class action, consumers alleged they were sold and leased vehicles with defective power control modules that caused vehicle stalling. Gibbs Mura attorneys and their co-counsel defeated the majority of Chrysler's motion to dismiss and engaged in extensive deposition and document discovery.  In 2015, the parties reached a settlement contingent on Chrysler initiating a recall of hundreds of thousands of vehicles, reimbursing owners for past repairs, and extending its warranty for the repairs conducted through the recall. When he granted final settlement approval, the Honorable Dean D. Pregerson acknowledged that the case had been "hard fought" and "well-litigated by both sides."

*Edwards v. Ford Motor Co.*, No. 11-cv-1058 (S.D. Cal.). This lawsuit alleged that Ford sold vehicles despite a known safety defect that caused them to surge into intersections, through crosswalks, and up on to curbs. The litigation twice went to the U.S. Court of Appeals for the Ninth Circuit, with plaintiff prevailing in both instances. In the first instance, the appellate court reversed the trial court's denial of class certification.  In the second, the Ninth Circuit affirmed the ruling below that plaintiff's efforts had generated free repairs, reimbursements, and extended warranties for the class.

*Sanborn, et al. v. Nissan North America, Inc.*, No. 00:14-cv-62567 (S.D. Fla.).  Gibbs Mura litigated this action against a vigorous defense for two years, seeking relief for Nissan Altima owners whose dashboards were melting into a sticky, shiny, gooey surface that they alleged caused a substantial and dangerous glare.  After largely prevailing on a motion to dismiss, Gibbs Mura attorneys and their co-counsel prepared the case to the brink of trial, reaching a settlement just ten days before the scheduled trial start. The settlement allowed class members to obtain steeply discounted dashboard replacements and reimbursement toward prior replacement costs.

*Bacca v. BMW of N. Am.*, No. 2:06-cv-6753 (C.D. Cal.)  In a class action alleging that BMW vehicles suffered from defective sub-frames, we negotiated a settlement with BMW in which class members nationwide received full reimbursement for prior sub-frame repair costs as well as free nationwide inspections and program.

## Antitrust and Unfair Business Practices

*In re: Wells Fargo Collateral Protection Insurance Litigation*, MDL Case No.: 8:17-ML-2797 (C.D. Cal.).  Eric Gibbs was appointed to the three-firm Plaintiffs' Steering Committee in this multi-district litigation on behalf of consumers who took out car loans from Wells Fargo and were charged for auto insurance they did not need.  The parties announced a proposed settlement of at least $393.5 million for affected consumers and the Court granted final approval in November 2019.

*In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL 1827 (N.D. Cal.). Gibbs Mura attorneys were among the team serving as liaison counsel in this multi-district antitrust litigation against numerous TFT-LCD (Flat Panel) manufacturers alleging a conspiracy to fix prices, which has achieved settlements of more than $400 million to date.

*In re Natural Gas Antitrust Cases I, II, III and IV*, JCCP No. 4221 (Cal. Super. Ct. San Diego Cty). Gibbs Mura attorneys served in a leadership capacity in this coordinated antitrust litigation against numerous natural gas companies for manipulating the California natural gas market, which has achieved settlements of nearly $160 million.

*Beaver v. Tarsadia Hotels*, No. 11-cv-1842 (S.D. Cal.); Gibbs Mura attorneys served as co-lead counsel representing buyers of San Diego Hard Rock Hotel condominium units in this class action lawsuit against real estate developers concerning unfair competition claims.  The lawsuit settled for $51.15 million.

*LLE One, LLC et al. v. Facebook, Inc.,* No. 4:16-cv-6232 (N.D. Cal.); Gibbs Mura attorneys represent small businesses and other advertisers in a class action lawsuit alleging that Facebook overstated its metrics for the average time spent watching video ads on its platform. The Court granted final approval to a $40 million class action settlement on June 26, 2020.

*Hernandez v. Wells Fargo Bank, N.A.*, No. 3:18-cv-07354-WHA (N.D. Cal.); Gibbs Mura attorneys served as court-appointed co-lead counsel representing a certified class of more than 1,200 home mortgage borrowers who lost their homes to foreclosure after Wells Fargo erroneously denied them trial mortgage modifications. The case settled in two phases for a total of $40.3 million. Class members received significant compensation payments of up to $120,000.

*In re LookSmart Litigation*, No. 02-407778 (Cal. Super. Ct. San Francisco Cty). This nationwide class action suit was brought against LookSmart, Ltd. on behalf of LookSmart's customers who paid an advertised "one time payment" to have their web sites listed in LookSmart's directory, only to be later charged additional payments to continue service. Plaintiffs' claims included breach of contract and violation of California's consumer protection laws. On October 31, 2003, the Honorable Ronald M. Quidachay granted final approval of a nationwide class action settlement providing cash and benefits valued at approximately $20 million.

*Lehman v. Blue Shield of California*, No. CGC-03-419349 (Cal. Super. Ct. S.F. Cty.). In this class action lawsuit alleging that Blue Shield engaged in unlawful, unfair and fraudulent business practices when it modified the risk tier structure of its individual and family health care plans, Gibbs Mura attorneys helped negotiate a $6.5 million settlement on behalf of former and current Blue Shield subscribers residing in California. The Honorable James L. Warren granted final approval of the settlement in March 2006.

*Wixon v. Wyndham Resort Development Corp.*, No. 07-cv-02361 (N.D. Cal.). Gibbs Mura attorneys served as class and derivative counsel in this litigation brought against a timeshare developer and the directors of a timeshare corporation for violations of California state law. Plaintiffs alleged that the defendants violated their fiduciary duties as directors by taking actions for the financial benefit of the timeshare developer to the detriment of the owners of timeshare interests. On September 14, 2010, Judge White granted approval of a settlement of the plaintiffs' derivative claims.

*Berrien, et al. v. New Raintree Resorts, LLC, et al.*, No. 10-cv-03125 (N.D. Cal.). Gibbs Mura attorneys filed this class action on behalf of timeshare owners, challenging the imposition of unauthorized special assessment fees. On November 15, 2011, the parties reached a proposed settlement of the claims asserted by the plaintiffs on behalf of all class members who were charged the special assessment. On March 13, 2012, the Court issued its Final Class Action Settlement Approval Order and Judgment, approving the proposed settlement.

*Benedict, et al. v. Diamond Resorts Corporation, et al.*, No. 12-cv-00183 (D. Hawaii). In this class action on behalf of timeshare owners, Gibbs Mura attorneys represented plaintiffs challenging the imposition of an unauthorized special assessment fee. On November 6, 2012, the parties reached a proposed settlement of the claims asserted by the plaintiffs on behalf of all class members who were charged the special assessment. On June 6, 2013, the Court approved the settlement.

*Allen Lund Co., Inc. v. AT&T Corp.*, No. 98-cv-1500 (C.D. Cal.). This class action lawsuit was brought on behalf of small businesses whose long-distance service was switched to Business Discount Plan, Inc. Gibbs Mura attorneys served as class counsel and helped negotiate a settlement that provided full cash refunds and free long-distance telephone service.

