UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re J&J Investment Litigation | Case No. 2:22-cv-00529-CDS-NJK |
| | **Order Granting Preliminary Approval of Class Action Settlement and Providing for Notice** |
| | [ECF No. 286] |

The parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving settlement of this Class Action, in accordance with the Settlement Agreement and Release dated April 21, 2026 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Class Action and for dismissal of the Class Action with prejudice upon the terms and conditions set forth therein.[1] ECF No. 286. The court held a hearing on the motion on July 8, 2026. Following that hearing, and after considering Plaintiffs' Motion for Preliminary Approval and supporting brief requesting that this court: (1) conditionally certify the Settlement Class; (2) preliminarily approve the parties' proposed class action settlement; (3) appoint Barrett Henzel, Allan Carso, Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel as Class Representatives, their counsel as Class Counsel, and Stretto, Inc. as the Settlement Administrator; (4) set the deadlines for written exclusion or objections to the Agreement; (5) approve the form of Class Notice to the Settlement Class and the claim form; and (6) schedule a hearing on the final approval of the Agreement for November 12, 2026;

---

[1] All defined terms herein have the same meanings as set forth in the Agreement.

IT IS HEREBY ORDERED:

1. <u>Nature of the Action</u>. Plaintiffs Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel ("Plaintiffs") allege that Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"): (1) violated the Nevada Uniform Fiduciaries Act; (2) aided and abetted breach of fiduciary duty; (3) aided and abetted fraud; and (4) were negligent arising out of and relating to an alleged Ponzi scheme perpetrated by Jeffrey Judd and Matthew Beasley. Defendants dispute and deny all of Plaintiffs' claims.

2. <u>Settlement</u>. Plaintiffs Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel (the "Class Representatives"), individually and as Class Representative on behalf of the Class, and Defendant Wells Fargo Bank, N.A., (collectively, the "Parties") have negotiated a potential settlement of the Class Action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Agreement) against Defendant and the Releasees.

3. <u>Review</u>.  At the preliminary approval stage, the court's task is to evaluate settlement under Rule 23(e)(1). The court may preliminarily approve the settlement only if it concludes that it will "likely" be able to (a) certify the class for purposes of judgment and (b) approve the parties' settlement as fair, reasonable, and adequate. Whether a settlement merits approval as fair, reasonable, and adequate is guided by the elements in Rule 23(e)(2). Supplementing those Rule 23(e) elements are the "*Churchill* factors." *See generally Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *see also Daniels v. Aria Resort & Casino, LLC*, 2023 WL 2634613, at *2–3 (D. Nev. Mar. 23, 2023) (applying both Rule 23 and *Churchill* factors); *Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021). Settlements that occur before formal class certification "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, a court also must ensure that "the settlement is not the

product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011).

The court has carefully reviewed the Agreement pursuant Rule 23(e)(1), including the notice plan, the plan of allocation and the release of claims, as well as the files, records, and proceedings to date in the Class Action.  The terms and conditions in the Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized items in this Order will have the meanings attributed to them in the Agreement.

4.   **Jurisdiction.**  This court has jurisdiction over the subject matter of the Class Action and over all parties to the Class Action, including all of the Class Members, and venue in this court is proper.

5.   **Preliminary Settlement Approval**. Based on the review the court has conducted, as set forth in paragraph 3, the court does hereby preliminarily approve the Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below. The court finds on a preliminary basis that the Settlement as set forth in the Agreement falls within the range of reasonableness and was the product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval. The court finds and concludes that the amount of the settlement, the stage of the proceedings at which the Agreement was reached, the deliberate nature of settlement negotiations, the assistance of experienced mediator Robert Meyer, Esq., in the settlement process, and the overall record in this action, all support the finding that the Settlement is non-collusive.