***Mackouse v. The Good Guys - California, Inc.***, No. 2002-049656 (Cal. Super Ct. Alameda Cty). This nationwide class action lawsuit was brought against The Good Guys and its affiliates alleging violations of the Song-Beverly Warranty Act and other California consumer statutes. The Plaintiff alleged that The Good Guys failed to honor its service contracts, which were offered for sale to customers and designed to protect a customer's purchase after the manufacturer's warranty expired. In May 9, 2003, the Honorable Ronald M. Sabraw granted final approval of a settlement that provides cash refunds or services at the customer's election.

***Mitchell v. Acosta Sales, LLC***, No. 11-cv-01796 (C.D. Cal. 2011). Gibbs Mura attorneys and co-counsel served as class counsel representing Acosta employees who alleged that they were required to work off-the-clock and were not reimbursed for required employment expenses. We helped negotiate a $9.9 million settlement for merchandiser employees who were not paid for all the hours they worked.  The Court granted final approval of the settlement in September 2013.

***Rubaker v. Spansion, LLC***, No. 09-cv-00842 (N.D. Cal. 2009). Gibbs Mura attorneys and co-counsel filed a class action lawsuit on behalf of former Spansion employees that alleged that the company had failed to provide terminated employees from California and Texas with advance notice of the layoff, as required by the Workers Adjustment and Retraining Notification Act (WARN Act). The bankruptcy court approved the class action settlement we and co-counsel negotiated in 2010. The settlement was valued at $8.6 million and resulted in cash payments to the former employees.

## Securities and Financial Fraud

***Camenisch v. Umpqua Bank***, No. 3:20-cv-05905-RS (AGT) (N.D. Cal.) – Gibbs Mura served as lead trial counsel in a four-week jury trial on behalf of over 1,200 class members who alleged that Umpqua Bank (now known as Columbia Bank) aided and abetted a fraudulent investment scheme by Professional Financial Investors (PFI).  Plaintiffs argued that PFI ran a fraudulent scheme that used investor money to personally benefit PFI's executives, including its principals Ken Casey and Lewis Wallach, pay other investors, and cover recurring shortages across its dozens of accounts at Umpqua. Ultimately, the jury could not reach a unanimous decision, and the court declared a mistrial. The parties reached a $55 million settlement weeks later, and the Court granted final approval on September 11, 2025. Judge P. Casey Pitts, who oversaw the trial, called the settlement an "excellent" outcome for the class.

***Todd Benjamin International, Ltd. v. Grant Thornton International***, No. 1:20-cv-21808-RNS (S.D. Fla.) – Gibbs Mura served as class counsel for investors in TCA Global Credit Master Fund L.P. and its feeder funds. The investors alleged that the funds' management inflated assets and earnings, and that the funds' auditors knew about the overstatement but failed to take appropriate action. After multiple years of litigation, Gibbs Mura helped secure settlements of $26.5 million for investors. At the hearing granting final approval on May 20, 2025, Judge Scola thanked counsel for their "excellent work in the case."

***Deora v. NantHealth***, No. 2:17-cv-1825 (C.D. Cal.) – Gibbs Mura served as Co-lead Counsel for certified classes of investors in litigation alleging violations of federal securities laws related to the healthcare technology company's statements in connections with its initial public offering in 2016 and afterward.  In September 2020, the Court granted final approval to a $16.5 million class action settlement.

***In re Peregrine Financial Group Customer Litigation***, No. 12-cv-5546 (N.D. Ill.). Mr. Stein was among the attorneys serving as co-lead counsel for futures and commodities investors who lost millions of dollars in the collapse of Peregrine Financial Group, Inc. Through several years of litigation, counsel helped deliver settlements worth more than $75 million from U.S. Bank, N.A., and JPMorgan Chase Bank, N.A.

***In re Chase Bank USA, N.A. "Check Loan" Contract Litigation***, No. 09-2032 (N.D. Cal.). Gibbs Mura attorneys and counsel from several firms led this nationwide class action lawsuit alleging deceptive marketing and loan practices by Chase Bank USA, N.A. After a nationwide class was certified, U.S. District Court Judge Maxine M. Chesney granted final approval of a $100 million settlement on behalf of Chase cardholders.

***Mitchell v. American Fair Credit Association***, No. 785811-2 (Cal. Super. Ct. Alameda Cty); ***Mitchell v. Bankfirst, N.A.***, No. 97-cv-01421 (N.D. Cal.). This class action lawsuit was brought on behalf of California members of the American Fair Credit Association (AFCA). Plaintiffs alleged that AFCA operated an illegal credit repair scheme. The Honorable James Richman certified the class and appointed the firm as class counsel. In February 2003, Judge Ronald Sabraw of the Alameda County Superior Court and Judge Maxine Chesney of the U.S. District Court for the Northern District of California granted final approval of settlements valued at over $40 million.

# Data Breach and Privacy

***Brooks et al. v. Thomson Reuters Corporation, Case No. 21-cv-01418-EMC*** (N.D. Cal.) Gibbs Mura attorneys serve as court-appointed class counsel in this data privacy case against Thomson Reuters for its CLEAR product. The lawsuit alleged that Thomson Reuters collected millions of California residents' personal and confidential information and then sold access to it without their knowledge or consent. After the court granted plaintiffs' motion for class certification, the parties reached a class settlement for $27.5 million and substantial injunctive relief. The court granted final approval of the settlement on February 21, 2025.

***In re Equifax, Inc. Customer Data Security Breach Litig.,*** MDL No. 2800, No. 1:17-md-2800 (N.D. Ga.) Gibbs Mura attorneys served on the Plaintiffs' Executive Committee in this nationwide class action stemming from a 2017 data breach that exposed social security numbers, birth dates, addresses, and in some cases, credit card numbers of more than 147 million consumers.  On January 13, 2020, the Court granted final approval to a settlement valued at $1.5 billion. Gibbs Mura attorneys played an integral role in negotiating key business practice changes, including overhauling Equifax's handling of consumers' personal information and data security.

***In re Anthem, Inc. Data Breach Litig.***, MDL No. 2617, No. 15-md-02617 (N.D. Cal.).  Gibbs Mura attorneys served as part of the four-firm leadership team in this nationwide class action stemming from the largest healthcare data breach in history affecting approximately 80 million people.  On August 15, 2018, the Court granted final approval to a $115 million cash settlement.