6.   **Certification of Settlement Class**. Pursuant to Federal Rule of Civil Procedure 23, the court conditionally certifies, for settlement purposes only (and for no purposes and with no other effect upon the Class Action, including no effect upon the Class Action should the Agreement not receive Final Approval or should the Effective Date not occur), a class defined as all natural and legal persons who invested in a J&J Entity lawsuit settlement contract between

3

January 2017 and March 2022 and who incurred a loss of their principle investment (in whole or in part) as determined by the Receiver pursuant to his court-appointed duties and as identified in the Receiver's official records submitted to the court in the SEC Action. Excluded from the class are Wells Fargo and the Relevant Non-Parties as defined in the Class Action Complaint; their parents, affiliates, subsidiaries, legal representatives, predecessors, successors, assigns, and employees; and any judge to whom the Class Action or Receiver Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

The court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Class for purposes of the proposed Settlement. Specifically, and solely for purposes of the proposed Settlement of this Class Action, the court finds that each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met:

(a) the members of the Class are so numerous that their joinder in the Class Action would be impracticable;

(b) there are questions of law and fact common to the Class that predominate over any individual questions;

(c) the Plaintiffs' claims are typical of the claims of the Settlement Class;

(d) Plaintiffs and Class Counsel have and will fairly and adequately represent and protect the interests of the Class; and

(e) a class action is superior to other available methods for the fair and efficient adjudication of the claims.

7. **Designation of Class Representatives and Class Counsel.** The court finds and concludes, pursuant to Rule 23(e)(1)(B)(ii), that it will likely be able to certify Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel as the Class Representatives, in that their claims typical of and they are adequate

representatives of the Settlement Class they propose to represent. The court hereby appoints Barrett Henzel, Allan Carso, Craig Rodney Michaelis, Joshua Luekenga, Gary Lundin, Bryce Kelly, and Clint and Dan McDaniel as the Class Representatives for the Settlement Class. The court finds and concludes that the law firms Girard Sharp LLP, Gibbs Mura LLP, and Law Offices of Robert L. Brace have extensive experience and expertise in prosecuting class actions and they have diligently prosecuted the Class Action. The court hereby appoints Plaintiffs' counsel of record in this case as Class Counsel.

8. The court hereby preliminarily approves the Settlement, as embodied in the Agreement, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

9. **Final Approval Hearing**. A hearing (the "Final Approval Hearing") will be held before this court on November 12, 2026, at 10:00 a.m., at the United States District Court for the District of Nevada, 333 Las Vegas Blvd South, Las Vegas, Nevada 89101 to determine, among other things: (i) whether the proposed Settlement of the Class Action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the court; (ii) whether a Judgment as provided in Paragraph 1.34 of the Agreement should be entered; (iii) whether Settlement Class Members should be bound by the Release set forth in the Agreement; (iv) any amount of fees and expenses that should be awarded to Class Counsel and any award to the Class Representatives for their representation and service to the Class; (v) to consider any Settlement Class Member's objections to the Settlement and/or any application of Class Counsel for payment or reimbursement of attorney's fees, costs, and expenses and any application for an award to the Class Representatives; and (vi) to rule upon such other matters as the court may deem appropriate. The Parties must include the date of the Final Approval Hearing in the Class Notice to be mailed to the Settlement Class.

10. <u>Class Notice.</u>  The court approves the form, substance, and requirements of the Class Notice (the "Notice," annexed hereto as **Exhibit 1**). The court further finds that the form, content, and distribution of the Notice, substantially in the manner and form set forth in Paragraph 11 of this Order, meets the requirements of the Federal Rule of Civil Procedure 23 and due process. The Class Notice fairly, plainly, accurately, and reasonably informs potential Class Members of appropriate information about: (1) the nature of this action, the definition of the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation for the monetary and other relief, and includes the address for a website maintained by the Settlement Administrator that has links to the notice, motions for approval and for attorney's fees, claim form, and any other important documents in this case; (2) Class Representatives' forthcoming application for the Class Representatives' service awards and Class Counsel's attorneys' fees and costs award; (3) how Class Members may claim settlement payments and how the Settlement Class Members' share of the Settlement Fund will be calculated and distributed; (4) this court's procedures for final approval of the Settlement; (5) how to Opt-Out or Object to the Settlement; (6) how to obtain additional information regarding this Action and the Settlement, including instructions on how to access the case docket via the Public Access to Court Electronic Records ("PACER") or in person at the Courthouse; and (7) the date of the Final Approval Hearing and that the date may change without further notice to the Settlement Class, and that Class Members may check the settlement website or PACER to confirm that the date has not been changed.

The court further finds and concludes that the proposed plan for distributing the Class Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, prior to distributing the Class Notice and after receiving a Class Notice List from the Receiver, the Settlement Administrator will update addresses through the NCOA or similar databases. After the Settlement Administrator updates the Settlement Class's addresses, the Notice will be sent out via first-class mail to the Settlement

Class Members. Where no physical address exists, the Settlement Administrator will email the notice, to the extent an email address is available. No later than the mailing of the Notice, the Notice will be posted to the Settlement Website. There is no additional method of distribution that is cost-effective and would be reasonably likely to notify potential Class Members who may not receive notice under this proposed distribution plan.