***In re: Vizio, Inc. Consumer Privacy Litigation***, MDL No. 8:16-ml-02963 (C.D. Cal.).  Gibbs Mura attorneys served as co-lead counsel in this multi-district lawsuit alleging that Vizio collected and sold data about consumers' television viewing habits and their digital identities to advertisers without consumers' knowledge or consent.  Counsel achieved an important ruling on the application of the Video Privacy Protection Act (VPPA), a 1988 federal privacy law, which had never been extended to television manufacturers.  The firm negotiated a settlement providing for class-wide injunctive relief transforming the company's data collection practices, as well as a $17 million fund to compensate consumers who were affected.  In granting preliminary approval, Judge Josephine Staton stated, "I'm glad I appointed all of you as lead counsel, because -- it probably is the best set of papers I've had on preliminary approval."  She also noted "[E]very class member will benefit from the injunctive relief."  On July 31, 2019, the Court granted final approval of the settlement.

*In re Adobe Systems Inc. Privacy Litig.*, No. 13-cv-05226 (N.D. Cal.). In this nationwide class action stemming from a 2013 data breach, attorneys from Gibbs Mura served as lead counsel on behalf of the millions of potentially affected consumers. Counsel achieved a landmark ruling on Article III standing (which has since been relied upon by the Seventh Circuit Court of Appeals and other courts) and then went on to negotiate a settlement requiring Adobe to provide enhanced security relief—including the implementation and maintenance of enhanced intrusion detection, network segmentation, and encryption.

*Whitaker v. Health Net of Cal., Inc., et al.*, No. 11-cv-00910 (E.D. Cal.); *Shurtleff v. Health Net of Cal., Inc.*, No. 34-2012-00121600 (Cal. Super Ct. Sacramento Cty). Gibbs Mura attorneys served as co-lead counsel in this patient privacy case. On June 24, 2014, the court granted final approval of a settlement that provided class members with credit monitoring, established a $2 million fund to reimburse consumers for related identity theft incidents, and instituted material upgrades to and monitoring of Health Net's information security protocols.

*Smith v. Regents of the University of California, San Francisco*, No. RG-08-410004 (Cal. Super Ct. Alameda Cty). Gibbs Mura attorneys represented a patient who alleged that UCSF's disclosure of its patients' medical data to outside vendors violated California medical privacy law. The firm succeeded in negotiating improvements to UCSF's privacy procedures on behalf of a certified class of patients of the UCSF medical center. In approving the stipulated permanent injunction, Judge Stephen Brick found that "plaintiff Smith has achieved a substantial benefit to the entire class and the public at large."

## Mass Tort

*In re Actos Pioglitazone-Products Liability Litigation*, No. 6:11-md-2299 (W.D. La.). Gibbs Mura partners represented individuals who were diagnosed with bladder cancer after taking the oral diabetic drug Actos. The federal litigation resulted in a $2.37 billion settlement.

*In re Yasmin and Yaz (Drospirenone) Marketing, Sales, Practices and Products Liability Litigation*, MDL No. 2385, No. 3:09- md-02100 (S.D. Ill.). Gibbs Mura attorneys represented women throughout the country who suffered serious side effects after taking Yaz, Yasmin and Ocella birth control. The federal litigation resulted in settlements worth approximately $1.6 billion.

*In re Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, MDL No. 2385, No. 3:12-md-02385 (S.D. Ill.), Gibbs Mura attorneys represented patients who suffered irreversible internal bleeding after taking Pradaxa blood thinners.  Lawsuit resolved for settlements of approximately $650 million.

## Sexual Assault Litigation

*A.B. v. Regents of the University of California* No. 2:20-cv-9555 (C.D. Cal.) – Gibbs Mura represents former patients of UCLA OB-GYN Dr. James Heaps in a class action lawsuit alleging assault, abuse and harassment violations, and accusing UCLA of failing to protect patients after first becoming aware of the doctor's misconduct.  Final settlement approval was granted on November 10, 2021, providing $73 million in compensation to former patients of Dr. Heaps as well as requiring a series of business practice reforms by UCLA for better handling of sexual assault investigations and practices going forward.  The settlement is innovative for its flexible, tiered, trauma-informed approach, which allowed women to choose their own level of engagement in a non adversarial process.

# Government Reform

**Paeste v. Government of Guam**, No. 11-cv-0008 (D. Guam); Gibbs Mura attorneys and co-counsel served as Class Counsel in litigation alleging the Government of Guam had a longstanding practice of delaying tax refunds for years on end, with the Government owing over $200 million in past due refunds. After certifying a litigation class, Plaintiffs prevailed on both of their claims at the summary judgment stage, obtaining a permanent injunction that reformed the government's administration of tax refunds.  The judgment and injunction were upheld on appeal in a published decision by the Ninth Circuit.  *Paeste v. Gov't of Guam*, 798 F.3d 1228 (9th Cir. 2015).

# ROBERT L. BRACE

# FIRM RESUME

## Resume of Robert L. Brace

Robert L. Brace ("Brace") is an AV-rated attorney licensed to practice law in the State of California. Brace has over 40 years of experience in Ponzi scheme litigation, including suits against banks and law firms for aiding and abetting the primary tortfeasors. Brace has served as lead counsel in multiple Ponzi scheme class actions. Brace has also served as counsel to domestic and international receivers, bankruptcy trustees, and independent fiduciaries appointed to recover assets to pay damages caused by Ponzi schemes. Brace's Ponzi scheme cases have been filed and prosecuted nationwide. Brace was lead or co-lead counsel in the following multi-litigation cases involving Ponzi schemes:

MDL No. 902, In re Consolidated Welfare Fund ERISA Litigation, 856 F. Supp. 837 (S.D.N.Y. 1994), before the Hon. Milton Pollack (deceased);

MDL No. 1878, In re: Southwest Exchange Inc. Internal Revenue Service § 1031 Tax-Deferred Exchange Litigation, United States District Court for the District of Nevada, Case No. 2:07-CV-01394-RCJ-LRL, before the Hon. Robert C. Jones;

MDL No. 2028, In re: Edward H. Okun Internal Revenue Service § 1031 Tax-Deferred Exchange Litigation, United States District Court for the Northern District of California, Case No. 07-CV-2795-JW, before the Hon. James Ware; and

MDL No. 2054, In re: LandAmerica 1031 Exchange Services, Inc. §1031 Tax-Deferred Exchange Litigation, United States District Court of South Carolina, Case No. 09-MN-2054-JFA, before the Hon. Joseph Anderson.

Brace has obtained opinions in Ponzi scheme cases, developing the law around aiding and abetting liability and the standing of various types of plaintiffs to bring cases against third parties for losses caused to the entity used by the insiders to commit the fraud, versus the individual investors or depositors who lost their money to the operators of the defrauding entity. The cases include:  Bailey, et al. v. Empire Blue Cross, 856 F. Supp. 837 (S.D.N.Y. 1994); Lloyd v. PaineWebber,  1996 U.S. Dist. LEXIS 22628 (S.D. Cal. 1996); Craft v. Sunwest Bank, N.A., 84 F. Supp. 2d 1226 (D. New Mexico 1999); Lloyd v. Paine Webber, Inc. et al., 208 F.3d 755  (Ninth Cir. 2000); Chao v. Graf, 2002 U.S. Dist. LEXIS 28329 (D. Nev. 2002); Hawkes v. Qualified Exchange Services, et. al., 2008 U.S. Dist. LEXIS 118509 (D. Nev. 2008); Hunter, et al. v. Citibank, N.A., et al., 2010 U.S. Dist. LEXIS 61912 (N.D.