The court hereby concludes that the proposed Class Notice and Notice plan are the best practicable under the circumstances and are reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of the Class Action, to apprise persons who would otherwise fall within the definition of the Class of their right to exclude themselves from the proposed Class, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing. The court further finds that the Notice constitutes due and sufficient notice to all persons entitled thereto.

11. **Settlement Administrator**. The court approves the appointment of Stretto, Inc., to supervise and administer the notice procedure as more fully set forth below:

(a)     No later than thirty days from the entry of this Order (the "Class Notice Mailing Date"), the Settlement Administrator will cause a copy of the Class Notice, substantially in the form annexed as Exhibit 1 hereto, to be mailed by first class U.S. mail to the last known mailing address of each individual on the Class Notice List, after being updated by the Settlement Administrator using the NCOA or similar databases, or alternatively, via email if no physical address exists;

(b)     No later than the Notice Mailing Date, the Receiver must post to the Receiver's website, the Agreement and Exhibits, including the Class Notice substantially in the form annexed as Exhibit 1 hereto, as well as this Preliminary Approval Order, applications for attorneys' fees and class representatives' service awards (when available), the Final Approval Order, and the operative Complaint in this Action;

(c) The Receiver must provide counsel with written confirmation following publication via website;

(d)      Following the mailing of the Class Notice, the Settlement Administrator must provide counsel with written confirmation of the mailing;

(e)      The Settlement Administrator must otherwise carry out its duties as set forth in the Agreement; and

(f)      The Class Notice List must be treated as Confidential pursuant to Section 18 of the Settlement Agreement.

12.      **Qualified Settlement Fund**.  The Receiver is authorized to establish an account at a federally-insured financial institution which satisfies the requirements to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1, promulgated under Section 468B of the Internal Revenue Code of 1986, as amended. As set forth in the Settlement Agreement, the Receiver will administer the Settlement Fund and will be the "Administrator" of this Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3). The Receiver must establish the Qualified Settlement Fund in accordance with the terms of the Settlement Agreement.

13.      **Submission of Claim Forms**.  Settlement Class Members with allowed claims pursuant to the SEC Distribution Plan must have a Claim in connection with the Settlement and will be entitled to payment from the Settlement Fund as set forth in the Agreement. Class Members who did not participate in the SEC Action pursuant to the Receiver's claims process will have the opportunity to submit a Claim. The Class Notice must include a statement that Class Members who did not submit a Claim in the SEC Action pursuant to the SEC Claims Order may make a Claim in connection with this Settlement. The Class Notice must state that any such Claim Form must be submitted by the Objection Deadline and that, except for the lapsed submission deadline, the submission of a Claim Form will be governed by the SEC Claims Order and a resulting Claim, if allowed, will entitle the Settlement Class Member only to

proceeds of the Settlement Fund and not a general distribution from receivership funds in the SEC Action.  All completed Claim Forms much be postmarked or electronically submitted to the Settlement Administrator or Receiver no later than sixty days after the Class Notice Mailing Date. Any Class Member who does not timely and validly submit a Claim will be barred from receiving payment under the Settlement, unless otherwise ordered by the court, but will nevertheless be bound by any Final Judgment entered by the court.

14.    **Exclusion from the Class**.  Any Class Member may, upon request, be excluded from the Class.  Any such Class Member must submit a written Request to Opt Out to the Settlement Administrator at the mailing address listed in the Class Notice no later than sixty days after the Notice Mailing Date. To be valid, the Request to Opt Out must: (a) identify the case name; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action," as set forth in Section 11 of the Agreement. All Class Members who submit valid, verified, and timely Requests to Opt Out in the manner set forth in this Paragraph will have no rights under the Agreement and will not be bound by the Agreement or any Final Judgment. Mass or class opt outs will not be allowed. A Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Agreement, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

15.    **Copies of Requests to Opt Out**.  The Settlement Administrator must provide Class Counsel and Wells Fargo's Counsel with a list of all timely Requests to Opt Out on a rolling basis, and a final list of all timely Opt-Out Requests within seven business days after the Opt-Out Deadline.