1

Cal. 2010); Hunter v. Citibank, N.A., 2011 U.S. Dist. LEXIS 154102 (N.D. Cal. 2011); In re § 1031 Exch. Litig., 716 F. Supp.2d 415 (S. Carolina 2010); Dillon v. Continental Casualty Co., 649 Fed. Appx. 417 (Ninth Cir. 2016); Terry v. SunTrust Banks, N.A., 493 Fed. Appx. 345 (4th Cir. 2012); Evans v. ZB, N.A., 779 Fed. Appx. 443 (Ninth Cir. 2019); and Evans v. ZB, N.A., 2019 U.S. Dist. LEXIS 218432 (E.D. Cal. 2019).

Over the years, Brace has recovered substantial funds to settle claims from net-loss investors defrauded into investing in these schemes.

.

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re J&J Investment Litigation* | Case No.: 2:22-cv-00529-GMN-NJK |
| GEOFF WINKLER, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada corporation; and J and J Purchasing LLC, Florida limited liability company, | Case No.: 2:23-cv-00703-GMN-NJK <br><br> **DECLARATION OF GEOFF WINKLER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |
| Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | |

1

DECLARATION OF GEOFF WINKLER ISO PRELIMINARY APPROVAL
CASE NOS. 2:22-cv-00529-GMN-NJK, 2:23-cv-00730-GMN-NJK

I, Geoff Winkler, in my capacity as Receiver for J&J Consulting Services, Inc., an Alaska corporation, J&J Consulting Services Inc., a Nevada corporation, and J and J Purchasing LLC, a Florida limited liability company (collectively, the "Receivership Entities"), declare as follows

1. I submit this Declaration in support of Plaintiffs' Motion for Class Preliminary Approval in *In re J&J Investment Litigation*, Case No.: 2:22-cv-00529-GMN-NJK (D. Nev.) (the "Class Action") and my Motion to Approve Settlement with Wells Fargo Bank, N.A. in *SEC v. Beasley et al.*, No. 2:22-cv-00612-CDS-EJY (D. Nev.) (the "SEC Action"), and if called as a witness I could and would testify truthfully to such matters.

2. I am a founding member of American Fiduciary Services, LLC and the Court-appointed receiver ("Receiver") for the Receivership Entities and certain assets pursuant to a June 3, 2022, Order Appointing Receiver, entered in the SEC Action, as amended by the July 28, 2022, Order Amending Receivership Order. In my capacity as Receiver, I am also the Plaintiff in the case brought against Wells Fargo Bank, N.A. captioned *Winkler v. Wells Fargo Bank, N.A.*, Case No. 2:23-cv-00703-GMN-NJK (D. Nev.) (the "Receiver Action") and I am a party to the Class Action and Receiver Settlement Agreement and Release (the "Settlement Agreement").[1]

3. Based on my investigation, the Ponzi-investment scheme (the "J&J Investment Scheme") at issue in the SEC Action originated with Matthew Beasley's false claim that he had assembled a network of personal injury attorneys through which Mr. Beasley could purchase interests in settlement proceeds. Investors believed they could profit by advancing money to personal-injury plaintiffs who were owed settlement payments. In truth, Mr. Beasley and his associates used the investment funds to gamble, purchase real estate, expensive cars, and other luxury goods, and to pay false "returns" to earlier investors. The J&J Investment Scheme originated in the Las Vegas area and targeted investors in Nevada and nearby states. Between January 2017 and March 2022, the vast majority of investor funds passed through Mr. Beasley's attorney trust account at Wells Fargo.

4. My authority and responsibilities as Receiver include, among other things, taking

---

[1] Capitalized terms not defined herein shall have the meanings identified in the Settlement Agreement.

possession of all assets of the Receivership Entities, preserving and maximizing the value of such assets, managing and operating the Receivership Entities and their property, securing any records of the Receivership Entities, investigating the affairs of the Receivership Entities, and prosecuting and defending claims of the Receivership Entities.

5. My investigation into the affairs of the Receivership Entities has included a forensic accounting of transactions of the Receivership Entities' accounts, and related accounts. In my role as Receiver, I have directed my team to analyze and reconstruct the activity in the bank accounts of the Receivership Entities, Mr. Beasley's accounts, and various other promoter accounts. John B. Hall of American Fiduciary Services, LLC, is the lead professional for the forensic accounting conducted at my direction.

6. The purposes of the forensic accounting include, but are not limited to, establishing a database of transactions to trace all monies that were transferred to or for the benefit of the Receivership Entities, and to determine their ultimate disposition. This reconstruction process has identified the investors in the J&J Investment Scheme, the immediate use of the money they invested, including the initial movement of funds received into Receivership Entity bank accounts, and how the money was ultimately applied, including payment of returns to investors, payments to promoters in the J&J Investment Scheme, and purchases for the personal benefit of the individuals controlling the Receivership Entities.

7. As set forth in my forensic accounting report, my office identified 1,213 individuals and entities who invested in the J&J Investment Scheme. Of those, we identified 948 individuals and entities who invested more than they received in returns, on an aggregate basis, making those investors net "losers." The class representatives in the Class Action (whom I understand to be Allan Carso, Barrett Henzel, Craig Rodney Michaelis, Bryce Kelly, Gary Lundin, Joshua Luekenga, Clint McDaniel, and Dan McDaniel) are among these net losing investors.

8. My team and I created and maintain a database of investors in the J&J Investment Scheme, which includes, to the extent possible, contact information (email addresses and mailing addresses). My professionals and I have been in contact with investors since my appointment, including providing them updates regarding the SEC Action. As part of that effort, I maintain a

3

DECLARATION OF GEOFF WINKLER ISO PRELIMINARY APPROVAL
CASE NOS. 2:22-cv-00529-GMN-NJK, 2:23-cv-00730-GMN-NJK

website (www.jjconsulting-receivership.com) that provides information and updates on the SEC Action and the litigation against Wells Fargo.

9. On July 14, 2025, in my capacity as Receiver, I filed a motion in the SEC Action seeking an order (1) setting a claims bar date; (2) approving a proposed claim form; and (3) approving summary claims procedures. On August 22, 2025, the Court in the SEC Action granted that motion and approved the proposed claims procedure and claim form. My team subsequently gave notice to 1,735 investors and interested parties of the claims process via email and U.S. mail. My team also provided notice via my receivership website, the website of my designated claims administrator, Stretto, and by publication in USA Today, the Las Vegas Review-Journal and the Salt Lake Tribune. Investors had between September 1, 2025, and December 1, 2025, to file a claim. During that period, 979 claims were filed. My team and I continue to work with investors to resolve any issues arising in connection with their claims. If a claim determination is contested and not resolved informally, the dispute will be submitted for resolution to Judge Cristina D. Silva, the presiding judge in the SEC Action.