16. **Entry of Appearance**. Any member of the Class who does not exclude himself or herself from the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. If he or she does not enter an appearance, he or she will be represented by Class Counsel.

17. **Binding Effect on Class**. All Class Members who do not exclude themselves from the Settlement Class by properly and timely submitting a Request to Opt Out will be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

18. **Objections**. Any Class Member who does not timely and validly exclude himself or herself from the Settlement Class may appear and show cause, if he or she has any reason to object to the Settlement; provided, however, that no Class Member will be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, or any attorney's fees and expenses to be awarded to Class Counsel or award made to the Class Representative, unless a written objection is sent to the Clerk of Court at the mailing address listed in the Class Notice no later than sixty days after the Notice Mailing Date. The written objection must also be mailed to Class Counsel and Defense Counsel no later than sixty days after the Notice Mailing Date. To be valid, the written objection must include: (a) the case name and number; (b) the name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; (d) a statement of whether he/she intends to appear at the Class Final Approval Hearing, either with or without counsel; (e) the identity of all counsel who represent the objector, including any former or current counsel who previously represented the objector and may be entitled to compensation for any reason related to the objection to the Settlement or the fee application; and (f) the identity of all counsel representing the objector who will appear at the Class Final Approval Hearing.

Within seven business days of the Objection Deadline, the Settlement Administrator must provide a report to the court setting forth a list of Objections that meet the above requirements. The court will have the ultimate determination of whether an Objection has been appropriately made. Any Settlement Class Member who does not make his or her objection in the manner provided in this Section will be deemed to have waived such objection, will not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and will be foreclosed from making any objection to the Settlement, unless otherwise ordered by the court.

19.    **Appearance of Objectors at Final Approval Hearing.**  Any Settlement Class Member who files and serves a written objection in accordance with Paragraph 18 of this Order may appear, in person or by counsel, at the Final Approval Hearing held by the court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector files with the Clerk of Court a notice of intention to appear at the Final Approval Hearing and serves the same on all counsel designated in the Class Notice by the Objection Deadline ("Notice of Intention to Appear"). The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice will not be entitled to appear at the Final Approval Hearing and raise any objections.

20.    **Service of Motion for Final Approval.**  The motion in support of final approval of the Settlement will be filed and served within thirty days of the Class Notice Mailing Date, and prior to the Final Approval Hearing.

21.    **Fees, Expenses, and Awards.**  Class Counsel's application for Attorney's Fees and Expenses must be filed within thirty days of the Class Notice Mailing Date, and prior to the Final Approval Hearing. Neither Defendants nor the Releasees will have any responsibility for

11

any application for Attorney's Fees and Expenses submitted by Class Counsel. At or after the Final Approval Hearing, the court will determine whether to approve Class Counsel's request for Attorney's Fees and Expenses and whether to approve any request for an award to the Class Representatives for their service to the Class.

22. **Releases**. If the Settlement is finally approved, the Releasors must release the Releasees from the Released Claims.

23. **Use of Order**. Neither this Order, the fact that settlement was reached and filed, the Agreement, nor any other related negotiations, statements, or proceedings will be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants, the Class Representatives, or the Settlement Class Members. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event will this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating thereto in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only by the Parties in a proceeding to enforce the Agreement.

24. **Continuance of Final Approval Hearing**. The court reserves the right to continue the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

25. **Stay of Proceedings**. All proceedings in this Class Action are stayed until further Order of this court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

26. **Temporary Bar for all Class Members.** Pending final determination of whether the Settlement should be approved, and upon expiration of the Opt-Out Deadline, all Class Members who do not timely and validly exclude themselves from the Settlement Class, and each of them, and anyone who purports to act on their behalf, are barred from directly or indirectly maintaining, commencing, prosecuting, or pursuing directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Agreement, including in any court or arbitration forum.

27. **Termination of Settlement.** If: (a) the Agreement is terminated as provided in Section 13 of the Agreement; or (b) any specified material term or condition of the Settlement as set forth in the Agreement is not satisfied as provided in Section 13 of the Agreement, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and will be treated as vacated, nunc pro tunc (except Paragraph 23 of this Order will remain in effect), and each party will be restored to his, her, or its respective position in this Action as its existed prior to the execution of the Agreement.