10. Members of the Settlement Class who have an approved claim in the SEC Action will not need to make a separate claim to receive payment from the Settlement Fund. To the extent that a Settlement Class member did not submit a claim during the claims process in the SEC Action, those investors will be afforded the opportunity to submit a claim using the same claim form. Any such investors will be entitled only to proceeds from the Settlement Fund only, not a general distribution from receivership funds in the SEC Action.

11. Once all outstanding issues with the claims process have been resolved, I intend to file a motion in the SEC Action to approve a plan to make distributions to investors based on a *pro rata* method. I am prepared to make a distribution using proceeds from the Settlement Fund consistent with the terms of the proposed settlement and the distribution plan to be approved and supervised by Judge Silva in the SEC Action.

12. In addition, based on my investigation as receiver and responses to the claims process, I have compiled a list of the known creditors, non-class member investors, and persons or entities affiliated with the Receivership Entities (the "Bar Order Notice List").

**NOTICE PLAN**

13.    I understand that the parties agreed that I, as Receiver, will provide the list of Settlement Class Members (i.e., net losing investors) to the Settlement Administrator to give notice of the settlement to the members of the Settlement Class. I further understand that the parties also agreed that I will provide the Bar Order Notice List to the Settlement Administrator, in order to give the persons on that list notice of the proposed bar order sought as part of the settlement. I further understand that the parties agree to use Stretto, Inc. as Settlement Administrator for administrative tasks relating to settlement administration. I believe and understand that Stretto is already providing services in the receivership. In my professional opinion, using Stretto for these additional settlement administration tasks is the most efficient course, rather than retaining an additional vendor. In my experience, Stretto's charges have been consistent with industry standards and company personnel have performed their duties proficiently. I understand that the parties also agreed that, as Receiver, I will distribute settlement proceeds consistent with orders in the SEC Action regarding claims and distributions. The settlement calls for sending the notice within 30 days of the later of the SEC Action's and the Class Action's preliminary approval by first-class U.S. mail and otherwise by email. In my role as Receiver, I am in possession of the last-known mailing addresses and email addresses for virtually all members of the settlement class or their representatives.

14.    My professionals and I previously sent notice to all net-losing investors by sending notice via email or by mailing the notice via U.S. mail to all investors (their representatives), which notice was approved by the SEC Action Court. Based on those past efforts, I am confident that the notice of the settlement should reach virtually every member of the settlement class or their representatives, and constitutes the "best notice practicable" in this case.

15.    The settlement also calls for the notices, the Settlement Agreements and certain filings to be posted on my website (www.jjconsulting-receivership.com). I will ensure that the notices of the settlement, in the form attached as Exhibit 1 to the Settlement Agreement, the Claim Form, and all other required documents will be posted continually on the website beginning no later than 30 days after the later of the SEC Action's and the Class Action's preliminary approval

Docusign Envelope ID: 69A536B1-C36B-8DA8-820D-F9901CFD8697

and continuing through the effective date of the Settlement. I will revise my website's home page to announce the settlement and add a link to a separate page where information on the Settlement can be found. Personnel or third-party vendors under my direction will be prepared to promptly respond to any questions received about the Settlement from members of the settlement class.

**PRELIMINARY APPROVAL**

16.     The Settlement Agreement requires approval of the bar order by the court in the SEC Action. I am submitting a preliminary approval motion in the SEC Action concurrently with Class Plaintiffs' filing of their motion to approve the settlement. I support the Class Plaintiffs' motion for preliminary approval as part of the Settlement.

17.     I believe the settlement to be fair, adequate, and reasonable. The settlement would allow me to distribute tens of millions of dollars to net losing investors in the J&J Investment Scheme. In light of the litigation risks described in the approval motions, I believe the settlement is in the best interests of the receivership estate. I ask that the Court grant preliminary approval in both the SEC Action and the Class Action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ___4/17/2026___

Signed by:

Geoff Winkler
DDGDD90F88E6402...

Geoff Winkler, Receiver

6

DECLARATION OF GEOFF WINKLER ISO PRELIMINARY APPROVAL
CASE NOS. 2:22-cv-00529-GMN-NJK, 2:23-cv-00730-GMN-NJK

# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| *In re J&J Investment Litigation* | Case No.: 2:22-cv-00529-GMN-NJK |
| GEOFF WINKLER, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada corporation; and J and J Purchasing LLC, Florida limited liability company, | Case No.: 2:23-cv-00703-GMN-NJK **DECLARATION OF JUSTIN HUGHES OF STRETTO, INC., IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |
| Plaintiff, v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

I, Justin R. Hughes, hereby declare and state as follows:

1.      My name is Justin R. Hughes. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a director at Stretto, Inc. ("Stretto"), a nationally recognized legal services and technology firm. Members of Stretto's team have successfully administered many of the most noteworthy securities class action settlements in recent years, including the Bank of America Corp. Securities Litigation, No. 09-MDL-2058 (PKC) (S.D.N.Y.), the ADR FX Settlements (*In re: BNYM ADR FX Litigation*, No. 16-CV-212-JPO-JLC (S.D.N.Y.), *Merryman et al. v. Citigroup, Inc. et al.*, No. 1:15-cv-9185-CM-KNF (SDNY), *Merryman et al. v. JPMorgan Chase Bank, N.A.*, No. 1:15-cv-9188-VEC (S.D.N.Y.), and the Grupo Televisa Securities Litigation, No. 18-cv-1979-LLS (S.D.N.Y.). Examples of receivership cases where Stretto has been retained include: *Commodity Futures Trading Commission v. Alexandre. et al.*, No. 1:2022-cv-03822 (S.D.N.Y.); *Securities and Exchange Commission v. StraightPath Venture Partners LLC, et al.*, Case No. 1:2022-cv-03897 (S.D.N.Y.); *Securities and Exchange Commission v. The Heartland Group Ventures, LLC, et al.*, Case No. 4-21-cv-1310-O-BP (N.D. Tex..); *In Re: Sajid Maqsood, Trustee of the Sajid Maqsood & Joan M. Maqsood Revocable Trust, et al. vs. Pride of Austin High Yield Fund, I, LLC; CCG Capital Group, LLC and Robert J. Buchanan*, Case No. D-1-GN-24-001018 (pending in the 201st Judicial District Court of Travis County, Texas).