28. **No Merits Determination.** By entering this Order, the court does not make any determination as to the merits of this Class Action.

29. **Authority.** The court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Agreement.

30. **Jurisdiction.** The court retains exclusive jurisdiction over the Class Action to consider all further matters arising out of or connected with the Agreement and the Settlement.

Dated: July 9, 2026

_____
Cristina D. Silva
United States District Judge

# EXHIBIT 1



United States District Court for the District of Nevada
*In re J&J Investment Litigation,*

Case No. 2:22-cv-00529-CDS-NJK

# Class Action Notice

## *Authorized by the U.S. District Court*

| | | |
|---|---|---|
| If you invested money for purchase agreements with or through J&J Consulting Services, Inc., or certain related entities | There is a $50,000,000 settlement of a lawsuit. You may be entitled to money. | To learn about your rights relating to the settlement, you should:<br><br>Read this notice.<br><br>Respond by October 12, 2026. |

If you take no action, you will still be bound by the settlement, and your rights will be affected. Learn more at: www.jjconsulting-receivership.com.

# Table of Contents

**About This Notice**

Why did I get this notice?

What do I do next?

What are the most important dates?

**Learning About the Lawsuit**

What is this lawsuit about?

Why is there a settlement in this lawsuit?

What happens next in this lawsuit?

**Learning About the Settlement**

What does the settlement provide?

Why is $50,000,000 fair?

Am I a class member?

**Deciding What to Do**

How do I weigh my options?

Do I need a lawyer?

**Payments**

How will my payment be determined?

How will I get my payment?

Submitting a Claim

Do I have to pay the lawyers in this lawsuit?

**Opting Out**

What if I don't want to be part of this settlement?

How do I opt out?

**Objecting**

What if I disagree with the settlement?

17

**Doing Nothing**

What are the consequences of doing nothing?

**Key Resources**

How do I get more information?

# About This Notice

## Why did I get this notice?

This notice is to tell you about the settlement of related lawsuits, a class action lawsuit, *In re: J&J Investment Litigation*, Case No. 2:22-cv-00529-CDS-NJK (the "Class Action"), and related action by the Geoff Winkler (the "Receiver"), as Receiver for J&J Consulting Services, Inc. and related companies, captioned *Winkler v. Wells Fargo Bank, N.A.*, Case No. 2:23-cv-00703-CDS-NJK (the "Receiver Action"), pending in the United States District Court for the District of Nevada.

**You received this notice because you may be a member of the group of people affected, called the "class."** This notice gives you a summary of the terms of the proposed settlement agreement, explains what rights class members have, and helps class members make informed decisions about what action to take.

## What do I do next?

Read this notice to understand the settlement and to determine if you are a class member. Then, decide if you want to:

| Options | More information about each option |
|---|---|
| Do Nothing* | Automatically get your share of the settlement. Give up rights resolved by settlement. |
| Opt Out | Get no payment. Allows you to bring another lawsuit against Wells Fargo Bank, N.A., about the same issues. |
| Object | Tell the Court why you don't like the settlement. |

*If you did not make a claim between September 1, 2025, and December 1, 2025, with the Receiver, you must make a claim now to receive a settlement payment. See "Submitting a Claim" below.

18

Read on to understand the specifics of the settlement and what each choice would mean for you.

## What are the most important dates?

Your deadline to object or opt out: **October 12, 2026**
Your deadline to submit a claim form: **October 12, 2026**
Settlement approval hearing: **November 12, 2026**

# Learning About the Lawsuit

## What is this lawsuit about?

The plaintiffs in the lawsuit (Barrett Henzel, Allan L. Carso, Gary W. Lundin, Joshua Luekenga, Craig Rodney Michaelis, Bryce Kelly, Clint McDaniel, and Dan McDaniel) claimed that Wells Fargo Bank, N.A., aided and abetted Mathew Beasley, J&J Consulting Services, Inc., and others in operating a Ponzi scheme through the sale of fraudulent interests in purchase agreements, resulting in financial loss to Plaintiffs and members of the class.

The lawsuit alleges that Wells Fargo Bank, N.A., knowingly permitted the operation by Beasley and others of the J&J Ponzi scheme.

Wells Fargo Bank denies that it did anything wrong or had any knowledge of the scheme.