3.      This declaration describes the proposed notice plan for the class action styled *In re J&J Investment Litigation*, No. 2:22-cv-00529-GMN-NJK (D. Nev.), pending in the United States District Court for the District of Nevada, and the plan for notice in the litigation styled *Winkler v. Wells Fargo Bank, N.A.*, No. 2:23-cv-00703-GMN-NJK (D. Nev.), pending in the United States District Court for the District of Nevada. Stretto recommends the proposed Class Notice and proposed Bar Order Notice based on our extensive prior experience and research into the notice issues particular to this case.  We believe the Class Notice will be the best method practicable under the circumstances to provide notice to the Class and the Bar Order Notice will

DECL. OF JUSTIN HUGHES ISO PRELIMINARY APPROVAL
CASE NOS. 2:22-cv-00529-GMN-NJK, 2:23-cv-00730-GMN-NJK

be the best method practicable under the circumstances to provide notice to the Bar Order Notice List.[1]

4.      The proposed Class Notice for the Settlement uses customary procedures that have been widely adopted in class actions and which have been designed to provide direct mail (or direct email notice where available and determined appropriate) notification to all investors who are members of the Class and who have been identified by the Receiver, as well as additional notice by Internet. Likewise, the proposed Bar Order Notice for the Settlement uses customary procedures that have been widely adopted in receivership actions and which have been designed to provide direct mail (or direct email notice where available and determined appropriate) notification to all creditors, non-class member investors, and persons or entities affiliated with the Receivership Entities in the Receiver Action and SEC Action, as well as additional notice by Internet.

**Notice Plan**

5.      Stretto was retained by the Receiver to support services in *SEC v. Beasley et al.*, Case No. 2:22-cv-00612-CDS-EJY (D. Nev.) (the "SEC Action"). From September 1, 2025, through December 1, 2025, Stretto has worked at the direction of the Receiver and his team to help receive and process investor and creditor claims. Stretto maintained a web page for investors and creditors to submit claim forms by mail and electronically.  Stretto also maintains a database of claims and related data.

6.      To give Class Notice to Class Members, the Receiver will provide Stretto with the Class Notice List, which will include Class Member names, addresses, and claim determinations. Stretto will mail the Class Notice to the individuals on the Class Notice List via first class mail through the United States Postal Service. Prior to mailing, Stretto will attempt to update the last known addresses of the Class Members set forth on the Notice List through the National Change of Address system. To the extent the Class Notice is returned by the United States Postal Service with a forwarding address for the recipient, Stretto will re-mail the Class Notice to the new

---

[1] All capitalized terms not otherwise defined herein have the same meanings as set forth in the Settlement Agreement, dated April 21, 2026.

3

address. In addition, Stretto will also email the Class Notice to all Class Members for whom an email address is provided.

7.    Class Members who did not participate in the SEC Action pursuant to the Receiver's claims process will have the opportunity to submit a Claim in connection with this Settlement. Stretto will maintain a web page for Class Members to download the Claim Form electronically and submit a claim with supporting documentation.  Stretto will also receive and record any Claim Forms and supporting documentation that are mailed in. The Receiver and his team will determine based on their records and any supporting documentation whether to allow any such late claims in whole or in part.

8.    To deliver the Bar Order Notice to affected Receivership stakeholders, the Receiver will provide Stretto with the Bar Order Notice List. Stretto will mail via first class mail through the United States Postal Service the Bar Order Notice to the individuals on the Bar Order Notice List. Prior to mailing, Stretto will attempt to update the last known addresses of the Bar Order Notice List through the National Change of Address system. To the extent the Bar Order Notice is returned by the United States Postal Service with a forwarding address for the recipient, Stretto will re-mail the Bar Order Notice to the new address. Stretto will also email the Bar Order Notice to every member of the Bar Order Notice List for whom an email address is provided.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 27th day of April, 2026.

_____
Justin R. Hughes

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re J&J Investment Litigation* | Case No.: 2:22-cv-00529-GMN-NJK |
| | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVIDING FOR NOTICE** |

1

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

Page 252

WHEREAS, the above-entitled action is pending before this Court (the "Class Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving settlement of this Class Action , in accordance with the Settlement Agreement and Release dated April 21, 2026 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Class Action and for dismissal of the Class Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and the exhibits Annexed thereto;

WHEREAS, all defined terms herein have the same meanings as set forth in the Agreement;

WHEREAS, the Court has reviewed Plaintiff's Motion for Preliminary Approval and supporting brief requesting that this Court: (1) conditionally certify the Settlement Class; (2) preliminarily approve the parties' proposed class action settlement; (3) appoint Barrett Henzel, Allan Carso, Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel as Class Representatives, their counsel as Class Counsel, and Stretto, Inc. as the Settlement Administrator; (4) set the deadlines for written exclusion or objections to the Agreement; (5) approve the form of Class Notice to the Settlement Class and the claim form; and (6) schedule a hearing on the final approval of the Agreement for _____, 2026.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **Nature of the Action.** Plaintiffs Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel ("Plaintiffs") allege that Defendant Wells Fargo Bank, N.A., ("Wells Fargo" or "Defendant") (1) violated the Nevada Uniform Fiduciaries Act; (2) aided and abetted breach of fiduciary duty; (3) aided and abetted fraud; and (4) was negligent arising out of and relating to an alleged Ponzi scheme perpetrated by Jeffrey Judd and Matthew Beasley.  Defendants dispute and deny all of Plaintiff's claims.

2.    **Settlement.** Plaintiffs Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel (the "Class Representatives"),

2

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

individually and as Class Representative on behalf of the Class, and Defendant Wells Fargo Bank, N.A., (collectively, the "Parties") have negotiated a potential settlement of the Class Action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Agreement) against Defendant and the Releasees.

3.    **Review.**  At the preliminary approval stage, the Court's task is to evaluate whether the settlement under Rule 23(e)(1). The Court may preliminarily approve the settlement only if it concludes that it will "likely" be able to (a) certify the class for purposes of judgment and (b) approve the parties' settlement as fair, reasonable, and adequate. Whether a settlement merits approval as fair, reasonable, and adequate is guided by the elements in Rule 23(e)(2). Supplementing those Rule 23(e) elements are the "*Churchill* factors." *See generally Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *see also Daniels v. Aria Resort & Casino, LLC*, 2023 WL 2634613, at *2-3 (D. Nev. Mar. 23, 2023) (Navarro, J.) (applying both Rule 23 and *Churchill* factors); *Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021). Settlements that occur before formal class certification "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

The Court has carefully reviewed the Agreement pursuant Rule 23(e)(1), including the notice plan, the plan of allocation and the release of claims, as well as the files, records, and proceedings to date in the Class Action.  The terms and conditions in the Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized items in this Order shall have the meanings attributed to them in the Agreement.

4.    **Jurisdiction.**  This Court has jurisdiction over the subject matter of the Class Action and over all parties to the Class Action, including all of the Class Members, and venue in this Court is proper.

3

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

5.   **Preliminary Settlement Approval.** Based on the review the Court has conducted, as set forth in paragraph 3, the Court does hereby preliminarily approve the Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below. The Court finds on a preliminary basis that the Settlement as set forth in the Agreement falls within the range of reasonableness and was the product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval. The Court finds and concludes that the amount of the settlement, the stage of the proceedings at which the Agreement was reached, the deliberate nature of settlement negotiations, the assistance of experienced mediator Robert Meyer, Esq. in the settlement process, and the overall record in this action, all support the finding that the Settlement is non-collusive.