### Where can I learn more?

You can get a complete copy of the proposed settlement and other key documents in this lawsuit at: www.jjconsulting-receivership.com

19

## Why is there a settlement in this lawsuit?

In October 2025, the parties agreed to settle, which means they have reached an agreement to resolve the lawsuit. Both sides want to avoid the risk and expense of further litigation.

The settlement is on behalf of the plaintiffs who brought the case and all members of the settlement class. The Court has not decided this case in favor of either side.

### What is a class action settlement?

A class action settlement is an agreement between the parties to resolve and end the case. Settlements can provide money to class members and changes to the practices that caused the harm.

## What happens next in this lawsuit?

The Court will hold a Fairness hearing to decide whether to approve the settlement. The hearing will be held at:

**Where:**
U.S. District Court for the District of Nevada
Courtroom 6B
333 Las Vegas Blvd South
Las Vegas, NV 89101

**When:**

10:00 am PT on November 12, 2026.

The Court has directed the parties to send you this notice about the proposed settlement. Because the settlement of a class action decides the rights of all members of the proposed class, the Court must give final approval to the settlement before it can take effect. Payments will only be made if the Court approves the settlement.

You don't have to attend, but you may at your own expense. You may also ask the Court for permission to speak and express your opinion about the settlement. If the Court does not approve the settlement or the parties decide to end it, it will be void and the lawsuit will continue. The date of the hearing may change without further notice to class members. To learn more and confirm the hearing date, go to

www.jjconsulting-receivership.com.

# Learning About the Settlement

## What does the settlement provide?

Wells Fargo Bank has agreed to pay $50,000,000 to resolve the Class Action and the Receiver Action. This money will be used to reimburse lawyer fees and costs advanced, to the extent approved by the Court, and for the cost of administering this settlement. The rest will be distributed to class members by the Receiver.  In exchange, the Members of the settlement class will "release" their claims as part of the settlement, which means they cannot sue Wells Fargo Bank for the same issues and alleged legal violations raised in this lawsuit. The full terms of the release can be found on the Important Documents page of the J&J Receivership website: www.jjconsulting-receivership.com.

## Why is $50,000,000 fair?

The lawyers for the plaintiffs believe the settlement is fair because plaintiffs face substantial risks and delays in proving their case and/or recovering damages. These risks include the risk that the plaintiffs will not succeed in obtaining an order certifying the Class, that they may be unable to prove Wells Fargo knew of wrongdoing by Matthew Beasley and others, and the risk that they may not be successful in proving damages in full or in part. The lawyers believe that if the settlement is not approved, the Class could recover less or nothing at all from this lawsuit.

## Am I a class member?

If you are a natural or legal person who invested in a J&J Entity (see below) lawsuit settlement contract between January 2017 and March 2022 and incurred a loss of your principal investment (in whole or in part) as determined by the Receiver pursuant to his court-appointed duties and as identified in the Receiver's official records submitted to the Court in the SEC Action, you are a class member.

21

The J&J Entities are:

J&J Consulting Services, Inc., a Nevada corporation

J&J Consulting Services, Inc., an Alaska corporation

J&J Purchasing, LLC, a Florida limited liability company

There are exceptions. You are not a class member if:

you are a Relevant Non-Party, as defined in the Consolidated Class Action Complaint, or related to a Relevant Non-Party; or

you are a judicial officer, or an immediate family member of a judicial officer, to whom this litigation is assigned.

If you are still unsure if you are a class member, call (833) 366-6236 (US or Canada) or (747) 215-2283 (International) or visit www.jjconsulting-receivership.com.

# Deciding What to Do

## How do I weigh my options?

Your options are to stay in the settlement, opt out of the settlement, object to the settlement, or do nothing. This chart shows the effects of each:

|  | Opt out | Object | Do Nothing |
|---|---|---|---|
| Can I receive settlement money if I... | NO | YES | YES* |
| Am I bound by the terms of this lawsuit if I... | NO | YES | YES |
| Can I pursue my own case if I... | YES | NO | NO |
| Will the class lawyers represent me if I... | NO | NO | YES |

*If you did not make a claim between September 1, 2025, and December 1, 2025, in the J&J Consulting Services, Inc., Receivership, you must make a claim now to receive a settlement payment. See "Submitting a Claim" below.

22

*You can object to the settlement AND submit a claim form to receive payment.*

## Do I need a lawyer?

In a class action, the court appoints class representatives and lawyers to represent the interests of all the class members, they do not act as your personal attorneys.