6.   **Certification of Settlement Class.** Pursuant to Federal Rule of Civil Procedure 23, the Court conditionally certifies, for settlement purposes only, (and for no purposes and with no other effect upon the Class Action, including no effect upon the Class Action should the Agreement not receive Final Approval or should the Effective Date not occur), a class defined as all natural and legal persons who invested in a J&J Entity lawsuit settlement contract between January 2017 and March 2022 and who incurred a loss of their principle investment (in whole or in part) as determined by the Receiver pursuant to his court-appointed duties and as identified in the Receiver's official records submitted to the Court in the SEC Action.  Excluded from the class are Wells Fargo and the Relevant Non-Parties as defined in the Class Action Complaint; their parents, affiliates, subsidiaries, legal representatives, predecessors, successors, assigns, and employees; and any judge to whom the Class Action or Receiver Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Class for purposes of the proposed Settlement.  Specifically, and solely for purposes of the proposed Settlement of this Class Action, the Court finds that each

4

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

**Page 255**

element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met:

(a)      the members of the Class are so numerous that their joinder in the Class Action would be impracticable;

(b)      there are questions of law and fact common to the Class that predominate over any individual questions;

(c)      the Plaintiffs' claims are typical of the claims of the Settlement Class;

(d)      Plaintiffs and Class Counsel have and will fairly and adequately represent and protect the interests of the Class; and

(e)      a class action is superior to other available methods for the fair and efficient adjudication of the claims.

7.      **Designation of Class Representatives and Class Counsel.**  The Court finds and concludes, pursuant to Rule 23(e)(1)(B)(ii), that it will likely be able to certify Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel as the Class Representatives, in that their claims typical of and they are adequate representatives of the Settlement Class they propose to represent. The Court hereby appoints Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel as the Class Representatives for the Settlement Class. The Court finds and concludes that the law firms Girard Sharp LLP, Gibbs Mura LLP, and Law Offices of Robert L. Brace have extensive experience and expertise in prosecuting class actions and they have diligently prosecuted the Class Action. The Court hereby appoints Plaintiffs' counsel of record in this case as Class Counsel.

8.      The Court hereby preliminarily approves the Settlement, as embodied in the Agreement, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable,

5

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

9. **<u>Final Approval Hearing</u>**. A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 202__, at _____ .m., at the United States District Court for the District of Nevada, 333 Las Vegas Blvd South, Las Vegas, Nevada 89101 to determine, among other things: (i) whether the proposed Settlement of the Class Action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii)whether a Judgment as provided in Paragraph 1.34 of the Agreement should be entered; (iii) whether Settlement Class Members should be bound by the Release set forth in the Agreement; (iv) any amount of fees and expenses that should be awarded to Class Counsel and any award to the Class Representatives for their representation and service to the Class; (v) to consider any Settlement Class Member's objections to the Settlement and/or any application of Class Counsel for payment or reimbursement of attorney's fees, costs, and expenses and any application for an award to the Class Representatives; and (vi) to rule upon such other matters as the Court may deem appropriate.  The Parties shall include the date of the Final Approval Hearing in the Class Notice to be mailed to the Settlement Class.

10. **<u>Class Notice.</u>**  The Court approves the form, substance, and requirements of the Class Notice (the "Notice," annexed hereto as **Exhibit 1**). The Court further finds that the form, content, and distribution of the Notice, substantially in the manner and form set forth in Paragraph 11 of this Order, meets the requirements of the Federal Rule of Civil Procedure 23 and due process.  The Class Notice fairly, plainly, accurately, and reasonably informs potential Class Members of appropriate information about: (1) the nature of this action, the definition of the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation for the monetary and other relief, and includes the address for a website maintained by the Settlement Administrator that has links to the notice, motions for approval and for attorney's fees, claim form, and any other important documents in this case; (2) Class Representatives' forthcoming application

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

for the Class Representatives' service awards and Class Counsel's attorneys' fees and costs award; (3) how Class Members may claim settlement payments and how the Settlement Class Members' share of the Settlement Fund will be calculated and distributed; (4) this Court's procedures for final approval of the Settlement; (5) how to Opt-Out or Object to the Settlement; (6) how to obtain additional information regarding this Action and the Settlement, including instructions on how to access the case docket via the Public Access to Court Electronic Records ("PACER") or in person at the Courthouse; and (7) the date of the Final Approval Hearing and that the date may change without further notice to the Settlement Class, and that Class Members may check the settlement website or PACER to confirm that the date has not been changed.

The Court further finds and concludes that the proposed plan for distributing the Class Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, prior to distributing the Class Notice and after receiving a Class Notice List from the Receiver, the Settlement Administrator will update addresses through the NCOA or similar databases. After the Settlement Administrator updates the Settlement Class's addresses, the Notice will be sent out via first-class mail to the Settlement Class Members. Where no physical address exists, the Settlement Administrator will email the notice, to the extent an email address is available. No later than the mailing of the Notice, the Notice will be posted to the Settlement Website. There is no additional method of distribution that is cost-effective and would be reasonably likely to notify potential Class Members who may not receive notice under this proposed distribution plan.

The Court hereby concludes that the proposed Class Notice and Notice plan are the best practicable under the circumstances and are reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of the Class Action, to apprise persons who would otherwise fall within the definition of the Class of their right to exclude themselves from the proposed Class, and to apprise Class Members of their right to object to the proposed Settlement

7

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

and their right to appear at the Final Approval Hearing. The Court further finds that the Notice constitutes due and sufficient notice to all persons entitled thereto.

11. **Settlement Administrator**. The Court approves the appointment of Stretto, Inc.____ to supervise and administer the notice procedure as more fully set forth below:

(a)   No later than thirty days from the entry of this Order (the "Class Notice Mailing Date"), the Settlement Administrator shall cause a copy of the Class Notice, substantially in the form annexed as Exhibit 1 hereto, to be mailed by first class U.S. mail to the last known mailing address of each individual on the Class Notice List, after being updated by the Settlement Administrator using the NCOA or similar databases, or alternatively, via email if no physical address exists;

(b)   No later than the Notice Mailing Date, the Receiver shall post to the Receiver's website, the Agreement and Exhibits, including the Class Notice substantially in the form annexed as Exhibit 1 hereto, as well as this Preliminary Approval Order, applications for attorneys' fees and class representatives' service awards (when available), the Final Approval Order, and the operative Complaint in this Action;

(c) The Receiver shall provide counsel with written confirmation following publication via website;

(d)   Following the mailing of the Class Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing;

(e)   The Settlement Administrator shall otherwise carry out its duties as set forth in the Agreement; and

(f)   The Class Notice List shall be treated as Confidential pursuant to Section 18 of the Settlement Agreement.