For this settlement, the Court has appointed the following lawyers.

**Class Action lawyers:** Girard Sharp LLP, Gibbs Mura, A Law Group, and Law Offices of Robert L. Brace. These are the lawyers who represent the plaintiffs in the Class Action.

Levine Kellogg Lehman Schneider and Grossman LLP are the attorneys for Receiver Geoff Winkler in the Receiver Action. They will share in any attorneys' fees awarded to the Class Action attorneys.

If you want to be represented by your own lawyer, you may hire one at your own expense.

# Payments

## How will my payment be determined?

The amount you receive as a settlement payment will be determined by the claim you submitted between September 1, 2025, and December 1, 2025, in the J&J Consulting Services, Inc., Receivership, which will be approved or adjudicated based on the Receiver's claims process (your "Claim Amount"). Your payment will be calculated by dividing your Claim Amount by the total value of all Claim Amounts and multiplying the resulting fraction by the amount remaining in the settlement fund, after deducting the amounts approved by the Court to compensate the lawyers, pay costs of administration, and payments to the plaintiffs.

If you are a class member who did not make a claim in the Receivership, you can receive a settlement payment by following the instructions below under the heading, "Submitting a Claim."

23

The Receiver will evaluate your claim using the same rules as in the SEC Action.

## How will I get my payment?

Payments will be made to all claimants based on their Claim Amount and as determined by order of the Court in the SEC Action. Payments will be sent by the Receiver.

## Submitting a Claim

If you are a class member, but you did not make a claim in the J&J Receivership, you can still claim a share of the settlement. Download the claim for at www.jjconsulting-receivership.com and mail it with supporting documentation to the Receiver no later than October 12, 2026 (address below).

## Do I have to pay the lawyers in this lawsuit?

Lawyers' fees and costs will be paid from the Settlement Fund.

Since 2022 when they began working on the case, the class action lawyers have not been paid attorneys' fees or reimbursed for expenses they advanced in connection with the case. To pay for their time and risk of non-payment, the lawyers will request, as part of the final approval of this Settlement, that the Court approve a payment of up to $16.6 million total in attorneys' fees plus the reimbursement of out-of-pocket expenses not to exceed $900,000.

Lawyers' fees and expenses will only be awarded if approved by the Court as a fair and reasonable amount. You have the right to object to the lawyers' fees even if you think the settlement terms are fair.

Your lawyers will also ask the Court to approve a payment of $10,000 to each of the plaintiffs for the time and effort they contributed to the case. If approved by the Court, these payments will be paid from the Settlement Fund.

# Opting Out

24

## What if I don't want to be part of this settlement?

You can opt out. If you do, you will not receive a payment and cannot object to the settlement. However, you will not be bound or affected by anything that happens in this lawsuit. That means you keep the right to sue Wells Fargo Bank or be part of another case against them about the issues in this lawsuit. If you have a pending lawsuit against Wells Fargo Bank, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit.

## How do I opt out?

To opt out of the settlement, you must write a letter and mail it by October 12, 2026, to the Settlement Administrator at:

J&J Bank Settlement
c/o Exclusion Requests
Stretto, Inc.
410 Exchange Ste. 100
Irvine, CA 92602

Be sure to include the case name, your name, address, telephone number, and signature. If you are represented by your own counsel, be sure to include the signature of your counsel.

Be sure to also include an explicit and unambiguous statement that the person seeking exclusion falls within the definition of the Settlement Class and desires to be excluded from the Settlement Class such as "I hereby request that I be excluded from the proposed Settlement Class in the Class Action."

# Objecting

## What if I disagree with the settlement?

If you disagree with any part of the settlement (including the lawyers' fees) but don't want to opt out, you may object. You must give reasons

why you think the Court should not approve it and say whether your objection applies to just you, a part of the class, or the entire class. The Court will consider your views. The Court can only approve or deny the settlement — it cannot change the terms of the settlement. You may, but don't need to, hire your own lawyer to help you. You will be responsible for compensating any lawyer that you hire.

To object, you must send a letter to the Court that:
is postmarked by October 12, 2026;
includes the case name and number (*In re J&J Investment Litigation*, Case No. 2:22-cv-00529-CDS-NJK).
includes your full name, address and telephone number;
the basis for your objection;
if applicable, includes copies of any papers, briefs, or other documents upon which the objection is based;
says whether either you or your lawyer intend to appear at the final approval hearing;
the name, address, email address, and telephone number of every attorney representing you or who previously represented you who may be entitled to compensation related to the objection or fee application;
the identity of all counsel who will appear at the final approval hearing
your signature.