12. **Qualified Settlement Fund.**  The Receiver is authorized to establish an account at a federally-insured financial institution which satisfies the requirements to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1, promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. As set forth in the Settlement Agreement,

8

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

Page 259

the Receiver will administer the Settlement Fund and will be the "Administrator" of this Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3). The Receiver shall establish the Qualified Settlement Fund in accordance with the terms of the Settlement Agreement.

13.   **Submission of Claim Forms.**   Settlement Class Members with allowed claims pursuant to the SEC Distribution Plan shall have a Claim in connection with the Settlement and shall be entitled to payment from the Settlement Fund as set forth in the Agreement.  Class Members who did not participate in the SEC Action pursuant to the Receiver's claims process will have the opportunity to submit a Claim.  The Class Notice shall include a statement that Class Members who did not submit a Claim in the SEC Action pursuant to the SEC Claims Order may make a Claim in connection with this Settlement. The Class Notice shall state that, any such Claim Form must be submitted by the Objection Deadline, and that except for the lapsed submission deadline, the submission of a Claim Form shall be governed by the SEC Claims Order and a resulting Claim, if allowed, shall entitle the Settlement Class Member only to proceeds of the Settlement Fund and not a general distribution from receivership funds in the SEC Action.  All completed Claim Forms much be postmarked or electronically submitted to the Settlement Administrator or Receiver no later than sixty days after the Class Notice Mailing Date.  Any Class Member who does not timely and validly submit a Claim shall be barred from receiving payment under the Settlement, unless otherwise ordered by the Court, but shall nevertheless be bound by any Final Judgment entered by the Court.

14.   **Exclusion from the Class.**   Any Class Member may, upon request, be excluded from the Class.  Any such Class Member must submit a written Request to Opt Out to the Settlement Administrator at the mailing address listed in the Class Notice no later than sixty days after the Notice Mailing Date.  To be valid, the Request to Opt Out must: (a) identify the case name; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action," as set forth in Section 11 of the Agreement.  All Class Members who submit

9

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

**Page 260**

valid, verified, and timely Requests to Opt Out in the manner set forth in this Paragraph shall have no rights under the Agreement and shall not be bound by the Agreement or any Final Judgment. Mass or class opt outs shall not be allowed.  A Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Agreement, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

15.    **Copies of Requests to Opt Out.**  The Settlement Administrator shall provide Class Counsel and Wells Fargo's Counsel with a list of all timely Requests to Opt Out on a rolling basis, and a final list of all timely Opt-Out Requests within seven business days after the Opt Out Deadline.

16.    **Entry of Appearance.**  Any member of the Class who does not exclude himself or herself from the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice.  If he or she does not enter an appearance, he or she will be represented by Class Counsel.

17.    **Binding Effect on Class.**  All Class Members who do not exclude themselves from the Settlement Class by properly and timely submitting a Request to Opt Out shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

18.    **Objections.**  Any Class Member who does not timely and validly exclude himself or herself from the Settlement Class may appear and show cause, if he or she has any reason to object to the Settlement; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, or any attorney's fees and expenses to be awarded to Class Counsel or award made to the Class Representative, unless a written objection is sent to the Clerk of Court at the mailing address listed in the Class Notice no later than sixty days after the Notice Mailing Date.  The written objection must also be mailed to Class Counsel and Defense

10

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

**Page 261**

Counsel no later than sixty days after the Notice Mailing Date. To be valid, the written objection must include: (a) the case name and number; (b) the name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; (d) a statement of whether he/she intends to appear at the Class Final Approval Hearing, either with or without counsel; (e) the identity of all counsel who represent the objector, including any former or current counsel who previously represented the objector and may be entitled to compensation for any reason related to the objection to the Settlement or the fee application; and (f) the identity of all counsel representing the objector who will appear at the Class Final Approval Hearing.

Within seven (7) business days of the Objection Deadline, the Settlement Administrator shall provide a report to the Court setting forth a list of Objections that meet the above requirements. The Court shall have the ultimate determination of whether an Objection has been appropriately made. Any Settlement Class Member who does not make his or her objection in the manner provided in this Section shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from making any objection to the Settlement, unless otherwise ordered by the Court.

19.     **Appearance of Objectors at Final Approval Hearing.**     Any Settlement Class Member who files and serves a written objection in accordance with Paragraph 18 of this Order may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector files with the Clerk of Court a notice of intention to appear at the Final Approval Hearing and serves the same on all counsel designated in the Class Notice by the Objection Deadline ("Notice of Intention to Appear"). The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set

11

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

20.     **Service of Motion for Final Approval.**  The motion in support of final approval of the Settlement shall be filed and served within thirty days of the Class Notice Mailing Date, and prior to the Final Approval Hearing.

21.     **Fees, Expenses, and Awards.**  Class Counsel's application for Attorneys' Fees and Expenses shall be filed within thirty days of the Class Notice Mailing Date, and prior to the Final Approval Hearing.  Neither Defendants nor the Releasees shall have any responsibility for any application for Attorney's Fees and Expenses submitted by Class Counsel.  At or after the Final Approval Hearing, the Court shall determine whether to approve Class Counsel's request for Attorneys' Fees and Expenses and whether to approve any request for an award to the Class Representatives for their service to the Class.

22.     **Releases.**  If the Settlement is finally approved, the Releasors shall release the Releasees from the Released Claims.

23.     **Use of Order.**  Neither this Order, the fact that settlement was reached and filed, the Agreement, nor any other related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants, the Class Representatives, or the Settlement Class Members.  This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.  In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating thereto in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only by the Parties in a proceeding to enforce the Agreement.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

24. **Continuance of Final Approval Hearing.** The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

25. **Stay of Proceedings.** All proceedings in this Class Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

26. **Temporary Bar for all Class Members.** Pending final determination of whether the Settlement should be approved, and upon expiration of the Opt-Out Deadline, all Class Members who do not timely and validly exclude themselves from the Settlement Class, and each of them, and anyone who purports to act on their behalf, are barred from directly or indirectly maintaining, commencing, prosecuting, or pursuing directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Agreement, including in any court or arbitration forum.

27. **Termination of Settlement.** If: (a) the Agreement is terminated as provided in Section 13 of the Agreement; or (b) any specified material term or condition of the Settlement as set forth in the Agreement is not satisfied as provided in Section 13 of the Agreement, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated, *nunc pro tunc* (except Paragraph 23 of this Order shall remain in effect), and each party shall be restored to his, her, or its respective position in this Action as its existed prior to the execution of the Agreement.

28. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this Class Action.

13
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

Page 264

29.     **Authority.**  The Court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Agreement.

30.     **Jurisdiction.**  The Court retains exclusive jurisdiction over the Class Action to consider all further matters arising out of or connected with the Agreement and the Settlement.

**IT IS SO ORDERED.**                   **BY THE COURT:**

_____

**Hon. Gloria M. Navarro**

14

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND PROVIDING FOR NOTICE
CASE NOS. 2:22-cv-00529-GMN-NJK

**Page 265**