Mail the letter to:

| | |
|---|---|
| J&J Bank Settlement<br>c/o Objections<br>Stretto, Inc.<br>410 Exchange Ste. 100<br>Irvine, CA 92602 | U.S. District Court for the District of Nevada<br>Courtroom 6B<br>333 Las Vegas Blvd. South<br>Las Vegas, NV CA 89101 |
| Plaintiffs' Counsel<br>Daniel C. Girard<br>Jordan Isern<br>GIRARD SHARP LLP<br>601 California Street, Suite 1400<br>San Francisco, CA 94108<br><br>Eric Gibbs<br>David K. Stein<br>Spencer S. Hughes<br>GIBBS MURA LLP | Wells Fargo's Counsel<br>K. Issac de Vyver<br>Karla L. Johnson<br>McGUIREWOODS LLP<br>260 Forbes Avenue, Suite 1800<br>Pittsburgh, PA 15222<br><br>Anthony Q. Le<br>Molly M. White<br>McGUIREWOODS LLP<br>1800 Century Park East, 8th Floor |

26

| | |
|---|---|
| 1111 Broadway, Suite 2100<br>Oakland, CA 94607<br><br>Emily Beale<br>GIBBS MURA LLP<br>136 Madison Avenue, Suite 541<br>New York, NY 10016<br><br>Robert L. Brace<br>Maria F. Elosu<br>LAW OFFICES OF ROBERT L. BRACE<br>1807 Santa Barbara Street<br>Santa Barbara, CA 93101<br><br>Miles N. Clark<br>LAW OFFICE OF MILES N. CLARK, LLC<br>5510 S. Fort Apache Road, Suite 30<br>Las Vegas, NV 89148 | Los Angeles, CA 90067<br><br>Alicia A. Baiardo<br>McGUIREWOODS LLP<br>Two Embarcadero Center<br>Suite 1300<br>San Francisco, CA 94111<br><br>Joseph G. Went<br>Sydney R. Gambee<br>HOLLAND & HART LLP<br>9555 Hillwood Drive, 2nd Floor<br>Las Vegas, NV 89134 |

If you intend to appear at the final approval hearing, you must file with the Court a "Notice of Intention to Appear" by the above deadline and mail a copy to class counsel and defense counsel.

# Doing Nothing

## What are the consequences of doing nothing?

If you do nothing, you will receive a share of the settlement fund, and you will be bound by the settlement and its "release" provisions. That means you won't be able to start, continue, or be part of any other lawsuit against Wells Fargo Bank about the issues in this case. A full description of the claims and persons who will be released if this settlement is approved can be found on the Important Documents page of the Settlement website: www.jjconsulting-receivership.com.

# Key Resources

## How do I get more information?

This notice is a summary of the proposed settlement. The complete settlement with all its terms can be found here. To get a copy of the settlement agreement or get answers to your questions:

contact the class action lawyers (information below)

visit the case website at www.jjconsulting-receivership.com

access the Court's Court Electronic Records (PACER) system online or by visiting the Court Clerk's (address below).

28

| Resource | Contact Information |
|---|---|
| Case website | www.jjconsulting-receivership.com |
| Settlement Administrator | J&J Bank Settlement<br>c/o Settlement Administrator<br>Stretto, Inc.<br>410 Exchange Ste. 100<br>Irvine, CA 92602<br>(833) 366-6236 (US or Canada) or<br>(747) 215-2283 (International) |
| Class Action Lawyers | Girard Sharp LLP<br>J&J@girardsharp.com<br>601 California Street, Suite 1400<br>San Francisco, California 94108<br>415-981-4800<br><br>Gibbs Mura, A Law Group<br>1111 Broadway, Suite 2100<br>Oakland, California 94607<br>510-350-9700<br><br>Law Office of Robert L. Brace.<br>1807 Santa Barbara Street<br>Santa Barabra, California 93101<br>805-886-8458 |
| Court (DO NOT CONTACT) | U.S. District Court for the District of Nevada<br>333 Las Vegas Blvd. South<br>Las Vegas, NV CA 89101 |